UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOSEPH JACKSON

                                     Plaintiff,

           -against-

NASSAU COUNTY; NASSAU COUNTY POLICE
DEPARTMENT; THE INCORPORATED VILLAGE OF
FREEPORT *et al.*,

                                 Defendants.
------------------------------------------------------------------------x

**ANSWER**

Jury Trial Demanded

18-CV-3007(JS)(GRB)

Defendants the Incorporated Village of Freeport, the Village of Freeport Police Department, Detective Sharkey, Police Officer Michael C. Pomerico, Police Officer Murray, Police Officer Paulck (herein improperly named Police Officer Pavlick), Detective David L. Zimmer, Police Officer Barry McGovern, Detective Jerl Mullen, Police Officer Melendez, Lieutenant Burdette, Sergeant McHale, Sergeant Noll, Police Officer Timothy Ortiz, Detective Turner, Detective Edward Haggerty, Detective Giordano, Police Officer Lester, Detective Andujar, Police Officer Hall, and Police Officer Barella (herein improperly named Police Officer Parella)  (hereinafter the "Village Defendants"), by their attorneys, Harris Beach PLLC, answer the complaint as follows:

**<u>INTRODUCTION</u>**

1.     Deny the allegations set forth in paragraph "1" of the complaint.

2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint.

3.     Deny the allegations set forth in paragraph "3" of the complaint.

## NATURE OF THE ACTION

4.      Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

## JURISDICTION AND VENUE

5.      Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

6.      Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

7.      Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

## NOTICE OF CLAIM

8.      Deny the allegations set forth in paragraph "8" of the complaint, except admit plaintiff served a Notice of Claim upon the Village of Freeport by United States Postal Service dated March 8, 2018.

9.      Deny the allegations set forth in paragraph "9" of the complaint.

10.     Deny the allegations set forth in paragraph "10" of the complaint.

## JURY DEMAND

11.     Deny the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

## PARTIES

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.     Deny the allegations set forth in paragraph "14" of the complaint, except admit that the Village of Freeport is a village located within the Town of Hempstead, Nassau County and operates the Village of Freeport Police Department.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.     Deny the allegations set forth in paragraph "18" of the complaint.

## STATEMENT OF FACTS

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26.     Deny the allegations set forth in paragraph "26" of the complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.     Deny the allegations set forth in paragraph "28" of the complaint.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.     Deny the allegations set forth in paragraph "30" of the complaint.

31.     Deny the allegations set forth in paragraph "31" of the complaint.

32.     Deny the allegations set forth in paragraph "32" of the complaint.

33.     Deny the allegations set forth in paragraph "33" of the complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36.     Deny the allegations set forth in paragraph "36" of the complaint.

37.     Deny the allegations set forth in paragraph "37" of the complaint.

38.     Deny the allegations set forth in paragraph "38" of the complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41.     The allegations set forth in paragraph "41" of the complaint contain legal conclusions to which no response is required. To the extent a response is required, Village Defendants deny the allegations set forth in paragraph "41" of the complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45.     Deny the allegations set forth in paragraph "45" of the complaint.

## THE SCIENCE OF FALSE CONFESSIONS

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the complaint.

## DEFENDANTS' MALICE AND DELIBERATE INDIFFERENCE

59.     Deny the allegations set forth in paragraph "59" of the complaint.

60.     Deny the allegations set forth in paragraph "60" of the complaint.

61.     Deny the allegations set forth in paragraph "61" of the complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the complaint.

## NASSAU COUNTY AND FREEPORT'S UNCONSTITUTIONAL POLICIES

64.     Deny the allegations set forth in paragraph "64" of the complaint.

65.     Deny the allegations set forth in paragraph "65" of the complaint.

66.     Deny the allegations set forth in paragraph "66" of the complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the complaint.

## PLAINTIFF'S INJURIES AND DAMAGES

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the complaint.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the complaint.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the complaint.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the complaint.

