

Peter A. Meisels, Esq.
Direct dial: (914) 872-7156
peter.meisels@wilsonelser.com

October 5, 2018

**VIA ECF**
Hon. Joanna Seybert
United States District Court Judge
Eastern District of New York
Alfonse M. D'Amato Federal Building
United States District Court
100 Federal Plaza
Central Islip, New York 11722

Re:   *Joseph Jackson v. Nassau County et al.,* Docket No. 18-cv-3007
      Our File No.: 12473.00014

Dear Judge Seybert:

We represent the defendants Nassau County ("Nassau County") and the Nassau County Police Department the (the "Police Department"), as well as individual defendants Gary Abbondandelo, Martin Alger, Francis Allaire, John Benner, Robert Dempsey, John Fitzwilliam, Michael Herts, John Holland, Anthony Kosier, Richard Lester, Kevin Lowry, George Ludwig, Dennis McHale, Stephen Paylick, Thomas Peterson, Daniel Severin, John Sharkey, Anthony Sorrentino, WalterTriesch, William Tweedie and William Woolsey (the "individual County defendants") in this action. We also appear in a limited capacity to represent defendant Douglas Baralo, Walter Erdmann, Kenneth Hall, Jerl Mullen, Thomas Murray, Sergeant Noll, Dominick Parrella, Elmer Richardson and James Turner (the "service defendants") in order to contest service, only. We write pursuant to Rule IV(G) of Your Honor's Individual Rules of Practice in order to request a pre-motion conference regarding the County, individual defendants and service defendants' proposed motion to dismiss the complaint.

**1.   Factual History.** On March 20, 1994, Steven Jason was fatally shot. D.E. #1, at ¶¶19-20. After an investigation, plaintiff was arrested and, after an interrogation, confessed to the murder. *Id.* at ¶¶27, 35. The case against plaintiff was also based, in part, on a direct identification by an alleged accomplice, Peddie Jenkins, and an eyewitness to the crime, Skwanitra Witherspoon. *Id.* at ¶¶35-36. Plaintiff was convicted of murder and related crimes, and sentenced to 25 years to life in prison. *Id.* at 39.

During the course of the investigation, two other witnesses gave written statements to the police in which they described the suspect as having a "dark brown face." *Id.* at ¶25. Plaintiff, who describes himself as having a "very light complexion," alleges that these witness statements are "deeply exonerative" because he does not meet that description. *Id.* at ¶26. Plaintiff alleges that the defendants withheld the existence of those two witnesses, as well as their statements, from him. *Id.* Plaintiff further alleges that defendants provided false sworn testimony regarding those witnesses, and that his confession

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Virginia • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

**wilsonelser.com**

7264994v.2

Hon. Joanna Seybert
October 5, 2018                                                  Page 2

was coerced. *Id.* at ¶29, 33.   However, as a report incorporated by reference into the complaint demonstrates, the defense was provided with a police report naming the witnesses, providing their phone numbers and stating that they had given written statements.

In 2007, the plaintiff allegedly obtained the two additional witness statements through a FOIL request.   After receiving no response from various defense attorneys and the Exoneration Initiative, plaintiff brought the statements to the attention of the Nassau County District Attorney's Conviction Integrity Unit in 2017. D.E. #1, at ¶40.   After an investigation, the CIU filed a motion to set aside the conviction.   *Id.* at ¶¶41-43.   On February 16, 2018, that motion was granted, the indictment was dismissed, and the plaintiff was released from prison. *Id.* at ¶44.

On May 22, 2018, plaintiff filed the complaint in this action, asserting claims against all defendants for: (1) federal malicious prosecution; (2) fabrication of evidence in violation of the Fourth and Fourteenth Amendments; (3) "§1983 coercion"; (4) §1983 supervisory liability; (5) *Monell* custom and policy and failure to train; (6) state law malicious prosecution; (7) state law false imprisonment; (8) intentional or negligent infliction of emotional distress; and (9) failure to intervene.

   2.   **The Complaint Against the Individual County Defendants Should be Dismissed.**   It is well settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991).   Personal involvement is also a prerequisite to liability for the state law claims. *See Levantino v. Skala*, 56 F. Supp.3d 191, 207 (E.D.N.Y. 2014). Indeed, courts have consistently held that, "where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Volpe v. Nassau County*, 915 F. Supp.2d 284, 299 (E.D.N.Y. 2013) (quoting *Dove v. Fordham Univ.*, 56 F. Supp.2d 330, 335 (S.D.N.Y. 1999)).   Moreover, supervisory officials cannot be held liable merely because they hold a position of authority. *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).   Instead, in order to hold a supervisor liable under §1983, a plaintiff must allege either "direct participation, or failure to remedy the alleged wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates." *Id.* (internal citation omitted).

   Here, the complaint alleges only that "defendants" collectively fabricated evidence, withheld exculpatory evidence, and otherwise violated the plaintiffs' constitutional rights. *See, e.g.*, D.E. #1, at ¶¶26, 28, 37, 38, 60, 61, 75, 81, 83, 87-88.   Indeed, out of the 42 defendants named in the caption, plaintiff identifies only three individuals in the entire body of the complaint.   Even as to those particular defendants, plaintiff fails to set forth the specific actions taken by each that violated the law, instead relying on conclusory allegations of wrongdoing.[1]   Moreover, plaintiff refers to "supervisors" collectively without identifying who those supervisors are, or what specific unconstitutional actions they took. *Id.* at ¶¶90-95.   Therefore, the complaint fails to allege that any of the individual County defendants personally participated in the alleged constitutional violations, and the complaint should be dismissed as against them. *See Volpe*, 915 F. Supp.2d at 299; *see also Gilfus v. Adessa*, 2006 WL 2827132, at *4 (N.D.N.Y. Sept. 30, 2006) (dismissing complaint where "Plaintiffs' allegations fail to explain with the requisite level of specificity how Defendants violated the law or caused any damages to Plaintiffs.").

