

Peter A. Meisels, Esq.
Direct dial: (914) 872-7156
peter.meisels@wilsonelser.com

October 16, 2018

**VIA ECF**
Hon. Joanna Seybert
United States District Court Judge
Eastern District of New York
Alfonse M. D'Amato Federal Building
United States District Court
100 Federal Plaza
Central Islip, New York 11722

Re:  *Joseph Jackson v. Nassau County and Village of Freeport et al.,* Docket No. 18-cv-3007
      Our File No.: 12473.00014

Dear Judge Seybert:

We represent the defendants Nassau County and the Nassau County Police Department ("Nassau County") as well as certain individual defendants: Gary Abbondandelo, Martin Alger, Francis Allaire, John Benner, Robert Dempsey, John Fitzwilliam, Michael Herts, John Holland, Anthony Kosier, Richard Lester, Kevin Lowry, George Ludwig, Dennis McHale, Stephen Paylick, Thomas Peterson, Daniel Severin, John Sharkey, Anthony Sorrentino, Walter Triesch, William Tweedie and William Woolsey (the "individual County defendants") ( collectively the "Nassau defendants") in this federal civil rights action. We also appear in a limited capacity to represent defendants Douglas Baralo, Walter Erdmann, Kenneth Hall, Jerl Mullen, Thomas Murray, Leon Noll, Dominick Parrella, Elmer Richardson and James Turner (the "service defendants") in order to contest service, only. We write to respond to the plaintiff's letter dated October 10, 2018.

The Nassau defendants continuously acted in good faith to resolve the service issues with plaintiff's counsel. All but one of the individual County defendants are retired and several are believed to be deceased. Despite plaintiff's failure to properly serve these retired defendants, the individual former County employees with whom we have been able to establish contact consented to the manner and method of service, waiving their meritorious objection thereto. Moreover, for those defendants believed to be alive but with whom we have not yet been able to contact, and therefore cannot secure a waiver of service, we have provided plaintiff's counsel with a list of the last known addresses and consented to an extension of time for the plaintiff to serve those individuals. Therefore, the County has acted in good faith at all times in an effort to resolve the outstanding service issues.

In addition, the email in which a County Deputy Attorney advised the plaintiff to serve the individual officers at the Records Bureau of the Police Department clearly applied only to active duty

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Virginia • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

wilsonelser.com

7280501v.1

Hon. Joanna Seybert, U.S.D.J.
October 16, 2018                                    Page 2

officers, not retired County employees, some of whom may be deceased. *See* D.E. #133-3.  Indeed, the County does not have the authority to accept service on behalf of former employees without their consent. *See Conway v. Am. Red Cross*, 2011 U.S. Dist. LEXIS 8340, at *5-7 (E.D.N.Y. Jan. 26, 2011). Therefore, plaintiff's contention that the email applied to all defendants, including those no longer employed by the County, is unsupported as a matter of law.

Accordingly, the Nassau defendants request that the Court schedule a pre-motion conference to discuss their proposed motion.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Peter A. Meisels

Cc:    All parties via ECF

7280501v.1