

Peter A. Meisels, Esq.
Partner
Direct dial: (914) 872-7156
peter.meisels@wilsonelser.com

December 21, 2018

**VIA ECF**
Hon. Joanna Seybert
United States District Court Judge
Eastern District of New York
Alfonse M. D'Amato Federal Building
United States District Court
100 Federal Plaza
Central Islip, New York 11722

Re:   *Joseph Jackson v. Nassau County et al.,* Docket No. 18-cv-3007
      Our File No.: 12473.00014

Dear Judge Seybert:

        We represent the defendants Nassau County, Nassau County Police Department, Gary
Abbondandelo, Martin Alger, Francis Allaire, Douglas Baralo, John Benner, Robert Dempsey,
John Fitzwilliam, Michael Herts, John Holland, Anthony Kosier, Richard Lester, Kevin Lowry,
George Ludwig, Dennis McHale,   Stephen Paylick, Thomas Peterson, Daniel Severin, John
Sharkey, Anthony Sorrentino, Walter Triesch, James Turner, William Tweedie and William
Woolsey, as well as, in a limited capacity, Walter Erdmann, Kenneth Hall, Jerl Mullen, Thomas
Murray, Sergeant Noll, Dominick Parrella and Elmer Richardson (collectively, the "County
defendants").  We write in response to plaintiff's letter dated December 3, 2018 requesting an
initial conference.

        The plaintiff's request for an initial conference is premature.  As plaintiff concedes, not
all defendants in this action have been served.  Moreover, the County defendants sought a
conference with this Court to discuss their proposed pre-answer motion to dismiss the complaint
pursuant to Rule 12(b)(6), to which the plaintiff has responded.  *See* D.E. #132, 133, 138.  The
Court scheduled that conference for January 16, 2019.

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Virginia • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

**wilsonelser.com**

Hon. Joanna Seybert
December 21, 2018
Page 2

Discovery in this action should be stayed pending the determination by this Court on the County defendants' proposed motion to dismiss the complaint. "The federal district courts have discretion to impose a stay of discovery pending the determination of dispositive motions by the issuance of a protective order." *Levy v. Town of N. Hempstead*, 2012 U.S. Dist. LEXIS 113340, at *1 (E.D.N.Y. Sept. 18, 2012) (internal quotations omitted). "Factors that courts have considered when determining whether or not a stay is appropriate include: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Chesney v. Valley Stream Union Free School Dist. No. 24,* 236 F.R.D. 113, 115 (E.D.N.Y. Mar. 28, 2006).

Here, the County defendants have sought leave to file a pre-answer motion to dismiss the complaint in order to assert meritorious arguments that the complaint fails to state a cause of action against the County defendants. *See* D.E. #133, 138. Indeed, the County defendants will argue, *inter alia*, that the complaint fails to allege the personal participation of the individual defendants, and that the *Monell* claim is not sufficiently pled.

Commencing discovery prior to the determination on the County defendants' motion to dismiss will also be highly and unecessarily burdensome. All except one of the individual County defendants are retired, many living in distant states and many of whom had no material connection with this case. Some are deceased. Plaintiff sued every person whose name appeared, for whatever reason, somewhere in the County Police Department's file. Indeed, the body of the complaint names only three defendants, while the caption names 42. It will be a large burden, and cause prejudice, to subject each of the 42 defendants to discovery and examination when plaintiff has not patriculaized any claims against them and none have been apprised of their alleged wrongdoing. Moreover, since we have submitted our letter requesting a briefing schedule to file the pre-answer motion to dismiss, we have continued our investigation into this matter and intend to include a qualified immunity argument  for many of the individual defendants. Proceeding with discovery during the pendency of a motion based on qualified immunity is entirely inconsistent with the purpose of such immunity. *See Napolitano v. Flynn*, 949 F.2d 617, 621 (2d Cir. 1991) ("qualified immunity is an *immunity from suit* rather than a mere defense to liability") (internal citations and quotations omitted). As to the *Monell* claim, any discovery is expected to be extremely lengthy, with paper discovery being voluminous. Proceeding with discovery on the *Monell* claim, while it is subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, would be a an unecessary  burden on County resources.

Lastly, as discovery has not yet commenced against any party, a brief stay during the pendency of the County's motion would cause no prejudice to the plaintiff.

Hon. Joanna Seybert
December 21, 2018
Page 3


For the above reasons, the County defendants respectfully request that this Court deny the plaintiff's request for an initial conference and set a briefing schedule for the County defendants' pre-answer motion.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Peter A. Meisels

cc:   All parties via ECF

7403177v.1A