UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x   Docket No.: 18-CV-3007 (JS)
(GRB)

JOSEPH JACKSON,                                                    :
                                                                  :
                                    Plaintiff,                    :
                                                                  :
            -against-                                             :
                                                                  :
NASSAU COUNTY; THE INCORPORATED VILLAGE          :
OF FREEPORT; DETECTIVE ROBERT DEMPSEY;           :
DETECTIVE GARY ABBONDANDELO; DETECTIVE           :
JOHN M. HOLLAND; DETECTIVE MICAHEL HERTS;        :
DETECTIVE MARTIN ALGER; DETECTIVE                :
ANTHONY SORRENTINO; DETECTIVE DAVID L.           :
ZIMMER; POLICE OFFICER MELENDEZ;                 :
LIEUTENANT BURDETTE; SERGEANT McHALE;            :
SERGEANT NOLL; DETECTIVE SHARKEY; POLICE         :
OFFICER DOWDELL; POLICE OFFICER BARRY            :
McGOVERN; DETECTIVE TURNER; DETECTIVE            :
EDWARD HAGGERTY; POLICE OFFICER HALL;            :
DETECTIVE LAURETTE KEMP; DETECTIVE               :
WILLIAM TWEEDY; DETECTIVE ANTHONY                :
KOSIER; DETECTIVE SERGEANT DAN SEVERIN;          :
DETECTIVE JERL MULLEN; THE ESTATE OF             :
DETECTIVE JERL MULLEN; JOHN DOE, AS THE          :
ADMINISTRATOR OF THE ESTATE OF JERL              :
MULLEN; and JOHN and JANE DOE 1 through 20,      :
                                                                  :
                                    Defendants.                   :
---------------------------------------------------------------------- x


## COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR RULE 12(b)(6) MOTION TO DISMISS THE AMENDED COMPLAINT


**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for County Defendants
1133 Westchester Avenue
White Plains, NY  10604
(914) 323-7000

7662576v.1

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ......................................................................................... iii

Introduction................................................................................................................... 1

Preliminary Statement.................................................................................................. 1

Pertinent Facts and Procedural History....................................................................... 2

Argument ...................................................................................................................... 7

POINT I      THE   FEDERAL   AND   COMMON-LAW   CLAIMS   FOR
MALICIOUS PROSECUTION SHOULD BE DISMISSED ................... 7

      A.    The Statements and Trial Testimony of Ms. Witherspoon Establish
Probable Cause to Initiate and Continue the Criminal Prosecution
against Plaintiff ..................................................................................... 9

      B.    The Malicious Prosecution Claim Should be Dismissed as against
Certain of the Individual Defendants on Grounds of Lack of
Personal Participation ......................................................................... 10

POINT II    THE FABRICATION OF EVIDENCE CLAIM SHOULD BE
DISMISSED AGAINST CERTAIN DEFENDANTS BASED ON
LACK OF PERSONAL PARTICIPATION............................................ 11

POINT III   THE   COERCED   CONFESSION   CLAIM   SHOULD   BE
DISMISSED AS AGAINST CERTAIN DEFENDANTS BASED
ON LACK OF PERSONAL PARTICIPATION ..................................... 13

POINT IV   THE AMENDED COMPLAINT DOES NOT PLAUSIBLY
ALLEGE A CLAIM FOR SUPERVISORY LIABILITY ...................... 15

POINT V    PLAINTIFF DOES NOT PLAUSIBLY ALLEGE A VIABLE
MONELL CLAIM BASED ON A FAILURE TO SCREEN,
TRAIN, SUPERVISE OR DISCIPLINE............................................... 16

POINT VI   THE COMMON-LAW CLAIM FOR FALSE IMPRISONMENT
SHOULD BE DISMISSED ................................................................... 17

POINT VII  THE   CLAM   FOR   INTENTIONAL   OR   NEGLIGENT
INFLICTION OF EMOTIONAL DISTRESS FAILS AS A
MATTER OF LAW ................................................................................ 19

POINT VIII THE AMENDED COMPLAINT DOES NOT PLAUSIBLY
ALLEGE A VIABLE SECTION 1983 CONSPIRACY CLAIM ............ 20

i

POINT IX    THE AMENDED COMPLAINT DOES NOT PLAUSIBLY
            ALLEGE A VIABLE SECTION 1983 CLAIM BASED ON THE
            FAILURE TO INTERVENE ................................................................. 22

POINT X     THE ACTION MUST BE DISMISSED AS AGAINST
            DEFENDANTS HALL, TURNER AND KEMP FOR
            INSUFFICIENCY OF SERVICE OF PROCESS .................................... 23

POINT XI    PLAINTIFF MAY NOT MAINTAIN AN ACTION AGAINST A
            DECEASED DEFENDANT IN HIS OR HER INDIVIDUAL
            CAPACITY ......................................................................................... 24

Conclusion ............................................................................................................... 25

7664245v.1

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*Abreu v. City of New York,*
    657 F. Supp. 2d 357 (E.D.N.Y. 2009) ................................................................ 16, 17

*Anderson v. Branen,*
    17 F.3d 552 (2d Cir. 1994) ................................................................................ 22, 24

*Angevin v. City of New York,*
    204 F. Supp. 3d 469 (E.D.N.Y. 2016) ..................................................................... 18

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................................................ 7, 12

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ................................................................................................ 12

*Bermudez v. City of New York,*
    790 F.3d 368 (2d Cir. 2015) .................................................................................... 12

*Black v. Coughlin,*
    76 F.3d 72 (2d Cir. 1996) ........................................................................................ 15

*Caldarola v. Calabrese,*
    298 F.3d 156 (2d Cir. 2002) .................................................................................... 17

*Cameron v. Wise,*
    2011 WL 1496341 (S.D.N.Y. April 20, 2011) ....................................................... 17

*Carson v. Lewis,*
    35 F. Supp. 2d 250 (E.D.N.Y. 1999) ................................................................... 9, 10

*Cepdea v. Coughlin,*
    785 F. Supp. 385 (S.D.N.Y. 1992) .......................................................................... 14

*Corsini v. Brodsky,*
    731 Fed. Appx. 15 (2d Cir. April 13, 2018) ............................................................ 17

*County of Erie v. Colgan Air, Inc.,*
    711 F.3d 147 (2d Cir. 2013) ...................................................................................... 7

*Daughtry v. New York,*
    2015 WL 2454115 (E.D.N.Y. Feb. 23, 2015) ......................................................... 18

*Demosthene v. City of New York,*
  2019 WL 181305 (E.D.N.Y. Jan. 10, 2019) .................................................. 9

*Falls v. Police Officer Det. Michael Pitt,*
  2018 WL 3768036 (S.D.N.Y. Aug. 8, 2018) ................................................. 20

*Felix v. New York State Dep't of Corr. & Comm. Supervision,*
  2018 WL 3542859 (S.D.N.Y. July 23, 2018) ................................................ 9

*Fulani v. McAuliffe,*
  2005 WL 2276881 (S.D.N.Y. Sept. 19, 2005) .............................................. 21

*Grant v. City of New York,*
  2019 WL 1099945 (E.D.N.Y. March 8, 2019) ........................................... 12, 13

*Green v. Scully,*
  850 F.2d 894 (2d Cir. 1988) ........................................................................ 14

*Harris v County of Nassau,*
  581 F. Supp. 2d 351 (E.D.N.Y. 2008) ......................................................... 17

*Hom v. Brennan,*
  304 F. Supp. 2d 374 (E.D.N.Y. 2004) ......................................................... 21

*Hoyos v. City of New York,*
  999 F. Supp. 2d 375 (E.D.N.Y. 2013) ......................................................... 10

*Jean-Laurent v. Wilkerson,*
  438 F. Supp.2d 318 (S.D.N.Y. 2006) ...................................................... 22, 23

*Johnson ex rel. Johnson v. County of Nassau,*
  2010 WL 3852032 (E.D.N.Y. Sept. 27, 2010) ......................................... 22, 23

