UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
JOSEPH JACKSON,

                          Plaintiff,                     Case No.: 18-CV-3007

NASSAU COUNTY; THE INCORPORATED VILLAGE
OF FREEPORT; DETECTIVE ROBERT DEMPSEY;
DETECTIVE GARY ABBONDANDELO; DETECTIVE
JOHN M. HOLLAND; DETECTIVE MICHAEL HERTS;
DETECTIVE MARTIN ALGER; DETECTIVE
ANTHONY SORRENTINO; DETECTIVE DAVID L.
ZIMMER; POLICE OFFICER MELENDEZ;
LIEUTENANT BURDETTE; SERGEANT MCHALE;
SERGEANT NOLL; DETECTIVE SHARKEY; POLICE
OFFICER DOWDELL; POLICE OFFICER BARRY
MCGOVERN; DETECTIVE TURNER; DETECTIVE
EDWARD HAGGERTY; POLICE OFFICER HALL;
DETECITVE LAURETTE KEMP; DETECTIVE
WILLIAM TWEEDY; DETECTIVE ANTHONY KOSIER;
DETECTIVE SERGEANT DAN SEVERIN; DETECTIVE
JERL MULLEN; THE ESTATE OF DETECTIVE JERL
MULLEN; JOHN DOE, AS THE ADMINISTRATOR OF
THE ESTATE OF JERL MULLEN, and JOHN and JANE
DOE 1 through 20,

                          Defendants.
--------------------------------------------------------------------X


**<ins>MEMORANDUM OF LAW IN SUPPORT OF THE VILLAGE DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(5) and 12(b)(6)</ins>**



                                  **HARRIS BEACH PLLC**
                                   Keith M. Corbett, Esq.
                                   Stephanie L. Tanzi, Esq.
                                   The OMNI
                                   333 Earle Ovington Blvd., Suite 901
                                   Uniondale, New York 11553
                                   Tel: (516) 880-8484
                                   Fax: (516) 880-8483

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ...................................................................................... iii

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ........................................................................................ 2

STANDARD OF REVIEW ....................................................................................... 3

ARGUMENT ............................................................................................................. 4

POINT I      PLAINTIFF'S COMPLAINT AGAINST THE VILLAGE DEFENDANTS MUST BE DISMISSED ON THE GROUND OF INSUFFICIENT SERVICE OF PROCESS ...................................................4

POINT II     PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED AGAINST THE VILLAGE DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) ......................................................................................7

      A. The Amended Complaint Fails to State a Claim Under 42 U.S.C. § 1983 Because The Complaint Does Not Allege Personal Involvement By the Village Defendants .........................9

            *i.*   *Federal Malicious Prosecution* ........................................... 10

            *ii.*   *Supervisory Liability* ......................................................... 12

            *iii.*   *§ 1983 Conspiracy* ............................................................13

            *iv.*   *Failure to Intervene* ……………………………………………14

      B. The *Monell* Custom and Policy and Failure to Supervise Claim Must Be Dismissed Against The Village Defendants For Failure to State a Claim ......................................................... 14

      C. Plaintiff's Second Claim For Fabrication of Evidence Under 14th and 4th Amendment Must Be Dismissed ............................... 17

      D. Plaintiff's State Law Claims Fail to State a Claim As And Against The Village Defendants .................................................. 18

            *i.*   *False Imprisonment* .......................................................... 18

            *ii.*   *Intentional Infliction of Emotional Distress* ....................... 19

*iii.*        *State Law Malicious Prosecution*…………………………………..20

POINT III    CLAIMS I AND VI FOR MALICIOUS PROSECUTION
             SHOULD BE DISMISSED AS FREEPORT IS NOT THE
             PROSECUTOR..............................................................................................20

POINT IV    VILLAGE DEFENDANTS ARE ENTITLED TO QUALIFIED
             IMMUNITY FROM PLAINTIFF'S DAMAGES CLAIMS ............................22

CONCLUSION.............................................................................................................. 24

# **TABLE OF AUTHORITIES**

Page

**Cases**

Amnesty Am. v. Town of W. Hartford, 361 F.3d 113 (2d Cir. 2004).......................................... 14

Anderson v. Creighton, 483 U.S. 635 (1987) ............................................................... 21

Aretakis v. Durivage, 2009 WL 249781 (N.D.N.Y. 2009)............................................. 18

Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937,
    173 L.Ed. 868 (2009) ..................................................................... 3, 4, 7

Bell Atlantic Corp. v. Twombley, 550 U.S.544;
    127 S.Ct. 1955 (2007).................................................................... 3, 4, 7

Berg v. Kelly, 343 F. Supp. 3d 419,
    2018 WL 6252383 (S.D.N.Y. 2018)..................................................... 15

Bishop v. City of New York, 2016 WL 4484245 (S.D.N.Y. 2016) ............................................ 15

Borawski v. Abulafia, 117 A.D.3d 662, 985 N.Y.S.2d 284 (2014)............................................ 18

Brown v. Coughlin, 758 F.Supp. 876 (S.D.N.Y. 1991)........................................... 10, 13

Brunache v. MV Tansp., Inc, 151 AD3d 1011 (2d Dept 2017).................................... 18

Carson v. Lewis, 35 F.Supp.2d 250 (E.D.N.Y. 1999) ................................ 13

Cerrone v. Brown, 246 F.3d 194 (2d Cir. 2001)........................................... 22

City of Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197,
    103 L.Ed.2d 412 (1989) ................................................................. 12

Coleman v. City of New York,
    2010 WL 571986, at 5 (S.D.N.Y. Feb. 2, 2010)…………………………………………14

Cunninham v. New York City, No. 04 Civ. 10232 (LBS),
    2007 WL 2743580 (S.D.N.Y. Sept. 18, 2007)....................................... 11

DiPompo v. Ruggiero, 2018 WL 5045339 (S.D.N.Y. 2018) .................................. 10

Dwares v. City of N.Y., 985 F.2d 94 (2d Cir.1993) ....................................... 14, 15, 16

Dzwonczyk v. Syracuse City Police Dept.,
    710 F. Supp. 2d 248 (N.D.N.Y. 2008)......................................................... 22

Hinkle v. City of Clarksburg, 81 F.3d 416 (4th Cir.1996)............................... 14

