

eeplaw.com
**80 Pine Street, 38th Floor**
**New York, New York 10005**
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

JOHN ELEFTERAKIS*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS
JEFFREY B. BROMFELD
JORDAN JODRÉ*
FAIZAN GHAZNAVI
GABRIEL P. HARVIS
BAREE N. FETT

KRISTEN PERRY – CONIGLIARO
AIKA DANAYEVA
ARIANA ELEFTERAKIS
MICHAEL INDELICATO
STEPHEN KAHN
EVAN M. LA PENNA
DOMINICK MINGIONE
JOSEPH PERRY
MARIE LOUISE PRIOLO *
KEYONTE SUTHERLAND

*Also Admitted In New Jersey

May 14, 2019

BY ECF

Honorable Gary R. Brown
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   *Jackson v. Nassau County, et al.*, 18 CV 3007 (JS) (GRB)

Your Honor:

I represent plaintiff Joseph Jackson in the above-referenced wrongful conviction action. I write to respectfully request that the Court convene a conference to address discovery disputes and other issues that have arisen in this case. As set forth below, plaintiff has attempted to obtain the relief requested herein without Court intervention.

By way of background, Mr. Jackson spent over twenty-three years in prison for a murder he did not commit. The conviction was overturned, and the indictment dismissed, on the motion of the Nassau County District Attorney after its own investigation revealed *Brady* violations committed by investigators in the Nassau County *and* Freeport police departments. Mr. Jackson was released in February 2018 and commenced the instant action on May 22, 2018. After approximately ten months of delay at defendants' request – *see* DE ## 12, 14, 87-88, 90, 125, 132, 139, 160-161 – the Court entered a Rule 16(b)(1)(A) scheduling order on March 22, 2019.

Motion to Compel Discovery Responses, ADA Depositions and DA File

Once the scheduling order was entered, plaintiff worked diligently to obtain key discovery in order to comply with the Rule 16 deadlines and this Honorable Court's individual rules of practice (which call for early completion of core discovery in preparation for a settlement conference after Phase I).

On April 2, 2019, plaintiff served defendants Nassau County and Village of Freeport with specific Rule 34 document requests (annexed hereto as Exhibit 1) along with notice copies of proposed subpoenas for testimony and documents from two critical non-party witnesses:

Hon. Gary R. Brown
May 14, 2019

the Assistant District Attorney ("ADA") who prosecuted plaintiff in the 1990s and the ADA responsible for the subsequent reinvestigation and exoneration. *See* Subpoenas, annexed hereto as Exhibit 2. Receiving no objection or other response to his April 2nd e-mail, plaintiff served the subpoenas on the witnesses on April 11, 2019, along with the statutory appearance fee. *See* Affidavits of Service, annexed as Exhibit 3. The depositions were scheduled to take place at the end of April, in advance of the Phase I discovery deadline.[1]

On April 18, 2019, Nassau County e-mailed that the proposed deposition and document production dates were "not convenient," without proposing alternative dates. *See* e-mail annexed hereto as Exhibit 5. Citing the Phase I deadline, the undersigned promptly responded seeking alternative deposition dates and a date certain for production of the DA's records. But, as of this writing, no dates have been proposed for depositions or the production of documents.

Indeed, plaintiff was subsequently informed by Nassau County that independent counsel was being retained for the ADA witnesses. *See* e-mail, annexed hereto as Exhibit 6. Plaintiff thereafter spoke with and provided documents to conflict counsel in an effort to obtain compliance with the subpoenas without Court intervention. *See* e-mail exchange, annexed hereto as Exhibit 7.

Having heard nothing further (and having received no responses to plaintiff's document requests of April 2nd),[2] the undersigned engaged in a good faith meet-and-confer telephone conference with opposing counsel on May 10, 2019. It was at that time that plaintiff was first informed that Nassau County had reconsidered its position and no longer intended to retain counsel on behalf of the ADA witnesses. Plaintiff was further told that Nassau County would now take the position that the non-party ADAs could not be served by subpoena.

