

Peter A. Meisels, Esq.
Direct dial: (914) 872-7156
Peter.Meisels@wilsonelser.com

May 21, 2019

**By ECF**

Hon. Gary R. Brown
United States Magistrate Judge
United States District Court
 for the Eastern District of New York
Alfonse M. D'Amato Federal Building
100 Federal Plaza
Central Islip, NY 11722

Re:   *Joseph Jackson v. Nassau County et al.,* Docket No. 18-cv-3007 (JS) (GRB)
      Our File No.: 12473.00014

Dear Judge Brown:

Wilson Elser represents defendants Nassau County (the "County"), as well as one present and twelve former County police officers in their official and individual capacities (collectively, the "County Defendants"). We write in response to the plaintiff's letter of May 14, 2019 seeking to have the Court schedule a conference to address certain discovery disputes.

Plaintiff seeks to eviscerate this Court's scheduling order (D.E 163) ("Order").[1] First, plaintiff seeks to compel the County to respond to Rule 34 document requests in advance of the date (June 3, 2019) set by the Order for production of documents. Second, in seeking to enforce non-party deposition subpoenas served on County employees, including the production documents possibly possessed by the County (some still under seal pursuant to N.Y.C.P.L. §160.50),[2] plaintiff seeks to depose party witnesses employed by the County before the plaintiff's deposition.

Plaintiff's motivation is obvious since the documents that the two Assistant District Attorneys who plaintiff wishes to depose as non-party witnesses are required to produce at their depositions

---

[1] Plaintiff misstates the history of this case by contending that the Nassau County District Attorney sought to dismiss Indictment No. 91607 when, in fact, the District Attorney sought to set aside plaintiff's conviction, and notified the Supreme Court that, in view of the age of the case and the fact that a key eye witness suffered a stroke in the interim, it did not intend to retry the indictment. (D.E. 170-9).

[2] The County Defendants will be submitting a proposed order to the Supreme Court, Nassau County, unsealing the file relating to the underlying criminal prosecution upon receipt of an original copy of plaintiff's authorization, as required by the Nassau County Clerk.

Hon. Gary R. Brown
May 21, 2019
Page 2

closely mirror the requests made of their employer, Nassau County. *Cf.* Exhibit A (Subpoena to District Attorney) *and* Exhibit B (Discovery Requests to Nassau County). Thus, plaintiff is improperly attempting to short circuit his discovery demands seeking County documents, by seeking essentially the same documents pursuant to Rule 45. *See Burns v. Bank of Am.*, 2007 U.S. Dist. LEXIS 40037, at \*46-47 (S.D.N.Y. Jun. 4, 2007) ("Subpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34").

Further, the District Attorney's file was sealed pursuant to N.Y.C.P.L. §160.50 when the indictment was dismissed. While the plaintiff has produced an authorization for the County to obtain the sealed documents, no court order has been obtained to unseal the file. The County Court Clerk requires a notarized authorization with an original signature which plaintiff has agreed to provide. The County is thus not at liberty to produce the District Attorney's file until such order is entered. *See* N.Y.C.P.L. §160.50(d)(1) (sealed files may only be made available to a law enforcement agency "upon ex parte motion in any superior court…if such agency demonstrates to the satisfaction of the court that justice requires that such records be made available to it.")

Lastly, the plaintiff seeks to compel the immediate non-party depositions of two county employees: (i) the Assistant District Attorney who prosecuted the underlying criminal case, and (ii) the Assistant District Attorney who subsequently filed a motion to vacate the plaintiff's conviction. Both of the Assistant District Attorneys noticed in the subpoenas are employees of Nassau County; they are thus party witnesses. *Morris v. Chemical Bank*, 1987 U.S. Dist. LEXIS 8031, at \*11 (S.D.N.Y. Sept. 10, 1987) (party witnesses are "defendants or employees of the defendants"). The scheduling order provides for defendants' depositions to be completed *after* the plaintiff's deposition, which is scheduled to be completed by July 9, 2019. *See* D.E. 163. In fact, the defendants' depositions are not scheduled to be completed until October 2, 2019. *Id.* Plaintiff's application to bypass the scheduling order should be rejected.

There is no conflict of interest. Again, plaintiff misquotes the motion to vacate the conviction. The District Attorney did not take the position that evidence was suppressed.[3] However, the statements at issue were not found in the District Attorney's file (D.E. 170-9), and the Assistant District Attorney who tried the case does not recall seeing the statements, which were located in the police files. Hence, it appeared that they were not produced to defense counsel. The District Attorney's motion demonstrates that the identity of the two witnesses in question along with their telephone numbers were made known to the defense via a Freeport Police Department Incident Report. (D.E. 170-9)

The plaintiff's argument that the testimony of the prospective witnesses employed in the District Attorney's office presents some sort of conflict of interest is misguided. In *Dunton v. County of Suffolk*, 729 F.2d 903 (2d Cir. 1984), a police misconduct case cited by plaintiff, at trial the

---

[3] In fact the identity of the witnesses who gave the statements and their contact information was provided to plaintiff's defense counsel, Scott Brettschneider, as a part of the Freeport police reports who apparently found them to be incredible and did not call them to testify at trial.

