UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x  Docket No.: 18-CV-3007 (JS)
(GRB)
JOSEPH JACKSON,

                              Plaintiff,

       -against-

NASSAU COUNTY; THE INCORPORATED VILLAGE
OF FREEPORT; DETECTIVE ROBERT DEMPSEY;
DETECTIVE GARY ABBONDANDELO; DETECTIVE
JOHN M. HOLLAND; DETECTIVE MICAHEL HERTS;
DETECTIVE MARTIN ALGER; DETECTIVE
ANTHONY SORRENTINO; DETECTIVE DAVID L.
ZIMMER; POLICE OFFICER MELENDEZ;
LIEUTENANT BURDETTE; SERGEANT McHALE;
SERGEANT NOLL; DETECTIVE SHARKEY; POLICE
OFFICER DOWDELL; POLICE OFFICER BARRY
McGOVERN; DETECTIVE TURNER; DETECTIVE
EDWARD HAGGERTY; POLICE OFFICER HALL;
DETECTIVE LAURETTE KEMP; DETECTIVE
WILLIAM TWEEDY; DETECTIVE ANTHONY
KOSIER; DETECTIVE SERGEANT DAN SEVERIN;
DETECTIVE JERL MULLEN; THE ESTATE OF
DETECTIVE JERL MULLEN; JOHN DOE, AS THE
ADMINISTRATOR OF THE ESTATE OF JERL
MULLEN; and JOHN and JANE DOE 1 through 20,

                              Defendants.
------------------------------------------------------------------- x

**COUNTY DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT**

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for County Defendants
1133 Westchester Avenue
White Plains, NY 10604
(914) 323-7000

7776142v.1

# TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................................................................... iii

Preliminary Statement .................................................................................................................. 1

Argument ...................................................................................................................................... 1

    POINT II    THE FEDERAL AND COMMON-LAW CLAIMS FOR MALICIOUS PROSECUTION SHOULD BE DISMISSED ............................................. 1

        A.    The Statements and Trial Testimony of Ms. Witherspoon Establish Probable Cause to Initiate and Continue the Criminal Prosecution against Plaintiff .................................. 1

        B.    The Malicious Prosecution Claim Should be Dismissed as against Certain of the Individual Defendants on Grounds of Lack of Personal Participation .......................................... 4

    POINT II    THE FABRICATION OF EVIDENCE CLAIM SHOULD BE DISMISSED .......................................................................................... 5

    POINT III    THE COERCED CONFESSION CLAIM SHOULD BE DISMISSED ..... 6

    POINT IV    THE AMENDED COMPLAINT DOES NOT PLAUSIBLY ALLEGE A CLAIM FOR SUPERVISORY LIABILITY ........................................... 6

    POINT V    PLAINTIFF DOES NOT ALLEGE A VIABLE MONELL CLAIM FOR FAILURE TO SCREEN, TRAIN, SUPERVISE OR DISCIPLINE ............................................................................................... 7

    POINT VI    THE FALSE IMPRISONMENT CLAIM SHOULD BE DISMISSED ..... 7

    POINT VII    THE CLAM FOR INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS FAILS AS A MATTER OF LAW ............ 8

    POINT VIII    THE AMENDED COMPLAINT DOES NOT PLAUSIBLY ALLEGE A VIABLE SECTION 1983 CONSPIRACY CLAIM ............................... 8

    POINT IX    THE FAILURE TO INTERVENE CLAIM MUST BE DISMISSED ........ 9

    POINT X    PLAINTIFF HAS NOT SERVED PROPERLY SERVED DEFENDANTS HALL OR KEMP WITH PROCESS .............................. 9

    POINT XI    PLAINTIFF MAY NOT MAINTAIN AN ACTION AGAINST A DECEASED DEFENDANT IN HIS OR HER INDIVIDUAL CAPACITY ............................................................................................. 10

-ii-

Conclusion ..........................................................................................................................10

7769429v.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abreu v. City of New York,*
  657 F. Supp. 2d 357 (E.D.N.Y. 2009) ..................................................................... 7

*Carson v. Lewis,*
  35 F. Supp. 2d 250 (E.D.N.Y. 1999) ........................................................................ 3

*Cepdea v. Coughlin,*
  785 F. Supp. 385 (S.D.N.Y. 1992) ........................................................................... 6

