

Peter A. Meisels, Esq.
Direct dial: (914) 872-7156
Peter.Meisels@wilsonelser.com

July 2, 2019

**By ECF**

Hon. Gary R. Brown
United States Magistrate Judge
United States District Court
 for the Eastern District of New York
Alfonse M. D'Amato Federal Building
100 Federal Plaza
Central Islip, NY 11722

Re: *Joseph Jackson v. Nassau County et al.*, Docket No. 18-cv-3007 (JS) (GRB)
Our File No.: 12473.00014

Dear Judge Brown:

Wilson Elser represents defendants Nassau County, as well as one present and twelve former County police officers in their official and individual capacities (the "County Defendants"). We are writing in further connection with plaintiff's letter-motion dated May 14, 2019 (D.E. 170), and in particular in response to a threat by plaintiff's attorney to seek Rule 11 sanctions in connection with our response to that motion.

Background

Here are the relevant facts:

- On May 14, 2019, plaintiff filed a letter-motion seeking a conference to address certain outstanding discovery issues (D.E. 170). One of the points raised in plaintiff's letter was that he needed immediate discovery of the grand jury minutes in order to respond to the County Defendants' motion to dismiss the malicious prosecution claims because the County Defendants were relying on the rule that the return of an indictment creates a presumption of probable cause (the "indictment-presumption rule").

- On May 21, 2019, the County Defendants filed a letter response to plaintiff's motion. (D.E. 171). We argued, *inter alia,* that immediate disclosure of grand jury minutes was not required because the County Defendants did not rely on the indictment-presumption rule in seeking dismissal of the malicious prosecution claims. Rather, the County Defendants are seeking dismissal of the claims because (i) Ms. Witherspoon's statements and trial testimony create an independent basis for probable cause; and (ii) the amended

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Virginia • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

wilsonelser.com

7796069v.1

- complaint does not sufficiently allege the personal participation of certain of the individual defendants.

- On May 29, 2019, at 6:43 p.m., plaintiff's counsel sent an e-mail threatening to seek Rule 11 sanctions in connection with the County Defendants' May 21, 2019 letter. In the e-mail, plaintiff's counsel maintained that the County Defendants had, in fact, relied on the indictment-presumption rule because cases discussing the rule were cited in their memorandum of law. The e-mail states that if the County Defendants' May 21, 2019 letter "is not promptly corrected as the Federal Rules require, plaintiff will seek all available remedies (see attached notice of motion). We can discuss tomorrow." Attached to the e-mail was a notice of motion for Rule 11 sanctions signed by Mr. Harvis. (**Exhibit A**)

- On May 30, 2019, at about 3:30 p.m., we had a telephone conference with plaintiff's counsel to discuss various issues, including the Rule 11 sanctions issue raised in the e-mail sent the prior evening. We explained to Mr. Harvis that while the County Defendants' brief contained a general discussion of the law applicable to claims for malicious prosecution, and even though that general discussion included an explanation of the indictment-presumption rule, the County Defendant never specifically relied on the indictment-presumption rule in seeking dismissal of the malicious prosecution claims. Rather, as noted above, the County Defendants only made two specific arguments for dismissal of the malicious prosecution claims: (i) that there was an independent basis of probable cause created by Ms. Witherspoon's statements and trial testimony; and (ii) that the amended complaint did not allege personal participation with respect to certain of the individual defendants.

- On June 3, 2019, we appeared before Your Honor to discuss plaintiff's letter motion. During the conference, the Court made certain rulings and scheduled a status conference for July 22, 2019. However, the Rule 11 issue raised in the May 29, 2019 e-mail and discussed among counsel on May 30, 2019, was never raised before Your Honor.

- For about a month following the conference we heard nothing further on the matter.

- However, on July 2 2019, at 2:32 p.m., plaintiff's counsel sent another e-mail raising the Rule 11 issue. He wrote: "Given that you have not complied with our [May 29, 2019 request], we will be applying for Rule 11 sanctions. Before taking the time to do that and burdening the Court with the issue, I wanted to take one last shot a persuading you to correct the record . . ." (**Exhibit B**)

Discussion

Rule 11 provides, in relevant part, that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating

7796069v.1

> it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

F.R.C.P. 11(b).

Plaintiff's notice of motion, which was signed by Mr. Harvis, states that plaintiff will be seeking an "order pursuant to Fed. R. Civ. P. 11(c)(2) awarding reasonable expenses, including attorney's fees, incurred by plaintiff in responding to County defendants' May 21, 2019 letter (filed at DE #171), on the grounds that the factual contentions lack evidentiary support." Ex. A. There is no basis for an award of sanctions.

