

eeplaw.com
**80 Pine Street, 38th Floor**
**New York, New York 10005**
**T. 212.532.1116 F. 212.532.1176**

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

JOHN ELEFTERAKIS*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS
JEFFREY B. BROMFELD
FAIZAN GHAZNAVI
GABRIEL P. HARVIS
BAREE N. FETT
STEPHEN KAHN
EVAN M. LA PENNA

KRISTEN PERRY – CONIGLIARO
AIKA DANAYEVA
ARIANA ELEFTERAKIS
MICHAEL INDELICATO
MICHAEL MARRON
DOMINICK MINGIONE
JOSEPH PERRY
MARIE LOUISE PRIOLO *
KEYONTE SUTHERLAND
DANIEL SOLINSKY
ANDREW VILLA

*Also Admitted In New Jersey

September 9, 2019

**BY ECF**
Honorable Gary R. Brown
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  Re: *Jackson v. Nassau County, et al.*, 18 CV 3007 (JS) (GRB)

Your Honor:

  I represent plaintiff Joseph Jackson in the above-referenced wrongful conviction action. I write pursuant to the Court's Status Report Order dated September 3, 2019, Fed. R. Civ. P. 4(m) and 37(a)(3)(A) to respectfully: (i) provide a status report concerning service of process; (ii) request an extension of the service deadline; and (iii) seek relief in connection with the Freeport defendants' deficient initial disclosures.

  Pursuant to Fed. R. Civ. P. 37(a)(1), Local Civil Rule 26.4 and § III(B) of the Court's Individual Practices, plaintiff certifies that he has conferred extensively with counsel for the Freeport defendants, including a telephone call this afternoon, in an effort to obtain the relief sought without Court intervention.

Status Report on Service of Process

  If it should please the Court, plaintiff's efforts to serve defendants are detailed at pp. 10-16 of his memorandum opposing defendants' motions to dismiss (DE # 192). In short, the Village of Freeport and Nassau County have been served, and all of the individual Nassau County defendants have either waived service or been served, with the exception of Laurette Kemp (who was served with a summons but not a complaint) and the Estate of deceased defendant Jerl Mullen (which is the subject of a pending unopposed motion for substitution filed at DE #203). Plaintiff respectfully submits that

Hon. Gary R. Brown
Sept. 9, 2019

he is continuing efforts to perfect service on defendant Kemp and, upon resolution of his substitution application, will promptly obtain a summons and serve the Estate of defendant Mullen.[1]

With respect to the individual Freeport defendants, as set forth below and discussed in plaintiff's opposition memorandum (DE #192), plaintiff has yet to receive the disclosure of *any* names or service addresses from the Freeport defendants as required under Rule 26.[2] Nevertheless, based on plaintiff's counsel's research, plaintiff has completed service on individual Freeport defendants Hall (*see* DE #149), Sharkey (*see* DE #194), Burdette (*see* DE #195), McGovern (*see* DE #196) and Turner (*see* DE #180). Upon information and belief, the Freeport individual defendants who remain to be served are Haggerty, McHale,[3] Melendez, Mullen, Noll and Zimmer.

Plaintiff Respectfully Requests a Rule 4(m) Extension

In addition to the Fed. R. Civ. P. 4(m) application plaintiff filed (on consent) at DE #139, plaintiff's opposition memorandum (DE #192) also requests, at pp. 15-16, an extension of the service deadline or, in the alternative, that defense counsel be ordered to accept service on behalf of the remaining individuals (or provide identifying information in accordance with *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997)). In order to resolve the few remaining service issues described above, plaintiff respectfully renews his request for a brief further extension of the Rule 4(m) deadline.

---

[1] Notably, in a discovery order dated September 26, 2018, Your Honor stated: "Defendant Nassau County is directed to use diligent efforts to assist in locating those defendants who have not yet been served." DE #131.

[2] Further complicating matters, counsel for Freeport has inconsistently identified his clients. *Compare* DE #169 (in which Mr. Corbett purports to move on behalf of defendants Burdette, Haggerty, Hall, McGovern, McHale, Melendez, Mullen, Noll, Sharkey, Village of Freeport, Turner and Zimmer) *with* DE #172 (reflecting Mr. Corbett's representation of additional defendants Andujar, Giordano, Lester, Murray, Ortiz, Parrella, Pavlick, Pomerico and The Village of Freeport Police Department – none of whom are defendants in the operative pleading, *see* DE #162).

[3] There appears to be confusion amongst defendants regarding the employer of several individuals, including McHale, Sharkey and Mullen. *Compare, e.g.,* DE #166 (motion to dismiss by Nassau County defendants) *with* DE #169 (motion to dismiss by Freeport defendants). Both sets of defendants appear to have moved on behalf of these individuals.

Hon. Gary R. Brown
Sept. 9, 2019

<u>Plaintiff Respectfully Requests Fed. R. Civ. P. 37(a)(3)(A) Relief</u>

The Freeport defendants' Initial Disclosures dated May 7, 2019 are deficient in two critical respects. First, the Freeport defendants have failed to disclose (or provide requisite telephone numbers, addresses or subjects of knowledge for) witnesses supporting their defenses, as required by Fed. R. Civ. P. 26(a)(1)(A)(i). *See* Freeport Initial Disclosures, annexed hereto as Exhibit 1.

Second, in defiance of Rule 26(a)(1)(A)(iv) and repeated requests by plaintiff, the Freeport defendants have failed to provide "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action." *See* Exhibit 1; *see also* Freeport Discovery Responses, annexed hereto as Exhibit 2, Response to Document Request 36. Indeed, this issue was specifically addressed at the last conference:

> THE COURT: …If you have an excess insurance agreement, he's right. You've got to turn it over.
> MS. TANZI: Absolutely…

Transcript of July 22, 2019 status conference, annexed as Exhibit 3, p. 29, ln. 2-4.

Accordingly, plaintiff respectfully requests (i) a brief extension of plaintiff's Rule 4(m) service deadline (or such other assistance with service as the Court deems appropriate); and (ii) that the Freeport defendants be compelled to comply with Rule 26(a) and disclose witness and insurance information. *See, e.g., Cooper v. Niagara Cmty. Action Program*, 08 CV 468S, 2009 WL 104261, *1 (W.D.N.Y. Jan. 14, 2009) (granting motion to compel and awarding reasonable costs pursuant to Fed. R. Civ. P. 37(a)(3)(A)).

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc: All Counsel (by ECF)

3