

eeplaw.com
**80 Pine Street, 38th Floor**
**New York, New York 10005**
**T. 212.532.1116 F. 212.532.1176**

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

JOHN ELEFTERAKIS*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS
JEFFREY B. BROMFELD
FAIZAN GHAZNAVI
GABRIEL P. HARVIS
BAREE N. FETT
STEPHEN KAHN
EVAN M. LA PENNA

KRISTEN PERRY – CONIGLIARO
AIKA DANAYEVA
ARIANA ELEFTERAKIS
MICHAEL INDELICATO
MICHAEL MARRON
DOMINICK MINGIONE
JOSEPH PERRY
MARIE LOUISE PRIOLO *
KEYONTE SUTHERLAND
DANIEL SOLINSKY
ANDREW VILLA

*Also Admitted In New Jersey

October 10, 2019

**BY ECF**
Honorable Gary R. Brown
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  Re: *Jackson v. Nassau County, et al.*, 18 CV 3007 (JS) (GRB)

Your Honor:

  I represent plaintiff Joseph Jackson in the above-referenced wrongful conviction action. I reluctantly write to respectfully address the Freeport defendants' failure to comply with the Court's order dated September 23, 2019.

  In its September 23rd order, the Court required the Freeport defendants to, *inter alia*, "provide all appropriate witness information within ten (10) days of this Electronic Order. If the Freeport defendants maintain their position that there are no witnesses likely to have discoverable information, they shall provide a sworn statement from a person with knowledge attesting to that fact."

  Counsel to the Freeport defendants responded by letter dated October 3, 2019 (annexed hereto as Exhibit 1). Critically, neither the information required under Rule 26(a)(1)(A)(i) (name, address, telephone number and subjects of information) nor any attestation was provided.

  Upon receipt of the October 3rd letter, plaintiff notified counsel for Freeport that the response was deficient and, as a courtesy, offered them until close of business the following day to comply. *See* E-mail, annexed as Exhibit 2. To further accommodate defendants, plaintiff ultimately agreed to wait an additional week, until close of business

Hon. Gary R. Brown
Oct. 10, 2019

today, to raise this issue with the Court. Plaintiff also conferred with the Freeport defendants on the issue this afternoon.[1]

If it should please the Court, it is apparent that Freeport's counsel has not conducted a sufficient investigation of the facts as required by the Federal Rules, and it further appears (based on our conversation this afternoon) that counsel may have not spoken with several of the individually named defendants whom he represents. This is of fundamental concern, as Freeport appears to be capitalizing on counsel's ignorance to avoid its discovery obligations. *See* Exhibit 1.

Plaintiff respectfully notes that, while Freeport's defiance of this Honorable Court's order implicates Rule 37(b)(2)(A), plaintiff is not seeking sanctions at this time. Rather, plaintiff respectfully requests that the Freeport defendants be instructed to comply with the prior order and provide "all appropriate witness information" so that plaintiff may finalize service of process and fairly prosecute this important case within the schedule set by the Court.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc:    All Counsel (by ECF)

---

[1] Plaintiff received a letter from defense counsel a few moments ago (attached as Exhibit 3). Unfortunately, this letter does not provide any of the missing witness information or comply with the Court's September 23rd order.