**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

October 16, 2019

THE OMNI, SUITE 901
333 EARLE OVINGTON BLVD.
UNIONDALE, NY 11553
(516) 880-8484

**KEITH M. CORBETT, ESQ.**

DIRECT: (516) 880-8492
FAX: (516) 880-8483
KCORBETT@HARRISBEACH.COM

**VIA ECF**
Hon. Gary R. Brown
United States Magistrate Judge
United States District Court,
Eastern District of New York
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722-9014

Re: Joseph Jackson -v.-Nassau County, et. al
18 CV 3007 (JS)(GRB)

Dear Judge Brown:

Our office represents the Defendants, Incorporated Village of Freeport and individual employees of the Village named as defendants the above subject litigation (the "Village Defendants.") This correspondence is submitted as a response to Plaintiff's letter motion to compel discovery, dated October 10, 2019.

The Plaintiff's Amended Complaint fails to establish any liability against the Village Defendants. In fact, none of the allegations in the Amended Complaint directly relate to the Village Defendants in anyway whatsoever. As this Court is well aware, in Nassau County, homicide investigations and prosecutions are conducted by the County of Nassau. The Homicide Squad has complete control and command of the Homicide Scene and is responsible for the investigation, arrest and prosecution related thereto. The crux of Plaintiff's entire case is that statements taken by the County of Nassau were not contained in the District Attorney's files. Assuming arguendo, that all of the factual allegations contained in the Amended Complaint are true, the Plaintiff makes no allegations that can hold the Village Defendants liable in this matter.

Contrary to Plaintiff's assertions, the Village Defendants are fully in compliance with the requirement of F.R.C.P. 26(a)(1)(A)(i). The Village Defendants fully complied with Rule 26 with its Initial Disclosure Statement and provided responses to Plaintiff's Rule 26(a)(1) demands in its entirety. The Village Defendants thereafter provided another witness disclosure statement in my correspondence, dated October 3, 2019. See Plaintiff's Exhibit 2. Additionally, in my letter to Plaintiff's counsel, dated October 10, 2019, the Village Defendants clarified that the addresses of the Freeport witnesses is the Freeport Police Department, as all witnesses are current and retired Freeport police officers and are thus indemnified by the Incorporated Village of Freeport. See Plaintiff's Exhibit 3. In this correspondence the Village Defendants also identified the information the Freeport witnesses will provide, if any, pursuant to F.R.C.P. 26.

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

The Village Defendants' defense in this case is non-involvement, and thus, it is the Village Defendants' position at this time that no witnesses, other than the defendants thereto, can provide discoverable information to support their defenses. Additionally, the Village Defendants expressly reserved the right to supplement their responses and intend to do so if necessary.

The witnesses identified by the Village Defendants in our Rule 26 Initial Disclosures Statement and again in the October 3, 2019 letter are the Village Defendants who were sued in their official capacity as corporate officers of the Incorporated Village of Freeport. These former and current police officers are indemnified and held harmless by the Incorporated Village of Freeport. F.R.C.P. 26 does not apply to corporations, however the Village Defendants still provided the address for these witnesses. *See:* Moore v. Computer Associates Intern., Inc., 653 F. Supp.2d 955 (D. Ariz. 2009).

Additionally, the underlying facts of this case involve a senseless and brutal murder in the confines of the Village of Freeport. The safety and well being of the Village Defendants police officers are paramount and divulging the home addresses of former and current police officers could jeopardize the safety of the Village Defendants.

Accordingly, it is the Village Defendants' position at this time that all witnesses disclosed in the Village Defendants' Rule 26 Initial Disclosure Statement and supplemented by this office's letters dated October 3, 2019 and October 10, 2019 identifying their address as the Freeport Police Department is in compliance with the Federal Rules of Civil Procedure. Moore v. Computer Associates Intern., Inc., 653 F. Supp.2d 955 (D. Ariz. 2009) See e.g. Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 217–18 (S.D.N.Y.2003) (interpreting the word "individual" in Rule 26(a)(1)(A)(i) as inapplicable to corporate entities); Garrett v. Trans Union, LLC, 2006 WL 2850499, (S.D.Ohio 2006) (the disclosure of corporate witnesses is not required under Rule 26(a)(1)). Additionally, being that this case involves a homicide, there are significant safety concerns in divulging the personal residential addresses of former and current Freeport police officers.

Accordingly, the Village Defendants respectfully request that this Court deny the Plaintiff's letter motion in its entirety. As always, I appreciate the court's assistance in this matter. If the Court has any questions, please do not hesitate to contact the undersigned.

HARRIS BEACH PLLC
*Attorneys for the Village Defendants*

/s/Keith M. Corbett
Keith M. Corbett
The OMNI
333 Earle Ovington Blvd., Suite 901
Uniondale, New York 11553

To:  All Counsel (Via ECF)