eeplaw.com
**80 Pine Street, 38th Floor**
**New York, New York 10005**
**T. 212.532.1116 F. 212.532.1176**

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

JOHN ELEFTERAKIS*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS
JEFFREY B. BROMFELD
FAIZAN GHAZNAVI
GABRIEL P. HARVIS
BAREE N. FETT
STEPHEN KAHN
EVAN M. LA PENNA

KRISTEN PERRY – CONIGLIARO
AIKA DANAYEVA
ARIANA ELEFTERAKIS
MICHAEL INDELICATO
MICHAEL MARRON
DOMINICK MINGIONE
JOSEPH PERRY
MARIE LOUISE PRIOLO *
KEYONTE SUTHERLAND
DANIEL SOLINSKY
ANDREW VILLA

*Also Admitted In New Jersey

November 19, 2019

**BY ECF**
Honorable Gary R. Brown
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  Re: *Jackson v. Nassau County, et al.*, 18 CV 3007 (JS) (GRB)

Your Honor:

  I represent plaintiff Joseph Jackson in the above-referenced wrongful conviction action. I write pursuant to Fed. R. Civ. P. 37(b)(2)(A) to respectfully request relief in connection with the Freeport defendants' continuing violation of discovery orders.

  By orders dated September 23, 2019, October 21, 2019 and October 28, 2019, the Freeport defendants were required to provide "all appropriate witness information" within ten days and – if Freeport maintained that no witnesses were likely to have discoverable information – it was to provide "a sworn statement from a person with knowledge." Freeport was separately ordered to identify "which excess insurance carrier(s) provide[d] coverage during the [relevant] period."

  Following entry of the first discovery order on September 23rd, plaintiff, as directed, identified the relevant period for insurance coverage. *See* E-mail, annexed hereto as Exhibit 1. Despite repeated follow-up requests from plaintiff, as of this writing Freeport has neither provided plaintiff with insurance information or sought modification of or relief from the Court's discovery order. Accordingly, plaintiff respectfully requests that the Freeport defendants be required to comply with Fed. R. Civ. P. 26(a)(1)(A)(iv) and the Court's September 23rd order by a date certain, and for such other relief as the Court deems just and proper. *See* Fed. R. Civ. P. 37(b)(2)(A).

Hon. Gary R. Brown
Nov. 19, 2019

With respect to witness disclosures, after plaintiff brought the Freeport defendants' deficient initial response to the Court's attention by letter dated October 10, 2019 (DE #219), the Court issued the October 21st discovery order requiring the provision of a sworn statement on personal knowledge "unless additional witnesses have been located," and that Freeport either provide valid service addresses or accept service on behalf of the individuals. Plaintiff understood the Court's order to contemplate a good faith investigation by Freeport, consistent with counsel's obligations under Rules 11 and 26, as to the existence of witnesses to the disputed events and their knowledge.

After obtaining an extension of its compliance deadline (without conferring with plaintiff or seeking his consent), Freeport filed a three-sentence declaration at DE #223 and provided a letter, attached as Exhibit 2, with purported service addresses for the individual defendants. This was the extent of Freeport's response to the Court's orders.

Unfortunately, Freeport remains in violation of its witness disclosure obligations and is non-compliant with the aforementioned discovery orders. As plaintiff has communicated to Freeport (receiving no substantive response), there is no indication that counsel for Freeport has investigated the knowledge of Freeport's former employee-defendants as contemplated by this Court's orders and required by Rules 11 and 26. *See* DE #223 (no indication of investigation); *see also* DE #211 (suggesting "noninvolvement" by Freeport); E-mail, annexed as Exhibit 3. Freeport has also failed to provide a valid service address for defendant McHale, for whom only a P.O. box address was provided (which cannot be used for service of process). *See* Exhibit 2.

Having now reviewed thousands of pages of discovery (all of which were provided by Nassau County), it appears that Freeport employees were directly involved in the underlying murder investigation in the months following the crime. Yet Freeport has not even disclosed the subjects of its witnesses' knowledge as required by Fed. R. Civ. P. 26(a)(1)(A)(i) and this Honorable Court's discovery orders. Making matters worse, Freeport has capitalized on its refusal to comply with witness investigation and disclosure obligations to avoid participating in discovery. *See, e.g.,* DE #211.

In light of the foregoing, plaintiff respectfully requests that Freeport be compelled, by a date certain, to: 1) provide insurance information, as previously ordered and required by Fed. R. Civ. P. 26(a)(1)(A)(iv); 2) conduct a reasonable investigation of its witness-defendants and provide "all appropriate witness information" as previously ordered and required by Fed. R. Civ. P. 26(a)(1)(A)(i); and 3) provide a valid service address for defendant McHale or accept service for him. Plaintiff further respectfully requests such other relief as the Court deems just and proper.

Hon. Gary R. Brown
Nov. 19, 2019

      Thank you for your consideration of this request.

                                      Respectfully submitted,

                                      Gabriel P. Harvis

cc:    All Counsel (by ECF)