

eeplaw.com
**80 Pine Street, 38th Floor**
**New York, New York 10005**
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

JOHN ELEFTERAKIS*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS
JEFFREY B. BROMFELD
FAIZAN GHAZNAVI
GABRIEL P. HARVIS
BAREE N. FETT
STEPHEN KAHN
EVAN M. LA PENNA

KRISTEN PERRY – CONIGLIARO
AIKA DANAYEVA
ARIANA ELEFTERAKIS
MICHAEL INDELICATO
MICHAEL MARRON
DOMINICK MINGIONE
JOSEPH PERRY
MARIE LOUISE PRIOLO *
KEYONTE SUTHERLAND
DANIEL SOLINSKY
ANDREW VILLA

*Also Admitted In New Jersey

November 21, 2019

**BY ECF & FEDEX**

Honorable Joanna Seybert
United States District Judge
Eastern District of New York
Alfonse M. D'Amato Federal Building
100 Federal Plaza
Central Islip, New York 11722

  Re: *Jackson v. Nassau County, et al.*, 18 CV 3007 (JS) (GRB)

Your Honor:

  I represent plaintiff in the above-referenced matter. I write to respectfully bring to the Court's attention an apparent Rule 11 violation by counsel to the Freeport defendants that plaintiff respectfully submits warrants the striking of portions of the Freeport defendants' motion to dismiss and related filings. Plaintiff also respectfully requests leave to amend the complaint.

**Background**

  From the outset, counsel for the Freeport defendants has argued his clients' "non-involvement" as a complete defense in this litigation, including moving to dismiss on this basis and resisting discovery and disclosure obligations. As defense counsel explained in a recent letter to the Court:

> The Village Defendants' defense in this case is non-involvement, and thus, it is the Village Defendants' position at this time that no witnesses, other than the defendants thereto, can provide discoverable information to support their defenses.

DE #221, p. 2; *see* Affidavit of Miguel Bermudez in Support of Freeport Defendants' Motion to Dismiss, DE #169-7, ¶ 7 ("[T]he Freeport Police Department was not responsible for the investigation…in this matter."); Declaration of Keith M. Corbett in

Hon. Joanna Seybert
Nov. 21, 2019

Support of Freeport Defendants' Motion to Dismiss, DE # 169-1, ¶ 2 ("[T]he Village Defendants were not involved in the crux of the allegations contained in the Amended Complaint."); Memorandum of Law in Support of Freeport Defendants' Motion to Dismiss, DE #169-5, p. 1 (same); *see also* Freeport Initial Disclosures dated May 7, 2019, annexed hereto as Exhibit 1 (identifying no witnesses); Affidavit of Howard E. Colton, DE #223, ¶ 3 ("[T]he Village is not aware of known witnesses other than the named defendants who have discoverable information in this matter.").

Based on conversations with Freeport's counsel, the undersigned has suspected for some time that counsel had failed to reasonably investigate the underlying facts presented in this case before adopting the non-involvement position, as Rule 11 requires. *See, e.g.,* DE #219, p. 2; DE #241, p. 2.

**Motion to Strike**

Plaintiff has received essentially no disclosures from the Freeport defendants, but has received material from Nassau County. Within a production by the County was an audio recording. (Annexed as Exhibit 2 to the courtesy copy of this application.).

The approximately 36-minute recording captures the June 6, 1994 interview of eyewitness Peter Baldwin (and his uncle) by Freeport Detective Arthur Zimmer (now deceased). In the first minute of conversation (beginning at 2:48 in the recording), Detective Zimmer explains, speaking of the investigation at issue in this litigation (into the March 1994 death of Steven Jason), "we're kind of at a dead end," with Zimmer describing the status of the investigation and the desire of investigators to solve the homicide. Later in the recording, (beginning at 31:09) Detective Zimmer describes how Nassau County Homicide investigators "sat in our Freeport headquarters for two weeks after the shooting [investigating the crime]." Throughout the recording, Zimmer refers to his ongoing work with Nassau County Homicide on the case.[1] *See, e.g., id.* at 13:23; 18:05; 27:18.

Plaintiff respectfully submits that it is clear from this recording that the Freeport Police Department had direct and substantial involvement in the homicide

---

[1] Upon information and belief, this recording was never previously disclosed to Mr. Jackson. This is consequential, given the exculpatory information conveyed by the witness to Detective Zimmer, including that the perpetrator was a five-foot-eight Puerto Rican (Mr. Jackson is a six-foot tall African American). Exhibit 2 at 13:52. Relevant to the *Brady* claim, Zimmer can be heard telling the witness that the conversation "never happened," will be treated as "anonymous" and "never existed for court purposes." *Id.* at 27:10-30:51.

Hon. Joanna Seybert
Nov. 21, 2019

investigation and, indeed, appears to have committed a *Brady* violation with respect to the suppression of Exhibit 2. This broadly invalidates the merits arguments the Freeport defendants have presented to plaintiff and the Court throughout this litigation, including in their motion to dismiss. If it should please the Court, these circumstances are reminiscent of proceedings in another § 1983 action in this district handled by the undersigned, *Martinez v. City of New York*, in which defense counsel's lack of due diligence led the Court to recommend severe sanctions when undisclosed documents later came to light. 16 CV 79 (AMD) (CLP), 2018 WL 604019 (E.D.N.Y. Jan. 24, 2018) *report and recommendation adopted in part* 2018 WL 1835935 (E.D.N.Y. Apr. 18, 2018).

Plaintiff brought the above issues to the attention of Freeport's counsel and requested that Freeport withdraw the offending submissions, but defense counsel has declined to do so. Accordingly, plaintiff respectfully requests that the Court disregard, and strike, those portions of the Freeport defendants' Fed. R. Civ. P. 12 briefing that rely on the theory of non-involvement, including the declaration of Keith Corbett and affidavit of Miguel Bermudez. For the same reasons, plaintiff further requests that the Court strike the affidavit of Howard Colton.

**Motion to Amend**

As reflected in Exhibit 1 and described above, the Freeport defendants never disclosed the identity of Detective Arthur Zimmer or the role he and his Freeport colleagues played in the Steven Jason murder investigation. Upon plaintiff's recent discovery of the recording, the undersigned requested Freeport's consent to amend the pleadings. Counsel for Freeport does not dispute that Detective Zimmer, of the Freeport Police Department, is captured on the recording, but has declined to consent to the amendment. Nassau County takes no position on the application.

According to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." *See Sanchez v. Local 660, United Workers of Am.*, 25 F. Supp. 3d 261, 268 (E.D.N.Y. 2014) (Seybert, J.). Plaintiff respectfully submits that the facts presented here strongly support granting plaintiff leave to amend.

In light of the foregoing, plaintiff respectfully requests that the Court strike the merits arguments contained in the Freeport defendants' briefing, including the affidavit of Miguel Bermudez and declaration of Keith Corbett, as well as the affidavit of Howard

3

Hon. Joanna Seybert
Nov. 21, 2019

Colton. Plaintiff further respectfully requests leave to add the Estate of Arthur Zimmer as a defendant and to include a *Brady* claim related to the suppression of Exhibit 2.

    Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc:    The Hon. Gary R. Brown (by Fedex w/ encl.)
        United States Magistrate Judge

        All Counsel (by e-mail w/o encl.)