**HARRIS BEACH** PLLC

ATTORNEYS AT LAW

December 5, 2019

THE OMNI, SUITE 901
333 EARLE OVINGTON BLVD.
UNIONDALE, NY 11553
(516) 880-8484

KEITH M. CORBETT, ESQ.

**VIA ECF**
Hon. Joanna Seybert
United States District Court,
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

DIRECT:   (516) 880-8492
FAX:         (516) 880-8483
KCORBETT@HARRISBEACH.COM

Re:   Joseph Jackson –
          v.-
Nassau County, et. al
United States District Court
Eastern District of New York
18 CV 3007 (JS)(GRB)

Dear Judge Seybert:

Our office represents the Defendants, Incorporated Village of Freeport and individual police department employees of the Village named as defendants the above subject litigation (the "Village Defendants.") This correspondence is being submitted in response to Plaintiff's letter motion dated November 21, 2019.

The Plaintiff commenced this action with the filing of a blunderbuss complaint that alleges nothing more than conclusory allegations that are not directly attached to any of the Village Defendants. *(Docket # 1; Docket # 162)*. As this Court is aware, the Plaintiff failed to name almost all of the individual Village Defendants by their full names. *(Docket # 1; Docket # 162)*. Further, the Plaintiff failed to identify and differentiate between Nassau County Police Department employees, represented by separate counsel and the Incorporated Village of Freeport Police Department employees. *(Docket # 1; Docket # 162)*.

In fact in the Complaint dated, May 22, 2018, the Plaintiff failed to identify over 25 individual defendants and at no time did the Plaintiff establish who employed these various individual defendants. *(Docket # 1)* Many of these individual defendants have common sur names; such as the individuals sued as Police Officer Melendez, Detective Turner, Police Officer Hall, Police Officer Murray, Detective Peterson, Police Officer Lester. As a result of Plaintiff's failure to perform any due diligence and properly assert claims against the Village Defendants, all defendants were left trying to ascertain who in fact the Plaintiff was attempting to litigate against in this action.

To date, the Plaintiff has failed to properly address his pleading deficiencies and as a result both the County of Nassau and the Village Defendants moved to dismiss the complaint on behalf of the same four individuals: Detective Sharkey, Sergeant McHale, Detective Turner and Police Officer Hall. (Docket # 166; Docket # 169) Clearly, not wanting to abridge any of our prospective clients'

rights, both departments appeared to have individuals by this rank and sur name and motions were submitted on their behalf. As of the date of this letter, the Plaintiff still has failed to advise which Detective Sharkey, Sergeant McHale, Detective Turner and Police Officer Hall is actually being sued in this purported complaint. Clearly, it cannot be said that the Plaintiff properly set forth sufficient factual claims against the Village Defendants when in fact he cannot even name the exact individuals allegedly responsible for some purported action on the part of the County Defendants.

Now, Plaintiff comes forward and claims that one of the <u>few</u> Village Defendants that he listed by full name in his Complaint, dated May 22, 2018 and in his First Amended Complaint dated, March 8, 2019 is not the correct defendant. Then Plaintiff goes further and alleges that somehow this is the fault of the Village Defendants. Detective David L. Zimmer and the Village Defendants' noninvolvement in the investigation that failed to provide the Nassau County District Attorney's Office with statements taken by the Nassau County Homicide Detectives is undisputed in this action.

The crux of Plaintiff's entire case is that the witness statements taken by Nassau County Homicide Detectives Holland and Hertz were not provided to the Nassau County District Attorney's office. At no point in the Plaintiff's First Amended Complaint does the Plaintiff even attempt to connect the deficiencies of the County Defendants to the Village Defendants. There is not one sentence in the entire First Amended Complaint that particularizes any semblance of facts that would attach the statements that form the basis of the overturning of Plaintiff's conviction to the Village Defendants.

In Nassau County it is common knowledge, by civil rights Practitioners, that the Nassau County Police Department has a specialty unit known as the Homicide Squad which is responsible for all homicide investigations in the County of Nassau. In fact, in the unverified and unauthenticated audio recording provided by the Plaintiff to my office on November 19, 2019, that allegedly forms the basis of the Plaintiff's November 21, 2019 letter, it is stated that the Detective Mullen from the specialty unit of the Nassau County Homicide Squad is directly investigating the murder.( *A. 17:52; A. 20:23; A. 29:48*)

The basis for the Village Defendants dispositive motion is F.R.C.P. 12(b)(5) and 12(b)(6). The entire First Amended Complaint fails to set forth a claim upon which the relief sought could be granted. In fact, for most of the Village Defendants they are merely grouped together with other defendants and merely mentioned in passing in the First Amended Complaint. The Plaintiff's own inadequacies in the First Amended Complaint are the basis for the Village Defendants dispositive motion.

