

eeplaw.com
**80 Pine Street, 38th Floor**
**New York, New York 10005**
**T. 212.532.1116 F. 212.532.1176**

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

JOHN ELEFTERAKIS*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS
JEFFREY B. BROMFELD
FAIZAN GHAZNAVI
GABRIEL P. HARVIS
BAREE N. FETT
STEPHEN KAHN
EVAN M. LA PENNA

KRISTEN PERRY – CONIGLIARO
AIKA DANAYEVA
ARIANA ELEFTERAKIS
MICHAEL INDELICATO
MICHAEL MARRON
DOMINICK MINGIONE
JOSEPH PERRY
MARIE LOUISE PRIOLO *
KEYONTE SUTHERLAND
DANIEL SOLINSKY
ANDREW VILLA

*Also Admitted In New Jersey

December 18, 2019

<u>BY ECF</u>
Honorable Gary R. Brown
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: *Jackson v. Nassau County, et al.*, 18 CV 3007 (JS) (GRB)

Your Honor:

   I represent plaintiff Joseph Jackson in the above-referenced action. I write to respectfully oppose the Freeport defendants' letter dated December 11, 2019 (DE #251) purporting to seek reconsideration of the Court's November 27, 2019 discovery order. As set forth herein, there is no basis to disturb the Court's sound prior ruling.

   Motions for reconsideration are governed by Local Civil Rule 6.3. *See*, *e.g.*, *Anwar v. Fairfield Greenwich Ltd.*, 164 F. Supp. 3d 558, 560 (S.D.N.Y. 2016) ("Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.") (citations and quotation marks omitted); *Mina Inv. Holdings Ltd. v. Lefkowitz,* 184 F.R.D. 245 (S.D.N.Y. 1999) ("The movant bears the heavy burden of demonstrating that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (citations and quotation marks omitted); *Anwar*, 164 F. Supp. 3d at 561 ("A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and prevent Rule 6.3 from being used to advance different theories not previously argued or as a substitute for appealing a final judgment.") (collecting cases); *see also*, *e.g.*, *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

   Far from presenting supervening authority or overlooked facts, Freeport's rambling and confused submission merely regurgitates its failing prior position. *See* DE #251, *generally*; *Norton v. Town of Brookhaven*, 47 F. Supp. 3d 152, 155 (E.D.N.Y.

Hon. Gary R. Brown
Dec. 18, 2019

2014) ("It is well-settled that a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.") (brackets, citation and internal quotation marks omitted).

Freeport's December 11th letter is marred by misrepresentations of fact and law. *Compare* DE #251, p. 2 ("The Village Defendants have complied with every Court directive…") *with* order dated October 21, 2019 ("[Freeport] defendants' October 3, 2019 email *plainly did not comply* with this Court's September 23, 2019 order, which expressly required the provision of a sworn statement attesting to the fact that there are no known witnesses other than the named defendants.") (emphasis added);[1] *see Martinez v. City of New York*, 16 CV 79 (AMD) (CLP), 2018 WL 604019, *25 (E.D.N.Y. Jan. 24, 2018) ("[D]efendants and their counsel have repeatedly insisted that they have complied fully with the Court's Orders and their discovery obligations….Such a disingenuous claim indicates willfulness and weighs in favor of severe sanctions.") (citations omitted); *Candor Versus Advocacy: Courts' Use of Sanctions to Enforce the Duty of Candor Toward the Tribunal*, 29 GA. L. REV. 1035, 1058 (1995).

