

eeplaw.com
**80 Pine Street, 38th Floor**
**New York, New York 10005**
**T. 212.532.1116 F. 212.532.1176**

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

JOHN ELEFTERAKIS*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS
JEFFREY B. BROMFELD
FAIZAN GHAZNAVI
GABRIEL P. HARVIS
BAREE N. FETT
STEPHEN KAHN
EVAN M. LA PENNA

KRISTEN PERRY – CONIGLIARO
AIKA DANAYEVA
ARIANA ELEFTERAKIS
MICHAEL INDELICATO
MICHAEL MARRON
DOMINICK MINGIONE
JOSEPH PERRY
MARIE LOUISE PRIOLO *
KEYONTE SUTHERLAND
DANIEL SOLINSKY
ANDREW VILLA

*Also Admitted In New Jersey

January 22, 2020

**BY ECF**
Honorable A. Kathleen Tomlinson
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Jackson v. Nassau County, et al.*, 18 CV 3007 (JS) (AKT)

Your Honor:

I represent plaintiff Joseph Jackson in the above-referenced action. I write in connection with the recent transfer of the matter to Your Honor for pre-trial supervision to respectfully provide the Court with a status report.

By way of brief background, plaintiff Joseph Jackson spent over 23 years incarcerated on murder charges before being exonerated by the Conviction Integrity Unit of the Nassau County District Attorney's Office, which moved to dismiss plaintiff's indictment upon discovering multiple *Brady* violations – traceable jointly to the Nassau County and Freeport Police Departments – that support plaintiff's longstanding innocence claim. Plaintiff has also maintained from the outset that he was coerced into falsely confessing by Robert Dempsey and other Nassau County detectives. *See, e.g.*, *Kogut v. Cty. of Nassau*, 06 CV 6695 (JS) (WDW), 2012 WL 3704710, *2-3 (E.D.N.Y. Aug. 27, 2012) ("[I]n 2004, a civil jury found that Dempsey was responsible for malicious prosecution of a suspect from whom Dempsey had elicited a false confession, but Dempsey was never investigated or disciplined.").

The instant § 1983 action was commenced on May 22, 2018, approximately three months after plaintiff's exoneration and with very limited information. *See DaCosta v. City of New York*, 296 F. Supp. 3d 569, 593 (E.D.N.Y. 2017), *reconsideration denied sub nom. DaCosta v. Tranchina*, 285 F. Supp. 3d 566 (E.D.N.Y. 2018) (Weinstein, J.) ("It is certainly not uncommon for victims of civil rights violations to be unaware of the identity of the person or persons who violated

Hon. A. Kathleen Tomlinson
Jan. 22, 2020

those rights. *This information is in the possession of the defendants*, and many plaintiffs cannot obtain this information until they have had a chance to undergo extensive discovery following institution of a civil action.") (ellipses, citations and quotation marks omitted) (emphasis in original).

After a series of consent extensions, the Freeport defendants answered on August 14, 2018 and the Nassau County defendants filed a pre-motion application on October 5, 2018. DE # 94, 132. A pre-motion conference was held before the Hon. Joanna Seybert on January 16, 2019. At the conference, the Court set a briefing schedule and ordered the parties to proceed with discovery and the public entity defendants to produce records and information so that plaintiff could eliminate uninvolved individuals. Plaintiff worked in good faith to remove individuals but, if it should please the Court, was hindered after receiving essentially nothing from Freeport and very minimal information from Nassau County. Using what little information was disclosed, plaintiff amended the complaint on March 8, 2019. DE #162.

Plaintiff then convened a Rule 26(f) planning conference and, by letter dated March 22, 2019, submitted the proposed discovery schedule to the Court, DE #163, which was endorsed the following day. Plaintiff served Rule 34 document requests on April 2, 2019. Over the next several months, the parties briefed defendants' Rule 12 motions as plaintiff attempted unsuccessfully to obtain the relevant documents and records from the defendants. This process culminated in plaintiff's filing of a letter motion to compel and appearances before Judge Brown on June 3, 2019 and July 22, 2019, at which defendants were ordered to produce records. *See* DE #170 and orders dated June 3, 2019 and July 22, 2019. Nassau County's deadline to produce records was ultimately extended to October 23, 2019. *See* order dated September 23, 2019.

Thus, late last year, Nassau County produced several thousand pages of records, which plaintiff's counsel has now reviewed and digested. By e-mails dated September 6, 2019, November 19, 2019 and January 14, 2020, plaintiff detailed issues with the production, including, *inter alia*, those related to redactions, confidentiality and the source of records. At the same time, plaintiff led the parties to set a deposition schedule. At defendants' request, plaintiff was scheduled to go first, with his deposition to take place on January 28, 2020 and parties and non-parties to follow through February and March 2020 (the case involves many witnesses and is likely involve voluminous deposition practice).

The parties conferred yesterday, and plaintiff learned for the first time that Nassau County now contemplates adjournment of the entire deposition schedule based

Hon. A. Kathleen Tomlinson
Jan. 22, 2020

on its inability to obtain basic records related to plaintiff's incarceration. The undersigned respectfully notes that the conferral process regarding this issue is still underway and, hence, it is not ripe for judicial intervention.

If it should please the Court and as the docket reflects, the situation with respect to the Freeport defendants is far more dire. Plaintiff has not even received compliant initial disclosures from these defendants, and only a few pages of records; substantial motion practice has been devoted to this open issue. *See* DE #209 and order dated September 23, 2019; DE #219 and order dated October 21, 2019; DE #241 and order dated November 27, 2019; DE #251 and order dated December 27, 2019. The undersigned respectfully notes ongoing difficulty in obtaining the participation of Freeport's counsel in the litigation generally and the conferral process specifically. *See* DE #242.

Accordingly, plaintiff respectfully welcomes the opportunity to come before the Court for a status conference to discuss open issues and set an appropriate schedule for the completion of discovery.[1]

Thank you for your attention to this matter.

Respectfully submitted,

Gabriel P. Harvis

cc: All Counsel

---

[1] If it should please the Court, colloquy in the proceedings before Judge Brown make clear that the Court contemplated extending the Rule 16 schedule filed in March 2019 in light of the complexity of the case and the delays described above.