| | |
|---|---|
| **UNITED STATES DISTRICT COURT** <br> **EASTERN DISTRICT OF NEW YORK** | **CIVIL CONFERENCE** <br> **MINUTE ORDER** |

| | | | |
|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON <br> U.S. MAGISTRATE JUDGE | DATE: <br> TIME: | 3-6-2020 <br> 10:27 a.m. (55 minutes) |

***Jackson v. Nassau County, et al.***
**CV 18-3007 (JS) (AKT)**

| | | |
|---|---|---|
| TYPE OF CONFERENCE: | | **DISCOVERY STATUS CONFERENCE** |
| APPEARANCES: | Plaintiff | Baree N Fett <br> Gabriel Paul Harvis |
| | Defendant | Lalit Kumar Loomba (Nassau County Defendants) <br> Janine Mastellone <br> Peter Meisels |
| | | Keith Michael Corbett (Village of Freeport Defendants) <br> Stephanie Tanzi |

FTR:    10:27-11:22

THE FOLLOWING RULINGS WERE MADE:

The following list is a summary of the rulings made at today's conference. If counsel need a more amplified record, they are free to contact Courtroom Deputy Mary Ryan at 631-712-5765 to arrange to order a transcript.

1. By March 16, 2020, counsel shall file a Stipulation of Discontinuance for any defendants whom plaintiff's counsel intends to withdraw all existing claims. The caption of the Stipulation must reflect the existing parties prior to the intended withdrawal. The body of the Stipulation, however, must reflect the amended parties as of the effective date of the executed Stipulation of Discontinuance.

2. For purposes of avoiding duplicative motion practice, counsel for the parties have agreed to craft a Stipulation permitting plaintiff to file a Second Amended Complaint without motion practice while simultaneously reserving defendants' rights to thereafter move for dismissal of the Second Amended Complaint. Counsel are directed to file the Stipulation and Second Amended Complaint as separate docket entries by March 20, 2020.

    Counsel shall engage in a good faith meet-and-confer regarding the public docketing of the proposed list of exhibits sought to be attached to the Second Amended Complaint. Once the Stipulation is "so ordered," the Second Amended Complaint will be deemed the operative pleading.

3. Plaintiff's counsel must serve the Second Amended Complaint on any newly added parties. A proposed summons must also be prepared and filed in connection with any newly added parties.

4. Counsel shall file a Stipulation to vacate the entry of default judgment against Dora Mullen by March 20, 2020. Plaintiff must serve the Second Amended Complaint on Dora Mullen.

5. Once the Second Amended Complaint is properly filed, defendants may proceed with their motions to dismiss. The Court set forth the following briefing schedule for the motions

   - Defendants' opening papers and memoranda of law shall be served and filed by April 17, 2020;

   - Plaintiff's opposition papers and memorandum of law must be served and filed by May 18, 2020;

   - Defendants' reply papers, if any, shall be served and filed by June 1, 2020.

   Counsel are advised that the Court does not intend to extend these deadlines further, absent extraordinary circumstances. Counsel are required to serve the newly added parties with the papers filed in connection with defendants' motion to dismiss.

6. Pending resolution of defendants' motions, the Court is permitting limited discovery to proceed, with the exception of depositions. All depositions are stayed until further Order of the Court.

7. The Village of Freeport defendants shall respond to all outstanding discovery by March 20, 2020. Once the Village has done so, counsel shall fulfill their obligations under Local Rule 37.3 to confer and attempt in good faith to resolve any disputes concerning the responses. To the extent there are any unresolved issues, the Court has set a deadline of April 6, 2020 to file any letter motions seeking Court intervention. Any issues not raised by that date will be deemed waived.

8. Counsel shall also engage in a good faith meet-and-confer regarding the Rule 34 inspections discussed today. The Court will not permit plaintiff's counsel to inspect the police precinct as requested in light of the security protocol at all of the precinct facilities. Defendants' may alternatively produce current photographs of the subject properties in lieu of inspection and to the extent there are archived photos of the station at the time of the underlying incident, Defendants will produce those photos.

   The Court has also directed the defendants to make available for inspection to Plaintiff's counsel the precinct logs discussed today.

9. We spent some time discussing production of personnel/disciplinary files for police officers and this Court's usual protocol for such production. The Court does not permit the wholesale production of police personnel files since much of the contents are irrelevant to the claims and/or defenses raised in this case (*e.g.*, time records, vacation schedules, insurance coverage, pension benefits, etc.).

   Counsel shall engage in a good faith meet-and-confer regarding the production of officer personnel files and disciplinary records. The Court will permit production of disciplinary records which involve similar complaints to those underlying the instant lawsuit. Production of these documents should be limited to those portions of the records(s)/file(s) that are relevant to the underlying allegations in this action. To the extent that there are

formal and/or informal written and/or oral complaints which comply with the Court's directives, those documents are to be produced, even if in redacted form. To the extent counsel cannot resolve any remaining disputes regarding this matter, plaintiff's counsel must file a letter motion to compel in accordance with the instruction set forth below in paragraph #10.

10. Counsel shall engage in a good faith meet-and-confer, pursuant to their obligations under Local Rule 37.3, to resolve and narrow any remaining disputes concerning deficiencies in the discovery responses or non-compliance with Judge Brown's prior discovery rulings. To the extent there are any unresolved issues, the aggrieved party may file a letter motion no later than April 6, 2020, in compliance with Local Rule 37.1, seeking judicial intervention. Failure to file any such motion shall constitute a waiver of rights. Opposition, if any, must be filed by May 13, 2020 and in the same format set forth in Rule 37.1. The Court does not intend to extend these deadlines.

    Local Rule 37.1 states that

    > Upon any motion or application involving discovery or disclosure requests or responses under Fed. R. Civ. P. 37, the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed. The motion or application shall also set forth the grounds upon which the moving party is entitled to prevail as to each request or response. Local Civil Rule 5.1 also applies to the motion or application.

    Local Civil Rule 37.1. *See also* Local Rule 5.1. Therefore, to comply with these Rules, the movant must first list verbatim the document request or interrogatory which was served on opposing counsel, followed directly by opposing counsel's verbatim response to the individual request, followed immediately by the particularized objection(s) counsel is raising and the basis for the objections (*i.e.*, why the response is objectionable, deficient, non-responsive, etc.). Counsel is expected to refer to relevant case law to support his/her position/objection as to the respective discovery demand. The case law is not to be relegated to a separate section where the Court has to keep referring back to ascertain the legal support for each objection.

    For motions filed pursuant to Rule 37.1, the Court's general three-page limitation on letter motions is waived. Counsel have been cautioned not to include "background" information or legal argument in any introductory section to the motion. Any and all legal argument must be particularized to the objections counsel is asserting to a specific response to a specific document request or interrogatory. Any non-compliant motion papers will be returned to counsel.

    **Any motion seeking judicial intervention on a discovery dispute must contain a certification that the parties have complied with Local Rule 37.3 and must provide an explanation of how they have done so. Failure to comply with the certification requirement will result in the motion being returned to the moving party.**

11. Plaintiff's counsel has agreed to withdraw plaintiff's pending motion for sanctions [DE 206] and renew it at a later date, if necessary. Plaintiff's counsel shall file a letter withdrawing the motion by March 11, 2020.

12. If the parties need an amplified record of today's hearing, they may contact Courtroom Deputy Mary Ryan at (631) 712-5765 to arrange to order a transcript.

**SO ORDERED.**

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge