

Lalit K. Loomba, Esq.
Direct dial: (914) 872-7118
lalit.loomba@wilsonelser.com

April 6, 2020

**By ECF**

Hon. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
 for the Eastern District of New York
Alfonse M. D'Amato Federal Building
100 Federal Plaza
Central Islip, NY 11722

    Re:    *Joseph Jackson v. Nassau County et al.,* Docket No. 18-cv-3007 (JS) (AKT)
             Our File No.: 12473.00014

Dear Judge Tomlinson:

Wilson Elser represents the County Defendants in the referenced action. Pursuant to paragraph 10 of the Court's Civil Conference Minute Order dated March 16, 2020 (D.E. 270), we are writing to raise the following discovery issues. Counsel for the parties have engaged in a good-faith attempt to resolve these issues during telephone conferences held within the last three weeks. As a result of these conferences, the outstanding issues have been narrowed. Nevertheless, County Defendants respectfully submit that the items listed below remain outstanding.

    I.    <u>Discovery Demanded From Plaintiff</u>

Plaintiff initially objected to the Count Defendants' Interrogatory Nos. 11, 12 and 13. Following a meet and confer conference, plaintiff's counsel agreed to supplement plaintiff's response. We received plaintiff's supplemental response Friday afternoon, April 3, 2020, and are writing to highlight the following deficiencies. *See* A, B and C below. In addition, plaintiff objected to various document demands by, *inter alia,* claiming privilege. Following a meet and confer conference, plaintiff's counsel agreed to either confirm that no privileged documents exist, or produce a privilege log. We have yet to receive written confirmation or a privilege log. *See* D below.

    A.    <u>Interrogatory No. 11</u>

Identify any person with whom plaintiff spoke or communicated in writing concerning any aspect of the Underlying Incident while being held at the Nassau County Jail.

        <u>Plaintiff's Supplemental Response</u>

        Without waiving or in any way limiting the general and specific objections asserted in plaintiff's prior response, plaintiff refers defendants to documents previously exchanged bearing Bates

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Virginia • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris
wilsonelser.com

8214951v.1

Stamp no. County209 and further identifies, upon information and belief, the following: Centurion Ministries, Barry Scheck, William Kunstler, Eugene Cordaro, Scott Brettschneider, Dennis Halstead, James Tunstell, Anthony "David" Smalls, Tyrone Isaac and Roy Isaac.

Argument

Rule 33(b)(1)(3) of the Federal Rules of Civil Procedure requires interrogatories to be responded to under oath. Plaintiff has not sworn to the accuracy of his response to County Defendants' Interrogatory No. 11. In addition, the County Defendants incorporated Local Civil Rule 26.3 into their discovery demands. Local Rule 26.3(c) defines the term "identify" with respect to a natural person to mean to "give, to the extent known, the person's full name, present or last known address, and . . . present or last known place of employment." Plaintiff's supplemental response does not comply with the requirements of the Local Rules.

B. Interrogatory No. 12

Identify any person with whom plaintiff spoke or communicated in writing concerning any aspect of the Underlying Incident following his conviction on March 7, 1997.

Plaintiff's Supplemental Response

Without waiving or in any way limiting the general and specific objections asserted in plaintiff's prior response, plaintiff refers defendants to documents previously exchanged bearing Bates Stamp nos. P179-80, County223-225, County229, County353-54, County2855-98, County3145-46, County 3450-70, and further identifies, upon information and belief, the following: Nate Lewis, Justin Bonus, Robert Goldstein, Abby Boklan, Godfrey Brown, Darryl Parker, Mark Stevens, Anthony Mayol, Anthony Grandinette, Andrea Hirsch, Tyrone Isaac and Bruce Barket.

Argument

See above with respect to Interrogatory No. 11.

C. Interrogatory No. 13

Identify any person, psychiatrist, psychologist, therapist, social worker or other mental health care professional with whom plaintiff treated prior to March 20, 1994.

Plaintiff's Supplemental Response

Without waiving or in any way limiting the general and specific objections asserted in plaintiff's prior response, plaintiff did not, upon information and belief, treat with any of the categories of providers listed in this interrogatory during the time period specified. Plaintiff further states that he sporadically encountered and was interviewed by individuals he understood to be social workers or counselors as a young man, including as a child when his parents were involved in a family court proceeding and during standard intake procedures in correctional settings. Plaintiff cannot identify any such individuals.

Argument

Hon. Kathleen Tomlinson
April 6, 2020
Page 3

      Rule 33(b)(1)(3) of the Federal Rules of Civil Procedure requires interrogatories to be responded to under oath.  Plaintiff has not sworn to the accuracy of his response to County Defendants' Interrogatory No. 13.

D.    Document Demands 1-9 and 15

1.    All documents concerning any communication between plaintiff and any other person concerning his arrest on narcotics charges lodged against plaintiff in connection with the sale of controlled substances on or about August 9, 1994 (Ind. No. 91134).

