

80 Pine Street, 38th Floor
New York, New York 10005
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

JOHN ELEFTERAKIS*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS
JEFFREY B. BROMFELD
FAIZAN GHAZNAVI
GABRIEL P. HARVIS
BAREE N. FETT
STEPHEN KAHN
EVAN M. LA PENNA

KRISTEN PERRY – CONIGLIARO
AIKA DANAYEVA
ARIANA ELEFTERAKIS
MICHAEL INDELICATO
MICHAEL MARRON
DOMINICK MINGIONE
MARK NEWMAN
AGGELIKI E. NIKOLAIDIS
JOSEPH PERRY
MARIE LOUISE PRIOLO *
KEYONTE SUTHERLAND
WAYNE WATTLEY

*Also Admitted In New Jersey

April 6, 2020

BY ECF

Honorable A. Kathleen Tomlinson
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   *Jackson v. Nassau County, et al.*, 18 CV 3007 (JS) (AKT)

Your Honor:

I represent plaintiff in the above-referenced matter. I write pursuant to ¶ 10 of the order filed at DE #270, as well as Local Civil Rule 37.1 and Rule 37 of the Federal Rules of Civil Procedure, to respectfully seek judicial intervention in connection with open disputes.

## Local Civil Rule 37.3 Certification

If it should please the Court, plaintiff has worked diligently and in good faith to resolve these issues without seeking Court intervention. As documented in the e-mails annexed hereto as Exhibit 1, plaintiff outlined deficiencies on September 6, 2019, November 19, 2019, January 14, 2020, January 27, 2020, February 18, 2020, March 1, 2020 and March 23, 2020. Counsel for the parties conferred by telephone on November 13, 2019 (forty minutes), January 27, 2020 (one hour six minutes), February 18, 2020 (thirty-one minutes), March 5, 2020 (two calls totaling one hour thirty four minutes), March 25, 2020 (one hour ten minutes) and April 2, 2020 (twenty minutes).

1)   Rule 37(b)(2)(A) Motion for Violations of Discovery Orders

Plaintiff respectfully submits that the following issues concern discovery order violations and do not constitute discovery disputes for the purposes of Local Civil Rules 37.1 and 37.3. *See Arnett v. United States*, 17 CV 3339 (BMC) (AKT), 2019 WL 3821888, *3 (E.D.N.Y. Aug. 15, 2019) ("As the language of the Rule itself makes clear, Rule 37 provides a district court with a variety of potential sanctions which it may apply

Hon. A. Kathleen Tomlinson
April 6, 2020

to a wide range of circumstances – potential sanctions extend from payment of expenses and similar monetary sanctions at one end of the spectrum to default judgment or dismissal of the action on the other.") (collecting cases) (adopting report and recommendation).

        a)        <u>Freeport Defendants' Responses to Plaintiff's 1/14/2020 Demands</u>

At the March 6, 2020 status conference the Freeport defendants were ordered to serve their overdue responses to plaintiff's January 14, 2020 discovery demands, annexed hereto as Exhibit 2, by March 20, 2020. *See* Minute Order (DE #270), ¶ 7. In spite of the order, the Freeport defendants have not provided written responses as of this writing. Plaintiff respectfully requests that the Court thus order these defendants to respond by a date certain with all objections deemed waived. *See, e.g., Ehrlich v. Inc. Vill. of Sea Cliff*, 04 CV 4025 (LDW) (AKT), 2007 WL 1593241, *4 (E.D.N.Y. June 1, 2007) ("Under the Federal Rules and common law, courts have routinely held that objections not timely stated may be deemed waived.") (collecting cases); *see also* DE #275 (opposing extension request filed without conferral). Plaintiff further respectfully requests leave to raise any disputes regarding the sufficiency of the responses after reviewing them and appropriately conferring with defense counsel.

