**Sunday, April 5, 2020 at 15:07:40 Eastern Daylight Time**

| | |
|---|---|
| **Subject:** | Re: Jackson discovery |
| **Date:** | Monday, March 23, 2020 at 11:03:58 AM Eastern Daylight Time |
| **From:** | Gabriel Harvis |
| **To:** | Meisels, Peter, Loomba, Lalit K., Mastellone, Janine, Stephanie L. Tanzi, Keith M. Corbett, Tracey L. Skeete |
| **CC:** | Baree Fett |
| **Priority:** | High |
| **Attachments:** | image001.png, image002.jpg, image003.png, image004.jpg, image005.png, image006.jpg, image007.png, image008.jpg, image009.png, image010.jpg, image011.png, image012.jpg, image013.png, image014.jpg, image015.png, image016.jpg |

Good morning Counselors,

We write, as instructed by the Court at the March 6th conference and as memorialized in the Minute Entry at DE #270, to schedule a call for the parties to meet and confer in good faith on open discovery issues.

In addition to the issues outlined below (in our March 1st email), to which no defendant has provided a written response or any substantive resolution, please incorporate the following into the agenda:

- Production of outstanding Court-ordered discovery (or plaintiff's Rule 37 motion if not produced):
  - Stationhouse photos (current and vintage for both Nassau and Freeport) (*see* DE #270 at ¶ 8);
  - Original stationhouse logbooks from 1994 for inspection and copying (both Freeport and Nassau) (*see* DE #270 at ¶ 8); and
  - Disciplinary files underlying all similar complaints against any individual defendant (or those related to false statements) without date limitation (Nassau and Freeport) (*see* DE #270 at ¶ 9).
- Responses to plaintiff's supplemental interrogatories dated March 5, 2020;
- Information regarding the estate of Arthur Zimmer (see email dated March 17, 2020); and
- [Issues outlined below in plaintiff's email to defendants dated March 1, 2020].

We propose a call tomorrow or Wednesday and will make ourselves available at your convenience. Please advise and we circulate dial-in information.

Thank you,
Gabe

**Gabriel P. Harvis, Esq.**
**Partner**
Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005
T 212.532.1116
F 212.532.1176





"Elefterakis Law is NYC's power-house personal injury law firm"
~Super Lawyers

---

**From:** Gabriel Harvis <gharvis@elefterakislaw.com>
**Date:** Sunday, March 1, 2020 at 9:12 PM
**To:** "Meisels, Peter" <Peter.Meisels@wilsonelser.com>, "Loomba, Lalit K."
<Lalit.Loomba@wilsonelser.com>, "Mastellone, Janine" <Janine.Mastellone@wilsonelser.com>,
"Stephanie L. Tanzi" <STanzi@HarrisBeach.com>, "Keith M. Corbett"
<KCorbett@HarrisBeach.com>, "Tracey L. Skeete" <tskeete@HarrisBeach.com>
**Cc:** Baree Fett <bfett@elefterakislaw.com>
**Subject:** Re: Jackson discovery

Counselors,

I am summarizing our view of the open discovery issues below.

We would like to confer in advance of the conference on Friday as we intend to raise these issues with
the Court if we cannot resolve them beforehand.

<u>Nassau County</u>
- A *Dunton* hearing is mandatory on these facts, particularly in light of Nassau defendants'
  responses to plaintiff's 1/14/2020 demands (see prior emails);
- Motion to compel response to individual defendants' Interrogatory 1, seeking handwriting
  identification;
- Compel unredacted witness names and photos from prior productions (see prior emails);
- Compel identity of First Deputy Chief of Detectives, Chief of Detectives, Chief of Operations and
  Commissioner of Police for NCPD (*see* County6538) as of March 1994 (see plaintiff's first
  demands);
- Challenge confidentiality and privilege assertions (see prior emails);
- Date for plaintiff's noticed inspection of Nassau County Homicide Squad office and original
  stationhouse records (see prior emails);
- Status of Grand jury minutes and position on a joint motion before Judge Tomlinson (see prior
  emails);
- Motion to compel production of (see prior emails):
  - Disciplinary and personnel records for individuals (we are seeking underlying files, not
    summaries, including material produced in *Restivo*; we have received nothing aside from
    37 pages of summaries) as previously ordered (this is a Rule 37 issue);
  - Polygraph records underlying exams of Tyrone Isaac, Roy Isaac, Takita Dorsey, Peddie
    Jenkins;
  - Peddie Jenkins video statement with intelligible audio;
  - Spiral notebooks/memo books for Mullen, Swenson, Herts, Allaire, Holland;

