| | |
|---|---|
| **Subject:** | RE: Jackson vs. County of Nassau et al. |
| **Date:** | Tuesday, June 25, 2019 at 11:26:44 AM Eastern Daylight Time |
| **From:** | Loomba, Lalit K. |
| **To:** | Gabriel Harvis |
| **CC:** | Meisels, Peter, Mastellone, Janine, Holubis, Allison, Baree Fett |
| **Attachments:** | image005.png, image007.jpg |

Dear Mr. Harvis,

With respect to the documents marked confidential, please provide us the bate numbers of the documents you are challenging. We will consider those and get back to you.

With respect to the assertion of the work product privilege, each of the documents withheld was drafted by attorneys in the conviction integrity unit and reflects their investigation and analysis of Mr. Jackson's underlying prosecution and conviction. This investigation and analysis was prepared in anticipation of a possible legal application by the District Attorney's Office with respect to Jackson's conviction. The documents reflect both the CIU attorneys' investigations and thought processes and are therefore protected.

With respect to the rap sheets, we are not aware that such are publicly available. However, if that is the case, then plaintiff should have no problem obtaining rap sheets directly. They are prepared by the New York State Division of Criminal Justice Services, Alfred E. Smith Building, 80 South Swan Street, Albany, NY 12210, Tel: 800-262-DCJS.

Sincerely,

Lalit K. Loomba
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, NY 10604
914.872.7118 (Direct)
914.5003902 (Cell)
914.323.7000 (Main)
914.323.7001 (Fax)
lalit.loomba@wilsonelser.com

---

**From:** Gabriel Harvis [mailto:gharvis@elefterakislaw.com]
**Sent:** Monday, June 24, 2019 4:57 PM
**To:** Loomba, Lalit K. <Lalit.Loomba@wilsonelser.com>
**Cc:** Meisels, Peter <Peter.Meisels@wilsonelser.com>; Mastellone, Janine <Janine.Mastellone@wilsonelser.com>; Holubis, Allison <Allison.Holubis@wilsonelser.com>; Baree Fett <bfett@elefterakislaw.com>
**Subject:** Re: Jackson vs. County of Nassau et al.

Good afternoon,

We have not received a response to the below e-mail from June 6th. Further, in reviewing County defendants' recent supplemental production and letter dated June 20, 2019, it appears that many basic documents have again been improperly designated as confidential. *See, e.g.,* County2304. It is well-settled that defendants bear the burden of establishing good cause to maintain confidentiality:

> [T]he burden is on the party seeking [confidentiality] to show good cause, with particular factual support, why [confidentiality] is necessary. Lawfulness of police operations is a matter of great concern to citizens in a democracy and [confidentiality] must not be granted without that public interest in mind...Every redaction must pass the balancing test.

*King v. Conde,* 121 F.R.D. 180, 189 (E.D.N.Y. 1988) (Weinstein, J.) (quotation marks and citations omitted); *Gambale v. Deutsche Bank*, 377 F.3d 133, 142 (2d Cir. 2004) ("'[T]he party seeking a protective order has the burden of showing that good cause exists for issuance of that order. It is equally apparent that the obverse also is true, *i.e.,* if good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public for inspection.'") (quoting *In re "Agent Orange" Products Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987)).

To show good cause under Rule 26(c), the party asserting confidentiality must make a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Havens v. Metropolitan Life Ins. Co.*, 94 CV 1402 (CSH), 1995 U.S. Dist. Lexis 5183, *29 (S.D.N.Y. April 20, 1995) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)); *see also Carlson v. Geneva City Sch. Dist.*, 277 F.R.D. 90, 94 (W.D.N.Y. 2011) (requiring "defined, specific, and serious injury" in case with public agency as a defendant) (citation omitted); *Schiller v. City of New York ("Schiller II")*, 04 CV 7922 (KMK) (JCF), 04 CV 7921 (KMK) (JCF), 2007 U.S. Dist. Lexis 4285, *17-18 (S.D.N.Y. Jan. 19, 2007) (noting that "the harm must be significant, not a mere trifle") (internal citation and quotation marks omitted); *Allen v. City of New York*, 420 F.Supp.2d 295, 302 (S.D.N.Y. 2006) (to establish good cause, a party must demonstrate that "a clearly defined and serious injury . . . would result from disclosure of the document") (internal citations and quotation marks omitted); *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (ordinarily good cause, exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury") (internal citations and quotation marks omitted).

