UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSEPH JACKSON,

                              Plaintiff,                      Case No.: 18-CV-3007

NASSAU COUNTY; THE INCORPORATED VILLAGE
OF FREEPORT; DETECTIVE ROBERT DEMPSEY;
DETECTIVE GARY ABBONDANDELO; DETECTIVE      **DECLARATION IN**
JOHN M. HOLLAND; DETECTIVE MICHAEL HERTS;    **FURTHER SUPPORT**
DETECTIVE MARTIN ALGER; POLICE OFFICER          **OF THE VILLAGE**
ROBERT MELENDEZ; DETECTIVE WALTER               **DEFENDANTS' MOTION**
SWENSON; DETECTIVE ANTHONY KOSIER;               **TO DISMISS**
DETECTIVE SERGEANT DAN SEVERIN; DORA
MULLEN, AS THE ADMINISTRATOR OF THE ESTATE
OF JERL MULLEN; JANE DOE, AS THE
ADMINISTRATOR OF THE ESTATE OF ARTHUR
ZIMMER, and JOHN and JANE DOE 1 through 20,

                              Defendants.
------------------------------------------------------------------------X

**KEITH M. CORBETT**, declares the following under penalties of perjury:

      1.      I am a member of Harris Beach PLLC, attorneys for The Incorporated Village of Freeport, Police Officer Robert Melendez, and "Jane Doe", as The Administrator of The Estate of Arthur Zimmer (hereinafter "Village Defendants"). I am fully familiar with the facts and circumstances set forth below.

      2.      I submit this declaration in further support of the Village Defendants' motion to dismiss Joseph Jackson's ("Plaintiff") Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(5) and 12(b)(6), together with such other and further relief as the Court deems just, proper, and equitable. As set forth in the accompanying Reply Memorandum of Law, in Further Support of the Village Defendants' Motion to Dismiss, submitted herewith, along with the Village Defendants' original moving papers, Plaintiff's complaint should be dismissed in its entirety because: (1) Plaintiff failed to retain jurisdiction over the Village Defendants; (2)

Plaintiff fails to state a claim against the Village Defendants, as the Village Defendants were not involved in the crux of the allegations contained in the Second Amended Complaint; (3) Plaintiff fails to make any allegations of personal involvement by the Village Defendants, and thereby fails to state a claim under 42 U.S.C. § 1983; (4) The Village Defendants did not prosecute the Plaintiff and as such, Plaintiff fails to state a claim for malicious prosecution against the Village Defendants; and (5) the Village Defendants are entitled to qualified immunity.

3. The Amended Complaint should be dismissed against the Village Defendants for the Village Defendants did not arrest Plaintiff for the murder of Steven Jason, nor did any Village Defendant lead the investigation, participate in bringing criminal charges against the Plaintiff or in the prosecution of the Plaintiff.

2. The basis of Plaintiff's entire action is on the CIU investigation, motion to vacate the conviction and eventual vacatur of Plaintiff's conviction, all of which was based on withheld Brady material consisting of statements taken by the Nassau County Police Department of witnesses, Maurice Larrea and Glen Montes. The Second Amended Complaint fails to set forth a causal connection between the Village Defendants and the taking of these statements or of the alleged suppression of same.

3. The Plaintiff fails to carry his burden in establishing that the Village Defendants lacked probable cause related to their alleged involvement in Plaintiff's arrest on December 17, 1994, which was for unrelated drug charges. As a showing of probable cause defeats a claim for malicious prosecution, false imprisonment and a *Monell* claim, those claims must be dismissed against the Village Defendants.

4. Plaintiff failed to effectuate personal service on the Defendant "Jane Doe" As The Administrator of The Estate of Arthur Zimmer. Furthermore, this Court does not have

jurisdiction over Defendant "Jane Doe" As The Administrator of The Estate of Arthur Zimmer due to Plaintiff's failure to serve proper notice of the commencement of this litigation pursuant to the New York State Surrogate's Court Procedure Act. Thus, the Second Amended Complaint should be dismissed against Defendant "Jane Doe" As The Administrator of The Estate of Arthur Zimmer.

5. Plaintiff's *Monell* claim should be dismissed against the Village Defendants, as no allegation has been made that the Village of Freeport Police Department practices a policy which violates the constitution. Plaintiff's boilerplate allegation that witness statements taken by the Nassau County Police Department and not turned over to the Nassau County District Attorney's Office plausibly establish the plausibility that Freeport has such a policy is not enough to maintain a *Monell* claim.

6. Finally, Plaintiff has not refuted the presumption that the Village Defendants are entitled to qualified immunity for the claims brought against them.

7. I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 1, 2020

                                                  s/ *Keith M. Corbett*
                                                  Keith M. Corbett, Esq.