eeplaw.com
80 Pine Street, 38th Floor
New York, New York 10005
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

JOHN ELEFTERAKIS*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS
JEFFREY B. BROMFELD
FAIZAN GHAZNAVI
GABRIEL P. HARVIS
BAREE N. FETT
STEPHEN KAHN
EVAN M. LA PENNA

KRISTEN PERRY – CONIGLIARO
AIKA DANAYEVA
ARIANA ELEFTERAKIS
MICHAEL INDELICATO
MICHAEL MARRON
DOMINICK MINGIONE
MARK NEWMAN
AGGELIKI E. NIKOLAIDIS
JOSEPH PERRY
MARIE LOUISE PRIOLO *
KEYONTE SUTHERLAND
WAYNE WATTLEY

*Also Admitted In New Jersey




June 17, 2020

**BY ECF**
Honorable A. Kathleen Tomlinson
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Jackson v. Nassau County, et al.*, 18 CV 3007 (JS) (AKT)

Your Honor:

I represent plaintiff in the above-referenced matter. I write in response to the Nassau County defendants' letter motion filed at DE #309.

Initially, the exhibit to DE #309 should be stricken for violating Fed. R. Civ. P. 5.2(a). Pursuant to that rule, parties must redact personally-identifying information, including complete social security numbers and dates of birth, in public filings. Here, defendants have filed an exhibit to DE #309 that reveals plaintiff's complete social security number and date of birth. *See, e.g.*, *Prospect Funding Holdings, LLC v. Fennell*, 15 CV 4176 (LLS), 2015 WL 10793134, *2 (S.D.N.Y. Aug. 27, 2015) ("The Clerk shall strike from the docket exhibits B and C of the First Amended Complaint…as they contain unredacted personal information protected by Federal Rule of Civil Procedure 5.2.").

On the merits, plaintiff respectfully requests that the Court decline to endorse defendants' proposed subpoena as drafted. First, plaintiff does not object to the request for his medical records, although it is unclear why a judicial subpoena for those records is necessary. There is no indication that defendants attempted to obtain these records by request or attorney subpoena. To the extent an attorney-issued subpoena has been served, plaintiff has, upon information and belief, not received requisite notice pursuant to Fed. R. Civ. P. 45. Accordingly, plaintiff respectfully requests that defendants be directed to request or subpoena the records in accordance with Rule 45, including its notice requirements, before seeking judicial intervention. Assuming that those efforts

are unsuccessful, plaintiff would consent to submission of a proposed judicial subpoena for the medical records only.

Second, plaintiff objects to that portion of the proposed subpoena seeking wholesale production of all of plaintiff's prison disciplinary and visitation records, covering a period of over twenty years. As this Honorable Court has previously explained, "the party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Cooks v. Town of Southampton*, 13 CV 3460 (LDW) (AKT), 2015 WL 1476672, *4 (E.D.N.Y. Mar. 31, 2015) (brackets and internal quotation marks omitted). Despite plaintiff's requests, defendants have failed to articulate the relevance of this material or provide any authority that would support the broad demand.[1]

If it should please the Court, Rule 26(b)(1) limits the scope of discovery to relevant material that is proportionate to a party's defense. Here, the production of unrelated disciplinary complaints and visitation records appears to be a fishing expedition from which these defendants hope to generate impeachment evidence. Whether plaintiff was accused of violating prison rules or received visitors during his lengthy incarceration is not probative of his wrongful conviction claims or the attendant damages. *Cf. Chillemi v. Town of Southampton*, 12 CV 3370 (ADS) (AKT), 2015 WL 5838724, *8 (E.D.N.Y. Oct. 7, 2015) (noting, in the related context of a plaintiff's request for a police officer's disciplinary records that "such records are not discoverable under Rule 26 if they are 'wholly unrelated to the plaintiff's claims' of false arrest and related constitutional violations") (citation omitted). Moreover, such records may reveal sensitive and potentially privileged information, including, for example, spousal and attorney communications, information regarding Mr. Jackson's religious and political activities or information related to plaintiff's children, who were minors for much of this time period.[2]

Plaintiff respectfully submits that, given the breadth of the request, the absence of relevance and the potential disclosure of sensitive information, defendants should be required to demonstrate relevance. If defendants are able to meet that threshold

---

[1] In response to plaintiff's request for authority to support their application at DE #309, defendants cited only to releases plaintiff had previously provided for prison records. If it should please the Court, however, plaintiff provided those authorizations to assist defendants in obtaining relevant information, not as a waiver of the governing relevance requirement. *See id.*

[2] Plaintiff respectfully notes that defendants' instant violation of Fed. R. Civ. P. 5.2(a) is concerning in the context of their broad subpoena for sensitive and apparently irrelevant information.

requirement – which plaintiff believes they will not be – their request should then be limited to only that subset of the material. *See Cooks*, 2015 WL 1476672 at *4 ("[A] district court has broad latitude to determine the scope of discovery and to manage the discovery process.") (citations omitted).

To the extent the Court concludes that some aspect of the request meets relevance requirements, plaintiff respectfully proposes that – as is done in the context of the discovery of police disciplinary records – the material should be first produced to plaintiff's counsel to review prior to disclosure.

Accordingly, plaintiff respectfully requests that Court strike the exhibit to DE #309 and decline to endorse the subpoena.

Thank you for your attention to this matter.

Respectfully submitted,

Gabriel P. Harvis

cc: All Counsel