

Lalit K. Loomba, Esq.
Direct dial: (914) 872-7118
lalit.loomba@wilsonelser.com

June 19, 2020

**By ECF**

Hon. A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
 for the Eastern District of New York
Alfonse M. D'Amato Federal Building
100 Federal Plaza
Central Islip, NY 11722

Re: *Joseph Jackson v. Nassau County et al.,* Docket No. 18-cv-3007 (JS) (AKT)
Our File No.: 12473.00014

Dear Judge Tomlinson:

Wilson Elser represents the County Defendants in the referenced action. Further to the Court's order, the clerk has removed the attachment to D.E. 309, and we are now resubmitting the letter motion for a so-ordered subpoena.

The subpoena, a redacted copy of which is attached, is addressed to the Fishkill Correctional Facility and seeks plaintiff's (i) medical records; (ii) disciplinary records; and (iii) visitation records for the period June 2007 through February 2018.

Regarding the medical records, we faxed an attorney subpoena to the Fishkill Correctional Facility in December 2019, but have yet to receive any medical records. Despite numerous follow up calls, we have been told that retrieving records has been complicated by staffing shortages caused by Covid19. A so-ordered subpoena may carry additional weight.

Regarding the prison disciplinary records, they are relevant to plaintiff's claimed damages. Plaintiff testified in a 50-h examination that he received certain physical injuries during his period of incarceration for which he is seeking damages. If plaintiff's disciplinary records involve fighting, those records could shed light on whether plaintiff instigated these fights, in which case his claim to recover damages for such injuries would be significantly weakened. Hence, they are relevant.

The prison visitation records are also relevant. Plaintiff's wrongful conviction claim is based, in part, on the non-disclosure of the Montes and Larrea statements. Plaintiff obtained these statements in response to a FOIL demand served on the County dated June 25, 2007. But he did

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Virginia • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris
wilsonelser.com

8312962v.1

Hon. Kathleen Tomlinson
June 19, 2020
Page 2

not contact the District Attorney's Conviction Integrity Unit until January 2017, nearly a decade later. Why the wait? Plaintiff has suggested it was because he was unable to find an attorney willing to assist him. The visitation records following June 2007 should list the names of attorneys who came to visit him, and thus would be relevant to test that claim. Plaintiff is also seeking damages for each year of his incarceration. An explanation of why plaintiff delayed contacting the DA's office for nearly a decade is relevant to these claimed damages, and the roster of plaintiff's visitors following June 2007 may shed some additional light.

We have conferred with plaintiff's counsel. He maintain the objections as set forth in DE#310.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

/s/ *Lalit K. Loomba*

Lalit K. Loomba

<u>Attachment</u>

Cc: Counsel of Record (via ECF)