**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

  JOSEPH JACKSON,

                                Plaintiff,

     -against-


  NASSAU COUNTY; THE INCORPORATED
  VILLAGE OF FREEPORT; DETECTIVE ROBERT
  DEMPSEY; DETECTIVE GARY
  ABBONDANDELO; DETECTIVE JOHN M.              **ORDER**
  HOLLAND; DETECTIVE MICHAEL HERTS;
  DETECTIVE MARTIN ALGER; POLICE OFFICER    CV 18-3007 (JS) (AKT)
  ROBERT MELENDEZ, DETECTIVE WALTER
  SWENSON, DETECTIVE ANTHONY KOSIER;
  DETECTIVE SERGEANT DAN SEVERIN; DORA
  MULLEN, AS ADMINISTRATOR OF THE
  ESTATE OF JERL MULLEN; JANE DOE, AS
  ADMINISTRATOR OF THE ESTATE OF ARTHUR
  ZIMMER, and JOHN and JANE DOE 1 through 20,

                              Defendants.
------------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      The Court has reviewed the letter motion submitted by Defendants Nassau County, Robert Dempsey, Gary Abbondandelo, John M. Holland, Jerl Mullen, M. Herts, Anthony Kosier, Marin Alger, Daniel Severin, and Dora Mullen ("Defendants") requesting that the Court "so order" an attached subpoena directed to non-party Fishkill Correctional Facility pursuant to Federal Rule of Civil Procedure ("Rule" or "Fed. R. Civ. P.") 45 which seeks the production of "[a]ll Medical Records concerning Joseph N. Jackson, DIN # 97A2371, [a]ll records of visitation concerning Joseph N. Jackson, DIN #97A2371, [and] [a]ll underlying disciplinary files for disciplinary incidents involving Joseph N. Jackson, DIN #97A2371." *See* DE 309. Plaintiff filed opposition to Defendants' motion arguing that the motion should be stricken for including

Plaintiff's personally identifying information, including his social security number and date of birth. *See* DE 310. Plaintiff also argued that the proposed subpoena seeks information which exceeds the scope of the discovery permitted under Rule 26(b). *Id*. at 2. Thereafter, Defendants filed a "reply" to Plaintiff's opposition which simultaneously attempts to address Plaintiff's opposition and resubmits a proposed subpoena with redactions of Plaintiff's personally identifying information. *See* DE 311.

That same day, the Court denied, without prejudice, Defendants' letter motion [DE 309] and directed the Clerk's Office to strike/remove the attachments to Defendants' letter motion because it included Plaintiff's personal identifying information in violation of the Eastern District of New York's Local Rules. *See* June 18, 2020 Electronic Order. Defendants were directed to resubmit their motion once it complied with those Rules. *Id*. The next day, June 19, 2020, Defendants submitted a Second Motion for a "so ordered" subpoena [DE 312] which resolved one problem with the subpoena but not others. The Court issued its June 18, 2020 Electronic Order to deal with the time sensitive circumstances of Plaintiff's personal information having been placed in the public record. However, the Court declines to "so order" the resubmitted subpoena as it is currently constituted for the reasons which follow.

First, the Court denies Defendants' request for "[a]ll underlying disciplinary files for disciplinary incidents involving [Plaintiff]" because the request suffers from overbreadth and is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The Court, however, will permit the production of disciplinary records for the five (5) year period immediately preceding the underlying incident alleged in the Complaint.

Second, the Court denies Defendants' request for "[a]ll records of visitation concerning" the Plaintiff because such information is of marginal relevance, at best, and is not proportional to the needs of this case. *Id.*

The Court will permit the Defendants to obtain Plaintiff's medical records which are on file at Fishkill Correctional Facility. For the foregoing reasons, DE 312 is denied, but Defendants' counsel will be permitted to submit a new subpoena modified to comply with the directives in this Order.

Any resubmitted subpoena must be filed as a letter motion rather than a letter with attachments, as was the case with Defendants' reply letter at DE 311. The Court further notes that Section III of this Court's Individual Rules expressly precludes replies on letter motions.

**SO ORDERED.**

Dated: Central Islip, New York
      June 22, 2020

<u>/s/ A. Kathleen Tomlinson</u>
A. KATHLEEN TOMLINSON
United States Magistrate Judge