

Scott I. Mendelsohn, Esq.
Direct dial: (914) 872-7385
scott.mendelsohn@wilsonelser.com

July 16, 2020

**VIA ECF**

Hon. Joanna Seybert
United States District Judge
Eastern District of New York
Alfonse M. D'Amato Federal Building
United States District Court
100 Federal Plaza
Central Islip, New York 11722

Re:     Joseph Jackson v. Nassau County, The Incorporated Village of Freeport, Detective
        Robert Dempsey, Detective Gary Abbondandelo, Detective John M. Holland, Detective
        Michael Herts, Detective Martin Alger, Police Officer Robert Melendez, Detective
        Walter Swenson, Detective Anthony Kosier, Detective Dan Severin, Dora Mullen, as
        Administrator of the Estate of Jerl Mullen, Jane Doe, as Administrator of the Estate of
        Arthur Zimmer, and John and Jane Doe 1 through 20; Docket No. 18-cv-3007 (JS)(AKT)

Dear Judge Seybert:

We represent the County Defendants in this federal civil rights action where plaintiff alleges that
he was deprived of a fair trial, *inter alia*, because the prosecution failed to produce certain *Brady*
material. After an investigation by the Conviction Integrity Unit of the District Attorney's
Office, that office moved to vacate the conviction based on the alleged *Brady* violation. Plaintiff
argues in opposition to the County's motion to dismiss that the County is bound by the District
Attorney's position and legal conclusions because the District Attorney is a County employee.
Based on material admissions against Plaintiff's interests, made in a recent filing in the New
York State Court of Claims, which contradict those arguments made in plaintiff's opposition to
the County Defendants' motion to dismiss (D.E. 301) ("Opposition"), we write to request
permission to amend the County Defendants' Reply Memorandum of Law in Further Support of
their Motion to Dismiss Plaintiff's Second-Amended Complaint (D.E. 308) ("Reply") to include
a reference to these publicly filed documents of which the Court may take judicial notice.

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Virginia • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

**wilsonelser.com**

8351330v.1

Hon. Joanna Seybert
July 16, 2020                                    Page 2

Plaintiff argued in the Opposition that the County Defendants should be equitably barred from arguing that there was no *Brady* violation in the State court criminal proceeding because the §440.10 motion filed in Nassau County Supreme Court ("440 Motion"), which resulted in the vacatur of plaintiff's murder conviction, constitutes admissions made by the County.[1]  On July 8, 2020, subsequent to the filing of the Opposition and the Reply, plaintiff filed an affirmation in his New York State Court of Claims action in opposition to the State's motion to dismiss ("Court of Claims Affirmation").  In direct contradiction to the equitable estoppel argument that plaintiff made in his Opposition here, in the Court of Claims Affirmation, plaintiff's counsel repeatedly admitted that the 440 Motion was authored and presented by New York State, not Nassau County.[2]  Based on plaintiff's recent filing, the County Defendants now request to amend their Reply to refer to that public filing and argue that plaintiff's admissions made in the Court of Claims Affirmation are in accord with the standards of law cited in the Reply. (D.E. 308, pg. 10-11).

Specifically, the entirety of plaintiff's argument supporting estoppel on the *Brady* issue rests on attributing the statements contained within the 440 Motion, signed by Assistant District Attorney Anania, to the County and seeking to bind the County to those statements in this action.  For example, plaintiff stated in the Opposition that "Ms. Anania's affidavit and memorandum of law, *submitted on behalf of the County* . . . contain factual and legal representations that support plaintiff's claims in the instant civil action, including that the evidence was material and suppressed, that it conflicts with the statements of [a key eye witness] and that the suppression violated plaintiff's due process rights." D.E. 301, pg. 5 (emphasis added).  The plaintiff also referred to the 440 Motion as the "County's 440 motion."  *Id.* at pg. 6.  The County Defendants argued in its Reply, and cited applicable case law, that the 440 Motion, and its contents, are not attributable to the County, but rather were attributable to the State (D.E. 308, pg. 10-11); *i.e.,* the very position that plaintiff has now taken in his Court of Claims Affirmation.

Indeed, in direct contrast to his position taken in his Opposition here (and agreeing with the County Defendants' position in his Court of Claims Affirmation), plaintiff asks the Court of Claims to attribute the statements in the 440 Motion to the State, not the County.  Plaintiff writes, "As the State must concede, this case is distinguishable from those cited by movant inasmuch as the *underlying 440 Motion in this case was presented by the State itself*; the *State's* findings of fact thus *constitute informal judicial admissions."*  Court of Claims Affirmation ¶12 (emphasis added).  The plaintiff continued, "Under the unusually deferential arrangement in this case, the prosecutor, *speaking on behalf of the State*, functioned as both advocate of vacatur and arbiter of the terms of dismissal, disclosing only those facts it deemed appropriate."  *Id.* at ¶15 (emphasis added).  Moreover, in the Court of Claims Affirmation the plaintiff refers to the 440 Motion as the "State's own 440 motion."  *Id.* at ¶27.

It is now clear that the plaintiff agrees with the County Defendants that the 440 Motion is attributable to the State and not the County.  Based on this very recent admission, plaintiff's

---

[1] The affirmation in support of the 440 Motion is Exhibit 1 to plaintiff's Opposition (D.E. 302-1) and a copy of the 440 Motion Memorandum of Law is Exhibit 2 to plaintiff's Opposition (D.E. 302-2).
[2] The Court of Claims Affirmation is annexed hereto as **Exhibit A**.

Hon. Joanna Seybert
July 16, 2020                                      Page 3

argument that the County Defendants should be equitably barred from contending that there was no *Brady* violation must be rejected.[3]

In light of these new relevant facts, the County Defendants respectfully request the opportunity to amend their Reply accordingly.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

/S/

Scott I. Mendelsohn

Attachments

Cc w/ attachments:  All Counsel of Record (via ECF)

---

[3] Even though it might be premature to raise this at this juncture, whatever opinion the District Attorney expressed, is irrelevant to the *Brady* issue and inadmissible at trial as this Court would be the ultimate arbiter of whether or not there was a violation. *See Nnodimele v. Derienzo,* 2016 U.S. Dist. LEXIS 83357, *36-39 (E.D.N.Y. June 27, 2016).