STATE OF NEW YORK
COURT OF CLAIMS

JOSEPH JACKSON,

                Claimant,

-against-

THE STATE OF NEW YORK,

                Respondent.

Claim No. 134441
Hon. Gina M. Summa-Lopez

Affirmation in Opposition to Respondent's
Motion to Dismiss

Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005

July 8, 2020

## Table of Contents

Introduction ................................................................................................................. 1

Governing Standard .................................................................................................... 1

The Factual Record ..................................................................................................... 2

Argument ..................................................................................................................... 2

    Point I ..................................................................................................................... 2

    The § 8-b(3)(b) Analysis Should Include the DA's Findings ................................. 2

    Point II .................................................................................................................. 10

    *Jeanty* and *Leka* Do Not Apply ............................................................................ 10

Conclusion ................................................................................................................. 12

Gabriel P. Harvis, an attorney duly licensed to practice law in the courts of the State of New York, affirms as follows under penalty of perjury:

1. I am a partner and Co-Chair of the Civil Rights Division at Elefterakis, Elefterakis, & Panek and the attorney for the Claimant. I am fully familiar with this case and respectfully offer this affirmation in opposition to the State of New York's Motion to Dismiss the Claim pursuant to CPLR § 3211(a)(7) filed at NYSCEF Doc. No. 54.

Introduction

2. In its effort to obtain early dismissal of this Claim, the State of New York distorts the record, mischaracterizes and omits plaintiff's evidence and misapplies the law.

3. For this reason, Claimant respectfully urges the Court to scrutinize, and deny, Respondent's motion.

Governing Standard

4. On a motion to dismiss pursuant to CPLR 3211,

> the pleading is to be afforded a liberal construction (*see,* CPLR 3026). We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*Morone v. Morone,* 50 N.Y.2d 481, 484, 429 N.Y.S.2d 592, 413 N.E.2d 1154; *Rovello v. Orofino Realty Co.,* 40 N.Y.2d 633, 634, 389 N.Y.S.2d 314, 357 N.E.2d 970)….
>
> In assessing a motion under CPLR 3211(a)(7)…"[T]he criterion is whether the proponent of the pleading has a cause

> of action, not whether he has stated one" (*Guggenheimer v. Ginzburg,* 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17; *Rovello v. Orofino Realty Co., supra,* 40 N.Y.2d at 636, 389 N.Y.S.2d 314, 357 N.E.2d 970).

*Leon v. Martinez*, 84 N.Y.2d 83, 87-88 (1994).

## The Factual Record

5. If it should please the Court, the relevant facts are presented in the Verified Claim, which has been annotated with citation to supporting documentary evidence. *See* NYSCEF Doc. No. 1 ("Verified Claim").

## Argument

### Point I
### The § 8-b(3)(b) Analysis Should Include the DA's Findings

6. Claimant's pleading, which must be credited at this stage, plausibly and clearly alleges that corrupt detectives unjustly convicted Mr. Jackson, an innocent man. *Id.* at ¶¶ 3-108. This is precisely the sort of injustice the Legislature sought to address in enacting Section 8-b. *See* Court of Claims Act § 8-b(1).

7. The Legislature enacted § 8-b "to provide redress to innocent persons who prove by clear and convincing evidence that they were unjustly convicted and imprisoned." *Ivey v. State*, 80 N.Y.2d 474, 479 (1992). Section 8-b "recognizes that it is the State's obligation to do what justice and morality demand" by providing a cause of action for those convicted of a crime they did not commit. Report of the Law Revision Commission to the Governor on Redress for Innocent Persons Unjustly Convicted

2

and Subsequently Imprisoned (1984) at 42. The "linchpin of the statute is innocence." *Ivey*, 80 N.Y.2d at 479 (internal quotation marks omitted).

8. By including a requirement in § 8-b(3)(b) that a claimant show that his or her conviction was vacated on certain enumerated grounds, the Legislature "sought to strike a balance between the goals of compensating innocent individuals who had been unjustly convicted and imprisoned, and foreclosing frivolous suits against the State." *Id.* Such grounds are "useful and relevant indicator[s] of innocence," that allow this Court to filter out claims that are unlikely to succeed on the merits because the claimant is not actually innocent. *Id.* at 479–80. Those grounds include CPL 440.10(1)(g), which allows a vacatur based on newly discovered evidence, and CPL 440.10(1)(b), for cases involving fraud, duress or misrepresentation. *See* Court of Claims Act § 8-b.

