

80 Pine Street, 38th Floor
New York, New York 10005
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

JOHN ELEFTERAKIS\*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS
JEFFREY B. BROMFELD
FAIZAN GHAZNAVI
GABRIEL P. HARVIS
BAREE N. FETT
STEPHEN KAHN
EVAN M. LA PENNA

KRISTEN PERRY – CONIGLIARO
AIKA DANAYEVA
ARIANA ELEFTERAKIS
MICHAEL INDELICATO
MICHAEL MARRON
DOMINICK MINGIONE
MARK NEWMAN
AGGELIKI E. NIKOLAIDIS
JOSEPH PERRY
MARIE LOUISE PRIOLO \*
KEYONTE SUTHERLAND
WAYNE WATTLEY

\*Also Admitted In New Jersey

July 16, 2020

**BY ECF**

Honorable Joanna Seybert
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    *Jackson v. Nassau County, et al.*, 18 CV 3007 (JS) (AKT)

Your Honor:

      I represent plaintiff in the above-referenced matter. I write to respectfully respond to the Nassau County defendants' filing earlier today at DE #317. If it should please the Court, the submission is improper and should be denied and stricken.

      First, the filing directly contravenes this Honorable Court's order dated May 31, 2020, which granted these defendants leave to file a reply "not to exceed TWENTY pages" – double the permissible length – by an extended deadline of June 5, 2020. After using their full allotment of time and pages, including to advance legal arguments identical to those now re-presented, these defendants, without seeking leave, have taken it upon themselves to file an additional three pages of single-spaced briefing in violation of, *inter alia*, Local Civil Rules 6.1(b), 7.1(b) and 11.1(b) and Rule III(C) of the Court's Individual Practices.[1] *See, e.g., CareMatrix Corp. v. Kaplan*, 05 CV 3173 (TCP) (GRB), 2012 WL 13102106, \*2 (E.D.N.Y. July 3, 2012) (striking filing where "the submission of the Declaration was simply an attempt to end-run this Court's direction regarding the…brief as well as its denial of Joint Defendants' motion to exceed the page limit imposed").

      Second, while plaintiff respectfully declines to address the merits of defendants' arguments given the procedural infirmities, he notes that these defendants offer no

---

[1] These defendants previously sought and obtained a ten-page extension for their opening brief, allowing them a total of fifty-five pages, exclusive of the instant submission, with which to present their arguments for dismissal. *See* DE #285 and order dated April 13, 2020.

Hon. Joanna Seybert
July 16, 2020

persuasive or binding authority for their application. Indeed, plaintiff is permitted to present alternative legal arguments in separate state and federal actions governed by distinct standards, even where they conflict (which here they do not). *McAnaney v. Astoria Fin. Corp.*, 665 F. Supp. 2d 132, 151 n.18 (E.D.N.Y. 2009) ("It is well-accepted that litigants may present conflicting alternative arguments, and it is often a sign of effective advocacy.") (collecting cases).

Contrary to defendants' contention, plaintiff's counsel's legal arguments in state court constitute neither admissions of fact nor the sort of intervening, precedential authority or new evidence that might justify supplemental briefing on the dismissal motions. *See Jackson v. Goord*, 664 F. Supp. 2d 307, 314 (S.D.N.Y. 2009) ("[C]ourts typically judge whether to grant leave to file a supplemental motion based on criteria similar to those governing motions for reconsideration. Those include whether there has been a change in the law, or whether new evidence has come to light that was not previously available.") (collecting cases). Rather, as their Footnote 3 makes clear, these defendants merely seek to circumvent this Court's prior ruling to bolster arguments that were, or could have been, previously raised. *See, e.g., Sharp v. Ally Fin., Inc.*, 328 F. Supp. 3d 81, 105 (W.D.N.Y. 2018) ("It is well-established in this Circuit that new arguments raised in successive briefing papers will not be considered where those arguments could have been raised in a previous submission.") (collecting cases). Defendants' proposed supplemental briefing would also prejudice plaintiff by delaying his prosecution of the action and increasing its cost.

Accordingly, plaintiff respectfully requests that County defendants' application be denied and that their letter motion at DE #317 and accompanying exhibit be struck.[2]

Thank you for your attention to this matter.

Respectfully submitted,

Gabriel P. Harvis

cc:   All Counsel

---

[2] To the extent the Court is inclined to entertain County defendants' application, plaintiff respectfully requests the opportunity to brief his arguments in an amended opposition memorandum.