

80 Pine Street, 38th Floor
New York, New York 10005
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

JOHN ELEFTERAKIS*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS
JEFFREY B. BROMFELD
FAIZAN GHAZNAVI
GABRIEL P. HARVIS
BAREE N. FETT
STEPHEN KAHN
EVAN M. LA PENNA

KRISTEN PERRY – CONIGLIARO
AIKA DANAYEVA
ARIANA ELEFTERAKIS
MICHAEL INDELICATO
MICHAEL MARRON
DOMINICK MINGIONE
MARK NEWMAN
AGGELIKI E. NIKOLAIDIS
JOSEPH PERRY
MARIE LOUISE PRIOLO *
KEYONTE SUTHERLAND
WAYNE WATTLEY

*Also Admitted In New Jersey

September 3, 2020

**BY ECF**
Honorable A. Kathleen Tomlinson
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:   *Jackson v. Nassau County, et al.*, 18 CV 3007 (JS) (AKT)

Your Honor:

    I represent plaintiff in the above-referenced matter. I write to respectfully request that the Court lift the partial discovery stay imposed on March 6, 2020. The Nassau County defendants oppose this request. The Freeport defendants have not responded to e-mails seeking their position as of this writing.

Background

    This wrongful conviction action was commenced on May 22, 2018. DE #1. After seeking a pre-motion conference in connection with a contemplated motion to dismiss, the Nassau County defendants moved to stay discovery by letter dated December 21, 2018. DE #153. Plaintiff opposed that application by letter dated December 24, 2018. DE #154. The parties appeared at a pre-motion conference before the Hon. Joanna Seybert on January 16, 2019, at which the Court denied the stay application and ordered discovery to proceed while the motions were pending.

    The January 16th ruling was not reduced to writing, but was referenced at conferences before the Hon. Gary R. Brown. On June 3, 2019, Judge Brown instructed defendants to provide discovery to plaintiff, stating "in terms of discovery, you're not withholding discovery on the grounds that you don't think discovery has begun or because of the motion or anything like that, right? In other words, we're not delaying this for the motion to dismiss which, as I understand, would not be completely dispositive in any event." DE #197, p. 30, ln. 14-19; *see also id.* at p. 48, ln. 18-20 (THE COURT: "[W]e know what we have to do is look at those documents that you're all going to share [to see if settlement is possible]. And if not, then we start depositions.").

Hon. A. Kathleen Tomlinson
Sept. 3, 2020

At the next conference before Judge Brown, on July 22, 2019, the Court again referenced Judge Seybert's Jan. 19 ruling: "See, what I have to balance is this consideration, which is Judge Seybert's [considering] the motion to dismiss that you made, *with the specific instruction that we would continue discovery*." DE #204, p. 11, ln. 5-8 (emphasis added).

The parties first appeared before Your Honor on March 6, 2020, almost two years after commencement and – despite plaintiff's diligent efforts – having completed only two non-party depositions. *See, e.g.,* Orders dated September 23, 2019, October 21, 2019 and November 27, 2019. In connection with a stipulated motion schedule for amendment of the complaint and the filing of a second round of motions to dismiss, the Court stated "…for the time being, I am staying all depositions until these issues are resolved." DE #276, p. 33, ln. 16-17. Later, the Court explained that "…depositions are on hold until we get these things worked out, which means also until you get an answer on the motion to dismiss the second amended complaint." *Id.* at p. 42, ln. 2-5.

The amended complaint at issue was filed on March 27, 2020. DE #278. The second set of motions to dismiss (DE #288, 291) were fully briefed as of June 5, 2020.

Governing Standard

As the Honorable Marilyn D. Go explained in *Hollins v. U.S. Tennis Ass'n*, "Under Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a motion to dismiss for 'good cause' shown." 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006) (collecting cases). "The mere filing of a motion to dismiss does not constitute 'good cause' for the issuance of a stay." *Id.* (citations omitted). The three factors to be considered in determining whether a stay is appropriate are: "1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citations omitted). Additional considerations include "the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.* (citations omitted).

