UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JOSEPH JACKSON,

                          Plaintiff,

     -against-

NASSAU COUNTY; THE INCORPORATED
VILLAGE OF FREEPORT; DETECTIVE ROBERT
DEMPSEY; DETECTIVE GARY                     **ORDER**
ABBONDANDELO; DETECTIVE JOHN M.            **ON MOTIONS**
HOLLAND; DETECTIVE MICHAEL HERTS;
DETECTIVE MARTIN ALGER; POLICE OFFICER     CV 18-3007 (JS) (AKT)
ROBERT MELENDEZ; DETECTIVE WALTER
SWENSON; DETECTIVE ANTHONY KOSIER;
DETECTIVE SERGEANT DAN SEVERIN; DORA
MULLEN, AS THE ADMINISTRATOR OF THE
ESTATE OF JERL MULLEN; JANE DOE, AS THE
ADMINISTRATOR OF THE ESTATE OF ARTHUR
ZIMMER, and JOHN and JANE DOE 1 through 20,

                       Defendants.
-----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      When the Court last met with counsel in the early phase of the pandemic, there was a lengthy discussion about the filing of a second amended complaint and defendants' subsequent anticipated motion to dismiss. *See* Civil Conference Minute Order ("CCMO") at DE 270. The Court set a schedule by which the amended pleading and motion to dismiss were to be filed and, in the interim, permitted "limited discovery to proceed, with the exception of depositions." *Id*. at 2. All depositions were stayed until further order of the Court. *Id*. The Court also set a deadline for the parties to raise any related discovery disputes by way of letter motion and noted that failure to file by that deadline would be deemed a waiver of the right to make such motions.

*Id*. at 3. Thereafter, the parties filed multiple several discovery motions. The Court now addresses three of those motions. The remaining motions will be addressed in a separate Order.

I. **Motion for an Extension of Time by the Village of Freeport Defendants [DE 274]**

Defendants Incorporated Village of Freeport, the Village of Freeport Police Department and individual employees of the Village ("Village Defendants") filed a motion seeking to extend the deadline to respond to Plaintiff's discovery demands in light of impediments caused by the COVID-19 pandemic and the inability of counsel for the Village Defendants to "meet with or obtain information from" his clients because Village Hall was closed. DE 274. Plaintiff opposed the request arguing that the Village Defendants' failed to meet and confer in accordance with Local Rule 37.3 prior to filing their motion and that an extension of the deadline to respond to discovery demands would detrimentally impact the remainder of the discovery schedule, namely, Plaintiff's ability to timely file a Local Rule 37.1 motion. DE 275.

The Village Defendants' motion is GRANTED *nunc pro tunc*. To the extent that the discovery responses were produced after the April 6, 2020 deadline for the parties to seek judicial intervention on related discovery disputes, the Plaintiff is permitted to file a motion in compliance with Local Rule 37.1 for any disputes that arose from the Village Defendants' discovery responses. This motion must be filed by April 30, 2021 and any opposition to the motion must be filed by May 10, 2021.

II. **Plaintiff's Motion to Lift the Partial Stay [DE 320]**

Plaintiff filed a motion requesting to lift the partial stay on depositions in this case. DE 320. Both the County Defendants [DE 321] and Village Defendants [DE 322] oppose the motion. Having considered the parties' submissions and the procedural posture of this action, along with the applicable case law, Plaintiff's motion is DENIED. Depositions will be held in

abeyance pending Judge Seybert's resolution of the Defendants' motions to dismiss. The Court acknowledges that there may be a legitimate concern regarding the statute of limitations running on the Plaintiff's claims under 42 U.S.C § 1983. However, the parties may alternatively enter into a Stipulation tolling the statute of limitations from the date the stay was implemented to resolve these concerns. If so, the Stipulation should be filed by April 30, 2021.

### III.     County Defendants' Motion to "So Order" a Subpoena [DE 316]

The County Defendants filed a motion requesting that the Court "so order" a subpoena seeking the Plaintiff's medical records and disciplinary records from the Fishkill Correctional Facility from May 22, 2008 through May 22, 2018. DE 316. The Court previously agreed to "so order" the subpoena. However, in light of the passage of time since the filing of the motion, the dates on the subpoena are no longer timely and must be amended. Therefore, the County Defendants' motion is GRANTED, but counsel should promptly file a revised subpoena which the Court will address expeditiously.

**SO ORDERED.**

Dated: Central Islip, New York
       March 31, 2021                         /s/ A. Kathleen Tomlinson
                                              A. KATHLEEN TOMLINSON
                                              United States Magistrate Judge

3