AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
_____ District of _____

|  |  |  |
|---|---|---|
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. |
| _Defendant_ | )<br>)<br>)<br>) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 

_(Name of person to whom this subpoena is directed)_

❐ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

_CLERK OF COURT_

OR

_____        _____
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x    Docket No.:
                                                                         18-CV-3007 (JS) (GRB)
JOSEPH JACKSON,
                                                                    :
                                        Plaintiff,                  :
                                                                    :
          -against-                                                 :
                                                                    :
NASSAU COUNTY ET AL.,                                               :
                                        Defendants.                 :
------------------------------------------------------------------- x

TO:    **FISHKILL CORRECTIONAL FACILITY, 18 Strack Drive, Beacon, NY  12508 (845) 831-4800**

       YOU ARE HEREBY AUTHORIZED to furnish to WILSON, ELSER, MOSKOWITZ, EDELMAN &

DICKER LLP, 1133 Westchester Avenue, White Plains, NY  10604, Attn:  Janine Mastellone, Esq. and/or Lalit

K. Loomba, Esq., attorneys for defendants in the above-captioned action, copies all records concerning Joseph N.

Jackson, D.O.B. ███████ , SS# ███████ .

                                                                    Joseph N. Jackson

Sworn to before me this
3ᵈ day of December 2019

          Notary Public

8009287v.1

OCA Official Form No.:960

## AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| Joseph Jackson | ███████ | ███████ |

| Patient Address |
|---|
| C/o Elefterakis, Elefterakis & Panek, 80 Pine Street, 38th Floor, New York, NY 10005 |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form: In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL** and **DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a).  In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THEN THE ATTORNEY OR GOVERNMENTAL AGENCY SPEIFIED IN ITEM 9 (b).**

| |
|---|
| 7. Name and address of health provider or entity to release this information: |
| **Fishkill Correctional Facility, 18 Stack Drive, Beacon, NY 12508** |
| 8. Name and address of person(s) or category of person to whom this information will be sent: |
| **The County of Nassau, 1 West Street, Mineola, NY 11501** |

9(a). Specific information to be released:

☐ Medical Record from (          ) to ( Present )

☒ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.

| ☐ Other: | Include: (Indicate by Initialing) |
| | ☒ Alcohol/Drug Treatment |
| | ☒ Mental Health Information |
| | ☒ HIV-Related Information |

**Authorization to Discuss Health Information**

☐ By initialing here_____ I authorize
                    Initials
to discuss my health information with my attorney, or a governmental agency, list here:

| 10. Reason for release of information: | 11. Date or event on which this authorization will expire: |
|---|---|
| ☐ At request of individual | **End of Litigation** |
| ☒ Other: Litigation | |
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |
| **Gabriel P. Harvis, Esq.** | **Power of Attorney** |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_Signature of patient or representative authorized by law._          Date: 12-10-19

\* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

**To Execute HIPAA Medical Record Authorization Forms Pursuant to NY Public Health Law Section 18(1)(G) as Amended 03/06/09**

I _Joseph Jackson_

Of _[redacted]_

Do hereby appoint: **ELEFTERAKIS, ELEFTERAKIS & PANEK, P.C.** with offices at 80 Pine Street, 38th Floor, New York, NY 10005, my attorneys-in-fact to act (each agent may act separately) in my name, place and stead in any way which I myself could do, if I were personally present to execute HIPAA medical record authorization forms pursuant to NY Public Health Law Section 18 (1)(G) as amended 03/06/09. **ELEFTERAKIS, ELEFTERAKIS & PANEK, P.C.** is also authorized to execute a written request for my health information under NY Public Health Law Section 18. This Power of Attorney may be revoked by me at any time. This Power of Attorney shall not be affected by my subsequent disability or incompetence.

To induce any third party to act hereunder, I hereby agree that any third party receiving a duly executed copy or facsimile of this instrument may act hereunder, and that revocation or termination hereof shall be ineffective as to such third party unless and until actual notice or knowledge of such revocation or termination shall have been received by such third party, and I for myself and for my heirs, executors, legal representatives, and assigns, hereby agree to indemnify and hold harmless any such third party from and against any and all claims that may arise against such third party by reason of such third party having relied on the provisions of this instrument.

