

eeplaw.com
80 Pine Street, 38th Floor
New York, New York 10005
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

April 27, 2021

**BY ECF**
Honorable A. Kathleen Tomlinson
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  Re: *Jackson v. Nassau County, et al.*, 18 CV 3007 (JS) (AKT)

Your Honor:

  I represent plaintiff in the above-referenced matter. I write to respectfully request: 1) on consent, an extension of plaintiff's deadline to raise discovery disputes in connection with the Village of Freeport defendants' discovery responses from April 30, 2021 to May 15, 2021; and 2) an order compelling the Village of Freeport defendants to respond to plaintiff's outstanding discovery demands by a date certain in advance of May 15th.

  Pursuant to Local Civil Rule 37.3 and this Honorable Court's Individual Practices, plaintiff has conferred in good faith with counsel for the Village defendants in an effort to obtain the relief requested without Court intervention, including e-mails over a period of weeks and a telephone call on April 23, 2021.

  Over a year ago, pursuant to Fed. R. Civ. P. 26, 33 and 34, plaintiff served discovery demands on the Village defendants, annexed hereto as Exhibits 1-5. Pursuant to Rules 33(b)(2) and 34(b)(2)(A) of the Federal Rules of Civil Procedure, the Village defendants' responses to plaintiff's demands were due thirty days after service. No responses have been received as of this writing.

  The Village defendants' failure to respond to the demands annexed as Exhibits 1-3, dated January 14, 2020, were the subject of this Honorable Court's order dated

Hon. A. Kathleen Tomlinson
Apr. 27, 2021

March 31, 2021 (filed at DE #324), which granted the Village defendants a *nunc pro tunc* extension of their response deadline and stated that: "[t]o the extent that the discovery responses were produced after the April 6, 2020 deadline for the parties to seek judicial intervention on related discovery disputes, the Plaintiff is permitted to file a motion in compliance with Local Rule 37.1 for any disputes that arose from the Village defendants' discovery responses" by April 30, 2021.[1]

Given that the Village defendants have never produced responses, plaintiff is unable to meet the April 30th deadline set by the Court in its order at DE #324. Thus, plaintiff e-mailed defense counsel on April 8, 2021 seeking the overdue responses by April 15, 2021. *See* E-mail annexed hereto as Exhibit 6. Village defendants never responded to that e-mail. Plaintiff then sent a follow up e-mail, annexed hereto as Exhibit 7. The parties ultimately conferred by telephone on April 23, 2021. The Village defendants vaguely agreed to respond to plaintiff's January 14th demands by tomorrow, but have been unwilling to commit to a date certain for the other responses. Without all overdue responses, plaintiff will be prejudiced if he cannot review the responses in sufficient time to confer and brief any disputes arising from the responses in accordance with Section I of the Court's order filed at DE #324.[2]

Accordingly, plaintiff respectfully requests that the Court: 1) impose a date certain deadline in advance of May 15, 2021 for the Village defendants to provide their overdue responses to plaintiff's demands at Exhibits 1-5; and 2) on consent, extend the deadline for plaintiff to raise disputes arising from those responses from April 30, 2021 to May 15, 2021 or such date as the Court deems appropriate.

---

[1] In accordance with the deadline imposed at ¶ 10 of the order dated March 6, 2020 (filed at DE #270), plaintiff submitted his discovery motion on April 6, 2020 (filed at DE #281). Plaintiff did not include a request for relief in connection with the Village defendants' failure to respond to his March 5th or April 25th demands (Exhibits 4-5) because, if it should please the Court, the Village defendants' responses were not yet overdue at that time.

[2] Section II of the Court's order at DE #324, which addresses the expiration of the statute of limitations in this case, permits the parties to stipulate to a toll of the statute of limitations from the date of the stay. However, it appears that such an agreement could apply, at most, only to the existing defendants and not to any new individual defendants. *See Martinez v. City of New York*, 16 CV 79 (AMD) (CLP), 2018 WL 604019, *29 (E.D.N.Y. Jan. 24, 2018) (citation omitted). For this reason, to the extent discovery reveals new potential defendants and plaintiff seeks leave to amend, plaintiff anticipates requesting that the Court equitably toll the limitations period.

Hon. A. Kathleen Tomlinson
Apr. 27, 2021

    Thank you for your consideration of this request.

                                        Respectfully submitted,

                                        Gabriel P. Harvis

Encl.

cc:    All Counsel