## FIRST CLAIM

74.     In response to the allegations set forth in paragraph "74" of the complaint, Village Defendants repeat and reallege the responses set forth in paragraphs "1" through "73" of this answer as is fully set forth herein.

75.     Deny the allegations set forth in paragraph "75" of the complaint.

76.     Deny the allegations set forth in paragraph "76" of the complaint.

77.     Deny the allegations set forth in paragraph "77" of the complaint.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the complaint.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the complaint.

## SECOND CLAIM

80.     In response to the allegations set forth in paragraph "80" of the complaint, Village Defendants repeat and reallege the responses set forth in paragraphs "1" through "79" of this answer as is fully set forth herein.

81.     Deny the allegations set forth in paragraph "81" of the complaint.

82.     Deny the allegations set forth in paragraph "82" of the complaint.

83.     Deny the allegations set forth in paragraph "83" of the complaint.

84.     The allegations set forth in paragraph "84" of the complaint contain legal conclusions to which no response is required. To the extent a response is required, Village Defendants deny the allegations set forth in paragraph "84" of the complaint.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the complaint.

## THIRD CLAIM

86.     In response to the allegations set forth in paragraph "86" of the complaint, Village Defendants repeat and reallege the responses set forth in paragraphs "1" through "85" of this answer as is fully set forth herein.

87.     Deny the allegations set forth in paragraph "87" of the complaint.

88.     Deny the allegations set forth in paragraph "88" of the complaint.

89.     Deny the allegations set forth in paragraph "89" of the complaint.

## FOURTH CLAIM

90.     In response to the allegations set forth in paragraph "90" of the complaint, Village Defendants repeat and reallege the responses set forth in paragraphs "1" through "89" of this answer as is fully set forth herein.

91.     Deny the allegations set forth in paragraph "91" of the complaint.

92.     Deny the allegations set forth in paragraph "92" of the complaint.

93.     Deny the allegations set forth in paragraph "93" of the complaint.

94.     Deny the allegations set forth in paragraph "94" of the complaint.

95.     The allegations set forth in paragraph "95" of the complaint contain legal conclusions to which no response is required. To the extent a response is required, Village Defendants deny the allegations set forth in paragraph "95" of the complaint.

**FIFTH CLAIM**

96.     In response to the allegations set forth in paragraph "96" of the complaint, Village Defendants repeat and reallege the responses set forth in paragraphs "1" through "95" of this answer as is fully set forth herein.

97.     Deny the allegations set forth in paragraph "97" of the complaint.

98.     Deny the allegations set forth in paragraph "98" of the complaint.

99.     Deny the allegations set forth in paragraph "99" of the complaint.

100.    Deny the allegations set forth in paragraph "100" of the complaint.

101.    Deny the allegations set forth in paragraph "101" of the complaint.

102.    Deny the allegations set forth in paragraph "102" of the complaint.

**SIXTH CLAIM**

103.    In response to the allegations set forth in paragraph "103" of the complaint, Village Defendants repeat and reallege the responses set forth in paragraphs "1" through "102" of this answer as is fully set forth herein.

104.    Deny the allegations set forth in paragraph "104" of the complaint.

105.    Deny the allegations set forth in paragraph "105" of the complaint.

106.    Deny the allegations set forth in paragraph "106" of the complaint.

107.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the complaint.

108.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the complaint.

109.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the complaint.

## SEVENTH CLAIM

110.     In response to the allegations set forth in paragraph "110" of the complaint, Village Defendants repeat and reallege the responses set forth in paragraphs "1" through "109" of this answer as is fully set forth herein.

111.     Deny the allegations set forth in paragraph "111" of the complaint.

112.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the complaint.

113.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the complaint.

## EIGHTH CLAIM

114.     In response to the allegations set forth in paragraph "114" of the complaint, Village Defendants repeat and reallege the responses set forth in paragraphs "1" through "113" of this answer as is fully set forth herein.

115.     Deny the allegations set forth in paragraph "115" of the complaint.

116.     Deny the allegations set forth in paragraph "116" of the complaint.

117.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "117" of the complaint.