   Even assuming, however, that the complaint sufficiently alleged personal participation by the 42 individual defendants, the claims fail as a matter of law.   First, the documents incorporated by reference

---

[1] The reference in the complaint to defendant Dempsey's involvement in *Restivo v. Hesseman*, 846 F.3d 547, 554 (2d Cir. 2017) is inappropriate.   In that case, a jury specifically found that Dempsey and other individual Nassau County defendants did not violate the plaintiffs' constitutional rights.   Dempsey was later voluntarily dismissed from the case before it was re-tried.   Plaintiff's allegation that Dempsey is "known to have procured false confessions through improper tactics" is thus disproven by public documents. D.E. #1, at ¶31.

Hon. Joanna Seybert
October 5, 2018                                    Page 3

in the complaint demonstrate that there was probable cause to arrest and prosecute plaintiff, even without considering the alleged coerced confession, and that the defendants did not learn of any intervening facts to undermine that probable cause. Therefore, the malicious prosecution claim fails. *Powell v. Murphy*, 593 Fed. Appx. 25, 28 (2d Cir. 2014).

Second, the fair trial claim fails, as: (1) plaintiff's criminal defense attorney had the essential facts necessary to permit him to take advantage of the allegedly suppressed evidence, *United States v. Payne*, 63 F.3d 1200, 1208 (2d Cir. 1995); and (2) there is no reasonable probability that, had the two witness statements been disclosed, or the plaintiff's confession excluded, the outcome of the trial would have been different. *See Castillo v. Mitchell*, 1995 WL 653370, at *1 (S.D.N.Y. Nov. 7, 1995).

Third, plaintiff's "coercion" claim fails, as the documents incorporated by reference in the complaint demonstrate that plaintiff received *Miranda* warnings, and spoke to the police voluntarily. Thus, no Fifth Amendment violation occurred. *See Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981). Moreover, the Fifth Amendment's due process clause only applies to the federal government, and is thus not applicable here. *See Ambrose v. The City of New York*, 623 F. Supp.2d 454, 466-67 (S.D.N.Y. 2009). Lastly, the plaintiff's allegation that his Sixth Amendment right to counsel was violated by the alleged coerced confession fails as a matter of law, as plaintiff admits that he confessed prior to the initiation of judicial proceedings. Thus, the Sixth Amendment right to counsel had not yet attached at the time that plaintiff confessed. *See Rothgery v. Gillespie Cty.*, 554 U.S. 191, 194 (2008).

**3.   The Claims Against the County Fail As A Matter of Law.**   The County also seeks dismissal of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. First, as discussed above, the complaint fails to allege an underlying constitutional violation. Therefore, there can be no municipal liability. *See Fappiano v. City of New York*, 640 Fed. Appx. 115, 121 (2d Cir. Mar. 7, 2016). In addition, the plaintiff's complaint contains only boilerplate allegations of an unconstitutional custom, policy or practice, and of a failure to train, which are insufficient to state a claim of municipal liability. *See* D.E. #1 at ¶¶96-102; *Duncan v. City of New York*, 2012 WL 1672929, at *2-3 (E.D.N.Y. May 14, 2012) (citing *Missel v. County of Monroe*, 351 Fed. App'x 543, 545 (2d Cir. 2009)). Moreover, as an agency of the County, the Police Department is not a "suable entity." *Williams v. City of New Rochelle*, 2014 WL 2445768, at *2 (S.D.N.Y. May 29, 2014) (internal citation omitted). The plaintiff's reference to *Kogut v. County of Nassau*, 2012 WL 3704710, at * 2-3 (E.D.N.Y. Aug. 27, 2012) does not save plaintiff's claim, as this Court's finding of an issue of fact sufficient to overcome summary judgment does not establish the existence of an actual policy or custom; indeed, the County was dismissed as a party prior to trial. Lastly, because the complaint fails to allege any plausible federal claims, this Court should decline to exercise supplemental jurisdiction over the plaintiff's state law claims. *See* 28 U.S.C. §1367(c)(3); *Duncan*, 2012 WL 1672929, at *3.

**4.   The Complaint Should be Dismissed as Against the Service Defendants.**   Plaintiff has also failed to properly effectuate service on the service defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. The service defendants are retired and deceased members of the Police Department. Plaintiff attempted to serve all defendants, however, by serving the Police Department itself. That is not proper service  on persons who are no longer employed by the County or who are deceased. *See Komlosi v. New York State Office of Mental Retardation & Developmental Disabilities*, 1990 WL 29352, at *3 (S.D.N.Y. Mar. 12, 1990); *Johnson v. Schiff*, 2013 WL 5466218, at *5 (N.D.N.Y. Sept. 13, 2013).[2]

The defendants may raise additional arguments, but the foregoing are the main arguments that are anticipated in response to the complaint. Accordingly, the defendants request that the Court schedule a pre-motion conference to discuss their proposed motion.

---

[2] The service defendants reserve the right to assert all defenses, including lack of personal involvement, if and when they are properly served with the complaint.

Hon. Joanna Seybert
October 5, 2018                                    Page 4


Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Peter A. Meisels

Cc:    All parties via ECF