*Johnson v. Schiff,*
  2013 WL 5466218 (N.D.N.Y. Sept. 13, 2013) ............................................. 24

*Jones v. City of New York,*
  988 F. Supp. 2d 305 (E.D.N.Y. 2013) ...................................................... 19, 20

*Jones v. King,*
  2011 WL 4484360 (S.D.N.Y. Sept. 28, 2011) ............................................. 14

*Kilburn v. Village of Saranac Lake,*
  413 Fed.. Appx. 362 (2d Cir. 2011) ............................................................. 17

*Komlosi v. New York State Office of Mental Retardation & Develop. Disabilities,*
  1990 WL 29352 (S.D.N.Y. March 12, 1990) ................................................ 24

iv

*Lauer v. City of New York,*
240 A.D.2d 543 (2d Dep't 1997) ................................................................. 19

*Levantino v. Skala,*
56 F. Supp. 3d 191 (E.D.N.Y. 2014) ........................................................... 18

*Lowth v. Town of Cheektowaga,*
82 F.3d 563 (2d Cir. 1996) ........................................................................... 8

*Magnotta v. Putnam County Sheriff,*
2014 WL 705281 (S.D.N.Y. Feb. 24, 2014) ............................................... 20

*Manganiello v. City of New York,*
612 F.3d 149 (2d Cir. 2010) ......................................................................... 8

*Mendoza v. County of Nassau,*
2012 WL 4490539 (E.D.N.Y. Sept. 27, 2012) ...................................... 12, 16

*Nabatkhorian v. County of Nassau,*
2013 WL 1233247 (E.D.N.Y. March 27, 2013) .......................................... 15

*Norton v. Town of Islip,*
678 Fed. Appx. 17 (2d Cir. 2017) .................................................................. 8

*O'Neill v. Krzeminski,*
839 F.2d 9 (2d Cir. 1988) ............................................................................ 22

*Obilo v. City Univ. of City of New York,*
2003 WL 1809471 (E.D.N.Y. April 7, 2003) ......................................... 11, 19

*Oquendo v. City of New York,*
2017 WL 6729850 (E.D.N.Y. Nov. 15, 2017) ............................................. 10

*Pangburn v. Culbertson,*
200 F.3d 65 (2d Cir. 1999) .......................................................................... 20

*Perez v. Annucci,*
2019 WL 1227801 (S.D.N.Y. March 15, 2019) ........................................... 15

*Phillips v. City of Middletown,*
2018 WL 4572971 (S.D.N.Y. Sept. 24, 2018) ............................................. 16

*Powell v. Murphy,*
593 Fed. Appx. 25 (2d Cir. 2014) .................................................................. 9

*Ricciuti v. New York City Transit Auth.,*
124 F.3d 123 (2d Cir. 1997) ........................................................................ 12

7664245v.1

*S.B. v. City of New York,*
  2016 WL 4530455 (E.D.N.Y. Aug. 29, 2016)........................................ 9

*Salmon v. Blesser,*
  802 F.3d 249 (2d Cir. 2015) .................................................................. 19

*Savino v. City of New York,*
  331 F.3d 63 (2d Cir. 2003) ...................................................................... 8

*Scott v. City of Mt. Vernon,*
  2017 WL 1194490 (S.D.N.Y. March 30, 2017) ............................... 22, 23

*Scraggs v. New York State Dep't of Ed.,*
  2007 WL 1456221 (E.D.N.Y. May 16, 2007) ....................................... 16

*Simon v. The City of New York,*
  2011 WL 317975 (E.D.N.Y. Jan. 3, 2011) ....................................... 22, 23

*Singer v. Fulton County Sheriff,*
  63 F.3d 110 (2d Cir. 1995) .................................................................... 17

*Soto v. City of New York,*
  132 F. Supp. 3d 424 (E.D.N.Y. 2015) ................................................... 23

*Stancati v. County of Nassau,*
  2015 WL 1529859 (E.D.N.Y. March 31, 2015) ................................... 15

*Stansbury v. Wertman,*
  721 F.2d 84 (2d Cir. 2013) .................................................................... 10

*Swiggett v. Coombe,*
  2003 WL 174311 (S.D.N.Y. Jan. 27, 2003) ......................................... 24

*Tankleff v. County of Suffolk,*
  12017 U.S. Dist. LEXIS 97472 (E.D.N.Y. June 23, 2017) ................. 8, 14

*Torres v. City Univ. of City of New York,*
  2017 WL 4325822 (E.D.N.Y. Sept. 27, 2017) ..................................... 10

*Toussie v. County of Suffolk,*
  806 F. Supp. 2d 558 (E.D.N.Y. 2011) ................................................... 21

*Tretola v. County of Nassau,*
  14 F. Supp. 3d 58 (E.D.N.Y. April 16, 2014)........................................ 17

*Turley v. ISG Lackawanna, Inc.,*
  774 F.3d 140 (2d Cir. 2014) .................................................................. 19

vi

*Volpe v. Nassau County,*
    915 F. Supp. 2d 284 (E.D.N.Y. 2014) ................................................................. 7

*Weaver v. Brenner,*
    40 F.3d 527 (2d Cir. 1994) ................................................................................. 14

*Wheeler v. Slanovec,*
    2018 WL 2768651 (S.D.N.Y. June 8, 2018) ...................................................... 21

*Whitley v. Bowden,*
    2018 WL 2170313 (S.D.N.Y. May 10, 2018) .................................................... 20

*Wright v. Smith,*
    21 F.3d 496 (2d Cir. 1994) ................................................................................. 15

*Write v. Belafonte,*
    687 Fed. Appx. 1 (2d Cir. 2017) ........................................................................ 19

*Zahrey v. Coffey,*
    221 F.3d 342 (2d Cir. 2000) ............................................................................... 12

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................... 8, 21

Fed. R. Civ. P. 4(m) .............................................................................................. 24

**Introduction**

Defendants Nassau County, Det. Robert Dempsey, Det. Gary Abbondandelo, Det. John M. Holland, Det. Michael Herts, Det. Martin Alger, Det. Anthony Sorrentino, Sgt. Dennis McHale (s/h/a "Sgt. McHale"), Det. John Sharkey (s/h/a "Det. Sharkey"), Det. James Turner (s/h/a "Det. Turner"); P.O. Kenneth Hall (s/h/a "Police Officer Hall"), Det. Laurette Kemp, Det. William Tweedy, Det. Anthony Kosier and Det. Sgt. Dan Severin (collectively, the "County Defendants")[1], respectfully submit this memorandum of law in support of their motion to dismiss certain claims and certain of the individual County Defendants from this action.

**Preliminary Statement**

This is a wrongful conviction case. Plaintiff Joseph Jackson ("plaintiff" or "Mr. Jackson") was convicted of murder following a jury trial in 1997 and sentenced to imprisonment for 25 years to life. On or about February 9, 2018, the District Attorney moved, pursuant to Section 440.10(1)(h) of the New York Criminal Procedure Law, to vacate Mr. Jackson's conviction. He was released from prison on February 16, 2018. Plaintiff served a notice of claim against the County of Nassau on or about February 27, 2018. This action was commenced on May 22, 2018. Following a pre-motion conference, plaintiff filed an amended complaint on March 8, 2019.

Plaintiff names, at least in the caption of his amended complaint, thirteen (13) individual County defendants. The amended complaint asserts ten (10) clams for relief: (i) a Section 1983 claim for malicious prosecution; (ii) a Section 1983 Due Process claim alleging fabrication of

---

[1] The County, by its attorneys, filed notices of appearance for several individual defendants who were subsequently dropped from this action when the plaintiff filed his amended complaint. These defendants are: Police Officer Parrella; Police Officer Murray; Police Officer Pavlick; Detective Frank Allaire; Lieutenant Fitzwilliam; Detective Woolsey; AMT Barallo; Sergeant Richardson; Police officer Triesch; Police Officer Erdmann; Sergeant Lowry; Detective George Ludwig; Detective Benner and Detective Peterson.

evidence; (iii) a Section 1983 Due Process claim alleging a coerced confession; (iv) a Section 1983 claim for supervisory liability; (v) a *Monell* claim against the County of Nassau; (vi) a common-law malicious prosecution claim; (vii) a common-law claim for false imprisonment; (viii) a common-law claim for intentional (or negligent) infliction of emotional distress; (x) a Section 1983 conspiracy claim; and, finally (x) a Section 1983 claim for failure to intervene.