Hunter v. Bryant, 502 U.S. 224 (1991)........................................................... 21

In re Kalikow, 602 F.3d 82, 92 (2d Cir.2010)……………………………………………4

Jenkins v. City of New York, 478 F.3d 76 (2d Cir. 2007).............................. 17

JF v. Carmel Cent. Sch. Dist., 168 F. Supp. 3d 609 (S.D.N.Y. 2016)........... 10

Jocks v. Tavernier, 316 F.3d 128 (2d Cir. 2003) ......................................... 17

Johnson ex rel. Johnson v. Cty. of Nassau, No. 09-CV-4746 JS MLO,
    2010 WL 3852032 (E.D.N.Y. Sept. 27, 2010) .......................................... 18

Kiernan v. Hermes Intern., 2009 WL 2707343 (E.D.N.Y. Aug. 24, 2009)..................... 6

Kinzer v. Jackson, 316 F.3d 139 (2d Cir. 2003) ......................................... 21

Klein v. Metropolitan Child Servs., Inc.,
    100 A.D.3d 708, 954 N.Y.S.2d 559 (2012) ............................................. 18

Lennon v. Miller, 66 F.3d 416 (2d Cir. 1995) ............................................. 22

Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,
    673 F.3d 50 (2d Cir. 2012)……………………………………………………….…4

Llerando-Phipps v. City of New York,
    390 F.Supp.2d 372 (S.D.N.Y. 2005)......................................................... 11

Lucky v. City of New York,
    2004 WL 2088557, at 7 (S.D.N.Y. Sept. 20, 2004)……………………………...14

Maddox v. Fowler, 2015 WL 4366222 (N.D.N.Y. July 16, 2015)................... 9

Mandell v. Cty. of Suffolk, 316 F.3d 368 (2d Cir. 2003) ............................. 22

Marrett v. Citigroup Global Markets Realty,
    2012 WL 1078095 (E.D.N.Y. 2012)........................................................... 4

McDonough v. Smith, 898 F.3d 259,

2018 WL 3672942 (2d Cir. 2018), cert. granted, 139 S. Ct. 915,
202 L. Ed. 2d 641, 2019 WL 166879 (2019)..............................................................11, 20, 21

Meza v. Livingston, 607 F.3d 392 (5th Cir.2010) .......................................................... 16

Monell v. Dep't of Soc. Serv. of City of New York,
436 U.S. 658, 98 S.Ct. 2018 (1978)................................................................... 14, 15

Moultry v. City of Poughkeepsie,
154 F.Supp.2d 809 (S.D.N.Y. 2001)........................................................................ 6

Murphy v. American Home Prods. Corp., 58 N.Y.2d 293,
461 N.Y.S.2d 232, 448 N.E.2d 86 (1983)................................................................ 18

Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,
526 U.S. 344, 350, (1999)………………………………………………………………....4

Myers v. Moore, 326 F.R.D. 50 (S.D.N.Y. 2018) ...........................................10, 11, 12

Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97 (1987)......................................4

Petkewicz v. Dutchess County Dept. of Community & Family Servs.,
137 A.D.3d 990, 27 N.Y.S.3d 264 (2016) .................................................................. 18

Plair v. City of New York, 789 F.Supp.2d 459 (S.D.N.Y. 2011) ........................... 14, 15

Plinton v. County of Summit, 540 F.3d 459 (6th Cir. 2008) ......................................... 13

Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123 (2d Cir.1997) .................................... 14

Rizzo v. Goode, 423 U.S. 362 (1976)............................................................................. 9

Ricciuti v. N.Y.C. Transit Auth.,
124 F.3d 123, 131 (2d Cir.1997)…………………………………………………………13

Rodriguez v. City of N.Y., 649 F. Supp. 2d 301 (S.D.N.Y. 2009)............................... 10

Sacino v. Warwick Valley Cent. School Dist.,
138 AD 3d 717 (2d Dept. 2016) ............................................................................. 19

Santana v. Leith, 117 A.D.3d 711, 985 N.Y.S.2d 147 (2014)..................................... 19

Savino v. City of New York, 331 F.3d 63 (2d Cir. 2003) ............................................ 22

Schieffelin & Co. v. Jack Co. of Boca, Inc.,
725 F.Supp. 1314 (S.D.N.Y. 1989) .......................................................................... 7

Schultes v. Kane, 50 A.D.3d 1277, 856 N.Y.S.2d 684 (2008) ..................................................... 19

Siben v. American Airlines, 913 F.Supp. 271 (S.D.N.Y. 1996)...................................................... 7

Smith v. City of New York, 388 F.Supp.2d 179 (S.D.N.Y. 2005)............................................... 17

Taggart v. Costabile, 131 A.D.3d 243, 14 N.Y.S.3d 388 (2015) ................................................. 19

United States v. Valentine, 539 F.3d 88 (2d Cir. 2008)............................................................... 22

Williams v. Smith, 781 F.2d 319 (2d Cir. 1986) ........................................................................ 21

**Statutes**

42 U.S.C. § 1983 ............................................................................................................... 1, 11, 20

N.Y.C.P.L. § 440 ...................................................................................................................... 1, 2

**Rules**

CPLR § 308.......................................................................................................................... 6

CPLR § 308(2)................................................................................................................... 6, 7

Fed. R. Civ. P. 12(b)(5)...................................................................................................... 1, 4, 7

Fed. R. Civ. P. 12(b)(6)....................................................................................................... 1, 4

Fed. R. Civ. P. 4(e)(1)......................................................................................................... 4, 6

Fed. R. Civ. P. 4(e)(2)......................................................................................................... 5

## PRELIMINARY STATEMENT

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and state law claims whereby Plaintiff Joseph Jackson alleges violations of his constitutional and state law rights. Plaintiff's claims arise out of a homicide investigation conducted by Nassau County Police Officers and Village of Freeport Police Department in connection with the murder of Steven Jason. Plaintiff was arrested and charged by the Nassau County District Attorney's Office with the murder of Steven Jason. On March 7, 1997, after a trial, Plaintiff was conviction of Murder in the Second Degree, Intimidating a Witness in the First Degree and Hindering Prosecution in the Second Degree. Plaintiff's conviction was ultimately overturned following an application made by the Nassau County District Attorney's Office pursuant to N.Y.C.P.L. § 440. Plaintiff alleges he was maliciously prosecuted and falsely imprisoned in connection with this conviction.