Plaintiff respectfully submits that such conduct on the part of the Nassau County and Freeport defendants frustrates the fact-finding process, and that the Court should compel production of discovery responses (with objections waived) and compliance with plaintiff's subpoenas. *See Paralikas v. Mercedes Benz, LLC*, 07 CV 0918 (ERK) (WDW), 2008 WL 111186, *1 (E.D.N.Y. Jan. 9, 2008) (waiving objections to untimely discovery responses); *Beare v. Millington*, 07 CV 3391(ERK) (MDG), 2010 WL 234771, *3 (E.D.N.Y. Jan. 13, 2010) ("Absent an improperly issued subpoena or an adequate excuse by the non-party, failure

---

[1] Plaintiff indicated to opposing counsel that he would adjust the proposed deposition dates if they proved inconvenient. *See* E-mail, annexed hereto as Exhibit 4.

[2] Shortly before its discovery responses were due, Nassau County requested a three-week extension. Plaintiff declined, citing the Court's recent admonition that "no further extensions would be granted." See e-mail exchange, annexed hereto as Exhibit 8.

Page 2

Hon. Gary R. Brown
May 14, 2019

to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued.") (citations and quotation marks omitted).

The ADA Witnesses Present an Actual Conflict of Interest

In its state-court recommendation that Mr. Jackson's conviction and indictment be dismissed, the Nassau County District Attorney made clear that the suppressed evidence – which the DA's office characterized as *Brady* – was discovered in the files of both the Freeport *and* Nassau County Police Departments, having never been disclosed to prosecutors or Mr. Jackson. *See* Affirmation of ADA Sheryl H. Anania, annexed hereto as Exhibit 9, ¶¶ 21-22. Plaintiff respectfully submits that such a conflict can only be resolved through the appointment of independent counsel. *See Dunton v. County of Suffolk*, 729 F.2d 903, 908 (2d Cir. 1984) *amended*, 748 F.2d 69 (2d Cir. 1984) ("When a potential or actual conflict of interest situation arises, it is the court's duty to ensure that the attorney's client, so involved, is fully aware of the nature of the conflict and understands the potential threat to the prosecution of his interests.") (quoting *In re Taylor*, 567 F.2d 1183, 1191 (2d Cir. 1977)).

The Grand Jury Minutes Should be Unsealed

In order to sustain his malicious prosecution claim (and prosecute his *Brady* and other claims), plaintiff must obtain the grand jury testimony underlying his indictment. *See Rothstein v. Carriere*, 373 F.3d 275, 284 (2d Cir. 2004) (requiring plaintiff to "establish what occurred in the grand jury"). Such a particularized need for the sealed information is generally deemed sufficient to unseal the material without prior application to state court. *See* Exhibit 2 (subpoena requesting, *inter alia*, grand jury minutes); *Cruz v. Kennedy*, 97 CV 4001 (KMW), 1997 WL 839483, *2 (S.D.N.Y. Dec. 19, 1997) ("In this case, [plaintiff] issued a subpoena to the [New York County District Attorney], to which the NYCDA has objected. In such a circumstance, it is within the power of this Court to issue an order compelling production.").

If it should please the Court, plaintiff's need is particularly acute here, given the arguments defendants have raised in opposition to his amended complaint. *See, e.g.,* Memorandum of Law in Support of Nassau County's Motion to Dismiss, DE #168, pp. 7-10 (arguing probable cause for prosecution).[3]

A Settlement Conference Should be Convened

The Nassau County District Attorney has admitted in court filings that a *Brady* violation caused the 23-year wrongful imprisonment of Joseph Jackson. Exhibit 9. Thus, liability is established. Yet rather than allowing discovery to advance or engaging plaintiff in

---

[3] At a pre-motion conference on January 16, 2019, the presiding Honorable District Judge ordered that discovery proceed notwithstanding defendants' motions to dismiss.

Page 3

Hon. Gary R. Brown
May 14, 2019

settlement discussions, defendants have adopted a strategy of obstruction, compounding the injustice. Given that the Court's individual rules mandate a settlement conference at the close of Phase I discovery (which here expired April 30, 2019), plaintiff respectfully submits that a settlement conference with principals is appropriate.

Accordingly, plaintiff respectfully requests a conference to address his applications that: 1) the ADA witnesses be compelled to comply with the subpoenas forthwith on pain of contempt; 2) Nassau County and Freeport be compelled to respond to plaintiff's April 2, 2019 document requests by a date certain on pain of sanctions; 3) a *Dunton* hearing be conducted and separate counsel ordered for the ADA witnesses; 4) the grand jury minutes be unsealed and production compelled; and 5) a settlement conference be held at the Court's convenience.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc:   All Counsel (by ECF)