Hon. Gary R. Brown
May 21, 2019
Page 3

County Attorney represented both the County and a police officer named individually as a defendant. The Second Circuit held that a conflict arose when the County Attorney argued that the police officer was not acting within the scope of his official duties at the time of the incident, and thus the County should not be held liable. In that case, the County Attorney took a position that benefited one client to the detriment of another.[4]

Plaintiff's argument over grand jury minutes is premature because grand jury minutes would be responsive to the Rule 34 document demand served on the County. Further, no application has been made to a state Supreme Court Justice to unseal them and the County may object to production of all or part of those minutes. Plaintiff's stated need for those minutes to be made available to defend the County Defendants' Rule 12(b)(6) motion is based on a faulty premise; namely, that in moving to dismiss plaintiff's amended complaint the County Defendants' relied on a presumption of probable cause created by the indictment returned against plaintiff. The County Defendants did not rely on that presumption. *See* Memo of Law (D.E. 168 at pp 7-10). Rather, the County Defendants noted that the trial testimony and written statements of Ms. Witherspoon, an eye witness, all of which are properly considered on a motion to dismiss, created an independent basis for probable cause, and argued that that independent basis for probable cause constitutes a sufficient and independent defense to the malicious prosecution claim, notwithstanding plaintiff's allegation that there was fabricated evidence. *See id.,* citing *Quendo v. City of New York,* 2017 WL 6729850, at *6 n.6 (E.D.N.Y. Nov. 15, 2017); *Torres v. City of New York,* 2017 WL 4325822, at *4 (E.D.N.Y. Sept. 27, 2017); and *Hoyos v. City of New York,* 999 F.Supp.2d 375, 390 (E.D.N.Y. 2013). Accordingly, plaintiff does not need grand jury minutes to respond to the legal arguments raised in the County Defendants' motion.

Plaintiff's reliance on *Cruz v. Kennedy,* 1997 WL 839483 (S.D.N.Y. Dec. 19, 1997), is misplaced, as that case involved disclosure of a District Attorney file, not the unsealing of grand jury minutes.

To the extent plaintiff wishes to rely on grand jury minutes in support of his claims he would first have to file a separate motion in the New York Supreme Court. *See* N.Y.C.P.L. §190.25(4); *Lehman v. Kornblau,* 206 F.R.D.345, 348-49 (E.D.N.Y. 2001) ("as a matter of comity the plaintiff should first make his application to the state court that supervised the grand jury at issue."). The County may or may not oppose any such motion, but as a motion specifically addressed to unsealing grand jury minutes has yet to be filed in state court, the issue is not ripe for review here.

Finally, plaintiff uses a possible settlement conference as a pretext for circumventing the Order. Plaintiff already has the County's homicide file, the trial transcript and *Rosario* material, including portions of the Grand Jury minutes, to discuss settlement. In any event, the County believes that a settlement conference would be premature at this juncture.

---

[4] Moreover, we have already informed counsel for the plaintiff that the Assistant District Attorneys may be represented by separate counsel at their respective depositions. Our email to plaintiff's counsel that separate counsel would be provided to the two Assistant District Attorneys was premature. However, there was no prejudice to plaintiff since defendant's depositions are not scheduled to begin until after the plaintiff's deposition.

Hon. Gary R. Brown
May 21, 2019
Page 4

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Peter A. Meisels

<u>Enclosures</u>

Cc via ECF:

ELEFTERAKIS, ELEFTERAKIS & PANEK
Attorneys for Plaintiff
80 Pine Street, 38th Floor
New York, NY  10005
(212) 532-1116
gharvis@eeplaw.com

HARRIS BEACH PLLC
Attorneys for the Freeport Defendants
100 Wall Street
23rd Floor
New York, NY 10005
212-687-0100
kcorbett@harrisbeach.com

7707177v.1

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

JOSEPH JACKSON,

Plaintiff,

-against-

18 CV 3007 (JS) (GRB)

NASSAU COUNTY; THE INCORPORATED VILLAGE
OF FREEPORT; DETECTIVE ROBERT DEMPSEY;
DETECTIVE GARY ABBONDANDELO; DETECTIVE
JOHN M. HOLLAND; DETECTIVE MICHAEL HERTS;
DETECTIVE   MARTIN   ALGER;     DETECTIVE
ANTHONY SORRENTINO; DETECTIVE DAVID L.
ZIMMER;    POLICE    OFFICER    MELENDEZ;
LIEUTENANT BURDETTE; SERGEANT MCHALE;
SERGEANT NOLL; DETECTIVE SHARKEY; POLICE
OFFICER DOWDELL; POLICE OFFICER BARRY
MCGOVERN; DETECTIVE TURNER; DETECTIVE
EDWARD HAGGERTY; POLICE OFFICER HALL;
DETECTIVE   LAURETTE   KEMP;    DETECTIVE
WILLIAM TWEEDY; DETECTIVE ANTHONY KOSIER;
DETECTIVE SERGEANT DAN SEVERIN; DETECTIVE
JERL MULLEN; THE ESTATE OF DETECTIVE JERL
MULLEN; JOHN DOE, AS THE ADMINISTRATOR OF
THE ESTATE OF JERL MULLEN; and JOHN and JANE
DOE 1 through 20,

Defendants.

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT NASSAU COUNTY

Pursuant to Federal Rules of Civil Procedure 26 and 34, plaintiff demands that defendant Nassau County produce documents responsive to the following requests within thirty days of service of this demand. As required by Rule 26(e), the County must promptly amend or supplement answers or disclosures within thirty days after

additional information or material is acquired, and in no event later than thirty days before trial.