*Gilani v. Hewlett-Packard Co.,*
  2018 U.S. Dist. LEXIS 156300 (S.DN.Y. Sept. 12, 2018) ....................................... 7

*Hoyos v. City of New York,*
  999 F.Supp.2d 375 (E.D.N.Y. 2013) ........................................................................ 1

*Jones v. King,*
  2011 WL 4484360 (S.D.N.Y. Sept. 28, 2011) ......................................................... 6

*Maggette v. Dalsheim,*
  709 F.2d 800 (2d Cir. 1983) ..................................................................................... 4

*Mendoza v. County of Nassau,*
  2012 WL 4490539 (E.D.N.Y. Sept. 27, 2012) ..................................................... 5, 7

*Newton v. City of New York,*
  566 F. Supp.2d 256 (S.D.N.Y. 2008) ....................................................................... 8

*Oquendo v. City of New York,*
  2017 WL 6729850 (E.D.N.Y. Nov. 15, 2017) ..................................................... 2, 4

*Phillips v. City of Middletown,*
  2018 WL 4572971 (S.D.N.Y. Sept. 24, 2018) ......................................................... 7

*Powell v. Murphy,*
  593 Fed. Appx. 25 (2d Cir. 2014) ............................................................................ 3

*Richards v. City of New York,*
  2003 U.S. Dist. LEXIS 8037 (S.D.N.Y. May 6, 2003) ............................................ 3

*Torres v. City of New York,*
  2017 WL 4325822 (E.D.N.Y. Sept. 27, 2017) ..................................................... 2, 4

*Weyant v. Okst,*
  101 F.3d 845 (2d Cir. 1996) ..................................................................................... 3

**Statutes**

Florida Statute § 48.031................................................................................................10

**Rules**

Federal Rules of Civil Procedure, Rule 4 ......................................................................10

## Preliminary Statement

Plaintiff's opposition ignores large portions of the County Defendants' motion, citing pages and pages of cases that are inapplicable. The County Defendants[1] have not sought to dismiss the entire case at this juncture, but rather to remove specific claims that fail, and specifics defendants as to whom plaintiff, despite receiving a copy of the County Police Department's homicide file, was unable to allege personal participation in plaintiff's alleged wrongful conviction. For the reasons set forth in the main brief, and below, the County Defendants' motion should be granted in its entirety.

## Argument

**POINT I   THE FEDERAL AND COMMON-LAW CLAIMS FOR MALICIOUS PROSECUTION SHOULD BE DISMISSED**

Plaintiff's federal and common-law claims for malicious prosecution should be dismissed because: (i) the written statements and felony hearing and trial testimony of Ms. Skawnitra Witherspoon establish an independent basis for probable cause, a complete defense to a claim of malicious prosecution; and (ii) as to certain of the individual County Defendants, the amended complaint fails to allege facts from which it may be plausibly inferred that they were personally involved in plaintiff's prosecution.

A.   <u>The Statements and Trial Testimony of Ms. Witherspoon Establish Probable Cause to Initiate and Continue the Criminal Prosecution against Plaintiff</u>

As set forth in the main brief, "even where plaintiff alleges, as here, that [a] malicious prosecution is based on fabricated evidence, 'the existence of probable cause independent of the fabricated evidence is a defense to that claim.' 'To hold otherwise would untether the malicious prosecution claim from its Fourth Amendment roots.'" *Hoyos v. City of New York*, 999

---

[1] Defined terms used herein shall have the meanings set forth in the main brief.

-1-

7776142v.1

F.Supp.2d 375, 390 (E.D.N.Y. 2013), quoting *Morse v. Spitzer*, 2012 WL 3202963, at *4–5 (E.D.N.Y. Aug. 3, 2012); *see also Oquendo v. City of New York*, 2017 WL 6729850, at *6, n.6 (E.D.N.Y. Nov. 15, 2017); *Torres v. City of New York*, 2017 WL 4325822, at *4 (E.D.N.Y. Sept. 27, 2017). Plaintiff cites a total of ONE-HUNDRED and EIGHT (108) cases in his 30-page opposition brief, but notably, there is not a single citation to any of the above cases. Plaintiff has simply chosen to ignore this clear legal authority.[2]

In her written statement dated March 20, 1994, Ms. Witherspoon described how she observed a man pull a gun and point it directly at Steven Jason, and how, as she turned to run away, she heard several gun shots. Ex. B. In her December 20, 1994 statement, Ms. Witherspoon described identifying Mr. Jackson (plaintiff herein) from an array of photographs as the man she saw pull the gun and aim it at Mr. Jason. Ex. C. In her April 11, 1995 statement, she describes picking plaintiff out of a lineup and identifying him as the man she saw point the gun at Mr. Jason moments before she heard gun shots. Ex. D. And on November 21, 1996, testifying at trial, Ms. Witherspoon provided an in-court identification of plaintiff as that same man. Ex. F.