First, the factual statement contained in the County Defendants' May 21, 2019 letter – that the County Defendants are not seeking dismissal of plaintiff's malicious prosecution claims under the incitement-presumption rule – is accurate. Point I of the County Defendants' memorandum of law in support of the motion to dismiss (D.E. 171) is entitled "The Federal and Common-Law Claims for Malicious Prosecution Should be Dismissed." The point starts with a two paragraph general exposition of the law applicable to malicious prosecution claims. A series of basic rules are set forth, one of which is the indictment- presumption rule. The Point then continues with two sub-points: Sub-point A argues that Ms. Witherspoon's statements and trial testimony establish an independent basis of probable cause; Sub-point B argues that the amended complaint did not allege personal participation as to a number of the individual County defendants. Hence, while the indictment-presumption rule is included in the general exposition of the law applicable to malicious prosecution claims, it was never specifically relied on as grounds for dismissal. In fact, while Ms. Witherspoon's statements and trial testimony were attached as exhibits to the County Defendants' motion, a copy of the indictment was not attached.

Accordingly, when the County Defendants wrote in their May 21, 2019 letter to Your Honor and stated that the County Defendants were not relying on the indictment-presumption rule, that statement was factually accurate.

Second, the stated rational for Rule 11 sanctions is that plaintiff was forced to respond to the County Defendants' May 21, 2019 letter. This is sheer bootstrapping. The May 21 letter was a response to plaintiff's motion. Plaintiff never submitted a reply. His only "response" was to

Hon. Gary R. Brown
July 2, 2019
Page 4

threaten Rule 11 Sanctions, for which he is now seeking to be compensated. This kind of circular reasoning should not be countenanced by the Court. Indeed, the frivolity of plaintiff's tactics is highlighted by the fact that despite having threatened Rule 11 Sanctions, and having discussed it at length on a conference call with counsel, plaintiff's attorney never raised it to the Court when he appeared in person on June 3, 2019.

Threatening and filing a groundless motion for Rule 11 sanctions could itself be sanctionable. Should plaintiff insist on filing his threatened baseless motion for sanctions, we respectfully submit that this would be such a case.

Should Your Honor require any further information about the issues raised above, we are available at the Court's convenience.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Peter A. Meisels

Enclosures

Cc via ECF:

ELEFTERAKIS, ELEFTERAKIS & PANEK
Attorneys for Plaintiff
80 Pine Street, 38th Floor
New York, NY 10005
(212) 532-1116
gharvis@eeplaw.com

HARRIS BEACH PLLC
Attorneys for the Freeport Defendants
100 Wall Street
23rd Floor
New York, NY 10005
212-687-0100
kcorbett@harrisbeach.com

7796069v.1

# EXHIBIT A

## Loomba, Lalit K.

| | |
|---|---|
| **From:** | Gabriel Harvis <gharvis@elefterakislaw.com> |
| **Sent:** | Wednesday, May 29, 2019 6:43 PM |
| **To:** | Mastellone, Janine; Meisels, Peter; Keith M. Corbett |
| **Cc:** | Loomba, Lalit K.; Holubis, Allison; Stephanie L. Tanzi; Baree Fett; Flannery, John M |
| **Subject:** | Re: Activity in Case 2:18-cv-03007-JS-GRB Jackson v. Nassau County et al Scheduling Order |
| **Attachments:** | Notice of motion - Rule 11 - Jackson.pdf |

Counselors:

Please add to the agenda for our call tomorrow a Rule 11 issue that has developed. In the County's May 21st letter (filed at DE #171) ("Def. Ltr."), Mr. Meisels states to the Court:

> Plaintiff's stated need for [grand jury] minutes to be made available to defend the County Defendants' Rule 12(b)(6) motion is based on a faulty premise; namely, that in moving to dismiss plaintiff's amended complaint the County Defendants' (sic) relied on a presumption of probable cause created by the indictment returned against plaintiff. The County Defendants did not rely on that presumption.

Def. Ltr. at p. 3 (citing County Defendants' Memorandum of Law in Support of their 12(b)(6) Motion at pp. 7-10) (emphasis added).