It is important to note, that on February 28, 2019 the Village Defendants advised the Plaintiff that the correct Detective Zimmer may be deceased and Detective David L. Zimmer should be removed from this action. On March 8, 2019, the Plaintiff amended his complaint refusing to remove Detective David L. Zimmer from this action and continued to pursue claims against David L. Zimmer. *See*: **Exhibit "A"** attached hereto

Now almost, 9 months after being advised on multiple occasions that the Plaintiff has no proper basis to sue various Village Defendants, the Plaintiff is coming forward and asking to amend

his complaint to add who he believes is a proper Village Defendant. There is no basis whatsoever for the striking of the affidavits and declaration submitted by the Village Defendants in this matter. The Affidavit of Miguel Bermudez is true, "The Freeport Police Department was not responsible for the investigation". The affidavit of Howard Colton is accurate, at this time, the Village Defendants are not aware of any other witnesses beyond the Village Defendants that will be offered in defense of this action. And finally, the declaration of your deponent is based upon the fact that the Plaintiff failed to set forth a valid claim upon which relief can be granted showing the Village Defendants involvement in the County Defendants failure to provide statements taken by the Nassau County Detectives to the Nassau County District Attorney's Office.

Further, the Plaintiff's insinuation that a Brady violation occurred by the Village Defendants allegedly not disclosing an unauthenticated audio recording is completely belied by the fact that said recording was in the possession of the County Defendants.  Clearly, if the County Defendants are in possession of the audio recording the Village Defendants properly disclosed same to the County Defendants and therefore any possible disclosure violation cannot be levied against the Village Defendants.

The Plaintiff was advised during the week of November 18 that your declarant was involved in an election law recount proceeding. As the Court is aware, under *N.Y.C.R.R. 202.64* election law proceedings must take preference over all other matters and under *N.Y.C.R.R. 125.1* when actually engaged an attorney must appear at a matter that takes preference.  On September 19, 2019 the Plaintiff's counsel provided my office with a website link containing an audio recording that forms the basis of the Plaintiff's instant application. Thereafter, on November 21, 2019, within 48 hours after first advising my office of the audio recording the Plaintiff moved before this Court purportedly to strike portions of the Village Defendants dispositive motion and to amend the First Amended Complaint to add a party and a claim for a Brady violation in relation to the audio recording allegedly not being disclosed.

As this Court is well aware, a Rule 11 motion under the F.R.C.P. is required to be brought separate from any other motion or request filed in the case, F.R.C.P. 11(c)(2). Further, under F.R.C.P. Rule 11(c)(2) a motion under Rule 11 must be served, but cannot be filed until the expiration of a 21 day safe harbor, Sneller v. City of Bainbridge Island, 606 F.3d 636 (9th Circ. 2010).  Therefore, to the extent said relief is requested, the Plaintiff's failure to separate said motion from its request to amend the pleading and strike portions of the dispositive motion coupled with the Plaintiff's failure to follow the safe harbor provision of F.R.C.P. 11(c)(2) require dismissal of any such application. *See:* Miller v. Miller, 730 F.3d 198 (3rd Circ. 2013); Perpetual Securities, Inc. v. Tang, 290 F.3d 132 (2nd Circ. 2012).

Additionally, the Plaintiff failed to comply with F.R.C.P. 15 and Local Civil Rule 7.1 as Plaintiff was required to submit a formal motion for leave to amend his pleading together with his proposed amended pleading. *See:* Rollins v. Wackenhunt Servs., 703 F.3d 122 (D.C. Circ. 2012); Ohio Police & Fire Pension Fund v. Std. & Poor's Fin. Servs. LLC, 700 F.3D 829 (6th Circ. 2012). Under Local Civil Rule 7.1(d), Plaintiff cannot move by letter motion for any such relief.

## HARRIS BEACH ᴾᴸᴸᶜ
### ATTORNEYS AT LAW

Finally, Local Civil Rule 7.1 requires the Plaintiff to submit a formal motion together with supporting documentation and a memorandum of law in support of its purported motion to strike a portion of the dispositive motion. As this Court is well aware, Local Rule 7.1(d) reserves letter motions for non-dispositive extension, adjournment and pre motion conference requests. The Plaintiff's failure to follow the F.R.C.P. and the Local Civil Rules requires denial of any purported relief requested in the November 21, 2019 letter.

It is respectfully submitted that the Plaintiff's failure to properly plead claims in accordance with the F.R.C.P. and Local Rules of this Court, have completely prevented this matter from moving forward in the normal course. The Defendants have been left to attempt to ascertain which individual defendants Plaintiff is actually attempting to litigate against, even though the Village Defendants have repeatedly attempted in good faith to advise the Plaintiff of an orderly process to ensure timely discovery in this matter.

At this juncture with preliminary discovery having been provided to the Plaintiff, it is respectfully requested that court set a conference date to ascertain who in fact the Plaintiff is actually litigating against. The Defendants have worked tirelessly to assist the Plaintiff to figure out exactly who he is attempting to sue, and at this juncture to ensure orderly and efficient further discovery it is paramount that the Plaintiff, once and for all, advise all parties specifically who he is litigating against.

Based upon the above, the Village Defendants respectfully request that this Court deny the Plaintiff's letter motion in its entirety and set this matter down for a conference to ensure further discovery is directly attached to the specific individual being litigated against. As always, I appreciate the court's assistance in this matter and, if the Court has any questions, please do not hesitate to contact the undersigned to coordinate a conference call of the parties.

HARRIS BEACH PLLC
*Attorneys for the Village Defendants*

S/_____
Keith M. Corbett
The OMNI
333 Earle Ovington Blvd., Suite 901
Uniondale, New York 11553

To: All Counsel (Via ECF)