In another troubling example, Freeport represents that Mr. Jackson "is prohibited from ascertaining the identity of individual defendants after the filing of the complaint," citing *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466 (2d Cir. 1995). DE #251, p. 2. Thankfully for Mr. Jackson this is simply false and does not reflect the holding of *Barrow*. *See DaCosta v. City of New York*, 296 F. Supp. 3d 569, 591-92 (E.D.N.Y. 2017), *reconsideration denied sub nom. DaCosta v. Tranchina*, 285 F. Supp. 3d 566 (E.D.N.Y. 2018) (Weinstein, J.). To the contrary, "[t]he Court of Appeals for the Second Circuit has consistently emphasized that courts should be more lenient with civil rights pleadings and permit discovery when plaintiffs would otherwise not be able to state a claim for relief due to a lack of information about defendants and their practices." *Id.* at 596 (collecting cases); *id.* at 593 ("It is certainly not uncommon for victims of civil rights violations to be unaware of the identity of the person or persons who violated those rights. *This information is in the possession of the defendants*, and many plaintiffs cannot obtain this information until they have had a chance to undergo extensive discovery following institution of a civil action.") (ellipses, citations and quotation marks omitted) (emphasis in original); *id.* at 594-95 ("[I]t seems indisputable that when a plaintiff asks repeatedly during discovery for the names of the officers who

---

[1] Indeed, the October 21st order specifically warned defense counsel about the possibility of sanctions. *Id.* ("Counsel [to Freeport] should be reminded that failure to comply with this Court's directives is, to say the least, inadvisable. To make that plain, sanctions could well follow.").

engaged him, *the City's police department has an obligation to conduct research and to disclose the identities of those officers*.") (citation and quotation marks omitted) (emphasis in original); *Martinez*, 2018 WL 604019 at *23 ("Perhaps the most critical failure on the part of defendants' counsel was not to interview the officers who defendants knew had contact with plaintiff to ask a simple question: 'Plaintiff claims she was injured in the Precinct. Do you know anything about this?'").[2]

The elephant in the room is, of course, DE #242 (plaintiff's motion to strike), concerning a recently discovered tape recording that amplifies plaintiff's *Brady* claims and broadly undermines Freeport's arguments here. If it should please the Court, it is telling that Freeport has made no effort to confront, let alone explain, that evidence.

Lastly, the Court should deny the Freeport defendants' request to extend the deadline for its production of insurance information pursuant to Rule 26(a)(1)(A)(iv). Although Freeport purports to invoke Rule III(B) of the Court's Individual Practices, it has failed to confer in violation of that rule. ("Failure to comply with [good faith conferral requirements], or to include a certification of such efforts consistent with FRCP 37(a)(1), will result in the denial of the motion."). More fundamentally, it has been over a year and a half since this action was commenced, the material at issue is subject to mandatory initial disclosure and the Freeport defendants were, in any event, specifically ordered to produce it six months ago. *See* Transcript of 7/22/19 Status Conference, DE #204, p. 29, ln. 1-7. Plaintiff respectfully submits that Freeport has thus had ample time to comply.[3]

In light of the foregoing, plaintiff respectfully requests that the Court deny Freeport's motion in its entirety.

---

[2] Freeport also cites *Cleveland Board of Education v. Loudermill*, 105 S. Ct. 1487 (U.S. 1984) as supporting its dubious contention that plaintiff has somehow abridged the due process rights of the Freeport defendants in bringing this suit. DE #251, pp. 1, 2. This is an abject misstatement of the law. *See, e.g., Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 319 (2d Cir. 2002) (*Loudermill* holds that "a tenured public employee is entitled to a hearing prior to being terminated"). Such dishonest argument is disappointing, ironic and frankly disturbing given the very real due process violations that resulted in Mr. Jackson's 23-year wrongful imprisonment and form the basis of the instant action.

[3] For similar reasons, plaintiff respectfully opposes Freeport's nugatory request, also made without conferral (or certification), that "a conference be schedule (sic) with the Court to address the Plaintiff's pleading deficiencies and the address for Defendant McHale." DE #251, p. 2.

3

Hon. Gary R. Brown
Dec. 18, 2019

    Thank you for your consideration of this request.

                                  Respectfully submitted,

                                  Gabriel P. Harvis

cc:    All Counsel (by ECF)