2.    All documents concerning any communication between plaintiff and any other person concerning his guilty plea in satisfaction of narcotics charges lodged against plaintiff in connection with the sale of controlled substances on or about August 9, 1994 (Ind. No. 91134).

3.    All documents concerning any communication between plaintiff and any other person concerning his arrest for murder and related charges on or about March 7, 1995 (Ind. No. 91607).

4.    All documents concerning any communication between plaintiff and any other person concerning the prosecution of the murder and related charges lodged against plaintiff in connection with the Underlying Incident.

5.    All documents concerning any communication between plaintiff and any other person concerning the written statement of Glenn Montes.

6.    All documents concerning any communication between plaintiff and any other person concerning the written statement of Maurice Larrea.

7.    All document concerning any communication between plaintiff and any other person concerning plaintiff's incarceration following his conviction on the murder and related charges pertaining to the Underlying Incident.

8.    All document concerning any communication between plaintiff and any other person concerning any appeal from plaintiff's conviction on murder and related charges pertaining to the Underlying Incident.

9.    All documents concerning any written submission by plaintiff relating to any application for parole.

15.    Copies of all documents concerning communications between (i) Plaintiff and/or his legal representative(s) and (ii) the Innocence Project relating to the crimes asserted in Indictment 91607.

Plaintiff's Objections (to 1-9, and 15)

Plaintiff objects to this demand because it is vague, overbroad and seeks irrelevant and privileged information.  Notwithstanding these objections, upon information and belief, plaintiff does not have possession, custody or control over any responsive documents, beyond any which may have been exchanged by the parties.

Hon. Kathleen Tomlinson
April 6, 2020
Page 4

Argument

Local Rule 26.2 provides that to the extent a party is asserting that a document otherwise responsive to a demand is protected by privilege, the party shall produce a privilege log, which identifies the nature of the privilege asserted and the document's type, general subject matter, date, author, addressee and any other recipients. Plaintiff has not provided a privilege log for any documents withheld on privilege grounds. Subsequent to the last meet and confer conference, plaintiff's counsel stated that, upon information and belief, plaintiff is not withholding privileged documentation, but would confirm and, if appropriate, produce a privilege log. To date, plaintiff's counsel has neither confirmed this nor produced a log.

**II.    Discovery Demanded From Village of Freeport**

A.    Document Demand No. 1

A copy of all recordings of any 911 call and/or radio transmission concerning the Underlying Incident.

Freeport's Response

The Village Defendants object to this demand to the extent it seeks privileged and/or confidential information. Subject to and without waiving these or any of the Village Defendants' General Objections, the Village Defendants are not in possession of the documents requested herein.

Argument

Prior to the meet and confer phone call held on March 25, 2020, the County Defendants inquired in writing of the Village Defendants whether they possessed logs or written documents reflecting calls to local precinct numbers in addition to 911 calls, and if so to produce the relevant records from March 20, 1994, as responsive to Document Demands 1 and 2. The Village Defendants stated that they would respond to this request. Pursuant to FRCP 26(e)(1)(a), a party must supplement its response, "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known or the other parties during the discovery process or in writing…" As of this date, the Village Defendants have yet to supplement its response to these demands in writing.

B.    Document Demand No. 2

Any written documents concerning any 911 call concerning the Underlying Incident.

Freeport's Response

The Village Defendants object to this demand to the extent it seeks privileged and/or confidential information. Subject to and without waiving these or any of the Village Defendants' General Objections, the Village Defendants are not in possession of the documents requested herein.

Argument

*See Supra* (argument for Document Demand No. 1).

8214951v.1

Hon. Kathleen Tomlinson
April 6, 2020
Page 5

C. <u>Document Demand No. 3</u>

A copy of any response by the Village of Freeport to a Freedom of Information Law request by Plaintiff Joseph Jackson.

<u>Freeport's Response</u>

The Village Defendants object to this demand to the extent it seeks privileged and/or confidential information. The Village Defendants further object to this demand as irrelevant and not sufficiently tailored to lead to relevant or admissible evidence, overly broad, and unduly burdensome.

<u>Argument</u>

During a meet and confer call, counsel for Freeport agreed to withdraw these objections, and represented that the Village no longer has any documents in its possession concerning a response to any FOIL request concerning the underlying incident, including the FOIL demand made by Plaintiff, and agreed to provide a written response to that effect. To date, no written response has been provided. The County Defendants seek written confirmation of the Village of Freeport's response. *See* FRCP 26(e)(1)(a).

D. <u>Document Demand No. 4</u>

A copy of any response by the Village of Freeport to a Freedom of Information Law request concerning the Underlying Incident.

<u>Freeport's Response</u>

The Village Defendants object to this demand to the extent it seeks privileged and/or confidential information. The Village Defendants further object to this demand as irrelevant and not sufficiently tailored to lead to relevant or admissible evidence, overly broad, and unduly burdensome.

<u>Argument</u>

*See supra* (argument for Document Demand No. 3).

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Lalit K. Loomba

Cc: Counsel of Record (via ECF)

8214951v.1