        b)        <u>Disciplinary Records</u>

At a hearing before the Hon. Gary R. Brown on July 22, 2019, defendants were ordered to produce disciplinary records of the individual defendants within 60 days. *See* Transcript, annexed hereto as Exhibit 3, p. 24, ln. 12-24; p. 25, p. 31, ln. 14 - p. 32, ln. 18; p. 34, ln. 10 – p. 37, ln. 7 (THE COURT: So they are going to turn over everything in 60 days. I presume some of it will come earlier.). The compliance deadline for Nassau County was extended to October 23, 2019. *See* Order dated September 23, 2019. By e-mail dated November 20, 2019, Nassau County ultimately produced 37 pages of disciplinary summaries and, as to certain of the individual defendants, a one-page investigative document, but no underlying files. The parties then appeared before Your Honor on March 6, 2020, and the Court issued a second order compelling production of records underlying similar allegations against the individual defendants. *See* DE #270, ¶ 9. As of this writing, the Freeport defendants have produced no disciplinary records whatsoever and the Nassau County defendants have not supplemented their deficient November 20th production. Plaintiff respectfully requests that the Court order compliance by a date certain and such other relief as it deems appropriate.

Hon. A. Kathleen Tomlinson
April 6, 2020

### c) Stationhouse Photos

Pursuant to Fed. R. Civ. P. 34, plaintiff served Notices of Inspection on the Nassau and Freeport defendants so that plaintiff could enter and photograph the stationhouse facilities where certain key disputed events transpired, including plaintiff's 39-hour interrogation and the preparation of exculpatory statements, later suppressed, by non-parties Montes and Larrea. *See* Notices, annexed hereto as Exhibit 4. At the March 6th Status Conference, the Court ordered the defendants, in lieu of inspection, to produce current photographs of the relevant areas and, if available, archive photographs of those facilities from 1994. DE #270, ¶ 8. Plaintiff has conferred with defendants in a good faith effort to obtain the photographs and, with the exception of two photographic exhibits from plaintiff's trial depicting the polygraph room at the homicide squad that had been previously produced, neither defendant has complied with the order or provided a date certain by which they will do so.

### d) Stationhouse Logbooks

At the March 6th Status Conference, defendants were also ordered to make original stationhouse logbooks available for plaintiff's counsel to inspect and copy. DE #270, ¶ 8. These logbooks are critical because they should, *inter alia*, reflect the police personnel who interacted with eyewitnesses Montes and Larrea – whose suppressed statements led the District Attorney to vacate plaintiff's conviction – and the chronology surrounding the arrest and interrogation of contested witnesses Peddie Jenkins and the Isaac brothers. As of this writing, defendants have not provided access to the stationhouse logs (or copies of them) and have declined to offer a date certain by which they will do so.

### 2) Local Civil Rule 37.1 Request for Judicial Intervention

#### a) Plaintiff's Document Request No. 1(a): Index Sheet and Lead Sheets (as to Nassau County only)

**Plaintiff's Document Request 1(a):**

> Produce any and all documents pertaining to the investigation of the March 20, 1994 murder of Steven Jason or pertaining to the investigation, arrest, and/or prosecution of Joseph Jackson as a suspect in that crime, from the time of the murder on March 20, 1994 until the present day,

3

Hon. A. Kathleen Tomlinson
April 6, 2020

> including <u>but, not limited to,</u> the following:…a. The complete investigative file, reproduced in its original form with cover and index sheets…

**Response from Nassau County (annexed hereto as Exhibit 5):**

> *See* Homicide File already produce (Bates Nos. County 000001-County 000091). Additional responsive documents (County 00092-County 02290) are produced herewith. Any additional responsive documents will be produced under separate cover.

**Argument:**

If it should please the Court, there is no dispute that the requested homicide file, including its index and lead sheets, are relevant to this wrongful conviction litigation. *See* Fed. R. Civ. P. 26(b)(1). It is further undisputed that Nassau County, which was responsible for the homicide investigation, has not produced the index sheet cataloging the constituent records within the file. Without the index sheet, plaintiff is unable to verify that the complete file has been produced or seek outstanding records from the file. Accordingly, plaintiff respectfully requests that Nassau County be ordered to produce, by a date certain, the index sheet or an affidavit on personal knowledge detailing the nature of the search conducted, its results, and any explanation as to whether such documents have been lost or were never prepared.