- All Homicide Lead sheets for Steven Jason homicide;
- Index sheet for the Steven Jason murder investigation file (Plaintiff's Request 1(a));
- Subpoenas served for American Legion payphone records, see County 2698-2719, and any responsive records;
- Production of photo packs referenced in County 2648;
- Legible copy of County2650;
- Motion to compel substantive responses to plaintiff's Doc. Reqs. 6, 16, 17, 18, 19, 21, 23, 25, 36 (see prior emails); and
- Motion for protective order to prevent police officers from attending plaintiff's deposition (see prior emails).

Freeport
- Motion to compel responses by all Freeport defendants to plaintiff's 1/14/2020 demands by a date certain, with objections and potential privilege assertions waived for failure to respond (see prior emails);
- Rule 37 motion for violating Judge Brown's order to produce any disciplinary or personnel records (see prior emails);
- Date for plaintiff's noticed inspection of the Freeport stationhouse and original stationhouse records, including all audio recordings and 911 records and records related to Freeport Case nos. 1386-94; and/or 1000-94 and/or D-6699-94 (see prior emails);
- Motion to compel production of
  - Melendez and Zimmer spiral notebooks (see prior emails);
  - All recordings, like Zimmer-Baldwin, related to this case in the possession of Freeport defendants (see prior emails);
  - All stationhouse logbooks maintained at the Freeport Stationhouse during the period March 20-July 7, 1994 (see prior emails);
- Motion to compel *substantive* responses to plaintiff's first set of discovery demands served in April 2018 (see prior emails);
- Motion to compel organizational chart (see prior emails);
- Motion to compel explanation of County3497 (see prior emails);
- Motion to compel compliance with Court order regarding affidavit filed 12/31/2019 (see prior emails); and
- Motion to compel more specific statement regarding excess insurance coverage (see prior emails).

We also need to discuss defendants' position on plaintiff's proposed Second Amended Complaint per the Court's recent order. Given that the defendants have been served and the claims are timely, we don't see any good faith basis to oppose, but are happy to discuss.

We propose a conference call on Monday, Tuesday or Wednesday to run through these issues.

Please let us know your availability for a call.

Thanks,
Gabe


**Gabriel P. Harvis, Esq.**

**Partner / Co-Chair, Civil Rights Division**
Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005
T 212.532.1116
F 212.532.1176





"Elefterakis Law is NYC's power-house personal injury law firm"
~Super Lawyers

**From:** Gabriel Harvis <gharvis@elefterakislaw.com>
**Date:** Tuesday, February 18, 2020 at 3:43 PM
**To:** "Meisels, Peter" <Peter.Meisels@wilsonelser.com>, "Loomba, Lalit K."
<Lalit.Loomba@wilsonelser.com>, "Mastellone, Janine" <Janine.Mastellone@wilsonelser.com>,
"Stephanie L. Tanzi" <STanzi@HarrisBeach.com>, "Keith M. Corbett" <KCorbett@HarrisBeach.com>
**Cc:** Baree Fett <bfett@elefterakislaw.com>
**Subject:** Re: Jackson discovery

Counsel,

Memorializing our 31 minute call a moment ago:

1. Freeport acknowledges that, without seeking or obtaining plaintiff's consent, it and its employees have
   failed to provide timely written responses to plaintiff's Second Set of Discovery Demands dated
   January 14, 2020 (and attached to our January 14th email at no. 5, see below). Plaintiff informed the
   Freeport defendants that this failure waives any objection or privilege assertion that might otherwise
   be asserted thereto.
2. Freeport indicated that it would search for the spiral notebook of Arthur Zimmer and stationhouse logs
   for 3/20/1994 and its organizational chart and produce that material within two weeks of today.
   Plaintiff clarified that these materials were each requested in plaintiff's April 2018 First Set of Discovery
   Demands.
3. Freeport acknowledged that it has not responded to or otherwise addressed plaintiff's emails
   regarding discovery deficiencies dated November 19, 2019 and January 14, 2020 (reprinted below),
   despite its agreement to do so during the January 14, 2020 conference call.
4. The parties discussed plaintiff's intention to serve the attached Notice of Inspection, which seeks to
   enter the stationhouse (and any facility where Freeport stores its records) to inspect all records in
   possession of Freeport generated by its Police Department during March 20-April 4, 1994 and the
   areas of the stationhouse referred to by Maurice Larrea and/or Glenn Montes and/or elsewhere in the
   record. This is also being served by mail.
5. Plaintiff agreed, at the Village's request, to formally supplement his prior, timely response to Village
   Document Request nos. 27, 31, 33 and 40. Plaintiff's responses are attached hereto and are also being
   served by mail.