Here, defendants cannot establish good cause with respect to the produced records, which consist of material ordinarily exchanged in police misconduct litigation. Nor does defendants' generalized desire to avoid taking the time apply redactions bear on the analysis. *See id*.

Second, we intend to seek production of the documents listed on defendants' June 20th privilege log. For several entries, including RAP sheets that are publicly-available, the County does not even assert a basis to withhold the material - and the documents should be produced immediately. For most of the others, the only asserted basis, work-product, is inapplicable and, in any event, defendants are far short the threshold showing necessary to support an assertion of this privilege.

A party invoking a privilege "has the burden of proving the facts on which the privilege claim is based, and must do so by competent and specific evidence, rather than by conclusory or ipse dixit assertions." *JSMS Rural LP v. GMG Capital Partners III, LP*, 2006 WL 1520087, *3 (S.D.N.Y., 2006) (citing *United States v. Doe*, 219 F.2d 175, 182 (2d Cir. 2000)); *vonBulow v. vonBulow*, 811 F.2d 136, 144 (2d Cir. 1987). *See also In re The City of New York*, 607 F.3d 923, 945 (2nd Cir. 2010).

A submission which consists of the legal description of each privilege and a conclusory statement that the privilege applies, fails to make this threshold showing. See *Bick v. City of New York*, 1997 WL 381801, at *8 (S.D.N.Y. July 10, 1997) (to "offer simply their counsel's general summary of the legal criteria for each of these [privilege] claims and a conclusory assertion by counsel that they justify precluding [production]" is not sufficient to meet defendant's burden); *King*, 121 F.R.D. at 189 ("… [defendants] must do more than alert the court to the . . . privilege . . . or generalized policies that support it.).

An assertion of the privilege by the agency's counsel is not sufficient; the privilege must be invoked by the head of the governmental agency which has control over the information to be protected, after personal review of the documents in question.  *See Mobile Oil Corp. v. Department of Energy*, 102 F.R.D. 1, 6-7 (N.D.N.Y. 1983); *Mobile Oil Corp*, 520 F.Supp. at 808.  *See King*, 121 F.R.D. 180, 189 (E.D.N.Y. 1988) ("In order to assert a claim of privilege against disclosure of police materials to a plaintiff raising federal civil rights claims against a police defendant, [defendants] . . . must make a 'substantial threshold showing' that there are specific harms likely to accrue from disclosure of specific materials."). Reason for this specificity is understandable. Unless the party invoking the privilege satisfies this burden it would be difficult, if not impossible, for plaintiffs to challenge or overcome the privileges without more information about the particular documents at issue or the anticipated harm in their disclosure.  *See also*, *Melendez*, 2003 WL 22434101, at *5 (quoting *King*, 121 F.R.D. at 189); *see also*, e.g., *Cruz*, 1997 WL 839485, at *2; *Ferguson*, 1997 WL 580689, at *2; *SEC v. Thrasher*, 92 Civ. 6987 (JFK), 1995 WL 46681, at *10 (S.D.N.Y. Feb. 7, 1995) ("What unites these slightly disparate but overlapping principles is that the protection they afford a governmental body is conditioned on a specific showing of harm by the agency if the information were disclosed."). Requiring such a showing comports with the "axiomatic" rule that "the burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship." *von Bulow*, 811 F.2d at 144 (citation omitted).

This threshold showing must include an affidavit or declaration from an "official in the police agency (not the defendants' attorney) and must explain (not merely state conclusorily) how the materials at issue have been generated or collected; how they have been kept confidential; what specific interests (*e.g.* of the police officers, of law enforcement, or of public concern) would be injured by disclosure to plaintiff, to plaintiff's attorney, and to the public; and the projected severity of each such injury." *King*, 121 F.R.D. at 189. Only if defendants make this substantial initial showing "may the Court then review the documents in camera and decide which, if any, to withhold from disclosure based on a balancing of competing interests." *Melendez*, 2003 WL 22434101, at *5; accord, e.g., *Malsh*, 1995 WL 217507, at *3; *Unger*, 125 F.R.D. at 70; *King*, 121 F.R.D. at 189.