9. When determining if the grounds for vacatur satisfy § 8-b(3), the Court looks not to how the motion court "labels" the trial errors, "but what exactly the violations were, where they fit into the CPL 440.10 scheme and to what extent they indicate innocence." *Coakley v. State*, 150 Misc. 903, 909 (Ct. Claims 1991). The Court must instead effectuate the "underlying purpose of the statute—providing a remedy for recompense of innocent victims of State prosecutorial power." *Ivey*, 80 N.Y.2d at 481. When there is ambiguity about the grounds for reversal of a claimant's

3

conviction, or the motion court's order is not supported by the record, "the Court of Claims may legitimately look at subsequent decisions, transcripts, motion papers or other sources of information to help it determine the precise grounds of the reversal." *Baba-Ali v. State*, # 2013-028-537, Claim No. 87328, (Ct. Claims 2013); *see also Turner v. State*, 50 A.D.3d 890, 892 (2d Dep't 2008) (analyzing the record to determine whether a due process dismissal also implicated prosecutorial misconduct, a specified grounds for reversal under § 8-b(3)); *Harris v. State*, 38 A.D. 3d 144, 150 (2d Dep't 2007) (analyzing the transcript of a hearing to determine whether the conviction was vacated because of newly discovered evidence).

10. Although newly discovered evidence of Claimant's innocence compelled the vacatur of his conviction, the State now argues that the prosecution's decision to vacate his conviction on other grounds — a *Brady* violation — forecloses his remedy in this Court. But the Legislature included § 8-b(3) to filter unmeritorious cases from this Court's docket, not so that the prosecutor can pick and choose who is entitled to compensation for their wrongful incarceration. Here, where the People vacated Claimant's conviction after developing significant new evidence of his innocence—which it concealed from the motion court and Claimant's counsel—this Court has the authority to look past the "labels" placed on Claimant's vacatur. *Coakley*, 150 Misc. at 909.

4

11. Instead of confronting the substance of Claimant's detailed allegations, the State largely ignores the facts he presents and the exhibits supporting them, warranting denial of the motion at this early juncture. *See, e.g., Garcia v. Polsky, Shouldice & Rosen, P.C.*, 161 A.D.3d 828, 829–30 (2d Dep't 2018) ("unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate") (collecting cases).

12. As the State must concede, this case is distinguishable from those cited by movant inasmuch as the underlying 440 motion in this case was presented by the State itself; the State's findings of fact thus constitute informal judicial admissions.

13. In *Matter of Liquidation of Union Indem. Ins. Co. of New York*, the Court of Appeals explained:

> Informal judicial admissions are recognized as facts incidentally admitted during the trial or in some other judicial proceeding, as in statements made by a party as a witness, or contained in a deposition, a bill of particulars, or an affidavit. A formal judicial admission in one action may become an admission in the evidentiary sense in another action, and would be classified as an informal judicial admission in the later action…Furthermore, an admission in a pleading in one action is admissible against the pleader in another suit…Additionally, as Justice Gammerman correctly noted, it is irrelevant that the admissions were made in part by counsel on behalf of the Liquidator and that they were contained in affidavits or briefs.

5

89 N.Y.2d 94, 103 (1996) (citations, brackets and internal quotation marks omitted); *see also, e.g., Lee v. Metro. Transp. Auth.*, 39 Misc. 3d 1230(A), 972 N.Y.S.2d 144 (Sup. Ct. 2013) (applying judicial admission doctrine against government) (citing *Zegarowicz v. Ripatti,* 77 AD3d 650, 653 (2d Dep't 2010) and *Naughton v. City of New York,* 94 AD3d 1, 12 (1st Dep't 2012)).

14. Critically, unlike the cases on which the State relies, there was no factfinding whatsoever conducted by the 440 court, which deferred in all respects to the conclusions of the District Attorney's Office. *See* Verified Claim, ¶¶ 7-16; CPL 440.30(7) ("Regardless of whether a hearing was conducted, the court, upon determining the motion, must set forth on the record its findings of fact, its conclusions of law and the reasons for its determination.").