Good Cause is Lacking to Further Stay Depositions

If it should please the Court, the *Hollins* factors favor lifting the stay. *First*, the motions, now available for review, are non-dispositive and dilatory. The Nassau County defendants concede the validity of plaintiff's § 1983 conspiracy, coercion and evidence fabrication claims, pressing only premature and failing arguments against the malicious prosecution claim, while the Freeport defendants offer baffling arguments lacking color. *See* DE #300-301. Plaintiff, on the other hand, expects his own anticipated motion for summary judgment on his § 1983 *Brady* claim to be well supported by the developed

Hon. A. Kathleen Tomlinson
Sept. 3, 2020

record and his claims are otherwise plausibly presented. *Id.*; *cf. Walker v. City of New York*, 974 F.2d 293, 300 (2d Cir. 1992) ("[W]ithholding Brady material will virtually always lead to a substantial violation of constitutional rights.").

*Second*, the discovery sought is narrow and will cause no undue burden. The parties are in agreement about the preliminary witnesses, a schedule for the depositions of whom was tentatively set in November 2019. Each of these individuals, and the others plaintiff seeks to examine, have relevant information about the disputed events and will inevitably be deposed. *See, e.g., Sanders v. Sheppard*, 16 CV 6526 (CBA) (SJB), 2019 WL 1574952, *2 (E.D.N.Y. Mar. 11, 2019) ("Thus, even if the moving defendants' motions to dismiss are granted, this action will proceed and discovery will be conducted. Given the allegations in the complaints, the moving defendants are important witnesses in this case. Even assuming the moving defendants are dismissed, it is likely that the plaintiffs will continue to conduct discovery regarding these defendants as non-parties….Discovery of the moving defendants is inevitable regardless of the outcome of their motion to dismiss.") (quoting *Hollins*, 469 F. Supp. 2d at 79 (brackets and internal quotation marks omitted). Indeed, the far-flung, retired police officer defendants will now, by virtue of the pandemic, avoid the prospect of travel to New York City, as plaintiff intends to conduct all depositions remotely.

*Third*, a continued stay will prejudice plaintiff. The three-year statute of limitations on plaintiff's § 1983 claims expires on February 16, 2021 and without depositions plaintiff may not uncover viable claims in time to assert them. *See Martinez v. City of New York*, 16 CV 79 (AMD) (CLP), 2018 WL 604019, *29 (E.D.N.Y. Jan. 24, 2018) (finding prejudice where ability to meet limitations deadline jeopardized); *see also*, *e.g.*, *Garland-Sash v. City of NY*, 04 CV 0301 (NGG) (LB), 2005 WL 2133592, *3 (E.D.N.Y. Sept. 1, 2005) ("statutes of limitations are strictly enforced") (citations omitted). Moreover, the disputed events of twenty-five years ago grow more remote by the day, with witness memories less reliable and relevant documents subject to loss or destruction, inhibiting the quality of trial evidence. The stay further removes such incentive to explore a compromised resolution as depositions may provide.

*Fourth*, despite its gravity and scope, this is not the sort of complex case that would warrant a continued stay, particularly at this advanced stage of litigation. Since the Nassau County defendants' 2018 stay application was denied, no party has filed an application to stay depositions and plaintiff respectfully submits that good cause for such an application cannot be established. *Hollins*, 469 F. Supp. 2d at 79; Fed. R. Civ. P. 1.

Accordingly, plaintiff respectfully requests that the Court lift the partial stay and permit plaintiff to take depositions while the motions to dismiss are pending.

Hon. A. Kathleen Tomlinson
Sept. 3, 2020

    Thank you for your consideration of this request.

                          Respectfully submitted,

                          Gabriel P. Harvis

cc:    All Counsel