In Witness Whereof I have hereunto signed my name this 2nd day of August 2018

_____
(Patient's Signature)

GABRIEL P. HARUN, ESQ.

_____, Esq.
(Attorney)

## ACKNOWLEDGEMENT

State of New York           )

County of _Nassau_          )ss:

On this _2nd_ day of _August_ 2018 before me came the undersigned, personally appeared _____ personally known to be proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person who acted on behalf of the individual, executed the instrument and that such individual made such appearance before the undersigned in _Nassau Co_, New York.

_____

Notary Public

BAREE NICHOLE FETT
NOTARY
NO. 02FE6260780
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
05-07-2020
PUBLIC
STATE OF NEW YORK

## Authorization for Release of Health Information (Including Alcohol/Drug Treatment and Mental Health Information) and Confidential HIV/AIDS-related Information

NEW YORK STATE DEPARTMENT OF HEALTH

| Patient Name | Date of Birth | Patient Identification Number |
|---|---|---|
| Joseph Jackson | ███████ | |

| Patient Address |
|---|
| ████████████████████████ |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form. I understand that:

1. This authorization may include disclosure of information relating to ALCOHOL and DRUG TREATMENT, MENTAL HEALTH TREATMENT, and CONFIDENTIAL HIV/AIDS-RELATED INFORMATION only if I place my initials on the appropriate line in item 8. In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 8, I specifically authorize release of such information to the person(s) indicated in Item 6.

2. With some exceptions, health information once disclosed may be re-disclosed by the recipient. If I am authorizing the release of HIV/AIDS-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from re-disclosing such information or using the disclosed information for any other purpose without my authorization unless permitted to do so under federal or state law. If I experience discrimination because of the release or disclosure of HIV/AIDS-related information, I may contact the New York State Division of Human Rights at 1-888-392-3644. This agency is responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the provider listed below in Item 5. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. Signing this authorization is voluntary. I understand that generally my treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditional upon my authorization of this disclosure. However, I do understand that I may be denied treatment in some circumstances if I do not sign this consent.

5. Name and Address of Provider or Entity to Release this Information:

Fish Kill Correctional Facility – 18 Stack Drive, Beacon, NY 12508-0307

6. Name and Address of Person(s) to Whom this Information Will Be Disclosed:

The County of Nassau, 1 West St Mineola, NY 11501

7. Purpose for Release of Information:

Litigation

8. Unless previously revoked by me, the specific information below may be disclosed from: _____ until _____
INSERT START DATE        INSERT EXPIRATION DATE OR EVENT

☑ All health information (written and oral), except:

| For the following to be included, indicate the specific information to be disclosed and initial below. | Information to be Disclosed | Initials |
|---|---|---|
| ☒ Records from alcohol/drug treatment programs | | J.J. |
| ☒ Clinical records from mental health programs* | | J.J. |
| ☒ HIV/AIDS-related Information | | J.J. |

| 9. If not the patient, name of person signing form: | 10. Authority to sign on behalf of patient: |
|---|---|
| | |

All items on this form have been completed, my questions about this form have been answered and I have been provided a copy of the form.

_Joseph Jackson_ (signature)                                    12/3/19
SIGNATURE OF PATIENT OR REPRESENTATIVE AUTHORIZED BY LAW                DATE

Witness Statement/Signature: I have witnessed the execution of this authorization and state that a copy of the signed authorization was provided to the patient and/or the patient's authorized representative.

_____        _____        _____
STAFF PERSON'S NAME AND TITLE        SIGNATURE        DATE

This form may be used in place of DOH-2557 and has been approved by the NYS Office of Mental Health and NYS Office of Alcoholism and Substance Abuse Services to permit release of health information. However, this form does not require health care providers to release health information. Alcohol/drug treatment-related information or confidential HIV-related information released through this form must be accompanied by the required statements regarding prohibition of re-disclosure.

*Note: Information from mental health clinical records may be released pursuant to this authorization to the parties identified herein who have a demonstrable need for the information, provided that the disclosure will not reasonably be expected to be detrimental to the patient or another person.

DOH-5032 (4/11)

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).