## NINTH CLAIM

118.    In response to the allegations set forth in paragraph "118" of the complaint, Village Defendants repeat and reallege the responses set forth in paragraphs "1" through "117" of this answer as is fully set forth herein.

119.    Deny the allegations set forth in paragraph "119" of the complaint.

120.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

121.    The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

122.    The Village Defendants had good, reasonable and probable cause to perform any duties in relation to the arrest of the Plaintiff. The Village Defendants acted in good faith and without malice in relation to the arrest of the Plaintiff.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

123.    The Plaintiff committed illegal acts in violation of state, local and common laws.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

124.    The alleged acts of conduct of the Village Defendants, under the case of Monell v. New York State Department of Social Services, 436 U.S. 658 (1978), or pursuant to 42 U.S.C. § 1983, does not create vicarious liability pursuant to the doctrine of *respondent superior* and consequently the Village Defendants cannot be liable for any acts or conduct of any individual herein, as a matter of law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

125.    This Court lacks personal jurisdiction over and against the Village Defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

126.    This Court lacks subject matter jurisdiction over the claims asserted in the Complaint.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

127.    Village Defendants have not violated any rights, privileges, or immunities under the Constitution of the United States, the laws of the United States, the Constitution of the State of New York, or the laws of the State of New York, nor have Village Defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

128.    Any injury alleged to have been sustained by plaintiff is the result of plaintiff's own culpable or negligent conduct, or the conduct or negligent conduct of non-parties and was not the proximate result of any act of Village Defendants.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

129.    The Village Defendants are entitled to absolute immunity.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

130.    The Village Defendants are entitled to qualified immunity.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

131.    The Plaintiff is prohibited from recovering punitive damages from the Village Defendants as a matter of law.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

132.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

133.    The claims asserted in Plaintiff's complaint are barred by the doctrine of estoppel and laches.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

134.    The claims asserted in Plaintiff's complaint are barred by the doctrine of unclean hands.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

135.    The Village Defendants deny any and all allegations of liability in the complaint, however, any injuries and/or damages allegedly sustained by the Plaintiffs, to the extent the Plaintiffs may be able to prove said injuries and/or damages, were caused by the acts and/or omissions or third parties over which the Village Defendants do not have control.

## AS AND FOR A CROSS-CLAIM AGAINST COUNTY OF NASSAU

136.    If the Plaintiff sustained any damages and/or injuries alleged in the complaint, such damages and/or injuries were caused by and resulted from acts and omissions of Co-Defendant, County of Nassau.

137.    If the Plaintiff recovers a verdict against the Village Defendants for the damages and/or injuries alleged in the complaint, such liability would have been caused by and resulted from acts and omissions of Co-Defendant, County of Nassau.

138.    If any judgments are rendered in favor of the Plaintiff against the Village Defendants for the damages and/or injuries alleged in the complaint, such liability would have been caused by and resulted from the acts and omissions of Co-Defendant, County of Nassau.

139.    By reason of the foregoing, if any judgments and/or verdicts are rendered in favor of the Plaintiffs against the Village Defendants, the Village Defendants shall be entitled to contribution and/or indemnification over and against Co-Defendant, County of Nassau, including but not limited to costs, expenses and attorneys fees.

140.    By reason of the foregoing, if any judgments and/or verdicts are rendered in favor of the Plaintiff against the Village Defendants, the Co-Defendant, County of Nassau, shall be liable in whole or in part for said judgments and/or verdicts and for the costs, expenses and attorneys fees incurred by the Village Defendants.

## AS AND FOR A CROSS-CLAIM AGAINST COUNTY OF NASSAU POLICE DEPARTMENT

141.    If the Plaintiff sustained any damages and/or injuries alleged in the Complaint, such damages and/or injuries were caused by and resulted from acts and omissions of Co-Defendant, County of Nassau Police Department.

142.    If the Plaintiff recovers a verdict against the Village Defendants for the damages and/or injuries alleged in the complaint, such liability would have been caused by and resulted from acts and omissions of Co-Defendant, County of Nassau Police Department.