For the reasons set forth below, certain claims should be dismissed in their entirety from the amended complaint; and the action, in its entirety, should be dismissed as against certain of the individual County Defendants.

In particular, the amended complaint fails to plausibly allege viable claims for Section 1983 or common-law malicious prosecution, Section 1983 supervisory liability, false imprisonment, intentional (or negligent) infliction of emotional distress, Section 1983 conspiracy, and Section 1983 failure to intervene. These claims should be dismissed altogether. As defendants Sorrentino and Kemp are only alleged to have falsely arrested plaintiff, and that claim is demonstrably invalid based on documentation this Court may consider on the instant motion, the action should be dismissed as against them with prejudice. Further, the action should be dismissed, with prejudice, based on lack of personal participation as against defendants McHale, Turner, Tweedy, Hall and Severin. The case should be dismissed as against defendants Hall, Turner and Kemp for the additional ground of failure to serve process. Finally, defendant Mullen died on January 4, 2015. To the extent plaintiff purports to maintain a claim against defendant Mullen individually, that claim must be dismissed.

### Pertinent Facts and Procedural History

The following summary of facts is based on plaintiff's amended complaint; documents referenced and/or incorporated therein; and on documents of which this Court may take judicial

notice.  All exhibits referenced herein are annexed to the accompanying declaration of Lalit K. Loomba.

Mr. Steven Jason was fatally shot on March 20, 1994, at about 2:00 a.m., in the Village of Freeport, New York.  Amended Complaint (**Exhibit A**), at ¶19.  An eyewitness, Ms. Skwanitra Witherspoon, described the shooter as 5'7" to 5'8" tall, while another witness, Ms. Martha Campbell, estimated the shooter's height at 5'8." *Id*. at ¶¶21-22.  Mr. Maurice Larrea, an off-duty NYPD officer, and his friend, Mr. Glenn Montes, are also alleged to have witnessed parts of the underlying incident.  *Id*. at ¶24.

Plaintiff alleges that the following individual County Defendants were present at the crime scene, taking witness statements and canvassing the area: Det. Gary Abbondandelo ("Det. Abbondandelo"); Det. John M. Holland ("Det Holland"); Det. Michael Herts ("Det. Herts"); Sgt. Dennis McHale ("Sgt. McHale"); Det. Jerl Mullen ("Det. Mullen")[2]; Det. William Tweedy ("Det. Tweedy"); and Det. Sgt. Dan Severin ("Sgt. Severin").  Am. Comp. (Ex. A), at ¶26.  He alleges that Mr. Montes gave a statement to Det. Holland, *id.* at ¶27; Mr. Larrea gave a statement to Det. Herts, *id* at ¶28; and Ms. Witherspoon gave statements to Det. Tweedy, Det. Mullen and to a Freeport Police Officer, P.O. Barry McGovern.  *Id.* at ¶30.

The amended complaint references written statements by Ms. Skwanitra Witherspoon. Am. Comp. (Ex. A), at ¶30.  The two-page statement dated March 20, 1994, which Ms. Witherspoon provided to Det. Tweedie is annexed as **Exhibit B**.  The one-page statement that Ms. Witherspoon provided to Det. Mullen and Det. Abbondandelo dated December 20, 1994 is annexed as **Exhibit C**.  And a one-page statement that Ms. Witherspoon provided to Det.

---

[2] Det. Mullen is deceased.  *See infra.*  Wilson Elser does not represent Det. Mullen's estate, nor has plaintiff identified an administrator or executor of Det. Mullen's estate.  Further, plaintiff has not filed an affidavit of service on Det. Mullen's estate.

McGovern dated April 11, 1995 is annexed as **Exhibit D**.

In the March 20, 1994 statement, Ms. Witherspoon recounts her observations of the shooting of Steven Jason. She states that as Mr. Jason was walking her to her car she saw a black male pull a black revolver out of his pocket and aim it at Mr. Jason. She saw Mr. Jason try to run away, while she turned around and ran in a different direction. While running she heard gunshots. Ex. B. In the December 20, 1994 statement, Ms. Witherspoon describes her review of a photo array of six individuals. Upon her review of the photo array, she identified plaintiff Joseph Jackson as the black male who she saw pull and aim a revolver at Mr. Jason. Ex. C. In the April 11, 1995 statement, Ms. Witherspoon describes being present at a line-up and recognizing plaintiff Joseph Jackson ("person #4") as the person who shot Mr. Jason. Ex. D.

Plaintiff alleges that on December 17, 1994, he was arrested by Det. Anthony Sorrentino ("Det. Sorrentino"), Det. Laurette Kemp ("Det. Kemp"), and a Freeport officer for what the amended complaint describes as a "purported drug sale offense." Am. Comp. (Ex. A), at ¶36. In fact, plaintiff pled guilty in satisfaction of the narcotics charges. *See* **Exhibit E** (certificate of conviction).

Following his December 17, 1994 arrest, plaintiff claims he was isolated and interrogated by Det. Dempsey, Det. Abbondandelo, Det. Herts, Det. Mullen, Sgt. Severin and Det. Sharkey. *Id.* at ¶36. Plaintiff alleges that Sgt. Severin and Det. Sharkey provided false information to plaintiff's relatives while he was in custody to prevent them from learning his whereabouts and obtaining counsel for him. *Id.* at ¶37. He also alleges that Det. Dempsey, Det. Abbondandelo, Det. Martin Alger ("Det. Alger") and additional, though unnamed, officers improperly persuaded plaintiff's cousin, Peddie Jackson, and two civilians, Roy Isaac and Tyrone Isaac, to provide statements falsely incriminating plaintiff in Mr. Jason's murder. *Id.* at ¶34.

Plaintiff claims generally – *i.e.,* without specifying any particular individual defendants -- that over the course of 40 hours he was isolated, "beaten, threatened and coerced into signing a fifteen-page false confession prepared by police." Am. Comp. (Ex. A), at ¶38. He specifically alleges that during this period Det. Anthony Kosier ("Det. Kosier") purported to administer a polygraph examination with the intent of using the results to pressure plaintiff into signing a statement falsely incriminating himself in the murder. *Id.* at ¶39. Plaintiff also specifically alleges that Detectives Dempsey and Mullen physically assaulted him without provocation or justification during the interrogation. *Id.* at ¶40. He claims that the "defendants, particularly Dempsey, are known to have procured false confessions through improper tactics on prior occasions," citing the decision in *Restivo v. Hessemann. Id.* at ¶42.

Plaintiff pleads, in conclusory fashion, that "[d]efendants from NCPD and Freeport PD conspired with and assisted each other in framing plaintiff for the Steven Jason murder." Am. Comp. (Ex. A), at ¶43. The only example of this alleged conspiracy offered in the amended complaint, however, is testimony from Det. Abbondandelo at a pre-trial hearing to the effect that, to his knowledge, there was only one eyewitness to the incident, namely: Ms. Witherspoon. *Id.* at ¶44.

Ms. Witherspoon testified at the criminal trial of plaintiff on November 21, 1996. Ms. Witherspoon testified that on March 19, 1994, she attended a birthday party for Steven Jason and his sister Naquel Jason at the American Legion Hall in Freeport, New York. **Exhibit F** (Trial Transcript), at 1051:10-1052:15. She arrived at the party at about 11:30 p.m. *Id.* at 1052:16-21. At about 2:00 a.m. (March 20, 1994), Steve Jason offered to give Ms. Witherspoon a ride home. *Id.* at 1055:7-19. They left the Legion Hall and started walking towards a parking lot near a Blimpie's restaurant. *Id.* at 1056:22-1057:2. As they approached the parking lot, she saw a male

-5-

standing on the side of Blimpie's which startled and scared her. *Id.* at 1058:21-1059:4. This man pulled out a gun and pointed it at Steve Jason's head. *Id.* at 1059:5-7. Steven Jason started running one way, and she started running back towards the Legion Hall; while she was running she heard about six shots. *Id.* at 1060:2-24. Ms. Witherspoon then identified Joseph Jackson, the plaintiff in this case and the defendant in the underlying criminal case, as the person she saw that night who had pulled a gun and aimed it directly at Steve Jason. *Id.* at 1060:25-1062:23.