Pursuant to Rule 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants The Incorporated Village of Freeport, Detective David L. Zimmer, Police Officer Melendez, Lieutenant Burdette, Sergeant McHale, Sergeant Noll, Police Officer Barry McGovern, Detective Turner, Detective Edward Haggerty, Detective Sharkey, Detective Jerl Mullen, and Police Officer Hall (hereinafter "Village Defendants"), move to dismiss the Amended Complaint. The Village Defendants were not responsible for the investigation or prosecution of the Plaintiff. The Amended Complaint must be dismissed because: (1) Plaintiff failed to retain jurisdiction over the Village Defendants; (2) Plaintiff fails to state a claim against the Village Defendants, as the Village Defendants were not involved in the crux of the allegations contained in the Amended Complaint; (3) Plaintiff fails to make any allegations of personal involvement by the Village Defendants, and thereby fails to state a claim under 42 U.S.C. § 1983; (4) The Village Defendants did not prosecute the Plaintiff and as such,  Plaintiff

1

fails to state a claim for malicious prosecution against the Village Defendants; and (5) the Village Defendants are entitled to qualified immunity.

## STATEMENT OF FACTS

At set forth in Plaintiff's Amended Complaint, on March 20, 1994, Steven Jason was fatally shot in Freeport, New York. Thereafter, an investigation was conducted by the Nassau County Police Department. On December 17, 1994, Plaintiff, Joseph Jackson was arrested and charged with criminal sale of a controlled substance in the fifth degree, criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree. After Plaintiff's arrest, the Plaintiff was turned over to the custody of the Nassau County Police Department Homicide Squad. See Affidavit of the Chief of Police of the Incorporated Village of Freeport Police Department, Miguel Bermudez.

Plaintiff's conviction was ultimately overturned following an application made by the Nassau County District Attorney's Office pursuant to N.Y.C.P.L § 440. Plaintiff alleges he was maliciously prosecuted and falsely imprisoned in connection with this conviction. As discussed further herein, the Village Defendants did not initiate or continue the prosecution of the Plaintiff in connection with the homicide he was charged and ultimately convicted of. As stated in the Affidavit of Chief of Police, Miguel Bermudez, all homicides in Nassau County are investigated by and otherwise handled by the Nassau County Police Department Homicide Squad. For this and other reasons discussed below, the Amended Complaint should be dismissed in its entirety against the Village Defendants.

Based on the fact that the original Complaint and the Amended Complaint fail to identify the individual defendants with first and last names or even identify which defendants are from

which police department, it was impossible to guess which individual defendants with whom the Plaintiff intended on naming in this litigation. The Village Defendants appeared by interposing an Answer in connection with this litigation on August 6, 2018, wherein this office answered on behalf of the individual defendants for which it was believed were employed with or formerly employed with the Freeport Police Department.

Thereafter, this Court held a conference with counsel for the parties and set a briefing schedule motions.

<u>**STANDARD OF REVIEW**</u>

If a plaintiff fails to offer sufficient enough specific factual content to create "facial plausibility" to permit the court to reasonably infer that the defendant is liable for the conduct alleged, a defendant is entitled to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-50 (2009) (the sheer possibility of misconduct is insufficient); <u>see</u> <u>also</u> <u>Bell Atlantic Corp. v. Twombley</u>, 550 U.S.544, 554-56; 127 S.Ct. 1955, 1964-65 (2007).  Iqbal requires a plaintiff to go beyond conclusory allegations of harm, and state facts which, could support an inference of the misconduct alleged.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to protect a claim from dismissal. <u>Ashcroft</u>, 129 S.Ct. at 1949. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." <u>Id</u>. at 1950.

## ARGUMENT

### POINT I

**PLAINTIFF'S COMPLAINT AGAINST THE VILLAGE DEFENDANTS MUST BE DISMISSED AS THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THE VILLAGE DEFENDANTS**

The lawful exercise of personal jurisdiction by a federal court requires satisfaction of three primary requirements. First, the plaintiff's service of process upon the defendant must have been procedurally proper. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999); In re Kalikow, 602 F.3d 82, 92 (2d Cir.2010). Second, there must be a statutory basis for personal jurisdiction that renders such service of process effective. The available statutory bases in federal courts are enumerated by Federal Rule of Civil Procedure 4(k). Third, the exercise of personal jurisdiction must comport with constitutional due process principles. Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50 (2d Cir. 2012).

Plaintiff's Complaint against the Village Defendants must be dismissed for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5).  Without valid service of process, the court does not obtain personal jurisdiction over a defendant.  See generally Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987).  If the court does not have personal jurisdiction over the defendant, the action must be dismissed. See Fed.R.Civ.P. 12(b)(2); Laborers Local 17 Health and Ben. Fund v. Phillip Morris, Inc., 26 F.Supp.2d 593, 597 (S.D.N.Y.1998).

Federal Rule of Civil Procedure 4(e)(1) states that an individual must be served "by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made…" In the

alternative, pursuant to Fed. R. Civ. P. 4(e)(2), service on an individual can be achieved by doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

In this case, it is undisputed that Plaintiff did not effectuate service on any of the individual Village Defendants. A review of the Affidavits of Service filed by the Plaintiff demonstrates that no individual Village Defendants were served. Plaintiff failed to file Affidavits of Service as and for Detective David L. Zimmer, Detective Sharkey, Detective Jerl Mullen, Police Officer Melendez, Sergeant Noll, Police Officer Barry McGovern, or Detective Turner.

Further, the Plaintiff served officers of the Freeport Police Department at the Nassau County Police Department, which is a separate and distinct law enforcement agency, which is not authorized to accept service on behalf of any Freeport police officers. As and for Defendants Lieutenant Burdette, Police Officer Hall, Sergeant McHale, and Detective Edward Haggarty, the Affidavits of Service that were filed on August 14, 2018, purporting to have effectuated service, are defective.