It is required that the defendant party's answers restate each document request in full before responding to it. It is required that each document request be accorded a separate answer. Each response shall first set forth verbatim the document request to which it is responsive. Requests or subparts thereof shall not be combined for the purpose of supplying a common answer. The answer to a document request or subpart must not be supplied by referring to the answer to another request for documents unless the request for documents or subpart referred to supplies a complete and accurate answer to the request for documents or subpart being answered.

It is further required that all documents produced appear in the form, order, and condition that they are in on the day that these document requests are served, including all comments, notes, remarks, or other materials which may have been added to documents subsequent to their initial preparation. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Documents not otherwise responsive to a request shall be produced if such documents refer to, relate to, or explain the documents called for in this Request, or if such documents are attached to documents called for in this Request and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents.

If documents are not in your possession but within your control, you are required to comply with the definition and instructions for "control" below. If you object to any request on the grounds of privilege, your response must identify the nature of the responsive information and specify the claimed privilege in a log, consistent with Rule 26(b)(5).

## DEFINITIONS

The following definitions and principles shall be deemed to have the meaning set forth herein, and are incorporated herein and throughout this and each succeeding set of discovery requests, if any, as though fully set forth at length, unless expressly stated to the contrary.

A.     The term, "document" includes, without limitation, writings, memoranda, transcripts, docket entries, exhibits, drawings, graphs, charts, photographs,

phono records, tapes, computer files, datebooks, time sheets, logs, electronic or computerized data compilations, and any other data compilation from which information can be obtained. A draft or non-identical copy is a separate document within the meaning of this term.

B.    The term "communication" shall include documents and any oral statements made or transmitted by any person.

C.    The term "person" shall refer to any natural person or persons, and any firm, corporation, association, partnership, or any other form of legal entity, unless expressly stated otherwise.

D.    The term "you" refers to the party to whom these requests to admit are propounded, its agents, employees, representatives, and attorneys, and those employed by its attorneys.

E.    "Control" shall be defined so as to apply to any document, if you have the right to secure the document or a copy thereof from another person or public or private entity having actual possession thereof. If a document is responsive to a request for identification or production and is in your control, but is not in your possession or custody, identity the person in possession or custody. If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made, and why.

F.    Where the term "identify" is used in reference to an individual or person, it includes the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. In reference to a document or writing, the term "identify" calls for a description of the type of document or writing, its general subject matter, the date it bears, the author, the present or last known location, the date of transfer, and the custodian, including the same identifying information for the custodian as required for all "persons" as set forth in this paragraph above.

G.    The "NCPD" means the Nassau County Police Department.

## REQUESTS FOR PRODUCTION

1.    Produce any and all documents pertaining to the investigation of the March 20,

- 3 -

1994 murder of Steven Jason or pertaining to the investigation, arrest, and/or prosecution of Joseph Jackson as a suspect in that crime, from the time of the murder on March 20, 1994 until the present day, including but, not limited to, the following:

a.  The complete investigative file, reproduced in its original form with cover and index sheets;

b.  Any documents created by any NCPD employee or officer, including but not limited to, statements, notes, memoranda, discussions and reports with potential witnesses, witnesses, or suspects, whether oral, audio, taped, or written;

c.  Any documents reflecting actions taken by NCPD officers;

d.  Any documents reflecting investigation of any and all suspects, including without limitation Joseph Jackson;

e.  Any documents or audio or video recordings as well as notes, memoranda, and reports relating to discussions, interrogations, or interviews with, or statements taken from, any potential witnesses, witnesses, informants, or suspects at any time in the investigation, whether or not under oath;

f.  Any documents reflecting polygraph tests of any and all potential witnesses, witnesses, informants, or suspects, including the underlying data and results;

g.  Any reports, bench notes, or worksheets reflecting the examination or testing of forensic evidence, including the underlying data and results;

h.  Evidence logs, evidence vouchers, and chain of custody documents; wiretaps; probable cause affidavits; arrest warrants; signed waivers; photographs, including true and accurate (color) copies of photographic arrays and photopacks in the form displayed to witnesses; identification procedures; medical examinations; investigative reports and supplements; interdepartmental memoranda; and news reports;

i.  Memo books, notebooks, and notes from all investigating officers, identified by officer name and shield number;

j.     Any and all reports, notes, memoranda, and communications with or by local police departments, including without limitation the Freeport Police Department; and

k.     Any and all communications between NCPD officers or detectives and the Nassau County District Attorney's Office.

2.     To the extent not otherwise requested above, produce any and all documents provided to the Nassau County District Attorney's Office and/or defense counsel in connection with the March 20, 1994 murder of Steven Jason or pertaining to the investigation, arrest, and/or prosecution of Joseph Jackson as a suspect in that crime.

3.     Produce any and all documents pertaining to any reinvestigations of the March 20, 1994 murder of Steven Jason without date limitation, whether conducted by the NCPD, the Nassau County District Attorney's Office, or any other entity. This request includes, but is not limited to, the investigation described in the Affirmation of Assistant District Attorney Sheryl H. Anania dated February 14, 2018 and any prior or subsequent reinvestigations.