In opposition, plaintiff claims that Ms. Witherspoon was not actually an eye-witness because she did not have eyes on the man she saw pull the gun at the moment the gun was fired. But that does not impact the legal conclusion that her statements and trial testimony, all of which may be considered by the Court on the instant motion, establish probable cause to believe that Joseph Jackson shot Steven Jason that night. Probable cause in this context does not mean proof

---

[2] While plaintiff ignores these cases, he cites a slew of decisions involving whether or not the presumption of probable cause that flows from a grand jury indictment may be overcome by evidence that the indictment was procured through false and/or fabricated evidence. *See* Opp. Mem. at 18-21. All of this ink was spilled in vain, as the County Defendants at this juncture have not sought dismissal of the malicious prosecution claim on grounds that an indictment was returned against plaintiff.

beyond a reasonable doubt. *See Richards v. City of New York*, 2003 WL 21036365, at *17 (S.D.N.Y. May 6, 2003) (conflicting statements and witness testimony would not have undermined probable cause even though it may have impeded case at trial). Rather, probable cause exists when police officers "have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). The statements and testimony of Ms. Witherspoon easily meet that standard. *See Powell v. Murphy*, 593 Fed. Appx. 25, 27 (2d Cir. 2014) (cited in the main brief but ignored in plaintiff's opposition); *Carson v. Lewis*, 35 F. Supp. 2d 250, 260 (E.D.N.Y. 1999) (same).

Plaintiff argues that the statements of Mr. Larrea and Mr. Montes[3] would have called into doubt Ms. Witherspoon's statements and in-court identification of plaintiff because Witherspoon described the person who pointed the gun at plaintiff as light-skinned, while, according to plaintiff, Larea and Montes described the person they saw running across Sunrise Highway as having a dark complexion. Opp. Mem. at 21. In his written statement, Montes only described the black male that he followed in his car after Larrea pointed him out; Montes never stated that the black male he was following was the same black male he earlier saw point and fire two shots from a gun. *See* Ex. I. For Larrea's part, his statement indicates that he never saw anyone point a gun or shoot, only that he "heard 3 or 4 gunshots." *Id.* at Ex. J. After calling 911, Larrea ran back towards where he heard the shots and encountered a black male. *Id.* He describes what that black male was wearing and that he was in his "mid 20s," but he does not describe his skin tone.

---

[3] Despite making the Larrea and Montes statements the centerpiece of his action, and referencing them throughout his opposition brief, Plaintiff never actually attached the statements to his opposition. The Montes statement is annexed to the reply declaration of Lalit K. Loomba as Exhibit I. The Larrea statement is annexed as Exhibit J.

*Id.* Larrea also does not mention anything about pointing out a black male to Montes and saying, "That's him, that's the guy," as Montes claimed he did. *Cf.* Ex. I and Ex. J. In any event, given the inconsistencies in these statements and the fact that Montes never described the skin tone or height of the man that he saw point and shoot a gun, these statements do not, as plaintiff urges, detract from or otherwise attenuate the probable cause established by Ms. Wintherspoon's more direct statements and identifications.

Plaintiff has alleged that he was wrongfully convicted of Steven Jason's murder because defendants fabricated evidence and coerced plaintiff's confession. However, as demonstrated by the case law that plaintiff chose to ignore, even where a plaintiff alleges he was maliciously prosecuted based on fabricated evidence, the existence of probable cause independent of the fabricated evidence is a defense to the malicious prosecution claim. *Oquendo,* 2017 WL 6729850, at *6; *Torres,* 2017 WL 4325822, at *4. An independent basis for probable cause exists here. Hence, plaintiff's malicious prosecution claims should be dismissed.