However, p. 8 of the County Defendants' 12(b)(6) Memo of Law contains the following passage:

> The "existence of probable cause is a complete defense to a claim of malicious prosecution," and "indictment by a grand jury creates a presumption of probable cause that may only be rebutted by evidence that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003), quoting *Colon v. City of New York*, 60 N.Y.2d 78, 83 (1983). As this Court observed, the plaintiff "bears the burden of proof in rebutting the presumption, and he must do so with more than mere conjecture and surmise that his indictment was procured as a result of conduct undertaken by the defendants in bad faith." *Tankleff v. County of Suffolk*, 12017 U.S. Dist. LEXIS 97472, at *71-72 (E.D.N.Y. June 23, 2017) (Seybert, J.) (internal quotes and citations omitted).

(emphasis added).

Mr. Meisels' representations in the County's May 21st letter thus lack a factual basis and violate Rule 11. If the letter is not promptly corrected as the Federal Rules require, plaintiff will seek all available remedies (see attached notice of motion). We can discuss tomorrow.

Thanks,
Gabe

**Gabriel P. Harvis, Esq.**
Partner / Co-Chair, Civil Rights Division
Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116
(212) 532-1176 Fax

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JOSEPH JACKSON,

      Plaintiff,

  -against-

COUNTY OF NASSAU, et al.,

      Defendants.
----------------------------------------------------------------x

<u>NOTICE OF MOTION</u>
<u>FOR RULE 11</u>
<u>SANCTIONS</u>

18 CV 3007 (JS) (GRB)

  **PLEASE TAKE NOTICE** that, upon the Memorandum of Law and Declaration of Gabriel P. Harvis, and upon all the prior pleadings and proceedings herein, plaintiff moves this Court, at a date and time to be selected by the Court, for an order pursuant to Fed. R. Civ. P. 11(c)(2) awarding reasonable expenses, including attorney's fees, incurred by plaintiff in responding to County defendants' May 21, 2019 letter (filed at DE #171), on the grounds that the factual contentions lack evidentiary support.

  Please take further notice that, pursuant to Local Civil Rule 6.1(b), opposition papers are to be served fourteen days following service of plaintiff's moving papers, and reply papers, if any, are to be served within seven days of service of the answering papers.

Dated: New York, New York
    May 29, 2019

             ELEFTERAKIS, ELEFTERAKIS & PANEK

             Gabriel P. Harvis
             80 Pine Street, 38th Floor
             New York, New York 10005
             (212) 532-1116
             gharvis@eeplaw.com

To: Peter Meisels, Esq. (by mail and e-mail)

**EXHIBIT B**

**Loomba, Lalit K.**

| | |
|---|---|
| **From:** | Gabriel Harvis <gharvis@elefterakislaw.com> |
| **Sent:** | Tuesday, July 2, 2019 2:31 PM |
| **To:** | Meisels, Peter |
| **Cc:** | Loomba, Lalit K.; Holubis, Allison; Baree Fett; Mastellone, Janine |
| **Subject:** | Re: Activity in Case 2:18-cv-03007-JS-GRB Jackson v. Nassau County et al Scheduling Order |

Hi Peter,

Given that you have not complied with our request outlined below, we will be applying for Rule 11 sanctions. Before taking the time to do that and burdening the Court with the issue, I wanted to take one last shot at persuading you to correct the record – please do so. If we do not hear from you (and the issue is not resolved), you will see our filing in due course. I am available if you would like to discuss.

Thanks,
Gabe

**Gabriel P. Harvis, Esq.**
Partner / Co-Chair, Civil Rights Division
Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116
(212) 532-1176 Fax



  

"Elefterakis Law is NYC's power-house personal injury law firm"
– Super Lawyers

**From:** Gabriel Harvis <gharvis@elefterakislaw.com>
**Date:** Wednesday, May 29, 2019 at 6:43 PM
**To:** "Mastellone, Janine" <Janine.Mastellone@wilsonelser.com>, "Meisels, Peter" <Peter.Meisels@wilsonelser.com>, "Keith M. Corbett" <KCorbett@HarrisBeach.com>
**Cc:** "Loomba, Lalit K." <Lalit.Loomba@wilsonelser.com>, "Holubis, Allison" <Allison.Holubis@wilsonelser.com>, "Stephanie L. Tanzi" <STanzi@HarrisBeach.com>, Baree Fett <bfett@elefterakislaw.com>, "Flannery, John M" <John.Flannery@wilsonelser.com>
**Subject:** Re: Activity in Case 2:18-cv-03007-JS-GRB Jackson v. Nassau County et al Scheduling Order

Counselors:

1

Please add to the agenda for our call tomorrow a Rule 11 issue that has developed. In the County's May 21st letter (filed at DE #171) ("Def. Ltr."), Mr. Meisels states to the Court:

> Plaintiff's stated need for [grand jury] minutes to be made available to defend the County Defendants' Rule 12(b)(6) motion is based on a faulty premise; namely, that in moving to dismiss plaintiff's amended complaint the County Defendants' (sic) relied on a presumption of probable cause created by the indictment returned against plaintiff. The County Defendants did not rely on that presumption.