> b)   <u>Plaintiff's Document Request 1(e): Peddie Jenkins Video Statement with Intelligible Audio (as to Nassau County only)</u>

**Plaintiff's Document Request 1(e):**

> Produce any and all documents pertaining to the investigation of the March 20, 1994 murder of Steven Jason or pertaining to the investigation, arrest, and/or prosecution of Joseph Jackson as a suspect in that crime, from the time of the murder on March 20, 1994 until the present day, including <u>but, not limited to,</u> the following:…e. Any documents or audio or video recordings as well as notes, memoranda, and reports relating to discussions, interrogations, or interviews with, or statements taken from,

4

> any potential witnesses, witnesses, informants, or suspects at any time in the investigation, whether or not under oath…

### Response from Nassau County (annexed hereto as Exhibit 5):

> *See* Homicide File already produce (Bates Nos. County 000001-County 000091). Additional responsive documents (County 00092-County 02290) are produced herewith. Any additional responsive documents will be produced under separate cover.

### Argument:

There is, again, no dispute that the video-recorded statement of Peddie Jenkins, a key witness, is relevant and discoverable. *See* Fed. R. Civ. P. 26(b)(1); *see also* Second Amended Complaint (DE #278), ¶¶ 56, 60, 62, 102 & n.4. While Nassau County has produced a copy of the recording, it is inaudible and thus unusable. Plaintiff has requested (since November 2019, *see* Exhibit 1) that Nassau County produce an audible version, but to date Nassau County has not complied. Plaintiff respectfully requests that Nassau County be ordered to, by a date certain, search its records and produce a audible copy of the recording or an affidavit stating, on personal knowledge, that no audible recording exists and the reasons therefor, specifically describing how defendants stored, maintained and searched for the recording.

  c) <u>Plaintiff's Document Request 1(f): Polygraph Records for Tyrone Isaac, Roy Isaac, Peddie Jenkins and Takita Dorsey (as to Nassau County only)</u>

### Plaintiff's Document Request 1(f):

> Produce any and all documents pertaining to the investigation of the March 20, 1994 murder of Steven Jason or pertaining to the investigation, arrest, and/or prosecution of Joseph Jackson as a suspect in that crime, from the time of the murder on March 20, 1994 until the present day, including <u>but, not limited to,</u> the following:…f. Any documents reflecting polygraph tests of any and all potential witnesses, witnesses, informants, or suspects, including the underlying data and results…

Hon. A. Kathleen Tomlinson
April 6, 2020

**Response from Nassau County (annexed hereto as Exhibit 5):**

*See* Homicide File already produce (Bates Nos. County 000001-County 000091). Additional responsive documents (County 00092-County 02290) are produced herewith. Any additional responsive documents will be produced under separate cover.

**Argument:**

As with items 2(a) and (b) above, Nassau County defendants concede relevance and acknowledge that the identified witnesses were subjected to polygraph examinations. However, despite plaintiff's repeated requests and conferral, Nassau County has produced only the summary "polygraph identification card" and not any of the requested underlying records or data. To understand the universe of records that plaintiff seeks, plaintiff respectfully encloses, as Exhibit 6 for the Court's review, polygraph records from another homicide investigation in which defendant Dempsey was involved. Plaintiff respectfully requests that the Court order the Nassau County defendants to, by a date certain, search for and produce the additional polygraph records as to these witnesses, or an appropriate affidavit on personal knowledge.

d)  <u>Plaintiff's Document Request 1(i): Spiral Notebooks</u>

**Plaintiff's Document Request 1(i):**

Produce any and all documents pertaining to the investigation of the March 20, 1994 murder of Steven Jason or pertaining to the investigation, arrest, and/or prosecution of Joseph Jackson as a suspect in that crime, from the time of the murder on March 20, 1994 until the present day, including <u>but, not limited to,</u> the following:…i. Memo books, notebooks, and notes from all investigating officers, identified by officer name and shield number…

**Response from Nassau County (annexed hereto as Exhibit 5):**

*See* Homicide File already produce (Bates Nos. County 000001-County 000091). Additional responsive documents (County 00092-County 02290) are produced herewith. Any

Hon. A. Kathleen Tomlinson
April 6, 2020

additional responsive documents will be produced under separate cover.