6. Plaintiff is also attaching a Notice of Inspection to Nassau County. This is also being served by mail.

Please do not hesitate to contact us with any questions.

Thank you,
Gabe

**Gabriel P. Harvis, Esq.**
*Partner / Co-Chair, Civil Rights Division*
Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116
(212) 532-1176 Fax





"Elefterakis Law is NYC's power-house personal injury law firm"
~Super Lawyers

**From:** Gabriel Harvis <gharvis@elefterakislaw.com>
**Date:** Monday, January 27, 2020 at 5:23 PM
**To:** "Meisels, Peter" <Peter.Meisels@wilsonelser.com>, "Loomba, Lalit K."
<Lalit.Loomba@wilsonelser.com>, "Mastellone, Janine" <Janine.Mastellone@wilsonelser.com>,
"Stephanie L. Tanzi" <STanzi@HarrisBeach.com>, "Keith M. Corbett" <KCorbett@HarrisBeach.com>
**Cc:** Baree Fett <bfett@elefterakislaw.com>
**Subject:** Re: Jackson discovery

Counsel,

Memorializing our 1.1 hour call just now:

1. Mr. Corbett agreed to respond to plaintiff's November 19, 2019 and January 14, 2020 emails.
2. The parties discussed plaintiff's concerns with the affidavit filed by Freeport in response to the Court's order, and it was understood that plaintiff would raise the issue with the Court.
3. The parties discussed the 1/31/2020 deadline for Freeport to disclose insurance coverage.
4. The parties discussed plaintiff's supplemental discovery demands and 30(b)(6) notice and plaintiff's need for substantive responses prior to commencing officer depositions.
5. Mr. Corbett agreed to review the July 22, 2019 proceedings in this case (available at DE #204) and comply with the Court's directive regarding production of Freeport records, including disciplinary and personnel records.
6. Mr. Corbett agreed to produce the "spiral notebook" and memo book of Arthur Zimmer.
7. Plaintiff provided Mr. Corbett with document County 3497 and reiterated his request for an explanation as to who created the document and for what reason.

8. Mr. Corbett agreed to review plaintiff's request for an organizational chart.
9. The parties confirmed the Montes/Larrea depositions will take place on 2/6/2020 at our office.
10. Mr. Corbett will get back to the other parties regarding confirmation of his availability for plaintiff's deposition on 2/11/2020.
11. Nassau County indicated that some individual defendants intend to attend plaintiff's deposition. Plaintiff's counsel expressed concern about this prospect, given the facts of this case and the potential for intimidation. The parties agreed that Nassau County would provide a list of prospective attendees and that plaintiff contemplates applying for a protective order.
12. The parties agreed to exchange draft joint letter portions on February 19th, with a follow up phone call on February 21st at 11am.
13. In response to Mr. Corbett's request for documentation to support plaintiff's allegations against Freeport, plaintiff cited the Montes and Larrea statements, the Anania Declaration, the Freeport Incident Report and the Zimmer-Baldwin recording. Plaintiff agreed to reduce that response to a writing and to provide it to Freeport.
14. Freeport agreed to sign Nassau County's proposed confidentiality stipulation.

The parties did not discuss the open discovery issues between plaintiff and Nassau County outlined below. Plaintiff reiterates his requests that Nassau County respond in writing to the below emails and provide its availability in the next week for a follow-up meet and confer.