Even where work-product protection applies, "the protection is not absolute. Disclosure of work product may be ordered if the party seeking it can demonstrate substantial need for the information and an inability to obtain the information, or a substantial equivalent of it, by other means without undue hardship." Id. (citations omitted); see also In re Grand Jury Proceedings, 219 F.3d 175, 190-91 (2d Cir. 2000).

Courts considering applications for disclosure of attorney work product distinguish between work product that is primarily factual and "core" work product,
"which includes the 'mental impressions, conclusions, opinions, or legal theories of an attorney.'" *Crosby v. City of New York*, 269 F.R.D. at 277 (quoting *Abdell*, 2006 WL 2664313, at *6). Disclosure of factual work product may be ordered on a showing of substantial need and an inability to obtain the material or its substantial equivalent without undue hardship. *Abdell*, 2006 WL 2664313, at *6. The requirement as to "core" work product is more stringent; the Second Circuit has stated that "at a minimum such material is to be protected unless a highly persuasive showing [of need] is made." *In re Grand Jury Proceedin*gs, 219 F.3d at 190-91 (quoting *Adlman*, 134 F.3d at 1204) (alteration in original).

We would like to confer and see if we can resolve plaintiff's concerns about the privilege assertions and confidentiality designations. If we cannot, we intend to move the Court and seek an award of costs pursuant to Rule 37. We would also like to discuss the issues raised in our June 5th email regarding defendants' refusal to produce core disciplinary and personnel records of the individual defendants.

What is your availability this week?

Thank you,

Gabe

**Gabriel P. Harvis, Esq.**
**Partner / Co-Chair, Civil Rights Division**
Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116
(212) 532-1176 Fax





---

**From:** Gabriel Harvis <gharvis@elefterakislaw.com>
**Date:** Thursday, June 6, 2019 at 4:01 PM
**To:** "Loomba, Lalit K." <Lalit.Loomba@wilsonelser.com>
**Cc:** "Meisels, Peter" <Peter.Meisels@wilsonelser.com>, "Mastellone, Janine" <Janine.Mastellone@wilsonelser.com>, "Holubis, Allison" <Allison.Holubis@wilsonelser.com>
**Subject:** Re: Jackson vs. County of Nassau et al.

The issue is you have to show good cause for the designation under the case law and our confidentiality stipulation - why would hearing and trial exhibits be confidential, when they were taken into evidence at a public proceeding? Thanks.

**Gabriel P. Harvis, Esq.**
**Partner / Co-Chair, Civil Rights Division**
Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116
(212) 532-1176 Fax





**From:** "Loomba, Lalit K." <Lalit.Loomba@wilsonelser.com>
**Date:** Thursday, June 6, 2019 at 3:59 PM
**To:** Gabriel Harvis <gharvis@elefterakislaw.com>
**Cc:** "Meisels, Peter" <Peter.Meisels@wilsonelser.com>, "Mastellone, Janine" <Janine.Mastellone@wilsonelser.com>, "Holubis, Allison" <Allison.Holubis@wilsonelser.com>
**Subject:** Jackson vs. County of Nassau et al.

Dear Mr. Harvis,

Regarding your e-mail sent last night at 11:03 p.m. concerning the County Defendants' document production, please note that the entire thumb drive was not marked confidential, only the hearing and trial exhibits were so marked. If there are specific documents that you believe should not be marked confidential please identify them, and we will take that under advisement. We expect that a supplemental production will be served sometime next week.