15. Under the unusually deferential arrangement in this case, the prosecutor, speaking on behalf of the State, functioned as both advocate of vacatur and arbiter of the terms of the dismissal, disclosing only those facts it deemed appropriate. *Cf. People v. Valle*, 34 Misc. 3d 138(A), 946 N.Y.S.2d 68 (App. Term 2011) ("Since the District Court granted the motion without setting forth its findings of fact, conclusions of law and the reasons for its determination (CPL 440.30[7]), and the record is insufficient to enable this court to review the order (*see* CPL 470.15[1]; *People v. Dover,* 294 A.D.2d 594 [2002] ), the appeal is held in abeyance

and the matter remitted to the District Court for a statement in accordance with CPL 440.30(7) (*see People v. Isaacs,* 71 AD3d 1162 [2010]).").

16. The State used its advantaged position in the 440 proceeding to attempt to anticipatorily foreclose the instant Claim. *See* Verified Claim, ¶¶ 7-16.

17. Indeed, after prevailing on its motion before the 440 court and obtaining dismissal on its own terms, the State now presents an altered record as if the 440 court had engaged in the ordinary factfinding function, when it had not. *Compare* NYSCEF Doc. No. 55 ("Papaleo Aff."), ¶ 2 (describing the presiding Supreme Court justice as being "very clear" about the basis for plaintiff's exoneration) *with* Exoneration Transcript, Papaleo Aff., Exhibit D (NYSCEF Doc. No. 59), *generally* (providing no explanation for the Court's determination of the motion).

18. Making matters worse, the State inaccurately summarizes, at ¶ 5 & n.1 of the Papaleo Aff., the content of the "Freeport Incident Report" to argue, contrary to its own admissions in the 440 proceeding, that the report somehow substituted for the withheld witness statements, and that the resulting violation, over 23 years of wrongful incarceration, was ministerial in nature. *See also* Papaleo Aff. at ¶ 32 (repudiating the State's position in the 440 hearing to claim, falsely, that the Montes and Larrea statements are "not exculpatory").

19. To the contrary, as the State's prior 440 memorandum acknowledges at length, the exonerative evidence contained in the Montes and Larrea statements is significant and was unknowable based on the incident report alone; there was certainly no indication of the seismic quality of the statements themselves. *See* Papaleo Aff., Exhibit B (NYSCEF Doc. No. 57), pp. 3-5; *Baba-Ali v. State*, 19 N.Y.3d 627, 638 (2012) ("The relation between counsel's ineffectiveness, any disclosure delay and the verdict is factually complex. We do not think it possible to determine as a matter of law that the wrongful verdict against claimant was properly attributable solely to counsel's inadequate representation, and concomitantly that it was not also significantly and actionably procured by the alleged prosecutorial misconduct. Whether there was procuring fraud is on this record an issue for the factfinder.").

20. As in *Baba-Ali*, the "the criminal case against claimant" was, in fact, "deeply and irredeemably flawed." 19 N.Y.3d at 635.

21. Like the hospital records in *Baba-Ali*, the Montes and Larrea "32b" statements, "properly understood, exculpated claimant," and appear to have been intentionally suppressed. *Id.*; *see, e.g.*, *People v. Harris*, 55 A.D.3d 958, 959 (3d Dep't 2008) (holding that newly discovered evidence undermining the prosecution's theory of a crime satisfies CPL 440.10(1)(g)).

22. This is to say nothing of the spoliated 911 call placed by NYPD Officer Maurice Larrea shortly after the crime, the content of which is lost and the absence of which is strong evidence of *scienter* of the police, or the other evidence that was apparently suppressed. *See* Verified Claim, ¶ 27; *see also* Court of Claims Act 8-b(1) ("[T]he court, in exercising its discretion as permitted by law regarding the weight and admissibility of evidence submitted pursuant to [C.C.A. § 8-b], shall, in the interest of justice, give due consideration to difficulties of proof caused by the passage of time, the death or unavailability of witnesses, *the destruction of evidence* or other factors not caused by such persons or those acting on their behalf.") (emphasis added).