143.    If any judgments are rendered in favor of the Plaintiff against the Village Defendants for the damages and/or injuries alleged in the complaint, such liability would

have been caused by and resulted from the acts and omissions of Co-Defendant, County of Nassau Police Department.

144.    By reason of the foregoing, if any judgments and/or verdicts are rendered in favor of the Plaintiffs against the Village Defendants, the Village Defendants shall be entitled to contribution and/or indemnification over and against Co-Defendant, County of Nassau Police Department, including but not limited to costs, expenses and attorneys fees.

145.    By reason of the foregoing, if any judgments and/or verdicts are rendered in favor of the Plaintiff against the Village Defendants, the Co-Defendant, County of Nassau Police Department, shall be liable in whole or in part for said judgments and/or verdicts and for the costs, expenses and attorneys fees incurred by the Village Defendants.

**AS AND FOR A CROSS-CLAIM AGAINST DETECTIVE ROBERT DEMPSEY; DETECTIVE GARY ABBONDANDELO; DETECTIVE JOHN M. HOLLAND; DETECTIVE FRANK ALLAIRE; DETECTIVE M. HERTS; DETECTIVE M. ALGIN; LIEUTENANT FITZWILLIAM; DETECTIVE WOOLSEY; AMT BARALLO; SERGEANT RICHARDSON; POLICE OFFICER TRIESCH; POLICE OFFICER ERDMANN; SERGEANT LOWRY; DETECTIVE ANTHONY SORRENTINO; DETECTIVE GEORGE LUDWIG; DETECTIVE LAURETTE KEMP; DETECTIVE WILLIAM TWEEDY; DETECTIVE BENNER; DETECTIVE PETERSON; LIEUTENANT FRANK CAPARELLI; DETECTIVE ANTHONY KOSIER; DETECTIVE MARTIN ALGER; DETECTIVE SERGEANT DAN SEVERIN; AND JOHN AND JANE DOE 1 THROUGH 20 (HEREINAFTER "INDIVIDUALLY NAMED CO-DEFENDANTS")**

146.    If the Plaintiff sustained any damages and/or injuries alleged in the complaint, such damages and/or injuries were caused by and resulted from acts and omissions of the Individually Named Co-Defendants.

147.    If the Plaintiff recovers a verdict against the Village Defendants for the damages and/or injuries alleged in the complaint, such liability would have been caused by and resulted from acts and omissions of Individually Named Co-Defendants.

148.    If any judgments are rendered in favor of the Plaintiff against the Village Defendants for the damages and/or injuries alleged in the complaint, such liability would have been caused by and resulted from the acts and omissions of Individually Named Co-Defendants.

149.    By reason of the foregoing, if any judgments and/or verdicts are rendered in favor of the Plaintiffs against the Village Defendants, the Village Defendants shall be entitled to contribution and/or indemnification over and against Individually Named Co-Defendants, including but not limited to costs, expenses and attorneys fees.

150.    By reason of the foregoing, if any judgments and/or verdicts are rendered in favor of the Plaintiff against the Village Defendants, the Individually Named Co-Defendants shall be liable in whole or in part for said judgments and/or verdicts and for the costs, expenses and attorneys fees incurred by the Village Defendants.

**WHEREFORE**, the Defendants respectfully demand judgment dismissing the complaint, together with costs, disbursements, and reasonable attorney's fees, and such other and further relief as this Court deem just, proper and equitable.

Dated:          Uniondale, New York
                August 6, 2018

                                        HARRIS BEACH PLLC
                                        *Attorneys for the Village Defendants*

                                        s/Keith M. Corbett
                                        Keith M. Corbett, Esq.
                                        333 Earle Ovington Blvd., Suite 901
                                        Uniondale, New York 11553
                                        (516) 880-8484

To:  Harvis & Fett LLP
     *Attorneys for Plaintiff*
     305 Broadway, 14th Floor
     New York, New York 10007
     Attn: Gabriel P. Harvis, Esq.