Plaintiff was convicted of the Steven Jason murder on March 7, 1997. Am. Comp. (Ex. A), at ¶45. He pleads, in conclusory fashion, that the "defendants knew that the trial witnesses offered false testimony, but nevertheless suborned it, violating plaintiff's right to due process and a fair trial." *Id.* at ¶48. He also claims that the "[d]efendants . . . deprived plaintiff of evidence needed to prove his alibi." *Id.* at ¶49. Plaintiff does not identify any specific defendants in these paragraphs, nor does he mention any specific person or evidence that would have proved an alibi defense. *Id.* at ¶¶48-49. Following his conviction, plaintiff was sentenced to imprisonment for twenty-five years to life on the murder conviction, and "to lesser sentences on the other convictions," which plaintiff does not specify. Am. Comp. (Ex. A), at ¶50.

Years later, plaintiff obtained the statements provided by Mr. Larrea and Mr. Montes through a FOIL request. *Id.* at ¶51. On or about February 9, 2018, the Conviction Integrity Unit ("CIU") of the Nassau County District Attorney's Office filed a motion to set aside plaintiff's conviction. *Id.* at ¶54. On February 16, 2018, the motion was granted, the indictment was dismissed, and plaintiff was released. *Id.* at ¶55.

The amended complaint includes a series of paragraphs in which it purports to describe the "science of false confessions." Am. Comp. (Ex. A), at ¶¶59-71. The amended complaint also lists a series of allegations about conduct in an entirely separate case. *Id.* at ¶¶76-88.

Finally, the amended complaint includes a series of allegations concerning alleged unconstitutional policies of the Nassau County and Village of Freeport police departments.  Am. Comp. at ¶¶89-92.  These latter allegations are not specific, but are rather alleged "[u]pon information and belief."  *Id.* at ¶¶89--91.

**Argument**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *County of Erie v. Colgan Air, Inc.,* 711 F.3d 147, 149 (2d Cir. 2013), quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  While a court must accept as true factual allegations contained in the complaint, a court is "not required to accept as true conclusory allegations or 'formulaic recitation[s] of the elements of a cause of action." *Demosthene v. City of New York,* 2019 WL 181305, at *3 (E.D.N.Y. Jan. 10, 2019), quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  Hence, a plaintiff is required to "assert specific facts or circumstances in support of his claims, [and a] complaint which is unsupported by factual assertions fails even the liberal pleading standard of Rule 12(b)(6)." *Id.* at *3, quoting *DeJesus v. Sears, Roebuck & Co.,* 87 F.3d 65, 70 (2d Cir 1996) (additional internal quotes and citations omitted).  In this regard, "where [a] complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Volpe v. Nassau County,* 915 F. Supp. 2d 284, 299 (E.D.N.Y. 2014) (internal quotes and cites omitted).

**POINT I      THE FEDERAL AND COMMON-LAW CLAIMS FOR MALICIOUS PROSECUTION SHOULD BE DISMISSED**

To plead a viable Section 1983 Claim for malicious prosecution, a plaintiff must allege a violation of his Fourth Amendment rights in addition to the "elements of a malicious prosecution

7662576v.1

claim under state law." *Manganiello v. City of New York,* 612 F.3d 149, 161 (2d Cir. 2010). To

plead a claim for malicious prosecution under New York law, a plaintiff must allege: "(1) the

initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the

proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and

(4) actual malice as a motivation for defendant's actions." *Id.* The "existence of probable cause

is a complete defense to a claim of malicious prosecution," and "indictment by a grand jury

creates a presumption of probable cause that may <u>only</u> be rebutted by evidence that the

indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct

undertaken in bad faith.'" *Savino v. City of New York,* 331 F.3d 63, 72 (2d Cir. 2003), quoting

*Colon v. City of New York,* 60 N.Y.2d 78, 83 (1983). As this Court observed, the plaintiff "bears

the burden of proof in rebutting the presumption, and he must do so with more than mere

conjecture and surmise that his indictment was procured as a result of conduct undertaken by the

defendants in bad faith." *Tankleff v. County of Suffolk,* 12017 U.S. Dist. LEXIS 97472, at *71-

72 (E.D.N.Y. June 23, 2017) (Seybert, J.) (internal quotes and citations omitted). Probable cause

existing at the time of arrest might dissipate based on later-acquired evidence, however, "in order

for probable cause to dissipate, the groundless nature of the charges must be made apparent by

the discovery of some intervening fact." *Lowth v. Town of Cheektowaga,* 82 F.3d 563, 571 (2d

Cir. 1996).

Like other Section 1983 claims, to adequately allege a viable malicious prosecution claim

against a particular defendant, plaintiff must allege facts from which a court may plausibly infer

that defendant's personal participation in the underlying criminal prosecution against the

plaintiff. *See Norton v. Town of Islip,* 678 Fed. Appx. 17, 20 n.3 (2d Cir. 2017) (affirming

dismissal of malicious prosecution claim where complaint failed to alleged sufficient personal

involvement); *Demosthene v. City of New York,* 2019 WL 181305, at *7 (E.D.N.Y. Jan. 10,

2019) (allegations that "'defendant officers' as a cohesive unit . . . collectively engaged in . . .

misconduct . . . is insufficient for plaintiff to meet his pleading obligations under *Twombly*");

*Felix v. New York State Dep't of Corr. & Comm. Supervision,* 2018 WL 3542859, at *9

(S.D.N.Y. July 23, 2018) (dismissing malicious prosecution claim against defendants where

operative complaint only contained a "conclusory allegation that they agreed to engage in the

malicious prosecution of plaintiff"); *S.B. v. City of New York,* 2016 WL 4530455, at *13

(E.D.N.Y. Aug. 29, 2016) (motion to dismiss granted where plaintiff failed to "allege the

specific, personal involvement of . . . defendants in the alleged malicious prosecution").

A.    The Statements and Trial Testimony of Ms. Witherspoon Establish Probable Cause to
      Initiate and Continue the Criminal Prosecution against Plaintiff

Ms. Witherspoon was an eyewitness to the shooting of Mr. Steve Jason.  Her March 20,

1994 statement describes how she observed a man pull a gun and point it directly at him, and

how, as she then turned to run away, she heard several gun shots.  Ex. B.  In her December 20,

1994 statement she describes identifying plaintiff from an array of photographs as the man she

saw pull the gun and aim it at Mr. Jason.  Ex. C.  Her April 11, 1995 statement describes picking

plaintiff out of a lineup and identifying him as that man.  Ex. D.  And on November 21, 1996,

testifying at trial, Ms. Witherspoon provided an in-court identification of plaintiff as that man.

Ex. F.

The statements and trial testimony of Ms. Witherspoon, which describe her eye-witness

identification of plaintiff, provided probable cause to believe that plaintiff was the man who shot

and killed Steven Jason.  *Powell v. Murphy,* 593 Fed. Appx. 25, 27 (2d Cir. 2014); *Carson v.*

*Lewis,* 35 F. Supp. 2d 250, 260 (E.D.N.Y. 1999).[3]  Plaintiff's complaint has not challenged the

veracity of Ms. Witherspoon's statement or testimony in this action.  Accordingly, the probable

cause provided by that evidence has not dissipated or otherwise been called into question.  Ms.