The Affidavits of Service filed on August 14, 2018 for Defendants Burdette, Hall, McHale and Haggarty state that each Defendant was served with the Summons and Complaint on July 13, 2018, by leaving a copy of the Summons and Complaint with an individual, "PO (John) Roche (who refused full name)," at the Nassau County Police Department, Records Bureau, located at 1490 Franklin Avenue, Mineola, New York 11501. Defendants Burdette, Hall, McHale and Haggarty are not members of the Nassau County Police Department. Rather, they are all currently or formerly employed by the Village of Freeport Police Department, located at

40 North Ocean Avenue, Freeport, New York 11520. In fact, regardless of the fact that the Village Defendants were not in any way responsible for the Plaintiff's prosecution and conviction, many of the Freeport police officers named in this action are retired and otherwise unavailable and inaccessible. In addition, the Affidavits of Service do not allege that Defendants Burdette, Hall, McHale, or Haggerty were served at their dwelling or usual place of abode. As stated in the Affidavit of Defendant Detective Edward Haggerty, he has not been served in this action. See Affidavit of Edward Haggerty.

There can be no question that the Nassau County Police Department is not authorized by law to accept service on behalf of Defendants Burdette and Haggerty.  See Kiernan v. Hermes Intern., 2009 WL 2707343 at 3 (E.D.N.Y. Aug. 24, 2009); Moultry v. City of Poughkeepsie, 154 F.Supp.2d 809, 812 (S.D.N.Y. 2001).

Plaintiff has also failed to effectuate service on the Village Defendants pursuant to Fed. R. Civ. P. 4(e)(1). Under New York law, pursuant CPLR § 308(2), service can be made upon an individual by, *inter alia[1]*, delivering the summons "to a person of suitable age and discretion at the actual place of business . . . and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business."  In this case, the Affidavits of Service filed for Defendants Burdette, McHale, Hall, and Haggerty simply state that they were personally served by leaving a copy of the Summons and Complaint with someone in the records department of the Nassau County Police Department.  As referenced above, Defendants Burdette McHale, Hall and Haggerty are former officers of the Village of Freeport Police Department, located at 40 North Ocean Avenue, Freeport, New York 11520.  Defendants Burdette, McHale, Hall and Haggerty

---

[1] Service can also be made by delivering the summons to the person to be served, delivering the summons to an agent or service as designated under Rule 318, by "nail and mail", and in a manner as the court, upon motion, directs.  In this case, none of the other methods of service under CPLR § 308 apply.

do not work for the Nassau County Police Department located at 1490 Franklin Avenue, New York 11501, which is where they were purportedly served.  As a result, because Defendants Burdette, McHale, Hall and Haggerty were not served at their actual place of business, service was insufficient as to them, and thus this Court lacks personal jurisdiction over these Defendants. See Moultry, 154 F.Supp.2d at 812; Kiernan, 2009 WL 2707343 at 3.  In addition, even if Defendants Burdette McHale, Hall and Haggerty were served at their actual place of business, service as to them would still be insufficient since there is no evidence in the Affidavits of Service that they were ever mailed an additional copy of the Summons at their last known residence or their actual place of business.  See id.; CPLR § 308(2).

Based on the fact that Plaintiff failed to serve any of the Village Defendants, such that the Court could acquire personal jurisdiction over them, the Amended Complaint, as it relates to the Village Defendants, must be dismissed, for lack of personal jurisdiction. Fed.R.Civ.P. 12(b)(6); Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50 (2d Cir. 2012).

**POINT II**

**PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED
AGAINST THE VILLAGE DEFENDANTS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

The underlying purpose of a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) is to assess the legal sufficiency of a complaint.  Schieffelin & Co. v. Jack Co. of Boca, Inc., 725 F.Supp. 1314 (S.D.N.Y. 1989).  A defendant's motion to dismiss should be granted the plaintiff cannot prove any set of facts in support of his or her claim which would entitle plaintiff to relief. Siben v. American Airlines, 913 F.Supp. 271 (S.D.N.Y. 1996). Even affording the Plaintiff the benefit of presuming the truth of the factual allegations and inferences made by the Plaintiff, the

Plaintiff in this case failed to properly set forth a legally sufficient claim in the Amended Complaint against the Village Defendants.

A plaintiff may not take refuge in this lenient standard, however, by offering formulaic recitations of the elements of a cause of action, or bare-blanket assertions that the defendant "hurt" her.  A plaintiff must offer sufficient enough specific factual content to create "facial plausibility" to permit the court to reasonably infer that the defendant is liable for the conduct alleged.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009) (the sheer possibility of misconduct is insufficient); see also Bell Atlantic Corp. v. Twombley, 550 U.S.544, 554-56; 127 S.Ct. 1955, 1964-65 (2007).  Iqbal requires a plaintiff to go beyond conclusory allegations of harm, and state facts which, could support an inference of the misconduct alleged.  Plaintiff's Complaint fails to meet this standard.

The entire Amended Complaint fails to identify a party with whom the court can reasonably infer is liable for conduct which allegedly caused harm to the Plaintiff. The Amended Complaint names several individual police officers, lieutenants, and sergeants with whom Plaintiff alleges were liable for the alleged false conviction of Plaintiff. However, the Amended Complaint fails to identify most of the "officers" by their full names and further, fails to identify which police department each individual officer was employed by at the time of the arrest and prosecution of Plaintiff. Finally, as discussed further below, each and every claim of the Amended Complaint must be dismissed against the Village Defendants as each claim fails to particularize which defendants participated in or are liable for the alleged conduct described therein.

The only time Village Defendants Burdette, McHale, Noll, and Turner are mentioned in the Amended Complaint at all is in paragraph 26. Paragraph 26 of the Amended Complaint

makes conclusory allegations, lumping several individual Village and County defendants in to allegations of involvement in this case. Plaintiff alleges, "most of the defendants were at the scene and involved in taking witness statements, canvassing the area with Montes and Larrea and conducting preliminary manhunt investigations – those include Abbondandelo, Holland, Herts, Zimmer, Melendez, Burdette, McHale, Noll, Dowdell, McGovern, Turner, Mullen, Hall, Tweedy and Severin." See Amended Complaint, ¶ 26.