4.     Produce any and all documents pertaining to the investigation of the December 17, 1993 shooting of Steven Jason or pertaining to the investigation, arrest, and/or prosecution of Anthony Olige Jackson as a suspect in that crime, from the time of the shooting on December 17, 1993 until the present day, including but, not limited to, the following:

a.     The complete investigative file, reproduced in its original form with cover and index sheets;

b.     Any documents created by any NCPD employee or officer, including but not limited to, statements, notes, memoranda, discussions and reports with potential witnesses, witnesses, or suspects, whether oral, audio, taped, or written;

c.     Any documents reflecting actions taken by NCPD officers;

d.     Any documents reflecting investigation of any and all suspects, including without limitation Anthony Jackson;

e.     Any documents or audio or video recordings as well as notes, memoranda, and reports relating to discussions, interrogations, or interviews with, or statements taken from, any potential witnesses, witnesses, informants, or suspects at any time in the investigation,

whether or not under oath;

f.   Any documents reflecting polygraph tests of any and all potential witnesses, witnesses, informants, or suspects, including the underlying data and results;

g.   Any reports, bench notes, or worksheets reflecting the examination or testing of forensic evidence, including the underlying data and results;

h.   Evidence logs, evidence vouchers, and chain of custody documents; wiretaps; probable cause affidavits; arrest warrants; signed waivers; photographs, including true and accurate (color) copies of photographic arrays and photopacks in the form displayed to witnesses; identification procedures; medical examinations; investigative reports and supplements; interdepartmental memoranda; and news reports;

i.   Memo books, notebooks, and notes from all investigating officers, identified by officer name and shield number;

j.   Any and all reports, notes, memoranda, and communications with or by local police departments, including without limitation the Freeport Police Department; and

k.   Any and all communications between NCPD officers or detectives and the Nassau County District Attorney's Office.

5.   Produce any and all documents pertaining to the investigation of the August 9, 1994 drug transaction involving defendants Anthony Sorrentino and Laurette Kemp or pertaining to the investigation, arrest, and/or prosecution of Joseph Jackson as a suspect in that crime, from the time of the alleged transaction on August 9, 1994 until the present day, including but, not limited to, the following:

a.   The complete investigative file, reproduced in its original form with cover and index sheets;

b.   Any documents created by any NCPD employee or officer, including but not limited to, statements, notes, memoranda, discussions and reports with potential witnesses, witnesses, or suspects, whether oral, audio, taped, or written;

c.   Any documents reflecting actions taken by NCPD officers;

d.   Any documents reflecting investigation of any and all suspects,

including without limitation Joseph Jackson;

e.    Any documents or audio or video recordings as well as notes, memoranda, and reports relating to discussions, interrogations, or interviews with, or statements taken from, any potential witnesses, witnesses, informants, or suspects at any time in the investigation, whether or not under oath;

f.    Any documents reflecting polygraph tests of any and all potential witnesses, witnesses, informants, or suspects, including the underlying data and results;

g.    Any reports, bench notes, or worksheets reflecting the examination or testing of forensic evidence, including the underlying data and results;

h.    Evidence logs, evidence vouchers, and chain of custody documents; wiretaps; probable cause affidavits; arrest warrants; signed waivers; photographs, including true and accurate (color) copies of photographic arrays and photopacks in the form displayed to witnesses; identification procedures; medical examinations; investigative reports and supplements; interdepartmental memoranda; and news reports;

i.    Memo books, notebooks, and notes from all investigating officers, identified by officer name and shield number;

j.    Any and all reports, notes, memoranda, and communications with or by local police departments, including without limitation the Freeport Police Department; and

k.    Any and all communications between NCPD officers or detectives and the Nassau County District Attorney's Office.

6.    Produce any and all documents pertaining to the investigation of the June 16, 1994 murder of Anthony Olige Jackson or pertaining to the investigation, arrest, and/or prosecution of suspects in that crime, from the time of the murder on June 16, 1994 until the present day, including but, not limited to, the following:

a.    The complete investigative file, reproduced in its original form with cover and index sheets;

b.    Any documents created by any NCPD employee or officer, including but not limited to, statements, notes, memoranda,

    discussions and reports with potential witnesses, witnesses, or suspects, whether oral, audio, taped, or written;

c.   Any documents reflecting actions taken by NCPD officers;

d.   Any documents reflecting investigation of any and all suspects;

e.   Any documents or audio or video recordings as well as notes, memoranda, and reports relating to discussions, interrogations, or interviews with, or statements taken from, any potential witnesses, witnesses, informants, or suspects at any time in the investigation, whether or not under oath;

f.   Any documents reflecting polygraph tests of any and all potential witnesses, witnesses, informants, or suspects, including the underlying data and results;

g.   Any reports, bench notes, or worksheets reflecting the examination or testing of forensic evidence, including the underlying data and results;

h.   Evidence logs, evidence vouchers, and chain of custody documents; wiretaps; probable cause affidavits; arrest warrants; signed waivers; photographs, including true and accurate (color) copies of photographic arrays and photopacks in the form displayed to witnesses; identification procedures; medical examinations; investigative reports and supplements; interdepartmental memoranda; and news reports;

i.   Memo books, notebooks, and notes from all investigating officers, identified by officer name and shield number;

j.   Any and all reports, notes, memoranda, and communications with or by local police departments, including without limitation the Freeport Police Department; and

k.   Any and all communications between NCPD officers or detectives and the Nassau County District Attorney's Office.