B. <u>The Malicious Prosecution Claim Should be Dismissed as against Certain of the Individual Defendants on Grounds of Lack of Personal Participation</u>

As demonstrated in the main brief, amended complaint contains no allegations regarding the initiation or continuation of the prosecution, or regarding the alleged fabrication of evidence, coerced confession or other misconduct as to Anthony Sorrentino, Laurette Kemp, Dennis McHale, James Turner, Kenneth Hall, William Tweedy or Dan Severin.

In opposition, plaintiff cites a series of *pro se* cases and cases involving unknown (John Doe) defendants. *See* Opp. Mem. at 16-17. *Maggette v. Dalsheim,* 709 F.2d 800 (2d Cir. 1983), is representative. In *Maggette,* prison inmates commenced a pro se civil rights action against the superintendent, deputy superintendent and known and unknown prison officers. The district court granted a motion for judgment on the pleadings. On appeal, the Second Circuit reversed,

holding, in relevant part, that the pro se plaintiffs should have had an opportunity to identify particular defendants through discovery or with the aid of the court. *Id.* at 803. Here, by contrast, plaintiff is not proceeding without the benefit of counsel; and following the procedure embraced in *Maggette,* this Court already ordered the County Defendants to produce the County Police Department's homicide file to plaintiff's counsel. After reviewing that file, and separately conferring with counsel for Defendants on January 29, 2019, plaintiff's counsel amended the complaint and streamlined the original list of individual defendants from 42 to 22. However, despite being provided with the homicide file and other information,[4] plaintiff was unable to allege the personal participation of Anthony Sorrentino, Laurette Kemp, Dennis McHale, James Turner, Kenneth Hall, William Tweedy or Dan Severin in the alleged malicious prosecution. The malicious prosecution claims should thus be dismissed in their entirety, or in the alternative, dismissed as against these individual County Defendants based on lack of personal participation.

**POINT II     THE FABRICATION OF EVIDENCE CLAIM SHOULD BE DISMISSED**

Plaintiff does not contest that in order to plausibly allege a Due Process claim based on fabrication of evidence he must alleged the personal participation of each defendant. *See Mendoza v. County of Nassau,* 2012 WL 4490539, at *3 (E.D.N.Y. Sept. 27, 2012). As demonstrated in the main brief, the amended complaint (i) failed to identify any particular individual County defendant with responsibility to disclose *Brady* material who failed to fulfill such responsibility; and (ii) failed to plausibly allege the personal involvement of John M.

---

[4] While plaintiff acknowledges that he received this information, Opp. Mem. at 18, earlier he claims that the County Defendants failed to comply with this Court's discovery orders dated September 26, 2018 and January 16, 2019. In fact, the County Defendants did comply by (i) e-mailing plaintiff's counsel on October 16, 2018, at 2:12 p.m., with a list of last known addresses for the individual County Defendants and noting those who were believed to have passed away; (ii) conferring with plaintiff's counsel on January 29, 2019 to discuss each individually named County Defendant and provide information about their role (or non-role) in plaintiff's case; and (iii) producing a copy of the County Police Department's homicide file. With respect to service of process, each of the individual County Defendants has waived service of process with the exception of Det. James Turner, Det. Kenneth Hall and Det. Laurette Kemp. *See infra* Point X.

Holland, Anthony Sorrentino, Laurette Kemp, Dennis McHale, James Turner, Kenneth Hall, William Tweedy or Dan Severin in the alleged fabrication of evidence.

In opposition, plaintiff did not specifically rebut these points. Accordingly, for the reasons set forth in the main brief (Point II), the fabrication of evidence claim should be dismissed as against John M. Holland, Anthony Sorrentino, Laurette Kemp, Dennis McHale, James Turner, Kenneth Hall, William Tweedy, and Dan Severin.

**POINT III   THE COERCED CONFESSION CLAIM SHOULD BE DISMISSED**

Plaintiff does not dispute that in order to plausibly allege a coerced confession claim, he must allege facts from which it can be plausibly inferred that a particular defendant was involved in the alleged coercive conduct. *See Jones v. King,* 2011 WL 4484360, at *8 (S.D.N.Y. Sept. 28, 2011), citing *Costello v. City of Burlington,* 632 F.3d 41, 48 (2d Cir. 2011); *Cepdea v. Coughlin,* 785 F. Supp. 385, 390 (S.D.N.Y. 1992).