Def. Ltr. at p. 3 (citing County Defendants' Memorandum of Law in Support of their 12(b)(6) Motion at pp. 7-10) (emphasis added).

However, p. 8 of the County Defendants' 12(b)(6) Memo of Law contains the following passage:

> The "existence of probable cause is a complete defense to a claim of malicious prosecution," and "indictment by a grand jury creates a presumption of probable cause that may only be rebutted by evidence that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003), quoting *Colon v. City of New York*, 60 N.Y.2d 78, 83 (1983). As this Court observed, the plaintiff "bears the burden of proof in rebutting the presumption, and he must do so with more than mere conjecture and surmise that his indictment was procured as a result of conduct undertaken by the defendants in bad faith." *Tankleff v. County of Suffolk*, 12017 U.S. Dist. LEXIS 97472, at *71-72 (E.D.N.Y. June 23, 2017) (Seybert, J.) (internal quotes and citations omitted).

(emphasis added).

Mr. Meisels' representations in the County's May 21st letter thus lack a factual basis and violate Rule 11. If the letter is not promptly corrected as the Federal Rules require, plaintiff will seek all available remedies (see attached notice of motion). We can discuss tomorrow.

Thanks,
Gabe

**Gabriel P. Harvis, Esq.**
Partner / Co-Chair, Civil Rights Division
Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116
(212) 532-1176 Fax





"Elefterakis Law is NYC's power-house personal injury law firm"
-Super Lawyers

**From:** "Mastellone, Janine" <Janine.Mastellone@wilsonelser.com>
**Date:** Wednesday, May 29, 2019 at 3:36 PM
**To:** "Meisels, Peter" <Peter.Meisels@wilsonelser.com>, Gabriel Harvis <gharvis@elefterakislaw.com>, "Keith M. Corbett" <KCorbett@HarrisBeach.com>
**Cc:** "Loomba, Lalit K." <Lalit.Loomba@wilsonelser.com>, "Holubis, Allison" <Allison.Holubis@wilsonelser.com>, "Stephanie L. Tanzi" <STanzi@HarrisBeach.com>, Baree Fett <bfett@elefterakislaw.com>, "Flannery, John M" <John.Flannery@wilsonelser.com>
**Subject:** RE: Activity in Case 2:18-cv-03007-JS-GRB Jackson v. Nassau County et al Scheduling Order

Gabe,

We are available tomorrow at 3:30 for a call with you. Kindly confirm. Thank you.

Janine Mastellone
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Avenue      150 East 42nd Street
White Plains, NY 10604       New York, NY 10017-5639
914.872.7230 (Direct)
845.260.8776 (Cell)
914.323.7000 (Main)          212-490-3000 (Main)
914.323.7001 (Fax)           212-490-3038 (Fax)
janine.mastellone@wilsonelser.com


**From:** Meisels, Peter
**Sent:** Tuesday, May 28, 2019 3:23 PM
**To:** 'Gabriel Harvis' <gharvis@elefterakislaw.com>; Keith M. Corbett <KCorbett@HarrisBeach.com>
**Cc:** Loomba, Lalit K. <Lalit.Loomba@wilsonelser.com>; Holubis, Allison <Allison.Holubis@wilsonelser.com>; Mastellone, Janine <Janine.Mastellone@wilsonelser.com>; Stephanie L. Tanzi <STanzi@HarrisBeach.com>; Baree Fett <bfett@elefterakislaw.com>; Flannery, John M <John.Flannery@wilsonelser.com>
**Subject:** RE: Activity in Case 2:18-cv-03007-JS-GRB Jackson v. Nassau County et al Scheduling Order

Gabe-
   We are juggling schedules. Will be back to you.

Peter Meisels
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, NY 10604
914.872.7156 (Direct)
914.391.3690 (Cell)
914.323.7000 (Main)
914.323.7001 (Fax)
peter.meisels@wilsonelser.com


CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Any dissemination,

3

distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at www.wilsonelser.com or refer to
any of our offices.
Thank you.
**DISCLAIMER FOR ELECTRONIC COMMUNICATIONS NOTICE TO RECIPIENTS: The information contained in (and attached to) this e-mail is intended only for the personal and confidential use of the designated recipient(s) named above. This message may be an attorney/client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you received this communication in error, please notify us immediately by reply e-mail, and delete the original message (including attachments).