### Response from Village of Freeport (annexed hereto as Exhibit 7):

The Village Defendants object to this demand to the extent it seeks privileged and/or confidential information. The Village Defendants further objects\ (sic) to this demand as irrelevant and not sufficiently tailored to lead to relevant or admissible evidence, overly broad, and unduly burdensome to the extent it seeks "any and all documents" concerning the overly broad subject of the demand. Subject to and without waiving these or any of The Village Defendants' General Objections, see "Exhibit A."

### Argument:

After conferring with defense counsel, it appears that the parties are in agreement that officer memo books, also known as activity logs or spiral notebooks, which memorialize the investigators' movements and activities, are relevant, consistent with the case law in this district. *See, e.g., Jacob v. City of New York*, 07 CV 4141 (ENV) (MDG), 2008 WL 2065706, *1 (E.D.N.Y. May 13, 2008) ("I agree with plaintiffs that the information contained in the memo books may be relevant…"). However, as of this writing, the Nassau County defendants have failed to produce the spiral notebooks of defendants Holland, Mullen or Herts; the Freeport defendants have failed to produce the spiral notebooks of defendants Arthur Zimmer or Robert Melendez. Plaintiff respectfully requests that the Court mandate production by a date certain of the records or appropriate affidavits.

  e) <u>Plaintiff's Interrogatories 1-2 to Defendants Abbondandelo, Dempsey, Alger, Holland, Herts and Severin: Identification of Handwriting</u>

### Plaintiff's Interrogatories 1-2 (served individually on each defendant):

1. Does your handwriting appear anywhere within the following Bates stamp ranges?

7

County 705-708; 741-742; (743-754); (755-786); 789-796; 797-798; 1024-1027; 1118-19; 1122-23; 1124-25; 1635-1638; 1639-1674; 2013-2024; 2039-2052; 2108-2127; 2136-37; 2160; 2168-2200; 2263-64; 2265-66; 2392-94; 2396-97; 2402; 2441-2445; 2446-2449; 2455-2465; 2467; 2469; 2471-2486; 2535; 2537-45; 2546-2622; 2623-2625; 2626-34; 2635-2636; 2638-2650; 2651-53; 2654-57; 2658-73; 2674-91; 2692-97; 2698-2719; 2757-59; 3030-3042; 3044; 3045-3074; 3075-3083; 3114-3128; 3153-54; 3165-67; 3475-3506; 3539-50; 3660-63; 3666-74; 3694; 3727-55; 3883-84; 3931-41; 4147; 4266-4630; 4656-67; 4668-75; 4709-12; 4713-4749; 4814-35; 4836-58; 4859-4910; 4911-5000; 5001-5006; 5029-37; 5038-43; 5044-46; 5083-91; 5092-5109; 5134-5135; 5141-5163; 5178-5192; 5248-49; 5250-54; 5267-5279; 5285-5303; 5304-5330; 5539-5540; 5611-5615; 5686-5738; 5739-5742; 5745-5790; 5794-5799; 5800-5803; 5804-5889; 5908-5957; 5958-5964; 5965-5991; 5992-6003; 6004-6032; 6033-6066; 6167-6269; 6418-6420; 6431-6437; 6438-6440; 6450-6460; 6465-6473; 6474-6485; and 6486-6508.

2. If the answer to Interrogatory No. 1 is yes, for each instance of your handwriting, identify:

   a. The Bates number of the page on which your handwriting appears; and
   b. Where on the page your handwriting appears.

### Response from defendants Abbondandelo, Dempsey, Alger, Holland, Herts and Severin (annexed hereto as Exhibit 8):

Response to No. 1. Object on grounds that responding to this interrogatory, which identifies over 1500 pages of handwritten documents, is overly burdensome; and plaintiff can obtain the information he seeks during depositions.

Response to No. 2. *See* Response to No. 1.