Thank you,
Gabe

**Gabriel P. Harvis, Esq.**
Partner / Co-Chair, Civil Rights Division
Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116
(212) 532-1176 Fax





"Elefterakis Law is NYC's power-house personal injury law firm"
~Super Lawyers

**From:** Gabriel Harvis <gharvis@elefterakislaw.com>
**Date:** Thursday, January 16, 2020 at 3:16 PM
**To:** "Meisels, Peter" <Peter.Meisels@wilsonelser.com>, "Loomba, Lalit K."
<Lalit.Loomba@wilsonelser.com>, "Mastellone, Janine" <Janine.Mastellone@wilsonelser.com>,
"Stephanie L. Tanzi" <STanzi@HarrisBeach.com>, "Keith M. Corbett" <KCorbett@HarrisBeach.com>
**Cc:** Baree Fett <bfett@elefterakislaw.com>
**Subject:** Re: Jackson discovery

Good afternoon,

Not having heard from anyone, we are following up on the below. The Rules require conferral. What is counsel's availability tomorrow?

Thanks,
Gabe

**Gabriel P. Harvis, Esq.**
*Partner / Co-Chair, Civil Rights Division*
Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116
(212) 532-1176 Fax





"Elefterakis Law is NYC's power-house personal injury law firm"
~Super Lawyers

---

**From:** Gabriel Harvis <gharvis@elefterakislaw.com>
**Date:** Tuesday, January 14, 2020 at 6:22 PM
**To:** "Meisels, Peter" <Peter.Meisels@wilsonelser.com>, "Loomba, Lalit K."
<Lalit.Loomba@wilsonelser.com>, "Mastellone, Janine" <Janine.Mastellone@wilsonelser.com>,
"Stephanie L. Tanzi" <STanzi@HarrisBeach.com>, "Keith M. Corbett" <KCorbett@HarrisBeach.com>
**Cc:** Baree Fett <bfett@elefterakislaw.com>
**Subject:** Re: Jackson discovery

Good afternoon Counselors,

We write to address open discovery issues in this case in advance of defense depositions scheduled to commence next month.

1. According to our records, the only response we have received from any defendant to our November 19, 2019 email outlining deficiencies (see below) has been the production by Nassau County of an organizational chart and 37 pages of disciplinary print outs. Are we missing anything? Please let us know, as we intend to raise these issues with the Court in the context of a motion for a discovery conference and to compel to be filed this week.
2. Nassau County, why was Detective Swenson not disclosed as a Rule 26(a)(1)(A)(i) witness? He appears to have worked extensively on the Steven Jason homicide investigation, including interviewing multiple witnesses (see, e.g., 2269-72, 3393, 3488, 4764-66, 5044-46, 5124-33, 5134-35, 5136-40, 5267-79, 6167-6269, 6350-546461-64). Do defendants consent to plaintiff adding him as a defendant? Note that

this is in addition to our previous statements of intention to add the Estate of Arthur Zimmer as a defendant and to add *Brady*/Spoliation related claims in connection with the Zimmer-Baldwin interview and Swenson memo book.

3. Additionally, plaintiff intends to move to compel unredacted production of the previously-produced material – given the confidentiality designations, there is no basis for any redactions, especially with regard to photographs, notes and investigatory material that is vital to the prosecution of plaintiff's claims.

4. Plaintiff also intends to address with the Court the inadequacy of the Freeport defendants' supplemental affidavit filed on December 31, 2019.

5. Please see the attached discovery demands and 30(b)(6) notice, which are also being served by mail. Please note that the individual defendants must verify their responses, and the we must receive the responses in advance of depositions.

We would like to confer tomorrow or Thursday in advance of our letter to the Court as required under the Rules. Please advise of your availability.

Also, we just received a call today from Maurice Larrea in response to our subpoena. He asked if it was ok for him and Mr. Montes to be deposed on the same day. We said that was not a problem and that we would accommodate them on either the 6th or 11th of February, with one in the morning and one in the afternoon. Larrea is going to speak to Montes and let us know which date is better for them. As soon as we hear from him, we will advise all parties.

Thanks,
Gabe

**Gabriel P. Harvis, Esq.**
Partner / Co-Chair, Civil Rights Division
Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116
(212) 532-1176 Fax





**From:** Gabriel Harvis <gharvis@elefterakislaw.com>
**Date:** Tuesday, November 19, 2019 at 10:10 PM
**To:** "Meisels, Peter" <Peter.Meisels@wilsonelser.com>, "Loomba, Lalit K." <Lalit.Loomba@wilsonelser.com>, "Mastellone, Janine" <Janine.Mastellone@wilsonelser.com>,

"Stephanie L. Tanzi" <STanzi@HarrisBeach.com>, "Keith M. Corbett" <KCorbett@HarrisBeach.com>
**Cc:** Baree Fett <bfett@elefterakislaw.com>
**Subject:** Re: Jackson discovery

Counselors,

In advance of our call tomorrow at 4pm, we write to outline plaintiff's position on open discovery issues.