Sincerely,

Lalit K. Loomba
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, NY 10604
914.872.7118 (Direct)
914.5003902 (Cell)
914.323.7000 (Main)
914.323.7001 (Fax)
lalit.loomba@wilsonelser.com

CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at www.wilsonelser.com or refer to
any of our offices.
Thank you.
**DISCLAIMER FOR ELECTRONIC COMMUNICATIONS NOTICE TO RECIPIENTS: The information contained in (and attached to) this e-mail is intended only for the personal and confidential

use of the designated recipient(s) named above. This message may be an attorney/client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you received this communication in error, please notify us immediately by reply e-mail, and delete the original message (including attachments).

```
CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at www.wilsonelser.com or refer to
any of our offices.
```
Thank you.

| | |
|---|---|
| **Subject:** | Re: Jackson discovery |
| **Date:** | Friday, February 14, 2020 at 6:26:19 PM Eastern Standard Time |
| **From:** | Gabriel Harvis |
| **To:** | Mastellone, Janine, Loomba, Lalit K., Meisels, Peter, scott.mendelsohn@wilsonelser.com |
| **CC:** | Baree Fett |
| **Attachments:** | image001.png, image002.jpg, image003.png, image004.jpg, image005.jpg, image006.jpg, image007.jpg |

As requested, here is a rundown of the issues with improperly designated material.

| Bates | Substance | Objection |
|---|---|---|
| 683-2278 | Police reports, notes, witness information and trial exhibits | There is no good cause to designate this material confidential |
| 2291-2719 | Same | Same |
| 4354-55, 4357-4359, 4360,4362-65, 4387, 4389-4390, 4393, 4489, 4491,4492, 4495, 4497, 4499, 4504-4505, 4507,4509, 4511 | Same | Same |
| 4631-6508 | Same | Same |
| 6539-7859 | Outdated training materials | Same |

We are challenging these designations and all of the redactions.

The case law is clear that defendants bear the burden in demonstrating good cause. *Schiller v. City of New York*, 04-CV-7921 (KMK) (JCF), 2007 WL 136149, *2 (S.D.N.Y. Jan. 19, 2007) ("the party seeking a protective order under Rule 26(c) has the burden of showing that good cause exists for issuance of" a protective order) (collecting cases).

> "Ordinarily, good cause [for a protective order] exists 'when a party shows that disclosure will result in a clearly defined, specific and serious injury.'" *In Re Terrorist Attacks,* 454 F.Supp.2d at 222 (citing *Shingara v. Skiles,* 420 F.3d 301, 306 (3d Cir. 2005)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. Moreover, the harm must be significant, not a mere trifle." *Cipollone,* 785 F.2d at 1121 (internal citations omitted); *see also Allen,* 420 F.Supp.2d at 302 (finding that "generalized and unsupported claims of harm that might result from disclosure" do not constitute good cause).

*Schiller*, 2007 WL 136149 at *5. Defendants have not even attempted to articulate facts that would carry this heavy burden. The remote nature of the events at issue further militates in favor of disclosure. Further, Courts have recognized a presumptive right of access to materials exchanged in discovery. *See, e.g., In re Application of Nat'l Broad. Co.*, 635 F.2d 945, 952 (2d Cir. 1980) ("The presumption [of public access] is especially strong in a case like this where the evidence shows the actions of public officials, both the defendants and law enforcement personnel.") (emphasis added); King v. Conde, 121 F.R.D. 180, 189 (E.D.N.Y. 1988) (Weinstein, J.) ("Lawfulness of police operations is a matter of great concern to citizens in a democracy and [confidentiality] must not be granted without that public interest in mind.").

We are not challenging the designation of the grand jury testimony, but we see no justification for any other designations or redactions. Indeed, most of the redactions are of witness information, which defendants are

affirmatively obligated to disclose under Rules 26(a) and 33. Further material cannot be both designated and redacted – this prevents us from basic investigation of the case.

If you remove the redactions, we are ok with your office designating specific pages containing non-party contact information as confidential.

Let's discuss Monday, as we are planning to bring this to the Court.

Thanks,
Gabe

**Gabriel P. Harvis, Esq.**
**Partner / Co-Chair, Civil Rights Division**
Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116
(212) 532-1176 Fax





"Elefterakis Law is NYC's power-house personal injury law firm"
~Super Lawyers

---

**From:** "Loomba, Lalit K." <Lalit.Loomba@wilsonelser.com>
**Date:** Thursday, February 13, 2020 at 11:36 AM
**To:** Gabriel Harvis <gharvis@elefterakislaw.com>, Baree Fett <bfett@elefterakislaw.com>
**Cc:** "Meisels, Peter" <Peter.Meisels@wilsonelser.com>, "Mastellone, Janine" <Janine.Mastellone@wilsonelser.com>
**Subject:** RE: Jackson discovery

Gabe,

Sorry for the delayed response. As you may have heard, Wilson Elser has had some email issues this week, and we just recently received your email.