23. In limiting its 440 submission to the subsection of the statute that would relieve it of liability in this forum (i.e. 440.10(1)(h)) – and declining to argue for dismissal on other actionable grounds including new evidence, duress, fraud and innocence – the State has acted with unclean hands, and it should be equitably barred from relying on this record to avoid the holding of *Baba-Ali. See, e.g., Mehlman v. Avrech*, 146 A.D.2d 753, 754 (2d Dep't 1989) ("it is not beyond the power of the courts to deny judicial relief to a litigant who comes into court with unclean hands").

24. Claimant respectfully submits that, on these facts, it is appropriate to develop a record and consider the Claim and its exhibits on the merits to determine whether

9

it presents a qualifying § 8–b (3)(b) predicate, in accordance with *Baba-Ali*. 19 N.Y.3d at 637 ("For purposes of presenting a claim pursuant to Court of Claims Act § 8–b (3)(b), it is sufficient that there is documentary evidence to place the claim within one of the allowed CPL 440.10 predicates."); *see Colasacco v. Robert E. Lawrence Real Estate,* 68 A.D.3d 706, 708, 890 N.Y.S.2d 114 (2d Dept. 2009) ("On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading is to be afforded a liberal construction and the plaintiff accorded the benefit of every possible inference.…The court's function on a motion to dismiss pursuant to CPLR 3211(a)(7) is to determine whether the plaintiff's factual allegations fit within any cognizable legal theory, without regard to whether the allegations ultimately can be established.").

Point II
*Jeanty* and *Leka* Do Not Apply

25. *Leka v. State of New York,* decided by the Second Department eight years before the Court of Appeals issued *Baba-Ali,* is inapposite.

26. That case involved an unsuccessful 440 motion and appeal by the claimant, which argued a *Brady* violation but did not raise the issues of fraud, duress or innocence presented here. Indeed, the Second Department noted that the motion in *Leka* "was not based on any of the grounds set forth in [Court of Claims Section 8-b(3)(b)] or premised on any likelihood of innocence, but rather on the ground that the claimant

was deprived of his due process rights." *Leka v. State*, 16 A.D.3d 557, 558 (2d Dep't 2005).

27. Here, with exculpatory evidence apparently fraudulently suppressed as in *Baba-Ali*, Claimant has plausibly alleged innocence, fraud and duress, as well as new evidence, with the support of documents including the State's own 440 motion. As in *Baba-Ali,* this raises factual questions regarding whether Claimant's conviction was "significantly and actionably procured" by the "alleged…misconduct."

28. Likewise, *Jeanty* also does not apply. That case, unlike the instant claim, involved an adversarial 440 process where the presiding judge made findings of fact based on adversarial submissions and a hearing. This process was key to the *Jeanty* court's decision and the appellate court's affirmance. *Jeanty v. State*, 175 A.D.3d 1073, 1074–75, 107 N.Y.S.3d 799, 801 (2019), *leave to appeal denied*, 34 N.Y.3d 912, 145 N.E.3d 969 (2020).

29. Moreover, contrary to the State's contention, Mr. Jackson is not claiming that a *Brady* violation satisfies § 8-b(3)(b).

30. Rather, just as the Second Department's finding of concealment by prosecutors constituted fraud for the purposes of § 8-b(3)(b) in *Baba-Ali*, the District Attorney's finding of concealment by detectives in this case, while packaged for tactical

11

purposes as a *Brady* violation in its 440 motion, nevertheless constitutes a judicial admission of fraud that likewise satisfies § 8-b(3)(b).

31. In other words, the "actual basis" of the dismissal of Claimant's indictment, as that term is used by the *Baba-Ali* court, is fraud and misconduct beyond a mere *Brady* violation and, applying the CPLR § 3211(a)(7) standard, the Claim should survive.

## Conclusion

For the foregoing reasons, Claimant respectfully requests that the Court deny the State's motion to dismiss in its entirety, allow discovery, and grant such other and further relief as the Court deems just and proper.

Dated:    July 8, 2020
          Greenport, New York

Elefterakis, Elefterakis & Panek

_____
Gabriel P. Harvis
Baree N. Fett
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116

*Attorneys for Claimant*