Witherspoon therefore provides an independent basis for probable cause to initiate and continue

a prosecution against plaintiff even assuming, for purposes of the instant motion only, that

plaintiff's confession to the murder was improperly obtained.  Indeed, "even where plaintiff

alleges, as here, that [a] malicious prosecution is based on fabricated evidence, 'the existence of

probable cause independent of the fabricated evidence is a defense to that claim.' 'To hold

otherwise would untether the malicious prosecution claim from its Fourth Amendment roots.'"

*Hoyos v. City of New York*, 999 F.Supp.2d 375, 390 (E.D.N.Y. 2013), quoting *Morse v. Spitzer*,

No. 07-CV-4793 (CBA) (RML), 2012 WL 3202963, at *4–5 (E.D.N.Y. Aug. 3, 2012); *see also*

*Oquendo v. City of New York,* 2017 WL 6729850, at *6, n.6 (E.D.N.Y. Nov. 15, 2017); *Torres v.*

*City of New York,* 2017 WL 4325822, at *4 (E.D.N.Y. Sept. 27, 2017).  Given the independent

basis for probable cause provided by the statements and testimony of Ms. Witherspoon,

plaintiff's malicious prosecution claim should be dismissed in its entirety.

B.    The Malicious Prosecution Claim Should be Dismissed as against Certain of the
      Individual Defendants on Grounds of Lack of Personal Participation

The amended complaint contains no allegations regarding the initiation or continuation of

the prosecution, or regarding the alleged fabrication of evidence, coerced confession or other

misconduct as to the following individual County Defendants:  Anthony Sorrentino, Laurette

Kemp, Dennis McHale, James Turner, Kenneth Hall, William Tweedy, and Dan Severin.

---

[3]  The probable cause standard on a malicious prosecution claim is slightly higher than for false arrest, and has been
described as "such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff
guilty." *Stansbury v. Wertman,* 721 F.2d 84, 95 (2d Cir. 2013), quoting *Boyd v. City of New York,* 336 F.3d 72, 76
(2d Cir. 2003).  However, an eye-witness identification clearly meets even this slightly higher standard. *See id.*

Det. Anthony Sorrentino and Det. Kemp are alleged to have arrested Jackson for a "purported drug sale offense." Am. Comp. (Ex. A), at ¶36.  However, the arrest report, a copy of which is annexed as **Exhibit G**, demonstrates that neither Sorrentino nor Kemp were the arresting officers.[4]  Det. McHale, and Det. Turner are only alleged to have been present at the crime scene.  Am. Comp. (Ex. A), at ¶26.  Officer Hall is only alleged to have been present at the crime scene and to have canvassed the area.  *Id.* at ¶¶26, 31.  Det. Tweedy is alleged merely to have been present at the crime scene and to have taken a statement from Ms. Witherspoon, which was disclosed during the prosecution.  *Id.* at ¶¶26, 30.  And Det. Sgt. Severin is alleged only to have been present at the crime scene, and to have provided allegedly false information to plaintiff's relatives, an act, which even assuming it took place for purposes of this motion, had no role in the prosecution of plaintiff.  *Id.* at ¶¶26, 37.

These allegations are not sufficient under *Iqbal* and *Twombly* to survive a motion to dismiss a claim for malicious prosecution which requires, *inter alia,* active involvement in the initiation or continuation of the underlying prosecution as well as actual malice on the part of the defendant.  Therefore, regardless of the fact that the existence of probable cause is fatal to a malicious prosecution claim, the Section 1983 and common-law malicious prosecution claim should be dismissed as against Anthony Sorrentino, Laurette Kemp, Dennis McHale, James Turner, Kenneth Hall, William Tweedy, and Dan Severin on the independent ground of lack of individual participation.

**POINT II**     **THE FABRICATION OF EVIDENCE CLAIM SHOULD BE DISMISSED AGAINST CERTAIN DEFENDANTS BASED ON LACK OF PERSONAL PARTICIPATION**

Under the Due Process Clause of the Fourteenth Amendment, individuals have "the right

---

[4] This Court may consider the arrest report on the motion to dismiss.  *See Obilo v. City Univ. of City of New York,* 2003 WL 1809471, at *5 (E.D.N.Y. April 7, 2003).

7662576v.1

not to be deprived of liberty as a result of the fabrication of evidence by a government officer

acting in an investigating capacity." *Zahrey v. Coffey,* 221 F.3d 342, 349 (2d Cir. 2000). "To

prevail on a claim based on fabrication of evidence, a plaintiff must demonstrate that (1) an

investigating official, (2) has fabricated evidence (3) that is material, (4) forwards that

information to prosecutors, and (5) thereby causes the plaintiff to suffer a deprivation of liberty."

*Grant v. City of New York,* 2019 WL 1099945, at *7 (E.D.N.Y. March 8, 2019), citing, *inter alia,*

*Garnett v. Undercover Officer C0039,* 838 F.3d 265, 279 (2d Cir. 2016). An officer may be

liable if he or she affirmatively submits falsified evidence, such as a false confession, to the

authorities, *see Ricciuti v. New York City Transit Auth.,* 124 F.3d 123, 130 (2d Cir. 1997), or

withholds material information that, if disclosed, would cause prosecutors to doubt whether

charges should be filed, *see Bermudez v. City of New York,* 790 F.3d 368, 374-376 (2d Cir.

2015)." *Id.* at *7. "Evidence is material if it would 'likely . . . influence a jury's decision' in a

criminal proceeding against the plaintiff." *Id.,* citing *Garnett,* 838 F.3d at 280. As in any

Section 1983 claim, the plaintiff must allege the personal participation of each defendant in a

claim based on the alleged fabrication of evidence. *See Mendoza v. County of Nassau,* 2012 WL

4490539, at *3 (E.D.N.Y. Sept. 27, 2012) ("A complaint that 'does not allege facts establishing

the personal involvement of any of the individual defendants . . . is fatal to a claim under 42

U.S.C. §1983.'"), quoting *Costello v. City of Burlington,* 632 F.3d 41, 48-49 (2d Cir. 2011).

Here, plaintiff's fabrication of evidence claim is based on the allegation that "defendants"

manufactured plaintiff's self-incriminating statement, forced him to adopt it and then

misrepresented to prosecutors that the statement had originated with plaintiff, *see* Am. Comp.

(Ex. A), at ¶107; that "defendants" withheld exculpatory evidence, *id.* at ¶108; and that

"defendants also tampered with witness testimony in their effort to frame and falsely convict

plaintiff." *Id.* at ¶109.

Initially, to the extent the fabrication of evidence claim is based on an alleged *Brady* violation relating to the alleged exculpatory statements of Messrs. Larrea and Montes, the claim should be dismissed in its entirety. The amended complaint fails to identify any particular individual County defendant with responsibility to disclose *Brady* material who failed to fulfill such responsibility.

In addition, a close review of the complaint, shows that there are no allegations of personal involvement with regard to any of the alleged "fabrication" for the following individual County defendants: John M. Holland, Anthony Sorrentino, Laurette Kemp, Dennis McHale, James Turner, Kenneth Hall, William Tweedy, and Dan Severin.   Det. Holland is only alleged to have been present at the scene of the arrest and to have taken a statement from Glen Montes; there are no allegations that Det. Holland specifically failed to pass that statement along to his supervisors or to the District Attorney's Office. Am. Comp. (Ex. A), at ¶¶26, 27. Det. Sorrentino and Det. Kemp are only alleged to have arrested plaintiff for a drug offense, *id.* at ¶36, but, as noted above, documentation demonstrates that neither was the arresting officer. Sgt. McHale and Det. Turner are only alleged to have been present at the scene of the crime. *Id.* at ¶26. Officer Hall is alleged merely to have been present at the scene and to have canvassed the area. *Id.* at ¶¶26, 31. Det. Tweedy is alleged to have been present at the scene and to have taken a statement from Ms. Witherspoon. *Id.* at ¶¶26, 30. And Det. Sgt. Severin is alleged to have been present at the scene and to have made false statements to plaintiff's relatives in an alleged effort to prevent them from contacting plaintiff or hiring him an attorney. *Id.* at ¶¶26, 37. These allegations are not sufficient to allow this Court to plausibly infer that these officers personally participated in the fabrication of evidence against plaintiff.