Plaintiff plainly fails to establish a causal connection between the acts or omissions of any of the Village Defendants, and the injury or damages to which he allegedly suffered. See Maddox v. Fowler, 2015 WL 4366222, at 7. As such, Plaintiff has failed to meet his burden and Plaintiff's complaint against the Village Defendants must be dismissed in its entirety.

## A.   The Amended Complaint Fails to State a Claim Under 42 U.S.C. § 1983 Because The Complaint Does Not Allege Personal Involvement By the Village Defendants

Section 1983 imposes liability for "conduct which 'subjects or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws." Maddox v. Fowler, 2015 WL 4366222, at 7 (N.D.N.Y. July 16, 2015) (citing Rizzo v. Goode, 423 U.S. 362, 370–71 (1976)). Thus, "[n]ot only must the conduct deprive the plaintiff of rights and privileges secured by the Constitution, but the actions or omissions attributable to each defendant must be the proximate cause of the injuries and consequent damages that the plaintiff sustained." Id. In order for a plaintiff to recover in a § 1983 action, "he must establish a causal connection between the acts or omissions of each defendant and any injury or damages he suffered as a result of those acts or omissions." Id. (citing Brown v. Coughlin, 758 F.Supp. 876, 881 (S.D.N.Y. 1991)).

Plaintiff's failure to specify *any* individual Village Defendant's role in his § 1983 claims is fatal to those claims as to the individual Village Defendants. DiPompo v. Ruggiero, 2018 WL

5045339 (S.D.N.Y. 2018);  See Myers v. Moore, 326 F.R.D. 50, 60 (S.D.N.Y. 2018) (dismissing complaint where it did "not plead facts demonstrating which officer is responsible" because "Plaintiff engage[d] in group pleading, lumping the three defendants together without pleading facts demonstrating what each did that makes him liable").

The claim fails as to the Defendant The Incorporated Village of Freeport because Plaintiff's Amended Complaint does not even allege that the Incorporated Village of Freeport had "a municipal policy or custom," which is required "to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer." JF v. Carmel Cent. Sch. Dist., 168 F. Supp. 3d 609, 616 (S.D.N.Y. 2016) (internal quotation marks omitted). And Plaintiff may not "predicate liability on a theory of *respondeat superior*, since that theory is unavailable for federal claims under Section 1983." Rodriguez v. City of N.Y., 649 F. Supp. 2d 301, 306 (S.D.N.Y. 2009). Therefore, the § 1983 claims must also be dismissed as to The Incorporated Village of Freeport.

*i.    Federal Malicious Prosecution*

Plaintiff's federal and malicious prosecution claims fail. The elements of a malicious prosecution claim, under New York law and § 1983, require a plaintiff to establish that: (1) the defendant initiated a prosecution against the plaintiff; (2) without probable cause to believe the proceeding can succeed; (3) the proceeding was begun with malice; and (4) the matter terminated in plaintiff's favor. 42 U.S.C. § 1983. McDonough v. Smith, 898 F.3d 259, 2018 WL 3672942 (2d Cir. 2018), cert. granted, 139 S. Ct. 915, 202 L. Ed. 2d 641, 2019 WL 166879 (2019).

In order to adequately plead a malicious prosecution claim against a police officer, a plaintiff must allege facts " 'showing that the officer brought formal charges and had the person arraigned, or filled out complaining and corroborating affidavits, or swore to and signed a felony

10

complaint.' " <u>Cunninham v. New York City</u>, No. 04 Civ. 10232 (LBS), 2007 WL 2743580, at *5 (S.D.N.Y. Sept. 18, 2007) (quoting <u>Llerando-Phipps v. City of New York</u>, 390 F.Supp.2d 372, 382-83 (S.D.N.Y. 2005)) (internal citations omitted). Accordingly, to state a malicious prosecution claim against any individual officer here, Plaintiff must allege that that officer engaged in such conduct. Allegations that an officer merely participated in Plaintiff's arrest are not sufficient. <u>Myers v. Moore</u>, 326 F.R.D. 50 at 55 (S.D.N.Y. 2015).

Plaintiff's first claim for federal malicious prosecution fails to particularize which factual allegations are attributable to which defendants. Plaintiff vaguely asserts that the defendants "manufactured a statement, forcing Mr. Jackson to adopt it in written form…," and that defendants "tampered with witness testimony…" See Amended Complaint, ¶106-111. However, Plaintiff fails to assert any facts which connect any of the Village Defendants to any of the allegations. In fact, with regard to any factual allegations related to Plaintiff's written confession, the "Statement of Facts" section of the Amended Complaint simply alleges that the Plaintiff was "coerced into signing a fifteen-page false confession prepared by police." See Amended Complaint, ¶ 38. With regard to Plaintiff's interrogation, the Amended Complaint names only County Defendants, as individuals involved in the interrogation process and makes no factual statements whatsoever that any Village Defendants were involved in any of the interrogation. See Amended Complaint, ¶ 36, 38, 39, 40, 42.

Plaintiff's first claim alleges that "defendants corruptly influenced witnesses in support of the prosecution." See Amended Complaint, ¶ 103. Accordingly, based on the allegations set forth in the four corners of the Amended Complaint, the Plaintiff has failed to particularize any allegations against the Village Defendants, with enough factual content to create a plausible claim that the Village Defendants are liable for the conduct alleged. <u>McCarthy v. Dun &</u>

11

Bradstreet Corp., 482 F.3d 184, 191 (2d Cir.2007); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Bell Atlantic Corp. v. Twombley, 550 U.S.544, 554-56; 127 S.Ct. 1955, 1964-65 (2007).

ii.   *Supervisory Liability*

For the same reasons, Plaintiff's Amended Complaint fails to state a claim for supervisory liability under § 1983. To succeed on this claim, Plaintiff "must show '(1) that a training program is inadequate to the tasks that the officers must perform; (2) that the inadequacy is the result of the Village Defendants' deliberate indifference; and (3) that the inadequacy is closely related to or actually caused the plaintiff's injury.' " Brown, 814 F.3d at 463 (quoting Plinton v. County of Summit, 540 F.3d 459, 464 (6th Cir. 2008).

The Amended Complaint fails to make a causal connection between allegations of supervisory liability and the Village Defendants so as to state a claim that is plausible on its face. The second claim of the Amended Complaint does not even name any of the Village Defendants in connection with the allegations contained therein.