7.   Produce any and all documents pertaining to Peddie Jenkins, including, but not limited to, the following:

a.   The complete NCPD investigative files for all cases in which Jenkins was solicited or utilized, or in which Jenkins requested to be utilized, as a witness, cooperating witness or informant;

b.   All documents reflecting communications, meetings, interviews,

> or contact of any kind with Jenkins, whether audio or videotaped, handwritten or typed, and dates thereof;
>
> c.    Statements by Jenkins, whether oral, written, audio or videotaped, and dates thereof;
>
> d.    All documents reflecting agreements, payments, inducements, promises, or benefits made or granted to or with, or requested by, Jenkins;
>
> e.    All documents concerning Jenkins' criminal history, including, but not limited to, all documents reflecting investigations in which Jenkins has been charged, arrested, incarcerated, or suspected of a crime;
>
> f.    Any and all communications, whether written or oral, pertaining to Jenkins by any employee or agent of the NCPD with any other agency or entity, including but not limited to the Nassau County District Attorney's Offices and the New York State Department of Corrections, without date limitation;
>
> g.    To the extent not described above, any document pertaining to or referencing, in any way, Peddie Jenkins.

8.    Produce any and all documents pertaining to Roy L. Isaac, Jr., also known as "Moosey," including, but not limited to, the following:

> a.    The complete NCPD investigative files for all cases in which Roy L. Isaac, Jr. was solicited or utilized, or in which he requested to be utilized, as a witness, cooperating witness or informant;
>
> b.    All documents reflecting communications, meetings, interviews, or contact of any kind with Roy L. Isaac, Jr., whether audio or videotaped, handwritten or typed, and dates thereof;
>
> c.    Statements by Roy L. Isaac, Jr., whether oral, written, audio or videotaped, and dates thereof;
>
> d.    All documents reflecting agreements, payments, inducements, promises, or benefits made or granted to or with, or requested by, Roy L. Isaac, Jr.;
>
> e.    All documents concerning Roy L. Isaac, Jr.'s criminal history, including, but not limited to, all documents reflecting investigations in which he has been charged, arrested,

incarcerated, or suspected of a crime;

f.  Any and all communications, whether written or oral, pertaining to Roy L. Isaac, Jr. by any employee or agent of the NCPD with any other agency or entity, including but not limited to the Nassau County District Attorney's Offices and the New York State Department of Corrections;

g.  To the extent not described above, any document pertaining to or referencing, in any way, Roy L. Isaac, Jr.

9.  Produce any and all documents pertaining to Tyrone Isaac, including, but not limited to, the following:

a.  The complete NCPD investigative files for all cases in which Tyrone Isaac was solicited or utilized, or in which she requested to be utilized, as a witness, cooperating witness or informant;

b.  All documents reflecting communications, meetings, interviews, or contact of any kind with Tyrone Isaac, whether audio or videotaped, handwritten or typed, and dates thereof;

c.  Statements by Tyrone Isaac, whether oral, written, audio or videotaped, and dates thereof;

d.  All documents reflecting agreements, payments, inducements, promises, or benefits made or granted to or with, or requested by, Tyrone Isaac;

e.  All documents concerning Tyrone Isaac's criminal history, including, but not limited to, all documents reflecting investigations in which she has been charged, arrested, incarcerated, or suspected of a crime;

f.  Any and all communications, whether written or oral, pertaining to Tyrone Isaac by any employee or agent of the NCPD with any other agency or entity, including but not limited to the Nassau County District Attorney's Offices and the New York State Department of Corrections;

g.  To the extent not described above, any document pertaining to or referencing, in any way, Tyrone Isaac.

10.  Produce any and all documents pertaining to Richard Miller, also known as "Woody," including, but not limited to, the following:

a. The complete NCPD investigative files for all cases in which Miller was solicited or utilized, or in which he requested to be utilized, as a witness, cooperating witness or informant;

b. All documents reflecting communications, meetings, interviews, or contact of any kind with Miller, whether audio or videotaped, handwritten or typed, and dates thereof;

c. Statements by Miller, whether oral, written, audio or videotaped, and dates thereof;

d. All documents reflecting agreements, payments, inducements, promises, or benefits made or granted to or with, or requested by, Miller;

e. All documents concerning Miller's criminal history, including, but not limited to, all documents reflecting investigations in which he has been charged, arrested, incarcerated, or suspected of a crime;

f. Any and all communications, whether written or oral, pertaining to Miller by any employee or agent of the NCPD with any other agency or entity, including but not limited to the Nassau County District Attorney's Offices and the New York State Department of Corrections;

g. To the extent not described above, any document pertaining to or referencing, in any way, Richard Miller.

11. Produce any and all documents pertaining to Skwanitra Witherspoon, including, but not limited to, the following:

a. The complete NCPD investigative files for all cases in which Witherspoon was solicited or utilized, or in which he requested to be utilized, as a witness, cooperating witness or informant;

b. All documents reflecting communications, meetings, interviews, or contact of any kind with Witherspoon, whether audio or videotaped, handwritten or typed, and dates thereof;

c. Statements by Witherspoon, whether oral, written, audio or videotaped, and dates thereof;

d. All documents reflecting agreements, payments, inducements, promises, or benefits made or granted to or with, or requested by, Witherspoon;

- 11 -

- e.   All documents concerning Witherspoon's criminal history, including, but not limited to, all documents reflecting investigations in which he has been charged, arrested, incarcerated, or suspected of a crime;
- f.   Any and all communications, whether written or oral, pertaining to Witherspoon by any employee or agent of the NCPD with any other agency or entity, including but not limited to the Nassau County District Attorney's Offices and the New York State Department of Corrections;
- g.   To the extent not described above, any document pertaining to or referencing, in any way, Skwanitra Witherspoon.