As demonstrated in the main brief, the amended complaint does not allege the personal participation of John M. Holland, Michael Alger, Anthony Sorrentino, Laurette Kemp, Dennis McHale, James Turner, Kenneth Hall or William Tweedy in procuring plaintiff's alleged coerced confession. In opposition plaintiff does not specifically dispute or respond to this point. Accordingly, the coerced confession claim should be dismissed as against these individual County defendants.

**POINT IV   THE AMENDED COMPLAINT DOES NOT PLAUSIBLY ALLEGE A CLAIM FOR SUPERVISORY LIABILITY**

As demonstrated in the main brief, the amended complaint fails to identify a single supervisory official by name, and instead merely recites a series of conclusory allegations referencing "supervisors," "oversight responsibility," and an alleged "failure to supervise." Plaintiff chose not to respond to this point, and has accordingly abandoned his supervisory liability claim. *Gilani v. Hewlett-Packard Co.,* 2018 U.S. Dist. LEXIS 156300, at *9, n.6

(S.DN.Y. Sept. 12, 2018) ("Claims are considered abandoned if a plaintiff fails to address or oppose a defendant's motion seeking their dismissal.") For that reason, and for the reasons set forth in the main brief, the claim for "supervisory liability" should be dismissed.

**POINT V     PLAINTIFF DOES NOT ALLEGE A VIABLE *MONELL* CLAIM FOR FAILURE TO SCREEN, TRAIN, SUPERVISE OR DISCIPLINE**

As demonstrated in the main brief, the amended complaint does not plausibly allege a *Monell* claim based on failure to screen, failure to train, failure to supervise or failure to discipline. *See* Opp. Mem. at 26. Plaintiff argues, somewhat ironically, that the County's arguments with respect to these theories are "formulaic and conclusory." *Id.* Under *Iqbal* and *Twombly,* it is the plaintiff's burden to allege specific factual allegations from which it can be plausibly inferred that his alleged wrongful conviction and subsequent incarceration were caused by a County of Nassau policy of failing to screen, train, supervise or discipline. Boilerplate allegations of such policies are not sufficient to meet that burden. *See Phillips v. City of Middletown,* 2018 WL 4572971, at *8-9 (S.D.N.Y. Sept. 24, 2018); *Abreu v. City of New York,* 657 F. Supp. 2d 357, 361 (E.D.N.Y. 2009); *Mendoza v. County of Nassau,* 2012 WL 4490539, at *7 (E.D.N.Y. Sept. 12, 2012).

As the amended complaint contains no more than conclusory and boilerplate allegations concerning the *Monell* theories of failure to screen, train, supervise and discipline, to the extent plaintiff's *Monell* claim is based on such theories, it should be dismissed.

**POINT VI     THE FALSE IMPRISONMENT CLAIM SHOULD BE DISMISSED**

In response to the County Defendants' motion, plaintiff has withdrawn his common-law claims for false arrest and imprisonment. *See* Opp. Mem. at 29, n.22.

**POINT VII     THE CLAIM FOR INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS FAILS AS A MATTER OF LAW**

As demonstrated in the main brief, Plaintiff's claim for intentional or negligent infliction

-7-

of emotional distress is barred by public policy and is duplicative of other claims set forth in the amended complaint. In opposition, Plaintiff candidly recognizes that emotional distress claims were dismissed in both the *Tankleff* and *Kogut* cases (*i.e.,* the cases which plaintiff holds up as comparators to the instant case). Opp. Mem. at 27.

Plaintiff's opposition essentially relies on *Newton v. City of New York*, 566 F. Supp.2d 256 (S.D.N.Y. 2008). *Newton* is distinguishable because the defendants in that case did not argue that the IIED claim was barred by public policy or should be dismissed as duplicative of other claims alleged. They only argued that the conduct alleged did not rise to the level of extreme or outrageous conduct necessary to support an IIED claim, a conclusion with which the court in *Newton* disagreed. At this juncture, the County Defendants have not argued that Jackson's IIED claim fails on that ground; but rather that the claim fails because, as a matter of state law, it is barred by public policy, and because it is duplicative of other claims alleged in the complaint. Plaintiff has not responded to those arguments. Accordingly, for the reasons set forth in the main brief, the IIED claim should be dismissed.