Hon. A. Kathleen Tomlinson
April 6, 2020

Argument:

The handwritten notes referenced in these interrogatories are part of the file from the homicide investigation that forms the basis of plaintiff's prosecution (and 23 year incarceration). The notes, which contain some illegible entries, were produced by defense counsel without identifying the author. Moreover, in some instances multiple distinct handwriting styles appear on a given page.

Defendants concede the relevance of this information, and Rules 701 and 901(b)(2) of the Federal Rules of Evidence specifically permit the authentication of handwriting by nonexpert opinion. *Cf. Wilson v. Corning, Inc.*, 13 CV 210 (DWF) (FLN), 2014 WL 12610210, *5 (D. Minn. Nov. 18, 2014) (granting motion to compel identification of author of document); *United States v. Tipton*, 964 F.2d 650, 655 (7th Cir. 1992) ("Although we have not previously addressed the issue of lay opinion testimony regarding the identification of handwriting, other circuits have allows the admission of law witnesses' handwriting testimony.").

Plaintiff respectfully submits that determining the authorship of these notes is vital to plaintiff's prosecution of this action and the information is well within the ambit of Rules 33 and 26(b). While plaintiff is mindful that the identification will impose a degree of burden on the individual defendants, it should be viewed in the context of a complex wrongful conviction action that could potentially involve significant damages, bolstering plaintiff's side of the proportionality equation. *See* Fed. R. Civ. P. 26(b)(1). It will also broadly serve the Rule 1 interest in efficiency and cost-saving for the issue to be resolved through interrogatories as opposed to a deposition setting that could take substantial time and, more importantly, deprive plaintiff's counsel of the opportunity to prepare for the deposition with knowledge of who authored the voluminous notes at issue. Plaintiff also respectfully submits that it was defendants themselves who created this record, over which plaintiff had no control, and it would be unfair for plaintiff's access to relevant discovery to now be obstructed based on the volume of notes defendants placed in the record.

f) <u>Affidavit regarding Certain Records Nassau County Claims it Cannot Locate</u>

In connection with plaintiff's Document Request 1 (discussed above), plaintiff conferred with counsel to the Nassau County defendants about relevant records referenced in the produced material but not produced (or produced illegibly), including: (i) a subpoena for American Legion payphone records (and responsive

Hon. A. Kathleen Tomlinson
April 6, 2020

records, if any) (referenced at County 2698); (ii) photo packs prepared including suspects other than Mr. Jackson (referenced at County 2648); and (iii) notes at County 2650 (illegible). County defendants have indicated that they are not in possession of the requested material, but have not provided written confirmation as of this writing. Plaintiff respectfully requests that they be required to do so by a date certain.

    g) <u>Challenge to Nassau County Defendants' Confidentiality Designations and Redactions</u>

Nassau County has designated as confidential over 5,500 pages of discovery, limiting plaintiff's ability to use the material to prosecute the action. Plaintiff does not challenge the designation of grand jury material or police training or disciplinary records, but respectfully submits that good cause is lacking as to approximately 4,180 pages largely consisting of police reports, notes, witness information and criminal trial exhibits (bearing Bates Stamp nos. County 683-2278, 2291-2719, 4354-55, 4357-4359, 4360, 4362-65, 4387, 4389-4390, 4393, 4489, 4491, 4492, 4495, 4497, 4499, 4504-4505, 4507, 4509, 4511 and 4631-6508). Plaintiff appropriately raised this issue directly with defendants on a number of occasions, including by e-mails dated June 25, 2019 and February 14, 2020, annexed hereto as Exhibit 10, providing case law. The parties subsequently conferred and, with the exception of a certain portion of the designations,[1] Nassau County declined to reconsider its position. Plaintiff respectfully requests that defendants be ordered to demonstrate good cause for the confidentiality designations before this Honorable Court or withdraw them.