**Plaintiff's open issues with Nassau County (this list is not exhaustive):**
- Failure to disclose officer disciplinary records and personnel files in violation of discovery orders;
- Sequence of 30(b)(6) deposition;
- Abuse of confidentiality designations – only personally-identifying information of non-parties and HIPAA-protected medical records should be redacted from public filings (all documents should be electronically reproduced without "confidential");
- Litigation of privilege assertions;
- Anania deposition scheduling and retention of conflict counsel;
- Polygraph records underlying exams of Tyrone Isaac, Roy Isaac, Takita Dorsey, Peddie Jenkins;
- Peddie Jenkins video statement with intelligible audio;
- Spiral notebooks/memo books for Mullen, Swenson, Herts, Allaire, Holland;
- Homicide Lead sheets (*see, e.g.,* County 4636);
- Index sheet for the Steven Jason murder investigation file (Plaintiff's Request 1(a));
- Identification of the author of unattributed notes, e.g., County 2468;
- Subpoenas served for American Legion payphone records, see County 2698-2719, and any responsive records;
- Unredacted photo of Michael Skillings (who is deceased) (County 6170);
- County 2650 is illegible;
- Production of photo packs referenced in County 2648;
- Author of notes at County 3030-3042;
- Production of notes of meetings referenced at County 2623-25;
- Production of audio and video referenced at County 1004-07;
- Author of note at County 33;
- Author of note at County 3727-55;
- No substantive response to plaintiff's Doc. Reqs. 6, 16, 17, 18, 19, 21, 23, 25, 36; and
- No organizational chart produced.

**Plaintiff's open issues with Freeport (this list is not exhaustive):**
- Failure to disclose officer disciplinary records and personnel files in violation of discovery orders;
- Sequence of 30(b)(6) deposition;
- No substantive responses to plaintiff's Doc. Reqs., *generally*;
- Memo books and spiral notebooks of individual defendants, including Zimmer;
- Recordings of interviews, such as Peddie Baldwin's 6/6/94 interview (see prior email);
- Explanation of County 3497;
- Freeport File No. 1386-94;
- Freeport File Nos. 1000-94 & D-6699-94; and
- No organizational chart produced.

**Nassau County's Request for Releases**
- We have no objection to providing releases for Mr. Jackson's incarceration records, including medical records. To that end, we will provide an executed New York State Department of Health form DOH-5032 (allowing access to Mr. Jackson's state medical records) and a HIPAA form (allowing access to the Nassau County jail medical records). With respect to the non-medical incarceration records, we will

execute and return the Nassau County Jail release you provided. As to the state records, we reiterate our request that your office provide a release for our execution – the facilities where Mr. Jackson was incarcerated were identified in his 50-h testimony.

- We will also execute and return the authorizations for access to Mr. Jackson's Appellate Division and Court of Appeals records.
- Plaintiff has not received post-release medical or psychological treatment, with the exception of his application for a medical marijuana certification in the State of Delaware. We do not believe the material underlying plaintiff's application for this certification is discoverable, but we are happy to confer on the issue.
- Mr. Jackson did not file taxes during the period 1990-1994.
- Mr. Jackson's medical costs have not been paid by any third-parties.

Thanks,
Gabe

**Gabriel P. Harvis, Esq.**
*Partner / Co-Chair, Civil Rights Division*
Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116
(212) 532-1176 Fax





"Elefterakis Law is NYC's power-house personal injury law firm"
~Super Lawyers

---

**From:** Gabriel Harvis <gharvis@elefterakislaw.com>
**Date:** Friday, September 6, 2019 at 4:19 PM
**To:** "Mastellone, Janine" <Janine.Mastellone@wilsonelser.com>, "Loomba, Lalit K." <Lalit.Loomba@wilsonelser.com>, "Meisels, Peter" <Peter.Meisels@wilsonelser.com>
**Cc:** Baree Fett <bfett@elefterakislaw.com>
**Subject:** Re: Jackson discovery