We are happy to reconsider specific documents regarding confidentiality and redaction issues you may have, but cannot agree to lifting the designations or redactions wholesale. In our view, you have yet to articulate a reason why having the documents in non-confidential format is crucial to your ability to prosecute the case.

We are available to discuss at a mutually convenient time,

Lalit K. Loomba
Of Counsel

Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, NY 10604
914.872.7118 (Direct)
914.500.3902 (Cell)
914.323.7000 (Main)
914.323.7001 (Fax)
lalit.loomba@wilsonelser.com

**From:** Gabriel Harvis [mailto:gharvis@elefterakislaw.com]
**Sent:** Thursday, February 13, 2020 10:14 AM
**To:** Meisels, Peter <Peter.Meisels@wilsonelser.com>; Loomba, Lalit K. <Lalit.Loomba@wilsonelser.com>; Mastellone, Janine <Janine.Mastellone@wilsonelser.com>; Stephanie L. Tanzi <STanzi@HarrisBeach.com>; Keith M. Corbett <KCorbett@HarrisBeach.com>
**Cc:** Baree Fett <bfett@elefterakislaw.com>
**Subject:** Re: Jackson discovery

**[External Email]**

Will we receive a response to this?

**Gabriel P. Harvis, Esq.**
**Partner / Co-Chair, Civil Rights Division**
Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116
(212) 532-1176 Fax




**From:** Gabriel Harvis <gharvis@elefterakislaw.com>
**Date:** Monday, February 10, 2020 at 2:55 PM
**To:** "Meisels, Peter" <Peter.Meisels@wilsonelser.com>, "Loomba, Lalit K." <Lalit.Loomba@wilsonelser.com>, "Mastellone, Janine" <Janine.Mastellone@wilsonelser.com>, "Stephanie L. Tanzi" <STanzi@HarrisBeach.com>, "Keith M. Corbett" <KCorbett@HarrisBeach.com>
**Cc:** Baree Fett <bfett@elefterakislaw.com>
**Subject:** Re: Jackson discovery

Hi Peter, Lalit and Janine,

Will you reproduce the prior production with the photographs and other redactions revealed and without the confidentiality designations? For example, we see a number of documents such as the Morning Report (County 970-73) that were entered in the public record of the criminal proceedings and are improperly designated. We have also previously discussed the improper photograph redactions (e.g. Skillings) and non-party witness redactions that have no legitimate basis. We need this material revealed and in non-confidential form to prosecute this case.

If you do not agree to prompt reproduction, we intend to bring the issue to the Court's attention shortly.

Given that we've already discussed this at length, we believe we have complied with our conferral obligations. If you disagree, we are happy to talk further, but it needs to be soon. Please let us know your position so we can move forward. This is separate from and without prejudice to our ongoing discussions about the other discovery deficiencies outlined below.

Please advise.

Thanks,
Gabe

**Gabriel P. Harvis, Esq.**
**Partner / Co-Chair, Civil Rights Division**
Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116
(212) 532-1176 Fax





"Elefterakis Law is NYC's power-house personal injury law firm"
~Super Lawyers

---

**From:** Gabriel Harvis <gharvis@elefterakislaw.com>
**Date:** Thursday, January 16, 2020 at 3:16 PM
**To:** "Meisels, Peter" <Peter.Meisels@wilsonelser.com>, "Loomba, Lalit K." <Lalit.Loomba@wilsonelser.com>, "Mastellone, Janine" <Janine.Mastellone@wilsonelser.com>, "Stephanie L. Tanzi" <STanzi@HarrisBeach.com>, "Keith M. Corbett" <KCorbett@HarrisBeach.com>
**Cc:** Baree Fett <bfett@elefterakislaw.com>
**Subject:** Re: Jackson discovery

Good afternoon,

Not having heard from anyone, we are following up on the below. The Rules require conferral. What is

counsel's availability tomorrow?