-13-

Accordingly, the fabrication of evidence claim should be dismissed as against John M. Holland, Anthony Sorrentino, Laurette Kemp, Dennis McHale, James Turner, Kenneth Hall, William Tweedy, and Dan Severin.

**POINT III**  **THE COERCED CONFESSION CLAIM SHOULD BE DISMISSED AS AGAINST CERTAIN DEFENDANTS BASED ON LACK OF PERSONAL PARTICIPATION**

The right of a citizen to be free from attempts by police to coerce incriminating statements from an in-custody criminal suspect is "guaranteed by the Due Process Clause of the Fourteenth Amendment." *Weaver v. Brenner,* 40 F.3d 527, 534 (2d Cir. 1994). The general standard applied under the Fourteenth Amendment is whether the statement was made voluntarily. *Green v. Scully,* 850 F.2d 894, 900-902 (2d Cir. 1988). "No single criterion controls whether an accused's confession is voluntary: whether a confession was obtained by coercion is determined only after careful evaluation of the totality of the surrounding circumstances." *Id.* at 901. In applying the totality of circumstances test, courts focus on three factors: "(1) the characteristics of the accused, (2) the conditions of interrogation, and (3) the conduct of law enforcement officials." *Id.* at 901-902; *see Tankleff,* 2017 WL 2729084, at *16.

As is the case for any claim under Section 1983, to prevail on a coerced confession claim against a particular defendant, plaintiff must allege and prove that that defendant personally participated in conduct amounting to the constitutional violation. *See Jones v. King,* 2011 WL 4484360, at *8 (S.D.N.Y. Sept. 28, 2011), citing *Costello v. City of Burlington,* 632 F.3d 41, 48 (2d Cir. 2011); *Cepdea v. Coughlin,* 785 F. Supp. 385, 390 (S.D.N.Y. 1992).

Here, the amended complaint alleges that plaintiff was isolated and interrogated by defendants Dempsey, Abbondandelo, Herts, Mullen, Severin and Sharkey, Am. Comp. (Ex. A), at ¶36; that defendant Kosier purported to administer a polygraph examination with the "corrupt intention of using the test and its results to" pressure plaintiff into confessing, *id.* at ¶39; and that

-14-

defendants Mullen and Dempsey physically assaulted plaintiff during the interrogation. *Id.* at ¶40. However, the amended complaint is devoid of any allegations that any of the remaining individual County Defendants participated in the interrogation or otherwise had any role in coercing plaintiff into signing a written statement implicating himself in the murder of Steven Jason. Accordingly, the coerced confession claim should be dismissed as against: Det. John M. Holland; Det. Michael Alger; Det. Anthony Sorrentino; Det. Laurette Kemp; Sgt. Dennis McHale; Det. James Turner; P.O. Kenneth Hall; and Det. William Tweedy.

**POINT IV      THE AMENDED COMPLAINT DOES NOT PLAUSIBLY ALLEGE A CLAIM FOR SUPERVISORY LIABILITY**

To establish a claim for supervisory liability under Section 1983, a plaintiff must allege the defendant "(1) directly participated in a constitutional violation, (ii) failed to remedy a constitutional violation of which the defendant learned through a report or appeal; (iii) created a policy or custom under which a constitutional violation occurred, (iv) acted with gross negligence in supervising subordinates, or (v) 'exhibited deliberate indifference to the rights of [others] by failing to act on information indicating that unconstitutional acts were occurring.'" *Perez v. Annucci,* 2019 WL 1227801, at *3 (S.D.N.Y. March 15, 2019), quoting *Colon v. Coughlin,* 58 F.3d 864, 873 (2d Cir. 1995). Some aspect of personal involvement, as described above, must be alleged, and proven, to hold a supervisory official liable. A supervisor cannot be held liable merely because of his rank, or under a theory of *respondeat superior* based on alleged misconduct by subordinates. *See Black v. Coughlin,* 76 F.3d 72, 74 (2d Cir. 1996); *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994); *see also Stancati v. County of Nassau,* 2015 WL 1529859, at *3 (E.D.N.Y. March 31, 2015), citing *Richardson v. Goord,* 347 F.3d 431, 435 (2d Cir. 2003). Conclusory allegations of supervisory liability are not sufficient to survive a motion to dismiss. *See Nabatkhorian v. County of Nassau,* 2013 WL 1233247, at *6 (E.D.N.Y. March

27, 2013).

Here, the amended complaint fails to identify a single supervisory official by name. Instead, it merely alleges that "Supervisors . . . [had] oversight responsibility… [over] the detectives and police officers who [allegedly] deprived Mr. Jackson of his clearly established constitutional rights." Am. Comp. (Ex. A), at ¶117; that "supervisors were personally involved," *id.* at 118; that "supervisors were reckless in their failure to supervise," *id.* at 119; that the "supervisory defendants" knew or should have known that the alleged conduct against plaintiff "was likely to occur," *id.* at ¶120, and that the "failure of these supervisory defendants to train, supervise and discipline the named individual defendants" lead to plaintiff's damages. *Id.* at ¶121. These boilerplate allegations are not sufficient to survive a motion to dismiss. *See Scraggs v. New York State Dep't of Ed.,* 2007 WL 1456221, at *17-18 (E.D.N.Y. May 16, 2007) (citing cases). Accordingly, the claim for "supervisory liability" should be dismissed.

**POINT V      PLAINTIFF DOES NOT PLAUSIBLY ALLEGE A VIABLE *MONELL* CLAIM BASED ON A FAILURE TO SCREEN, TRAIN, SUPERVISE OR DISCIPLINE**

It is well settled that a *Monell* claim based on boilerplate allegations of the existence of a practice or policy will not survive a motion to dismiss. *See Phillips v. City of Middletown,* 2018 WL 4572971, at *8-9 (S.D.N.Y. Sept. 24, 2018); *Abreu v. City of New York,* 657 F. Supp. 2d 357, 361 (E.D.N.Y. 2009). The rule is the same when a *Monell* claim is based on an alleged failure to train or failure to supervise. *Mendoza v. County of Nassau,* 2012 WL 4490539, at *7 (E.D.N.Y. Sept. 12, 2012).

Here, the amended complaint alleges, in conclusory fashion, as follows:

Upon information and belief, Nassau County and Freeport, and their policymakers, as well as the individual supervisors in this case, failed to train or supervise investigators to ensure they complied with constitutional requirements in eliciting confessions, disclosing favorable evidence to prosecutors, and

obtaining probable cause for arrest and for prosecution, and that they did not
fabricate evidence or commit perjury.

Am. Comp. (Ex. A), at ¶90. Similar conclusory allegations are made requiring the failure
to adequately screen, supervise and/or discipline. *Id.* at ¶91; *see also id.* at ¶¶124-127.

These bare allegations are not sufficient to survive a motion to dismiss. *See*
*Phillips,* 2018 WL 4572971, at *8-9; *Abreu,* 657 F. Supp. 2d at 361; *Mendoza,* 2012 WL
4490539, at *7. Accordingly, to the extent plaintiff's *Monell* claim is based on a failure
to screen, train, supervise or discipline, the claim should be dismissed.