The Village Defendants were not responsible for the investigation and prosecution of the Plaintiff in this case. Therefore, no allegation was made or can be made in the Amended Complaint that the Incorporated Village of Freeport had a custom or policy in place which led to an unlawful arrest or prosecution of Plaintiff. Additionally, the Amended Complaint fails to allege that the training program followed by the Village Defendants was inadequate, let alone that said inadequacy was the result of the Village Defendants' deliberate indifference. The section of the Amended Complaint entitled "Defendants' Malice and Deliberate Indifference" vaguely asserts that the NCPD and the Freeport PD were "well aware that arrests and prosecutions tainted by police falsifications were a major problem—one that had been the

12

subject of numerous lawsuits, civil settlements, and excoriating judicial opinions." See Amended Complaint, ¶ 76. However, the remainder of the entitled section of the Amended Complaint goes into factual detail depicting specific cases of alleged police misconduct of the Nassau County Police Department. Nowhere in the entire Amended Complaint does the Plaintiff allege with any factual contentions to support it that the Village Defendants had an inadequate training program in place or acted with deliberate indifference as a policy or with respect to the arrest and prosecution of this Plaintiff.

    *iii.*    *§ 1983 Conspiracy*

To establish a conspiracy pursuant to § 1983, the plaintiff must show an agreement between two state actors or between a state actor and a private entity to violate his constitutional rights and an overt act in furtherance of the conspiracy, resulting in an actual deprivation of a constitutional right. See Carson v. Lewis, 35 F.Supp.2d 250, 271 (E.D.N.Y. 1999) see, e.g., Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 131 (2d Cir.1997) (citing Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir.1996) (setting forth elements)).

In addition, "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." Dwares v. City of N.Y., 985 F.2d 94, 100 (2d Cir.1993).

The Amended Complaint fails to articulate how the Village Defendants conspired with any actor or entity in any way to deprive Plaintiff of any right. Plaintiff's ninth cause of action must be dismissed against the Village Defendants. Nothing in the Amended Complaint alleges or indicates whatsoever that there was a tacit agreement between parties to violate the Plaintiff's constitutional rights.

iv.     *Failure to Intervene*

Plaintiff fails to identify any conduct or any party to support this claim let alone to particularize conduct attributable to the Village Defendants. Further, regardless of the fact that the Village Defendants were not involved in the investigation and prosecution of this case, Plaintiff fails to allege that the Village of Freeport acted in any way without probable cause, which is fatal to Plaintiff's claim for failure to intervene. Coleman v. City of New York, 2010 WL 571986, at 5 (S.D.N.Y. Feb. 2, 2010) (finding that where the force used resulted in only a "transitory and de minimis" injury, "there was no constitutional violation" and any claims against other officer defendants who "applied no force at all," and "could only be liable for failure to intervene when confronted with an unlawful application of force," were dismissed); Lucky v. City of New York, 2004 WL 2088557, at 7 (S.D.N.Y. Sept. 20, 2004) (finding that the claims for failure to intervene to prevent an arrest and to prevent excessive force failed where the arrest and prosecution was supported by probable cause, and the defendants were not present at the time of the alleged use of force), aff'd, 140 Fed.Appx. 301 (2d Cir. 2005); Feinberg, 2004 WL 1824373, at 4 ("[S]ince [the d]efendants had probable cause to arrest and charge the [p]laintiff, [the d]efendants' motion for summary judgment on this claim [for failure to intercede] is granted.")

Accordingly, Plaintiff's tenth claim for failure to intervene must be dismissed against the Village Defendants.

**B.     The *Monell* Custom and Policy and Failure to Supervise Claim Must Be Dismissed Against The Village Defendants For Failure to State a Claim**

Under *Monell*, "where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and

14

promulgated by [the municipality's] officers." Monell v. Dep't of Soc. Serv. of City of New York, 436 U.S. 658, 690, 98 S.Ct. 2018 (1978); accord Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 124-25 (2d Cir. 2004). Thus, to prevail on a Monell claim, a plaintiff must show "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008).

A municipality cannot be held liable on the basis of respondeat superior. Monell, 436 U.S. at 693-94, 98 S.Ct. 2018; accord Roe, 542 F.3d at 36; Plair v. City of New York, 789 F.Supp.2d 459, 468 (S.D.N.Y. 2011). Rather, the plaintiff must "demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Thus, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." City of Okla. City v. Tuttle, 471 U.S. 808, 823–24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); accord Plair, 789 F.Supp.2d at 470 ("[I]t is well established that a single incident does not give rise to an unlawful practice by subordinate officials so permanent and well-settled as to constitute custom or usage.") (internal quotation marks and citation omitted) (citing cases). Berg v. Kelly, 343 F. Supp. 3d 419, 424–25, 2018 WL 6252383 (S.D.N.Y. 2018).

Whichever theory Plaintiffs offer, "boilerplate assertions of municipal policy are insufficient to state a claim for Monell liability." Monell at 654; see also, Bishop v. City of New York, 2016 WL 4484245, at 4 (S.D.N.Y. 2016); see also Dwares v. City of New York, 985 F.2d

94, 100 (2d Cr. 1993). Facts supporting the policy's existence must be pled. Dwares, 985 F.2d at

100, 344 F. Supp. 3d 644, 653–54, 2018 WL 4757946 (S.D.N.Y. 2018).

All of the factual allegations regarding a *Monell* policy or custom claim are against the

County Defendants. Paragraphs 76 through 88 contain allegations of police falsifications against

the County of Nassau and specific County Defendants named in this litigation. In fact, the

Amended Complaint fails to make any factual allegations that the Plaintiff was convicted

pursuant to any municipal policy of the Village Defendants whatsoever.

In the section of the Amended Complaint entitled, "Nassau County and Freeport's

Unconstitutional Policies," Plaintiff makes only vague and conclusory statements alleging a

"custom, policy, pattern or practice" followed by The Incorporated Village of Freeport

"beginning years before the unjust conviction of Mr. Jackson and continuing throughout his

incarceration…" See Amended Complaint, ¶ 89. Plaintiff's allegation that "Upon information

and belief, Nassau County and Freeport, through their final policymakers, failed to adequately

screen, supervise, and/or discipline detectives, officers, and investigators," without any facts to

support such claims, fails to carry its burden in making a claim under *Monell* policy or customs.