12.   Produce any and all documents pertaining to Glenn Montes, including, but not limited to, the following:

- a.   The complete NCPD investigative files for all cases in which Montes was solicited or utilized, or in which he requested to be utilized, as a witness, cooperating witness or informant;
- b.   All documents reflecting communications, meetings, interviews, or contact of any kind with Montes, whether audio or videotaped, handwritten or typed, and dates thereof;
- c.   Statements by Montes, whether oral, written, audio or videotaped, and dates thereof;
- d.   All documents reflecting agreements, payments, inducements, promises, or benefits made or granted to or with, or requested by, Montes;
- e.   All documents concerning Montes' criminal history, including, but not limited to, all documents reflecting investigations in which he has been charged, arrested, incarcerated, or suspected of a crime;
- f.   Any and all communications, whether written or oral, pertaining to Montes by any employee or agent of the NCPD with any other agency or entity, including but not limited to the Nassau County District Attorney's Offices and the New York State Department of Corrections;
- g.   To the extent not described above, any document pertaining to or referencing, in any way, Glenn Montes.

13. Produce any and all documents pertaining to Maurice Larrea, including, but not limited to, the following:

    a. The complete NCPD investigative files for all cases in which Larrea was solicited or utilized, or in which he requested to be utilized, as a witness, cooperating witness or informant;

    b. All documents reflecting communications, meetings, interviews, or contact of any kind with Larrea, whether audio or videotaped, handwritten or typed, and dates thereof;

    c. Statements by Larrea, whether oral, written, audio or videotaped, and dates thereof;

    d. All documents reflecting agreements, payments, inducements, promises, or benefits made or granted to or with, or requested by, Larrea;

    e. All documents concerning Larrea's criminal history, including, but not limited to, all documents reflecting investigations in which he has been charged, arrested, incarcerated, or suspected of a crime;

    f. Any and all communications, whether written or oral, pertaining to Larrea by any employee or agent of the NCPD with any other agency or entity, including but not limited to the Nassau County District Attorney's Offices and the New York State Department of Corrections;

    g. To the extent not described above, any document pertaining to or referencing, in any way, Maurice Larrea.

14. Produce any and all organizational charts or other documents reflecting the chain of command in the NCPD, from March 20, 1994 to December 9, 1996, including those pertaining to individual defendants Robert Dempsey, Gary Abbondandelo, John M. Holland, Michael Herts, Martin Alger, Anthony Sorrentino, David L. Zimmer, Melendez, Burdette, Sergeant Mchale, Noll, Sharkey, Dowdell, Barry Mcgovern, Turner, Edward Haggerty, Hall, Laurette Kemp, William Tweedy, Anthony Kosier, Dan Severin and Jerl Mullen.

15. Produce the complete personnel files of individual defendants Robert Dempsey, Gary Abbondandelo, John M. Holland, Michael Herts, Martin Alger, Anthony Sorrentino, David L. Zimmer, Melendez, Burdette, Sergeant Mchale, Sergeant

Noll, Sharkey, Dowdell, Barry Mcgovern, Turner, Edward Haggerty, Hall, Laurette Kemp, William Tweedy, Anthony Kosier, Dan Severin and Jerl Mullen including, without limitation, the following categories:

a. Complete NCPD personnel file;

b. Complete application for employment with the NCPD;

c. All records and communications concerning promotions or changes of assignment, including but not limited to applications for promotion to detective, the results of any promotion-related examinations, and records or communications relating to precinct assignments or transfers;

d. Complete training records, including but not limited to all syllabi, course descriptions, records of attendance in any in-house or outside training courses, and training-related evaluations and testing results;

e. Complete medical and psychological records, including pre-employment testing or evaluation and any follow-up or subsequent testing or evaluation after being hired;

f. All documents relating to background investigations conducted at any time prior to hiring and through retirement;

g. All documents relating to performance evaluations;

h. All documents relating to salary, payment, and expense records and reports;

i. All documents relating to any civilian complaints, irrespective of whether the complaint(s) were substantiated;

j. All documents relating to any NCPD internal allegations, complaints, or investigations of misconduct, irrespective to of whether the complaint(s) were substantiated;

k. Any and all documents created by or in the possession of, at any time, departmental supervisor(s) regarding any allegation(s) of misconduct of any kind, and/or any action taken in response to such allegation(s);

l. Any and all documents reflecting any criticism, discipline, or remediation, in any form, concerning misconduct;

m. All Notices of Claim filed with Nassau County naming defendant Robert Dempsey, Gary Abbondandelo, John M. Holland, Michael Herts, Martin Alger, Anthony Sorrentino, David L.