**POINT VIII   THE AMENDED COMPLAINT DOES NOT PLAUSIBLY ALLEGE A VIABLE SECTION 1983 CONSPIRACY CLAIM**

Plaintiff has misunderstood the County Defendants' argument regarding the conspiracy claim. The County Defendants are not relying on the inter-agency conspiracy doctrine as such, and recognize that the amended complaint alleges that two separate police departments were involved. Instead, the County Defendants argued that plaintiff has the burden to move beyond bare conclusory allegations of conspiracy in alleging not only the existence of the conspiracy but also the involvement of specific individuals within separate agencies. Plaintiff's opposition does not address this argument. Opp. Mem. at 28-29.

Plaintiff states that "each individual defendant's personal participation in the alleged

inter-agency conspiracy to, *inter alia,* suppress the Montes and Larrea statements can be plausibly inferred . . . given that both police agencies possessed [those statements]." Opp. Mem. at 28-29. That fact, without more, is insufficient to plausibly infer that specific members of the two separate police departments conspired with each other, and thus to overcome plaintiff's burden to allege specific facts necessary to overcome the inter-agency rule.

Moreover, as demonstrated in the main brief, the amended complaint contains no allegations from which it could be plausibly inferred that Sgt. McHale, Det. Turner, Officer Hall, Det. Tweedy, Sgt. Sorrentino or Det. Kemp participated in any conspiracy. Accordingly, the conspiracy claim should be dismissed in its entirety, or at the very least as against these individual County defendants.

**POINT IX    THE FAILURE TO INTERVENE CLAIM MUST BE DISMISSED**

Plaintiff's opposition to the failure to intervene claim is relegated to a single footnote. Opp. Mem. at 29 n.21. Plaintiff failed to specifically address or even generally disagree with any of the arguments raised in the County Defendants' main brief. For the reasons set forth in the main brief, the failure to intervene claim should be dismissed.

**POINT X    PLAINTIFF HAS NOT SERVED PROPERLY SERVED DEFENDANTS HALL OR KEMP WITH PROCESS**

The individual County Defendants, with the exception of James Turner, Kenneth Hall, Laurette Kemp and Jerl Mullen (now deceased), waived service of process well before this motion was filed. D.E. #138. The motion insofar as it was based on insufficiency of process was limited to Turner, Hall and Kemp.

With respect to Det. Turner, on June 6, 2019 – *after the County Defendants' motion was filed* – plaintiff filed an affidavit of service sworn to December 11, 2018, which recites that on December 8, 2018, the summons and complaint in this case was personally delivered to Det. Turner at an address in Florida. *See* D.E. 180. It is not clear why it took nearly six months for

plaintiff to file this affidavit of service, but the County Defendants will withdraw objection to sufficiency of service with respect to Det. Turner.

Regarding Det. Kemp, as of June 28, 2019, the only affidavit of service filed is the one indicating that service was attempted by dropping the summons and complaint at police headquarters. For the reasons set forth in the main brief, this is not sufficient service of process.

With respect to Det. Hall, on June 6, 2019, plaintiff filed an affidavit of service sworn to February 1, 2019, which recites that on January 8, 2019, the summons and complaint were served by "posted service," after attempting personal service on December 28, 2018 and December 29, 2018. *See* D.E. 181. The comment states that the current residence at the address informed the process server that Det. Hall did not reside there, but that according to instructions from plaintiff's counsel the document should be posted on the door anyway. *Id.* Posted service is not authorized under Rule 4 of the Federal Rules of Civil Procedure, nor under Section 48.031 of Florida Statutes. *See* Florida St. Ann. §48.031. Accordingly, the action should be dismissed as to Det. Hall for insufficiency of service of process.

### POINT XI  PLAINTIFF MAY NOT MAINTAIN AN ACTION AGAINST A DECEASED DEFENDANT IN HIS OR HER INDIVIDUAL CAPACITY

Plaintiff concedes that he is not maintaining any claims for relief against Det. Mullen, who died on January 4, 2015, in his individual capacity. *See* Opp. Mem. at 14, n.13. Det. Mullen should be dismissed from this action.

### Conclusion

The County Defendants' motion should be granted in its entirety.

Dated:   White Plains, New York
         June 28, 2019

Respectfully submitted,

                WILSON, ELSER, MOSKOWITZ,
                EDELMAN & DICKER LLP
                Attorneys for County Defendants

                */s/ Peter A. Meisels*

                Peter A. Meisels
                Janine Mastellone
                Lalit K. Loomba
                Allison Holubis

                1133 Westchester Avenue
                White Plains, New York 10604
                (914) 323-7000
                Our File No. 12473.00014