---

[1] By e-mail dated July 19, 2019, defendants agreed to de-designate the following Bates stamp ranges of documents, but have not reproduced the records without the designation as of this writing: County 683-690; 691-704; 705-508; 709-742 (except 715, 718-720, 725, 730, 731, 734); 743-754; 755-778; 779-786; 787-796 (except 795); 797-803; 804-825; 826-855; 857; 858-867; 868-885; 886; 887-1029; 1070-1125; 1362-1638; 1637-1710 (except 1645, 1648, 1649, 1652, 1655, 1659, 1660, 1661, 1664, 1673, 1681, 1684, 1685, 1686, 1688, 1696, 1697, 1700, 1709); 1711-1794; 1795-1809; 1810-1823 (except 1811, 1817); 1824-1855; 1913-2012; 2013-2278 (except 2039, 2045); 2291-2390 (except 2296, 2302, 2305, 2308, 2311, 2316, 2320, 2326, 2328, 2329, 2338, 2340, 2343, 2346, 2369, 2370, 2372, 2379, 2382, 2383, 2384); 2391-2410 (except 2394, 2396, 2397, 2403, 2405, 2406, 2409, 2410); 2411-2430; 2431-2449 (except 2440, 2445, 2446, 2447, 2448, 2449); 2450-2452; 2453-2476 (except 2457, 2458, 2461, 2464, 2469, 2476); 2476-2532; 2533-2548 (except 2541); 2549-2580 (except 2550, 2553, 2554, 2555, 2556, 2557, 2560, 2562, 2563, 2565, 2572, 2574, 2576, 2577, 2580); 2581-2584); 2585-2622 (except 2586, 2592, 2595, 2596, 2597, 2599, 2602, 2605, 2606, 2607, 2608, 2611, 2617); 2651-2719 (except 2677, 2684, 2685, 2699, 2703, 2704, 2707, 2717, 2718, 2719).

Hon. A. Kathleen Tomlinson
April 6, 2020

County defendants have also redacted many of the records, including witness contact information and photographs of suspects and witnesses (documents bearing Bates Stamp nos. County 4750-4752, 4759-4763, 4767-4772, 5110-5123, 5124-5133, 5136-51405141-63, 5164-77, 5193-5208, 5213-5223, 5392-5422, 5739-5742, 5745-5790, 5908-5957, 5965-5991, 5992-6003, 6004-6032, 6052-6121, 6167-6269, 6450-6460 and 6474-6485). As indicated in Exhibit 10, plaintiff has explained to defendants that by designating the material confidential *and* redacting it, defendants have inhibited plaintiff's ability to investigate these facts and prove his claims. Defendants have nevertheless declined to remove the redactions. Accordingly, plaintiff respectfully requests that defendants be ordered to demonstrate good cause for the redactions before this Honorable Court or reproduce the material in unredacted form.[2]

h) <u>Challenge to Nassau County Defendants' Privilege Assertions</u>

On June 20, 2019, Nassau County produced a privilege log, annexed hereto as Exhibit 11. Based on the relevance of the records listed (which relate to the reinvestigation of plaintiff's conviction that resulted in his exoneration), plaintiff promptly challenged the privilege assertions. *See* Exhibit 10. Following conferral, defendants produced records bearing Bates Stamp nos. 3156, 3395-96, 4112-15, 4119 and 4141-42, but maintained the privilege assertions and withheld the remaining documents.

In the log at Exhibit 11, the County relies exclusively on the work-product privilege. But plaintiff respectfully submits that, even if the material is work product, plaintiff has a substantial need for the reinvestigation records (which may reveal, for example, the true perpetrator) and has no other source to obtain them. In any event, plaintiff is entitled to the factual portions of the documents, which are manifest in the plain language of the privilege log (e.g., "memo re call with Maurice Larrea," "memo re phone interview with Skwanitra Witherspoon," "memo re Peddie Jackson," "memo re meeting with Roy Isaacs, Jr.,"). *See Crosby v. City of New York*, 269 F.R.D. 267, 277-

---

[2] Plaintiff respectfully notes that this case is distinguishable from *Dorsett v. Cty. of Nassau*, 762 F. Supp. 2d 500, 509 (E.D.N.Y.), *aff'd*, 800 F. Supp. 2d 453 (E.D.N.Y. 2011), *aff'd sub nom. Newsday LLC v. Cty. of Nassau*, 730 F.3d 156 (2d Cir. 2013) inasmuch as 1) plaintiff does not object to confidential designation of those pages of records reproduced in unredacted form; 2) plaintiff does not intend to release the information publicly beyond its ordinary use in litigation; and 3) the matters at issue occurred almost thirty years ago and there can be no law enforcement justification for redacting them now, particularly when contrasted with plaintiff's interest in prosecuting the instant action.