Counselors,

For your convenience and per your request, I am outlining the open issues to facilitate discussion and resolution:

1. **The Grand Jury Minutes.** Plaintiff joins in defendants' contemplated motion. Unlike NYCPL § 160.50, § 190.25(4) has no provision for the former criminal defendant to authorize the release of the grand jury minutes – it requires a court order. If there is authority to the contrary, please provide it and we will consider it. In the meantime, when will the application be presented? We would like to be apprised of

its submission and to receive notice as to any hearings that are scheduled. Also, please confirm that all grand jury minutes related to the criminal prosecution have already been produced.

2. **Categorization and labeling of prior productions per FRCP 34(b)(2)(E)(i).** At the last conference, the Court instructed the parties to meet and confer on this issue. Tr. at p. 33:24-25. Our position is that your office's prior productions failed to comply with Rule 34's categorization requirement and that the forthcoming productions must also comply. What is your position, and when will plaintiff receive an adequate description of the produced documents?

3. **Production of disciplinary records.** We took the liberty of reviewing the transcript from the last conference per Mr. Meisel's directive during our recent call. The disciplinary discovery is discussed on pp. 35-36. The Court clearly instructed your office to "turn over what you can" on a rolling basis, using "due diligence" to reduce any material submitted for potential *in camera* review to "the bare minimum." There is a well settled body of law to inform this process. *See, e.g., Frails v. City of New York*, 236 F.R.D. 116 (E.D.N.Y. 2006) (disciplinary records regarding similar allegations or alleged false statements to be produced, regardless of disposition) *and King v. Conde*, 121 F.R.D. 180 (E.D.N.Y. 1980) (in order to withhold disciplinary or personnel records in federal police misconduct litigation, "The police must make a 'substantial threshold showing,' that there are specific harms likely to accrue from disclosure of specific materials, based upon the balancing test set forth below.") (citation omitted). Please confirm that all responsive disciplinary and personnel records are being produced. If defendants intend to withhold any material, please provide the affidavits and other supporting material required under *King* as soon as possible. If there is any dispute about the Court's ruling at the last conference, please advise so that we can raise the issue without delay. We would like to have this issue resolved in advance of the production deadline.

4. **Rescheduling the 30(b)(6) deposition.** When we spoke the other day, our understanding of your proposal was that the 30(b)(6) depositions should take place during some future party deposition phase after the production of documents. We do not consent to proceeding in this fashion and it is our position that defendants improperly adjourned the prior deposition without due notice. Indeed, the Court approved of our proposal at the last conference. Tr. at p. 33:6-19. Given this, we hope you will reconsider and promptly (i) identify the witnesses who will testify on the listed topics, (ii) provide available dates for the examination(s), and (iii) agree to a date certain deadline for production of the requested documents.

5. **Defendants' privilege log.** As we have mentioned several times, plaintiff challenges defendants' privilege assertions. As previously discussed, there is not even a privilege asserted as to several of the documents, and the others clearly contain discoverable factual information. Will defendants produce this material? If not, it will be the subject of a motion to compel.

6. **ADA Anania and Walsh subpoenas and *Dunton* issues.** After defying plaintiff's duly-served subpoenas to the DA witnesses (dated April 3, 2019), your office belatedly identified conflict counsel as having been retained to represent the DA witnesses. After that, without explanation or any production of records, we were notified that your office would be representing the district attorney witnesses directly. That happened in the first week of May 2019. Since then we have heard nothing further and have not received the documents responsive to the subpoenas or available dates for the witnesses. Moreover, the recent spoliation revelation (*see* DE #206, *et seq*) exacerbates already compelling conflict issues surrounding the proposed concurrent representation, which must be resolved. Will defendants agree to a date certain for the production of the records and the depositions, with the ADAs independently represented? If not, we will ask the Court to enforce the subpoena and conduct a *Dunton* hearing.

We are available to speak this afternoon, or any time Monday. I think it would be most productive for your office to provide its position in writing as to the above listed items in advance of the call.

Thanks,
Gabe

**Gabriel P. Harvis, Esq.**
*Partner / Co-Chair, Civil Rights Division*
Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116
(212) 532-1176 Fax



   

"Elefterakis Law is NYC's power-house personal injury law firm"
~Super Lawyers