Thanks,
Gabe

**Gabriel P. Harvis, Esq.**
**Partner / Co-Chair, Civil Rights Division**
Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116
(212) 532-1176 Fax





---

**From:** Gabriel Harvis <gharvis@elefterakislaw.com>
**Date:** Tuesday, January 14, 2020 at 6:22 PM
**To:** "Meisels, Peter" <Peter.Meisels@wilsonelser.com>, "Loomba, Lalit K." <Lalit.Loomba@wilsonelser.com>, "Mastellone, Janine" <Janine.Mastellone@wilsonelser.com>, "Stephanie L. Tanzi" <STanzi@HarrisBeach.com>, "Keith M. Corbett" <KCorbett@HarrisBeach.com>
**Cc:** Baree Fett <bfett@elefterakislaw.com>
**Subject:** Re: Jackson discovery

Good afternoon Counselors,

We write to address open discovery issues in this case in advance of defense depositions scheduled to commence next month.

1. According to our records, the only response we have received from any defendant to our November 19, 2019 email outlining deficiencies (see below) has been the production by Nassau County of an organizational chart and 37 pages of disciplinary print outs. Are we missing anything? Please let us know, as we intend to raise these issues with the Court in the context of a motion for a discovery conference and to compel to be filed this week.
2. Nassau County, why was Detective Swenson not disclosed as a Rule 26(a)(1)(A)(i) witness? He appears to have worked extensively on the Steven Jason homicide investigation, including interviewing multiple witnesses (see, e.g., 2269-72, 3393, 3488, 4764-66, 5044-46, 5124-33, 5134-35, 5136-40, 5267-79, 6167-6269, 6350-546461-64). Do defendants consent to plaintiff adding him as a defendant? Note that this is in addition to our previous statements of intention to add the Estate of Arthur Zimmer as a defendant and to add *Brady*/Spoliation related claims in connection with the Zimmer-Baldwin interview and Swenson memo book.
3. Additionally, plaintiff intends to move to compel unredacted production of the previously-produced

material – given the confidentiality designations, there is no basis for any redactions, especially with regard to photographs, notes and investigatory material that is vital to the prosecution of plaintiff's claims.
4. Plaintiff also intends to address with the Court the inadequacy of the Freeport defendants' supplemental affidavit filed on December 31, 2019.
5. Please see the attached discovery demands and 30(b)(6) notice, which are also being served by mail. Please note that the individual defendants must verify their responses, and the we must receive the responses in advance of depositions.

We would like to confer tomorrow or Thursday in advance of our letter to the Court as required under the Rules. Please advise of your availability.

Also, we just received a call today from Maurice Larrea in response to our subpoena. He asked if it was ok for him and Mr. Montes to be deposed on the same day. We said that was not a problem and that we would accommodate them on either the 6th or 11th of February, with one in the morning and one in the afternoon. Larrea is going to speak to Montes and let us know which date is better for them. As soon as we hear from him, we will advise all parties.

Thanks,
Gabe


**Gabriel P. Harvis, Esq.**
**Partner / Co-Chair, Civil Rights Division**
Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116
(212) 532-1176 Fax





"Elefterakis Law is NYC's power-house personal injury law firm"
~Super Lawyers

---

**From:** Gabriel Harvis <gharvis@elefterakislaw.com>
**Date:** Tuesday, November 19, 2019 at 10:10 PM
**To:** "Meisels, Peter" <Peter.Meisels@wilsonelser.com>, "Loomba, Lalit K." <Lalit.Loomba@wilsonelser.com>, "Mastellone, Janine" <Janine.Mastellone@wilsonelser.com>, "Stephanie L. Tanzi" <STanzi@HarrisBeach.com>, "Keith M. Corbett" <KCorbett@HarrisBeach.com>
**Cc:** Baree Fett <bfett@elefterakislaw.com>
**Subject:** Re: Jackson discovery

Counselors,

In advance of our call tomorrow at 4pm, we write to outline plaintiff's position on open discovery issues.