## POINT VI   THE COMMON-LAW CLAIM FOR FALSE IMPRISONMENT SHOULD BE DISMISSED

Plaintiff's seventh claim for relief alleges a common-law claim for "false imprisonment."
Am. +Comp. (Ex. A), at ¶¶136-139. "Under New York law, the elements of a false
imprisonment claim are: "'(1) the defendant intended to confine the plaintiff, (2) the plaintiff
was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the
confinement was not otherwise privileged.'" *Singer v. Fulton County Sheriff,* 63 F.3d 110, 118
(2d Cir. 1995), quoting *Broughton v. State of New York,* 373 N.Y.S.3d 87, 93 (1975). "The
elements of a Section 1983 claim for false arrest and false imprisonment are the same as the
elements of such a claim under New York state law, and are well established." *Harris v County*
*of Nassau,* 581 F. Supp. 2d 351, 354 (E.D.N.Y. 2008); *see also Kilburn v. Village of Saranac*
*Lake,* 413 Fed.. Appx. 362, 363 (2d Cir. 2011). Probable cause to arrest is an "absolute defense"
to a claim of false arrest and false imprisonment. *Caldarola v. Calabrese,* 298 F.3d 156, 161 (2d
Cir. 2002). Probable cause exists where officers have "knowledge or reasonably trustworthy
information of facts and circumstances that are sufficient to warrant a person of reasonable
caution in the belief that the person to be arrested has committed or is committing a crime." *Id.*
at 162. A criminal defendant's conviction establishes probable cause to arrest. *See Corsini v.*

*Brodsky,* 731 Fed. Appx. 15, 18 (2d Cir. April 13, 2018), citing *Cameron v. Fogarty,* 806 F.2d 380, 388-89 (2d Cir. 1986). A criminal conviction, including by means of a guilty plea, conclusively establishes probable cause to arrest and is fatal to claim for false arrest/imprisonment. *See Tretola v. County of Nassau,* 14 F. Supp. 3d 58, 68-69 (E.D.N.Y. April 16, 2014); *Cameron v. Wise,* 2011 WL 1496341, at *5 (S.D.N.Y. April 20, 2011). Finally, as is the case for a Section 1983 claim, personal involvement is also a prerequisite to liability for state law claims. *See Levantino v. Skala,* 56 F. Supp. 3d 191, 207 (E.D.N.Y. 2014).

As noted above, plaintiff pled guilty in satisfaction of the narcotics charge for which he was arrested on December 17, 1994. A conviction, including by way of a guilty plea, constitutes absolute proof of probable cause to arrest and is fatal to any subsequent claim for false arrest/false imprisonment. *Tretola,* 14 F. Supp. 3d at 68-69; *Cameron,* 2011 WL 1496341, at *5. Accordingly, the common-law claim for false imprisonment must be dismissed.

Moreover, to the extent that plaintiff's false imprisonment claim is based on his March 1995 arrest on the murder charge, for the reasons described above, the statement of Ms. Witherspoon on March 20, 1994 (Ex. B), and her identification of plaintiff from a photo array on December 20, 1994 (Ex. C), provides ample probable cause to support the arrest. *See Angevin v. City of New York,* 204 F. Supp. 3d 469, 479 (E.D.N.Y. 2016); *Daughtry v. New York,* 2015 WL 2454115, at *3 (E.D.N.Y. Feb. 23, 2015).

The false imprisonment claim should also be dismissed as to certain of the individual County Defendants on grounds of lack of personal participation. Specifically, the amended complaint contains no allegations concerning any involvement in plaintiff's arrest by Det. John M. Holland; Det. Michael Alger; Sgt. Dennis McHale; Det. James Turner; P.O. Kenneth Hall, and Det. William Tweedy. *See* Am. Comp. (Ex. A).

Det. Anthony Sorrentino and Det. Laurette Kemp stand on slightly separate ground in this regard. Det. Sorrentino and Det. Kemp are alleged to have arrested Mr. Jackson on a "purported drug sale offense so that he could be isolated and interrogated" by other officers. Am. Comp. (Ex. A), at ¶36. The crime report prepared by Det. Sorrentino, however, demonstrates that the arresting officer was Det. E. Haggerty, a member of the Freeport police department. *See* Ex. G (arrest report).[5] Det. Sorrentino is listed only as the "Case agent invoiced evidence" and Det. Kemp is listed only as a "witness" to the crime. *Id.* Accordingly, as neither Det. Sorrentino nor Det. Kemp personally participated in plaintiff's apprehension or arrest, the false arrest claim against them must also be dismissed.

## POINT VII   THE CLAIM FOR INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS FAILS AS A MATTER OF LAW

Plaintiff's eighth claim for relief alleges a common-law claim for "intentional or negligent infliction of emotional distress." Am. Comp. (Ex. A), at ¶¶136-139.

As an initial matter, "[i]t is well settled that public policy bars intentional infliction of emotional distress claims against government entities." *Jones v. City of New York,* 988 F. Supp. 2d 305, 318 (E.D.N.Y. 2013) (citation omitted); *see also Lauer v. City of New York,* 240 A.D.2d 543, 544 (2d Dep't 1997). Moreover, where, as here, the claim for relief asserting infliction of emotional distress is duplicative of the other claims alleged, the emotional distress claim is not generally allowed. *See Write v. Belafonte,* 687 Fed. Appx. 1, 2 (2d Cir. 2017), citing *Wolkstein v. Morgenstern,* 275 A.D.2d 635, 637 (1st Dep't 2000). In this regard, courts recognize that a claim for intentional infliction of emotional distress is a "highly disfavored [tort] under New York law," *Turley v. ISG Lackawanna, Inc.,* 774 F.3d 140, 158 (2d Cir. 2014) (internal quotes

---

[5] This Court may consider the crime report on a motion to dismiss as a document integral to the allegations made in the amended complaint. *See Obilo v. City Univ. of City of New York,* 2003 WL 1809471, at *5 (E.D.N.Y. April 7, 2003).

omitted), and it "is to be invoked only as a last resort." *Id.* "Under New York law, an intentional infliction tort may be invoked only as a last resort . . . to provide relief in those circumstances where traditional theories of recover do not." *Salmon v. Blesser,* 802 F.3d 249, 256 (2d Cir. 2015) (internal quotes omitted).

Here, plaintiff's state-law claim for intentional and negligent infliction of emotional distress is clearly duplicative of his separate claims alleging (i) malicious prosecution; (ii) fabrication of evidence in violation of plaintiff's Due Process rights; and (iii) coercion of plaintiff's written confession. The claim is also barred by public policy. *Jones,* 988 F. Supp. 2d at 318. Accordingly, the intentional and negligent infliction of emotional distress claims must be dismissed.

## POINT VIII   THE AMENDED COMPLAINT DOES NOT PLAUSIBLY ALLEGE A VIABLE SECTION 1983 CONSPIRACY CLAIM

Plaintiff's ninth claim for relief alleges a Section 1983 conspiracy claim. Am. Comp. (Ex. A), at ¶¶144-149. To prevail on a Section 1983 conspiracy claim, a plaintiff must allege and prove: "(1) an agreement between two or more state actors or between a state actor and private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson,* 200 F.3d 65, 72 (2d Cir. 1999). Where, as here, a conspiracy claim is "utterly lacking in any factual details . . . it is well settled that 'conclusory or general allegations are insufficient to state a claim for conspiracy under [Section] 1983.'" *Magnotta v. Putnam County Sheriff,* 2014 WL 705281, at *8 (S.D.N.Y. Feb. 24, 2014), quoting *Walker v. Jastremski,* 430 F.3d 560, 564 n.5 (2d Cir. 2005), citing *Nealy v. Berger,* 2009 WL 704804, at *5 (E.D.N.Y Mar. 16, 2009) ("The mere use of the term 'conspiracy' ... is clearly insufficient to satisfy Rule 12(b)(6) in connection with a Section 1983 conspiracy claim."); *see also Falls v. Police Officer Det. Michael Pitt,* 2018 WL 3768036, at *5

(S.D.N.Y. Aug. 8, 2018); *Whitley v. Bowden,* 2018 WL 2170313, at *13 (S.D.N.Y. May 10, 2018).

Under the intra-corporate or intra-agency conspiracy doctrine, "'officers, agents, and employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring with each other.'" *Toussie v. County of Suffolk,* 806 F. Supp. 2d 558, 586 (E.D.N.Y. 2011), quoting *Daniel v. Long Island Hous. P'ship, Inc.,* 2009 WL 702209, at *9 (E.D.N.Y. March 13, 2009). To show that any particular member of an alleged conspiracy acted outside of the scope of his or her employment, the plaintiff would have to allege that such member acted in his or her "personal interests, wholly and separately from the corporation or municipal entity." *Id.* at 587 (internal quotes and cites omitted).