See Amended Complaint, ¶ 91. Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 404, 117 S.Ct.

1382, 137 L.Ed.2d 626 (1997); City of Okla. City v. Tuttle, 471 U.S. 808, 823–24, 105 S.Ct.

2427, 85 L.Ed.2d 791 (1985); Dwares v. City of New York, 985 F.2d 94, 100 (2d Cr. 1993).

Nowhere in Plaintiff's Amended Complaint does he particularize an allegation that the Village

Defendants engaged in conduct that violated the Plaintiff's constitutional rights.

**C.      Plaintiff's Second Claim For Fabrication of Evidence Under 14th and 4th Amendment Must Be Dismissed**

In order for a person to have a procedural due process claim that damages or other relief can remedy, he must have been denied life, liberty, or property protected by the Fourteenth Amendment. Meza v. Livingston, 607 F.3d 392, 399 (5th Cir.2010).

The Second Claim must be dismissed against the Village Defendants, as it contains allegations that the defendants, without particularizing which defendants, fabricated evidence by manufactured statements and forced the Plaintiff to adopt said writing, and intentionally withheld exculpatory evidence from plaintiff. See Amended Complaint, ¶¶ 106-111. Nowhere in the entire Amended Complaint does the Plaintiff allege that the Village Defendants presented a statement to the Plaintiff for him to sign. Further, the Amended Complaint fails to allege that any of the Freeport Defendants made any misrepresentations to prosecutors in connection this case, let alone to identify what those misrepresentations were.

Plaintiff's Amended Complaint alleges that "the defendants knew that the trial witnesses offered false testimony, but nevertheless suborned it, violating plaintiff's right to due process and a fair trial," without even alleging which defendants Plaintiff is referring to. See Amended Complaint, ¶ 48. Furthermore, Plaintiff alleges that "defendants withheld exculpatory evidence, corruptly influenced witnesses, and coerced a confession from plaintiff and concealed the misconduct that pervaded the investigation," without identifying any Village Defendants for which the allegation lie. See Amended Complaint, ¶ 72.

**D.**     **Plaintiff's State Law Claims Fail to State a Claim As And Against The Village Defendants**

     *i.*     *False Imprisonment*

In order to state a claim for false imprisonment in New York, a Plaintiff must demonstrate that: (1) the defendant intentionally confined the plaintiff; (2) plaintiff was aware of such confinement; (3) plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. Smith v. City of New York, 388 F.Supp.2d 179, 184 (S.D.N.Y. 2005); see also Jenkins v. City of New York, 478 F.3d 76, 84 (2d Cir. 2007). A confinement is privileged where probable cause existed to make the arrest. See Jocks v. Tavernier, 316 F.3d 128, 135 (2d Cir. 2003).

The Seventh Claim of the Amended Complaint must be dismissed against the Village Defendants, as the Plaintiff fails to connect any allegations of false imprisonment to the Village Defendants. The Seventh Claim vaguely alleges that "Defendants intended to confine Mr. Jackson, and, lacking probable cause or any other privilege, curtailed his liberty by arresting him and taking steps to ensure he was imprisoned on the basis of false evidence and without legal justification." See Amended Complaint, ¶ 137. Nowhere in the Amended Complaint does the Plaintiff particularize which defendants these allegations lie, what specific factual conduct is referred to, what "steps" the Defendants allegedly took, or what "false evidence" Plaintiff is referring to.

The burden of establishing a lack of probable cause rests with a plaintiff. See Aretakis v. Durivage, 2009 WL 249781, at 8 (N.D.N.Y. 2009) ("It should not elude us that the burden of establishing lack of probable cause rests with [Plaintiff]."). Thus, conclusory, improper allegations that the Defendants lacked probable cause are not sufficient to defeat a motion to

dismiss. Johnson ex rel. Johnson v. Cty. of Nassau, No. 09-CV-4746 JS MLO, 2010 WL 3852032, at 2 (E.D.N.Y. Sept. 27, 2010).

Plaintiff's claims related to false imprisonment should otherwise be dismissed in their entirety because Plaintiff does not meet his burden of adequately pleading a lack of probable cause and the Village Defendants.

ii.   *Intentional Infliction of Emotional Distress*

The eighth cause of action fails to state a claim sounding in intentional infliction or negligent infliction of emotional distress. "The elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress" Brunache v. MV Tansp., Inc, 151 AD3d 1011 (2d Dept 2017); see, (Klein v. Metropolitan Child Servs., Inc., 100 A.D.3d 708, 710, 954 N.Y.S.2d 559 (2012)).

Plaintiff fails to allege conduct specifically attributable to the Village Defendants which was not so outrageous or extreme as to support an intentional infliction of emotional distress cause of action. Murphy v. American Home Prods. Corp., 58 N.Y.2d 293, 298–303, 461 N.Y.S.2d 232, 448 N.E.2d 86 (1983); Petkewicz v. Dutchess County Dept. of Community & Family Servs., 137 A.D.3d 990, 990, 27 N.Y.S.3d 264 (2016); Borawski v. Abulafia, 117 A.D.3d 662, 664, 985 N.Y.S.2d 284 (2014)).

Further, Plaintiff fails to identify with particularity any conduct by the Village Defendants which would constitute a breach of a duty owed to Plaintiff which unreasonably endangered his physical safety, or caused him to fear for his own safety, which is required for a showing of negligent infliction of emotional distress.   Sacino v. Warwick Valley Cent. School Dist., 138 AD 3d 717 (2d Dept. 2016). (see Taggart v. Costabile, 131 A.D.3d 243, 253, 14

N.Y.S.3d 388 (2015); Santana v. Leith, 117 A.D.3d 711, 712, 985 N.Y.S.2d 147 (2014); Schultes v. Kane, 50 A.D.3d 1277, 1278, 856 N.Y.S.2d 684 (2008)).