- 14 -

Zimmer, Melendez, Burdette, Sergeant Mchale, Sergeant Noll, Sharkey, Dowdell, Barry Mcgovern, Turner, Edward Haggerty, Hall, Laurette Kemp, William Tweedy, Anthony Kosier, Dan Severin or Jerl Mullen or which, although not named, allege misconduct attributable to any of these defendants;

n. All documents concerning civil or criminal lawsuits involving misconduct allegations against defendant Robert Dempsey, Gary Abbondandelo, John M. Holland, Michael Herts, Martin Alger, Anthony Sorrentino, David L. Zimmer, Melendez, Burdette, Sergeant Mchale, Sergeant Noll, Sharkey, Dowdell, Barry Mcgovern, Turner, Edward Haggerty, Hall, Laurette Kemp, William Tweedy, Anthony Kosier, Dan Severin or Jerl Mullen including, without limitation, notes, depositions, reports, pleadings, correspondence, findings, decisions, settlements, and documents concerning the removal of these defendants from any civil or criminal lawsuit;

o. All documents concerning civil or criminal lawsuits involving allegations of official misconduct in which defendant Robert Dempsey, Gary Abbondandelo, John M. Holland, Michael Herts, Martin Alger, Anthony Sorrentino, David L. Zimmer, Melendez, Burdette, Sergeant Mchale, Sergeant Noll, Sharkey, Dowdell, Barry Mcgovern, Turner, Edward Haggerty, Hall, Laurette Kemp, William Tweedy, Anthony Kosier, Dan Severin or Jerl Mullen was a witness, including without limitation, notes, depositions, reports, pleadings, correspondence, findings, decisions, and settlements.

p. All documents concerning allegations of misconduct from any source;

q. All requests for leave of absence, disability, or early retirement;

r. All requests for authorization to engage in employment outside of the NCPD;

s. Any and all documents relating to awards, decorations, or positive citations bestowed for any positive acts or qualities for these individual defendants.

16. Produce any and all documents reflecting allegations from any source that any

of the individual defendants pressured, intimidated, abused, threatened, coerced, or made promises, rewards, or inducements to any witness, crime victim, or suspect, whether or not the allegation was substantiated, from March 20, 1984 to the present, including without limitation any charges, statements, notes, reports, memoranda or correspondence, transcripts, findings, conclusions, or recommendations made by investigating authorities, and civil, administrative, or criminal complaints originating from civilians or law enforcement personnel.

17.  Produce any and all documents reflecting allegations from any source that any of the individual defendants engaged in the fabrication of evidence, whether or not the allegation was substantiated, from March 20, 1984 to the present, including without limitation any charges, statements, notes, reports, memoranda or correspondence, transcripts, findings, conclusions, or recommendations made by investigating authorities, and civil, administrative, or criminal complaints originating from civilians or law enforcement personnel.

18.  Produce any and all documents reflecting allegations from any source that any of the individual defendants engaged in the spoliation, destruction, and/or withholding of evidence, whether or not the allegation was substantiated, from March 20, 1984 to the present, including without limitation any charges, statements, notes, reports, memoranda or correspondence, transcripts, findings, conclusions, or recommendations made by investigating authorities, and civil, administrative, or criminal complaints originating from civilians or law enforcement personnel.

19.  Produce any and all statements made by Nassau County District Attorney Denis Dillon, during the period March 20, 1984 to January 1, 2006, the end of his tenure as Nassau County District Attorney, pertaining to the NCPD's policies, practices, customs, and procedures concerning the interrogations of suspects and witnesses and the videotaping of confessions.

20.  Produce any and all documents concerning training (whether internal or external) received by NCPD detectives or supervisors of detectives, from March 20, 1984 to the present, with respect to the following categories:

a.  Conducting criminal investigations, homicide investigation in particular;

- 16 -

b. Documenting investigative work and suspect and witness statements;

c. Interrogating or interviewing suspects and witnesses;

d. Right to counsel;

e. Offering promises, rewards, or inducements to witnesses or suspects;

f. Coercing, threatening, pressuring, or intimidating witnesses or suspects;

g. Disclosing exculpatory and impeachment information to prosecutors pursuant to *Brady v. Maryland, Giglio v. United States,* and their progeny.

21. Produce any and all documents concerning the supervision of NCPD officers from March 20, 1984 to the present, including without limitation, policies, procedures, customs, and practices, whether written or oral, and any modifications thereto, for daily, weekly, yearly, and other supervision and review of officers and detectives, reflecting the supervision of the individual defendants and John Does who investigated the murder of Steven Jason.

22. Produce any and all documents concerning the supervision of NCPD officers assigned to the Scientific Investigation Bureau from March 20, 1984 to the present, including without limitation, protocols, policies, and procedures for peer review and technical review.

23. Produce any and all documents reflecting NCPD policies, practices, customs, or procedures, whether written or oral, and any modifications thereto, from March 20, 1984 to the present, concerning the following:

a. Conducting criminal investigations, particularly of homicides;

b. Documenting investigations and records-keeping;

c. Documenting and disclosing exculpatory and impeachment evidence;

d. Fabricating evidence;

e. Conducting witness or suspect interviews or interrogations;

f. Providing witness statements to prosecutors;

g. Coercing, threatening, intimidating, or pressuring witnesses or suspects;

h. Offering promises, rewards, or inducements to witnesses or

suspects;

i.   Handling and vouchering evidence and documenting and preserving chain of custody;

j.   Communicating with prosecutors;

k.   The disclosure of exculpatory and impeachment information to prosecutors pursuant to *Brady v. Maryland, Giglio v. United States,* and their progeny;

l.   Supervising serious felony investigations;

m.   Providing day-to-day supervision of detectives.