11

Hon. A. Kathleen Tomlinson
April 6, 2020

79 (S.D.N.Y. 2010) ("Lower courts have consistently treated witness statements as factual rather than opinion work product, even where those statements have been summarized by counsel.") (brackets, citations and internal quotation marks omitted) (collecting cases). Accordingly, plaintiff respectfully requests that the County be ordered to submit the documents to the Court for *in camera* review and that the Court overrule the assertions to the extent it deems appropriate.

### 3) Disputes Outside of Discovery

#### a) Service of the Second Amended Complaint on Dora Mullen

At the March 6th Status Conference, plaintiff was ordered to serve defendant Dora Mullen with the Second Amended Complaint. *See* DE #270, ¶ 4. However, attorneys representing the Nassau County defendants appeared on behalf of Ms. Mullen on January 16, 2020. *See* DE #259-261. Pursuant to Fed. R. Civ. P. 5(b)(1), "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Fed. R. Civ. P. 5(b)(2)(E) further provides that service upon Ms. Mullen's attorneys was "complete upon [ECF] filing." *See, e.g., Simon v. United States*, 12 CV 5209 (ER), 2020 WL 832887, *3 (S.D.N.Y. Feb. 20, 2020) ("Rule 5(b)(1) states that when a party is represented by an attorney, service must be made on the attorney unless the Court orders service on the party. Rule 5(b)(2)(E) provides that service is complete when sending the relevant papers to a registered user via the court's electronic-filing system."). Nevertheless, defense counsel has taken the position that Ms. Mullen has not been served and that, despite the travel restrictions associated with the Covid-19 pandemic, plaintiff's counsel must arrange for Ms. Mullen to be served personally in North Carolina. Plaintiff respectfully requests that the Court deem Ms. Mullen served with the Second Amended Complaint or require defense counsel who noticed their appearance to accept electronic service of the pleading.

#### b) Information Regarding the Estate of Arthur Zimmer

As discussed at the March 6th Status Conference, counsel to the Freeport defendants agreed to identify the administrator, if any, of the defendant Estate of Arthur Zimmer. As of this writing, and despite conferral, plaintiff has received no such information. Given that plaintiff must serve the Second Amended Complaint on the administrator, and that defense counsel has already agreed to disclose the information, plaintiff respectfully requests that the Court order Freeport to identify the administrator (or lack thereof) by a date certain, and to either agree to accept service for the administrator or, in light of the pandemic, provide an email address for electronic

12

Hon. A. Kathleen Tomlinson
April 6, 2020

service. *See* order dated October 21, 2019 (requiring counsel for Freeport to accept service of process for another defendant under different circumstances); *see also, e.g.,* order of the Hon. Robert M. Levy, annexed hereto as Exhibit 9 (permitting substitute service in light of pandemic).

    c)  <u>Plaintiff Intends to Seek a *Dunton* Hearing Prior to Depositions</u>

  Plaintiff respectfully submits that this case presents grounds for a conflict hearing pursuant to *Dunton v. Suffolk Cty., State of N.Y.*, 729 F.2d 903, 908 (2d Cir.), *amended*, 748 F.2d 69 (2d Cir. 1984). However, the issue is not yet ripe since depositions have been stayed. *See* DE #270, ¶ 6. Thus, if it should please the Court, in the interest of judicial economy, plaintiff respectfully informs the Court of his intention to raise the issue at the appropriate juncture.

  Accordingly, plaintiff respectfully requests that the Court grant plaintiff the relief requested herein and such other and further relief as the Court deems just and proper.

  Thank you for your attention to this matter.

            Respectfully submitted,

            Gabriel P. Harvis

Encl.

cc:  All Counsel