**Plaintiff's open issues with Nassau County (this list is not exhaustive):**
- Failure to disclose officer disciplinary records and personnel files in violation of discovery orders;
- Sequence of 30(b)(6) deposition;
- Abuse of confidentiality designations – only personally-identifying information of non-parties and HIPAA-protected medical records should be redacted from public filings (all documents should be electronically reproduced without "confidential");
- Litigation of privilege assertions;
- Anania deposition scheduling and retention of conflict counsel;
- Polygraph records underlying exams of Tyrone Isaac, Roy Isaac, Takita Dorsey, Peddie Jenkins;
- Peddie Jenkins video statement with intelligible audio;
- Spiral notebooks/memo books for Mullen, Swenson, Herts, Allaire, Holland;
- Homicide Lead sheets (*see, e.g.,* County 4636);
- Index sheet for the Steven Jason murder investigation file (Plaintiff's Request 1(a));
- Identification of the author of unattributed notes, e.g., County 2468;
- Subpoenas served for American Legion payphone records, see County 2698-2719, and any responsive records;
- Unredacted photo of Michael Skillings (who is deceased) (County 6170);
- County 2650 is illegible;
- Production of photo packs referenced in County 2648;
- Author of notes at County 3030-3042;
- Production of notes of meetings referenced at County 2623-25;
- Production of audio and video referenced at County 1004-07;
- Author of note at County 33;
- Author of note at County 3727-55;
- No substantive response to plaintiff's Doc. Reqs. 6, 16, 17, 18, 19, 21, 23, 25, 36; and
- No organizational chart produced.

**Plaintiff's open issues with Freeport (this list is not exhaustive):**
- Failure to disclose officer disciplinary records and personnel files in violation of discovery orders;
- Sequence of 30(b)(6) deposition;
- No substantive responses to plaintiff's Doc. Reqs., *generally*;
- Memo books and spiral notebooks of individual defendants, including Zimmer;
- Recordings of interviews, such as Peddie Baldwin's 6/6/94 interview (see prior email);
- Explanation of County 3497;
- Freeport File No. 1386-94;
- Freeport File Nos. 1000-94 & D-6699-94; and
- No organizational chart produced.

**Nassau County's Request for Releases**
- We have no objection to providing releases for Mr. Jackson's incarceration records, including medical records. To that end, we will provide an executed New York State Department of Health form DOH-5032 (allowing access to Mr. Jackson's state medical records) and a HIPAA form (allowing access to the Nassau County jail medical records). With respect to the non-medical incarceration records, we will execute and return the Nassau County Jail release you provided. As to the state records, we reiterate our request that your office provide a release for our execution – the facilities where Mr. Jackson was incarcerated were identified in his 50-h testimony.
- We will also execute and return the authorizations for access to Mr. Jackson's Appellate Division and

- Court of Appeals records.
- Plaintiff has not received post-release medical or psychological treatment, with the exception of his application for a medical marijuana certification in the State of Delaware. We do not believe the material underlying plaintiff's application for this certification is discoverable, but we are happy to confer on the issue.
- Mr. Jackson did not file taxes during the period 1990-1994.
- Mr. Jackson's medical costs have not been paid by any third-parties.

Thanks,
Gabe

**Gabriel P. Harvis, Esq.**
**Partner / Co-Chair, Civil Rights Division**
Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116
(212) 532-1176 Fax





"Elefterakis Law is NYC's power-house personal injury law firm"
~Super Lawyers

**From:** Gabriel Harvis <gharvis@elefterakislaw.com>
**Date:** Friday, September 6, 2019 at 4:19 PM
**To:** "Mastellone, Janine" <Janine.Mastellone@wilsonelser.com>, "Loomba, Lalit K." <Lalit.Loomba@wilsonelser.com>, "Meisels, Peter" <Peter.Meisels@wilsonelser.com>
**Cc:** Baree Fett <bfett@elefterakislaw.com>
**Subject:** Re: Jackson discovery

Counselors,

For your convenience and per your request, I am outlining the open issues to facilitate discussion and resolution:

1. **The Grand Jury Minutes.** Plaintiff joins in defendants' contemplated motion. Unlike NYCPL § 160.50, § 190.25(4) has no provision for the former criminal defendant to authorize the release of the grand jury minutes – it requires a court order. If there is authority to the contrary, please provide it and we will consider it. In the meantime, when will the application be presented? We would like to be apprised of its submission and to receive notice as to any hearings that are scheduled. Also, please confirm that all grand jury minutes related to the criminal prosecution have already been produced.
2. **Categorization and labeling of prior productions per FRCP 34(b)(2)(E)(i).** At the last conference, the Court instructed the parties to meet and confer on this issue. Tr. at p. 33:24-25. Our position is that

Page 8 of 10

your office's prior productions failed to comply with Rule 34's categorization requirement and that the forthcoming productions must also comply. What is your position, and when will plaintiff receive an adequate description of the produced documents?