Here, the amended complaint attempts to avoid the intra-agency conspiracy rule by alleging that members of two separate police departments, Nassau County's and Freeport's, "agreed to violate" plaintiff's constitutional rights. Am. Comp. (Ex A), at ¶145. However, that bare allegation is not sufficient to avoid application of the intra-corporate conspiracy rule and to survive a motion to dismiss. Sorely lacking from the allegations are details about who was part of the agreement, when it was made, and how. Without such details, the conspiracy claim must be dismissed. *See Wheeler v. Slanovec,* 2018 WL 2768651, at *10 (S.D.N.Y. June 8, 2018) (dismissing conspiracy claim where complaint "lack[ed] any specific factual allegations regarding what agreement was made, between who, and when"); *Fulani v. McAuliffe,* 2005 WL 2276881, at *4 (S.D.N.Y. Sept. 19, 2005); *Hom v. Brennan,* 304 F. Supp. 2d 374, 379 (E.D.N.Y. 2004). The conspiracy claim should therefore be dismissed.

Even assuming, *arguendo,* that the complaint alleged sufficient facts to plausibly infer that an agreement was reached between members of the Nassau County Police Department and

the Freeport Police Department to violate plaintiff's rights, there are no allegations of personal

involvement in any of the alleged overt acts in furtherance of the conspiracy as to certain of the

individual County Defendants.  As alleged, the over acts of the conspiracy are: (i) the

suppression of exculpatory evidence; (ii) the fabrication of inculpatory evidence; (iii) tampering

with witnesses; (iv) offering false documents and testimony; (v) arresting plaintiff under false

pretenses and impeding his access to counsel; (vi) assaulting him; and (vii) coercing him into

falsely confessing.  Am. Comp. (Ex. A), at ¶146.  A review of the amended complaint shows that

there are no allegations that Sgt. McHale, Det. Turner, Officer Hall, and Det. Tweedy

participated in any of these alleged acts.  Moreover, as noted above, while Sgt. Sorrentino and

Det. Kemp are alleged to have arrested plaintiff on a "purported drug charge," Sgt. Sorrentino's

crime report shows that neither was the arresting officer.

Accordingly, if the conspiracy claim is not dismissed in its entirety, it should be

dismissed, on grounds of lack of participation, as against:  Sgt. McHale, Det. Turner, Officer

Hall, Det. Tweedy, Sgt. Sorrentino and Det. Kemp.

**POINT IX     THE AMENDED COMPLAINT DOES NOT PLAUSIBLY ALLEGE A
              VIABLE SECTION 1983 CLAIM BASED ON THE FAILURE TO
              INTERVENE**

Finally, plaintiff's tenth claim for relief alleges a Section 1983 claim for failure to

intervene.  Am. Comp. (Ex. A), at ¶¶150-152.  "A law enforcement officer has an affirmative

duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his

presence by other officers."  *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988).  However, that

duty only exists when the officer has a reasonable opportunity to intervene.  *Anderson v. Branen*,

17 F.3d 552, 557 (2d Cir. 1994); *Johnson ex rel. Johnson v. County of Nassau*, 2010 WL

3852032, at *4 (E.D.N.Y. Sept. 27, 2010); *Jean-Laurent v. Wilkerson*, 438 F. Supp.2d 318, 327

(S.D.N.Y. 2006).  In addition, a failure to intervene claim against an officer alleged to have

-22-

directly violated a plaintiff's rights is not viable as against that officer because the claim would simply merge into the direct claim. *See Scott v. City of Mt. Vernon,* 2017 WL 1194490, at *27 (S.D.N.Y. March 30, 2017); *Simon v. The City of New York,* 2011 WL 317975, at *12 (E.D.N.Y. Jan. 3, 2011) (plaintiff's "factual allegations do not support the assertion that either of these two officers failed to intervene because these same officers actually arrested her"). Finally, a claim for failure to intervene is derivative in nature, and depends on the existence of a valid underlying constitutional claim. *See Soto v. City of New York,* 132 F. Supp. 3d 424, 458-459 (E.D.N.Y. 2015).

Here, the amended complaint alleges, in substance, that plaintiff's constitutional rights were violated when Sgt. Sorrentino and Sgt. Kemp arrested plaintiff on an allegedly purported drug charge; when Det. Dempsey, Det. Abbondandelo, Det. Herts, Det. Sharkey, Det. Mullen and Det. Kosier (the polygraph operator) allegedly coerced his confession; when Det. Abbondandelo allegedly falsely testified that there was only a single eyewitness to the underlying murder; and when Det. Abbondandelo and Det. Alger allegedly persuaded witnesses, including plaintiff's cousin, to provide false statements against plaintiff; and when Det. Holland and Det. Herts failed to disclose the written statements taken from Montes and Larea. The failure to intervene claim as against these defendants fails because it merges into and is subsumed by the direct claims lodged against them. *See Scott,* 2017 WL 1194490, at *27; *Simon,* 2011 WL 317975, at *12.

With respect to the remaining individual County defendants -- Sgt. McHale, Det. Turner, Officer Hall, Det. Tweedy, and Sgt. Severin – the failure to intervene claim fails because the amended complaint does not allege that any of these officers were physically present when the other alleged violations were occurring and had a reasonable opportunity to prevent or stop the

alleged violation of plaintiff's constitutional rights. *Anderson,* 17 F.3d at 557; *Johnson,* 2010 WL 3852032, at *4; *Jean-Laurent,* 438 F. Supp.2d at 327.

**POINT X      THE ACTION MUST BE DISMISSED AS AGAINST DEFENDANTS HALL, TURNER AND KEMP FOR INSUFFICIENCY OF SERVICE OF PROCESS**

In addition to the arguments raised above, the amended complaint must be dismissed against certain of the individual defendants for insufficiency of service of process. In particular, plaintiff has failed to serve process or file affidavits of service of process with respect to the following defendants: Police Officer Kenneth Hall; Det. James Turner; and Det. Laurette Kemp.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part, that if "a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m). Here, the complaint was filed on May 22, 2018. Plaintiff filed affidavits of service to the effect that Officer Hall (D.E. 109), Det. Turner (D.E. 122), and Det. Kemp (D.E. 112), were served when a copy of the summons and complaint was delivered to P.O. Roche at the Records Bureau of the Nassau County Police Department, 1490 Franklin Avenue, Mineola, NY  11501. However, as Hall, Turner and Kemp are not currently employed by the County of Nassau or the Nassau County Police Department, merely dropping off a copy of the summons and complaint with the records bureau of insufficient service of process. *See Johnson v. Schiff,* 2013 WL 5466218, at *5 (N.D.N.Y. Sept. 13, 2013); *Komlosi v. New York State Office of Mental Retardation & Develop. Disabilities,* 1990 WL 29352, at *3 (S.D.N.Y. March 12, 1990).

**POINT XI     PLAINTIFF MAY NOT MAINTAIN AN ACTION AGAINST A DECEASED DEFENDANT IN HIS OR HER INDIVIDUAL CAPACITY**

Defendant Det. Mullen passed away on January 4, 2015. *See* **Exhibit H** (death record).

To the extent plaintiff purports to maintain an individual claim against Det. Mullen that claim should be dismissed because plaintiff's claims against him can survive, if at all, only against his estate. *See Swiggett v. Coombe,* 2003 WL 174311, at \*2 (S.D.N.Y. Jan. 27, 2003) ("It is well settled that when a defendant in a § 1983 action dies, who has been sued in his individual capacity, the proper party to substitute is the successor of the deceased or the representative of his estate.").

**Conclusion**

The County Defendants' motion should be granted in its entirety.

Dated:    White Plains, New York
          May 9, 2019

> Respectfully submitted,
>
> WILSON, ELSER, MOSKOWITZ,
> EDELMAN & DICKER LLP
> Attorneys for County Defendants
>
> Peter A. Meisels
> Janine Mastellone
> Lalit K. Loomba
> Allison Holubis
>
> 1133 Westchester Avenue
> White Plains, New York 10604
> (914) 323-7000
> Our File No.  12473.00014

7662576v.1