*iii.*     *State Law Malicious Prosecution*

The Sixth Claim for state law malicious prosecution should be dismissed against the Village Defendants, as the Amended Complaint fails to make any factual allegations against the Village Defendants to support a plausible claim that the Village Defendants are liable for the malicious prosecution.   The only specific factual allegation made in the Amended Complaint with respect to the sixth claim is the allegation that the "defendant officers intentionally withheld from and misrepresented to prosecutors facts vitiating probable cause against Mr. Jackson, including, inter alia, the Larrea and Montes statements." See Amended Complaint, ¶ 132. However, with Plaintiff also alleges that the Larrea and Montes statements were taken by defendant Holland and defendant Herts, both of whom are County Defendants. See Amended Complaint, ¶ 27-28.

## POINT III

### CLAIMS I AND VI FOR MALICIOUS PROSECUTION SHOULD BE DISMISSED AS FREEPORT DID NOT PROSECUTE THIS CASE

The elements of a malicious prosecution claim, under New York law and § 1983, require a plaintiff to establish that: (1) the defendant initiated a prosecution against the plaintiff; (2) without probable cause to believe the proceeding can succeed; (3) the proceeding was begun with malice; and (4) the matter terminated in plaintiff's favor. 42 U.S.C. § 1983.  McDonough v. Smith, 898 F.3d 259, 2018 WL 3672942 (2d Cir. 2018), cert. granted, 139 S. Ct. 915, 202 L. Ed. 2d 641, 2019 WL 166879 (2019).

The Plaintiff cannot meet his burden in establishing a plausible claim against any of the Village Defendants for state law malicious prosecution, as the Village Defendants cannot be said to have initiated the prosecution of Plaintiff, let alone with malice. Assuming arguendo, that all of the factual allegations contained in the Amended Complaint are true, the Plaintiff makes no allegations that any Village Defendants initiated the prosecution of Plaintiff for the crimes he was ultimately convicted of. Such an allegation would fail, as any involvement by the Freeport Police Department in this case would begin earliest with an investigation and end latest with an arrest. As stated in the Affidavit of Chief of Police, Miguel Bermudez the prosecution of a homicide in Nassau County is investigated and otherwise handled by the Nassau County Police Department's Homicide Squad ("Homicide Squad"). In fact, the protocol of the Freeport Police Department for responding to a homicide is to call the Nassau County Police Department Homicide Squad and to do nothing other than to cordon off the crime scene until the Homicide Squad arrives at the scene. The Homicide Squad has complete control and command of the Homicide Scene and is responsible for the investigation, arrest and prosecution related thereto. See Affidavit of Miguel Bermudez.

In fact, the Amended Complaint alleges only that the Village Defendants were involved in an initial investigation of the crime scene and that Defendant Haggerty participated in Plaintiff's arrest for a purported drug sale offense. See Amended Complaint, ¶ 26-31, 36. The Village Defendants did not, and Plaintiff fails to allege, participate in any interrogate or the documentation of any confession by the Plaintiff. Further, Freeport did not charge the Plaintiff with a crime, continue a prosecution, participate in or act in any way in furtherance of the criminal trial against Plaintiff, or provide any testimony at said trial.

Finally, Plaintiff fails to set forth any facts to support a claim that the Village Defendants prosecuted Plaintiff with actual malice and failure to do so is fatal to his claim. Accordingly, the first and fourth claims in the Amended Complaint for federal and state law malicious prosecution must be dismissed against the Village Defendants. McDonough v. Smith, 898 F.3d 259, 2018 WL 3672942 (2d Cir. 2018), cert. granted, 139 S. Ct. 915, 202 L. Ed. 2d 641, 2019 WL 166879 (2019).

## POINT IV

### VILLAGE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY FROM PLAINTIFF'S DAMAGES CLAIMS

Qualified immunity protects government officials from civil liability in the performance of their discretionary functions so long as "their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987). Qualified immunity from suit is an immunity "that should be decided as early as can be." Kinzer v. Jackson, 316 F.3d 139, 145 (2d Cir. 2003) (citing Hunter v. Bryant, 502 U.S. 224, 228 (1991)). Once qualified immunity is pleaded, "plaintiff's complaint will be dismissed unless defendant's alleged conduct, when committed, violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Williams v. Smith, 781 F.2d 319, 322 (2d Cir. 1986).

"Under federal law, a police officer is entitled to qualified immunity where "(1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act." Cerrone v. Brown, 246 F.3d 194, 199 (2d Cir. 2001)). The officer's determination "is objectively reasonable if there was 'arguable' probable cause at the time of arrest—that is, if 'officers of reasonable competence could disagree

on whether the probable cause test was met.'"  Lennon v. Miller, 66 F.3d 416, 423–24 (2d Cir. 1995).

The Second Circuit has established that one does have the right to be free from arrest without probable cause, and such right is clearly established. Id. "Probable cause to arrest exists if the law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested." Dzwonczyk v. Syracuse City Police Dept., 710 F. Supp. 2d 248 at 264 (N.D.N.Y. 2008) (quoting United States v. Valentine, 539 F.3d 88, 93 (2d Cir. 2008).

Because the Amended Complaint fails to refute the presumption that the Village Defendants acted in an objectively reasonable manner in its role in securing the lawful arrest of Plaintff, Village Defendants—as government officials performing discretionary duties—are shielded from liability for civil damages. See, Savino v. City of New York, 331 F.3d 63, 75–76 (2d Cir. 2003) (citing Mandell v. Cty. of Suffolk, 316 F.3d 368, 385 (2d Cir. 2003) ("Under the doctrine of qualified immunity, a government official performing discretionary functions is shielded from liability for civil damages if his conduct did not violate plaintiff's clearly established rights or if it would have been objectively reasonable for the official to believe that his conduct did not violate plaintiff's rights.").

## <u>CONCLUSION</u>

For the foregoing reasons, the Village Defendants respectfully request that this Court dismiss Plaintiff's complaint in its entirety, together with such other relief as this Court deems just and proper.

Dated:          Uniondale, New York
               May 9, 2019

                                        **HARRIS BEACH PLLC**
                                        *Attorneys for the Village Defendants*

                                        s/ *Keith M. Corbett*
                                        Keith M. Corbett, Esq.
                                        Stephanie L. Tanzi, Esq.
                                        The OMNI
                                        333 Earle Ovington Blvd., Suite 901
                                        Uniondale, New York 11553
                                        (516) 880-8484