24.   Produce any and all documents reflecting NCPD or Nassau County's policies, procedures, customs, or practices, whether written or oral, and any modifications thereto, from March 20, 1984 to the present, pertaining to the conduct of interrogations, including, but not limited to, policies, procedures, customs, or practices for scientifically valid methodology, documenting data, using worksheets, reporting results, making positive identifications, and comporting with scientific advances in the field of interrogation.

25.   Produce any and all documents reflecting NCPD or Nassau County's policies, procedures, customs, or practices, whether written or oral, and any modifications thereto, from March 20, 1984 to the present, pertaining to chain of custody of "32b" witness statements, including but not limited to, policies, practices, customs, and procedures related to the collection, storage, transfer, and preservation of witness statements and record-keeping of the same, including any mechanism/protocol for ensuring that such statements are provided to prosecutors.

26.   Produce any and all documents reflecting NCPD policies, procedures, customs, or practices, whether written or oral, and any modifications thereto, from March 20, 1984 to the present, pertaining to the use of polygraphs, including, but not limited to, policies, procedures, customs, or practices for scientifically valid methodology, documenting data, using worksheets, reporting results, making conclusions, and comporting with scientific advances in polygraph testing.

27.   To the extent not otherwise requested above, produce any and all documents pertaining to Joseph Jackson.

28.   To the extent not otherwise requested above, produce any and all documents pertaining to Peddie Jenkins.

29.   To the extent not otherwise requested above, produce any and all documents pertaining to Skwanitra Witherspoon.

30.   To the extent not otherwise requested above, produce any and all documents pertaining to Roy L. Isaac, Jr.

31.   To the extent not otherwise requested above, produce any and all documents pertaining to Tyrone Isaac.

32.   To the extent not otherwise requested above, produce any and all documents pertaining to Richard Miller.

33.   To the extent not otherwise requested above, produce any and all documents pertaining to Anthony Olige Jackson.

34.   To the extent not otherwise requested above, produce any and all documents pertaining to Glenn Montes.

35.   To the extent not otherwise requested above, produce any and all documents pertaining to Maurice Larrea.

36.   Produce any and all documents concerning any policy and/or decision by the NCPD to indemnify or refuse to indemnify any NCPD officer, including the individual defendants in this action, for on-duty misconduct other than negligence.

37.   Produce any and all insurance policies in your name, including all policies covering the NCPD and its employees, whether or not you believe the policy to cover the acts and omissions alleged in this lawsuit.

Plaintiff reserves the right to supplement and amend the foregoing requests for production of documents; and, in addition, he reserves the right to utilize other discovery mechanisms available to him.

Dated:      April 2, 2019
            New York, New York

                                ELEFTERAKIS, ELEFTERAKIS & PANEK

                                _____
                                Gabriel P. Harvis
                                Baree N. Fett
                                80 Pine Street, 38ᵗʰ Floor
                                New York, New York 10005
                                (212) 532-1116
                                gharvis@eeplaw.com

- 20 -

# EXHIBIT B

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

### Eastern District of New York

| | | |
|---|---|---|
| Joseph Jackson | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    18 CV 3007 (JS) (GRB) |
| County of Nassau, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    Sheryl Anania, Esq., Office of the Nassau County District Attorney ("NCDA"), 262 Old Country Road, Mineola, New York 11501-4271

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Elefterakis, Elefterakis & Panek, 80 Pine Street, 38th Floor, New York, New York 10005 | Date and Time: 04/26/2019 10:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographic and Videographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: The complete files of the NCDA, in original form, including all notes and underlying records, related to the NCDA's reinvestigation of Indictment No. 91607-95, including, but not limited to, the material referenced in ¶¶ 3, 19 and 21-22 of the Affirmation of Sheryl H. Anania dated February 14, 2018.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/03/2019

CLERK OF COURT

OR

_____     _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*        plaintiff
Joseph Jackson                                                        , who issues or requests this subpoena, are:

Gabriel P. Harvis, Esq, Elefterakis, Elefterakis & Panek, 80 Pine Street, 38th Floor, New York, New York 10005, gharvis@eeplaw.com, 212-532-1116.

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | | |
|---|---|---|
| Joseph Jackson | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   18 CV 3007 (JS) (GRB) |
| County of Nassau, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Michael Walsh, Esq., Office of the Nassau County District Attorney ("NCDA"),  262 Old Country Road, Mineola,
New York 11501-4271

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Elefterakis, Elefterakis & Panek, 80 Pine Street, 38th Floor, New York, New York 10005 | Date and Time:  04/24/2019 10:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic and Videographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: NCDA's files, in original form - including all meeting, interview and identification notes, grand jury minutes, photos, audiovisual materials, exhibits, calendar entries, emails, call logs, etc. - related to indictment nos. 91607 & 91134; and NCDA's records of Skwanitra Witherspoon, Peddie Jenkins, Roy Isaac, Tyrone Isaac, Glenn Montes, Maurice Larrea, Joseph Jackson or Anthony Jackson.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/03/2019

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ____ plaintiff
Joseph Jackson                                                              , who issues or requests this subpoena, are:

Gabriel P. Harvis, Esq, Elefterakis, Elefterakis & Panek, 80 Pine Street, 38th Floor, New York, New York 10005, gharvis@eeplaw.com, 212-532-1116.

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).