3. **Production of disciplinary records.** We took the liberty of reviewing the transcript from the last conference per Mr. Meisel's directive during our recent call. The disciplinary discovery is discussed on pp. 35-36. The Court clearly instructed your office to "turn over what you can" on a rolling basis, using "due diligence" to reduce any material submitted for potential *in camera* review to "the bare minimum." There is a well settled body of law to inform this process. *See, e.g., Frails v. City of New York*, 236 F.R.D. 116 (E.D.N.Y. 2006) (disciplinary records regarding similar allegations or alleged false statements to be produced, regardless of disposition) *and King v. Conde*, 121 F.R.D. 180 (E.D.N.Y. 1980) (in order to withhold disciplinary or personnel records in federal police misconduct litigation, "The police must make a 'substantial threshold showing,' that there are specific harms likely to accrue from disclosure of specific materials, based upon the balancing test set forth below.") (citation omitted). Please confirm that all responsive disciplinary and personnel records are being produced. If defendants intend to withhold any material, please provide the affidavits and other supporting material required under *King* as soon as possible. If there is any dispute about the Court's ruling at the last conference, please advise so that we can raise the issue without delay. We would like to have this issue resolved in advance of the production deadline.

4. **Rescheduling the 30(b)(6) deposition.** When we spoke the other day, our understanding of your proposal was that the 30(b)(6) depositions should take place during some future party deposition phase after the production of documents. We do not consent to proceeding in this fashion and it is our position that defendants improperly adjourned the prior deposition without due notice. Indeed, the Court approved of our proposal at the last conference. Tr. at p. 33:6-19. Given this, we hope you will reconsider and promptly (i) identify the witnesses who will testify on the listed topics, (ii) provide available dates for the examination(s), and (iii) agree to a date certain deadline for production of the requested documents.

5. **Defendants' privilege log.** As we have mentioned several times, plaintiff challenges defendants' privilege assertions. As previously discussed, there is not even a privilege asserted as to several of the documents, and the others clearly contain discoverable factual information. Will defendants produce this material? If not, it will be the subject of a motion to compel.

6. **ADA Anania and Walsh subpoenas and *Dunton* issues.** After defying plaintiff's duly-served subpoenas to the DA witnesses (dated April 3, 2019), your office belatedly identified conflict counsel as having been retained to represent the DA witnesses. After that, without explanation or any production of records, we were notified that your office would be representing the district attorney witnesses directly. That happened in the first week of May 2019. Since then we have heard nothing further and have not received the documents responsive to the subpoenas or available dates for the witnesses. Moreover, the recent spoliation revelation (*see* DE #206, *et seq*) exacerbates already compelling conflict issues surrounding the proposed concurrent representation, which must be resolved. Will defendants agree to a date certain for the production of the records and the depositions, with the ADAs independently represented? If not, we will ask the Court to enforce the subpoena and conduct a *Dunton* hearing.

We are available to speak this afternoon, or any time Monday. I think it would be most productive for your office to provide its position in writing as to the above listed items in advance of the call.

Thanks,
Gabe

**Gabriel P. Harvis, Esq.**
**Partner / Co-Chair, Civil Rights Division**
Elefterakis, Elefterakis & Panek

80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116
(212) 532-1176 Fax



**DISCLAIMER FOR ELECTRONIC COMMUNICATIONS NOTICE TO RECIPIENTS:** The information contained in (and attached to) this e-mail is intended only for the personal and confidential use of the designated recipient(s) named above. This message may be an attorney/client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you received this communication in error, please notify us immediately by reply e-mail, and delete the original message (including attachments).

```
CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at www.wilsonelser.com or refer to
any of our offices.
Thank you.
```