

eeplaw.com
80 Pine Street, 38th Floor
New York, New York 10005
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

May 17, 2021

BY ECF
Honorable A. Kathleen Tomlinson
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    *Jackson v. Cty. of Nassau, et al.*, 18 CV 3007 (JS) (AKT)

Your Honor:

    I represent plaintiff in the above-referenced matter. I write pursuant to Local Civil Rule 37.1, Section I of the Court's order dated March 31, 2021 (filed at DE #324) and plaintiff's letter dated April 27, 2021 (filed at DE #328) to respectfully raise discovery disputes between plaintiff and the Village of Freeport defendants.

## Background/Local Civil Rule 37.3 Certification

    The Court's March 31st order permitted plaintiff to raise discovery disputes regarding the Village defendants' overdue discovery responses by April 30, 2021. DE #324. However, as discussed in plaintiff's letter at DE #328, plaintiff did not receive responses in time to comply with the operative deadline. Indeed, plaintiff did not receive any written responses from the Village of Freeport defendants to the demands at issue here until April 29, 2021. On that date, the Village defendants responded to plaintiff's January 14, 2020 and March 5, 2020 demands and emailed a letter purporting to object to demands plaintiff had served on April 25, 2020. Thereafter, the parties conferred several times by phone and email, narrowing the disputes.[1]

---

[1] At the request of the Village defendants, plaintiff is not raising open disputes related to Interrogatories 3, 4 and 6 of his January 14, 2020 demands at this time, as the Village has represented that supplemental responses will be served upon plaintiff today. If it should please the Court, plaintiff will attempt to resolve any issues related to those requests and, if that process is unsuccessful, plaintiff will notify the Court.

Hon. A. Kathleen Tomlinson
May 17, 2021

## Local Civil Rule 37.1 Request for Judicial Intervention

a) <u>Plaintiff's Interrogatory and Document Request No. 1</u>

### Plaintiff's Request (annexed hereto as Exhibit 1):

Identify and provide the address and telephone number for the "third party investigator" referenced in the affidavit of Robert McLaughlin dated December 31, 2019.

> a. Pursuant to Rule 34, produce all notes, records and recordings produced by the investigator.

> b. Pursuant to Rule 34, produce the retainer agreement with the investigator.

> c. State the date on which the investigator was retained and during what period investigative services were rendered.

### Response from Village of Freeport (annexed as Exhibit 2):

The Incorporated Village of Freeport objects to this demand to the extent it seeks privileged and/or confidential information. The Incorporated Village of Freeport further objects to this demand as irrelevant and not sufficiently tailored to lead to relevant or admissible evidence, overly broad, and unduly burdensome. The Incorporated Village of Freeport objects to this request to the extent it seeks a response beyond the scope of permissible written discovery. The Incorporated Village of Freeport additionally objects to this demand as premature as discovery remains ongoing and depositions have not yet been conducted. The Incorporated Village of Freeport reserves the right to amend and/or supplement this response as additional information becomes available up until and including the time of trial.

### Argument:

By way of background, the Village of Freeport filed a letter with the Court at DE #255 enclosing an affidavit from Deputy Village Attorney Robert McLaughlin dated

Hon. A. Kathleen Tomlinson
May 17, 2021

December 31, 2019 (annexed as Exhibit 3). In his affidavit, Mr. McLaughlin states: "[U]pon receipt of this matter, the Village assigned an independent third-party investigator into this matter inclusive of identifying witnesses for this matter." Exhibit 5, p. 4 at ¶ 3.

If it should please the Court, the asserted objections should be overruled for a number of reasons. First, they are waived because the Village did not respond to these demands for over fifteen months between January 14, 2020 and April 29, 2021. *See, e.g., U.S. Bancorp Equip. Fin., Inc. v. Babylon Transit, Inc.*, 270 F.R.D. 136, 140 (E.D.N.Y. 2010) ("[S]ince any potential objections were not made in a timely fashion, they are waived.") (citing Fed. R. Civ. P. 33(b)(4)). Second, the objection fails on the merits because communications with independent extent third parties, and the documents generated by their investigations, are not privileged or confidential. *See Allied Irish Banks v. Bank of Am., N.A.*, 240 F.R.D. 96, 103 (S.D.N.Y. 2007) ("Generally, communications made between a defendant and counsel in the known presence of a third party are not privileged…Rather, disclosure of attorney-client communications to a third party, who is not an agent or employee of counsel, or communications with an attorney in the presence of a third party vitiates the confidentiality required for asserting the privilege.") (citations, quotation marks and brackets omitted). Third, even if some unspecified privilege were applicable – which it is not – defendant's objections should nevertheless be overruled because the Village has failed to comply with Rule 26(b)(5) or Local Civil Rule 26.2 (requiring the production of a privilege log). *See S.E.C. v. Yorkville Advisors*, LLC, 300 F.R.D. 152, 157 (S.D.N.Y. 2014) ("Importantly, a party's failure to comply with the requirements of Fed. R. Civ. P. 26(b)(5) or Local Civil Rule 26.2 may result in a waiver of privilege."). Fourth, there is no basis to conceal the identity of the investigator, who admittedly investigated the disputed events and thus has relevant knowledge. Fifth, given the importance of this case and the issues it raises, the Village's conclusory claim of burden should be rejected.

Accordingly, plaintiff respectfully requests that the Court overrule the Village's objections and require it to respond to plaintiff's Request no. 1 by a date certain.

   b) <u>Plaintiff's April 25, 2020 Discovery Demands</u>

Pursuant to Fed. R. Civ. P. 33 and 34, plaintiff served interrogatories and document requests on the Village of Freeport on April 25, 2020 seeking information regarding indemnification and conflict waivers. *See* Requests, annexed hereto as Exhibit 4. The Village never responded. Following issuance of the Court's March 31, 2021 order, plaintiff informed the Village that he intended to move for an order compelling the Village to provide the overdue responses and to extend plaintiff's deadline to seek judicial relief. *See* DE #328. The Village ultimately responded by letter dated April 28, 2021 but e-mailed on April 29, 2021 (over one year after the demands were served), declining to respond and

3

Hon. A. Kathleen Tomlinson
May 17, 2021

objecting on the basis of Rule 33(a)(1). *See* Letter, annexed hereto as Exhibit 5. Plaintiff then informed the Village that its failure to timely respond waived any such objections and that, in any event, plaintiff had served less than 25 interrogatories and Rule 33 does not apply to requests for documents. *See, e.g., New Falls Corp. v. Soni*, 18 CV 2768 (ADS) (AKT), 2020 WL 2836790, *2 (E.D.N.Y. May 29, 2020), *review denied sub nom. New Falls Corporaton v. Soni*, 2021 WL 878742 (E.D.N.Y. Mar. 8, 2021) ("Defendants' counsel ignored the fact that any objections by that date had been waived based on the untimeliness of those obviously useless responses.") (Tomlinson, J.).

On the merits, the narrow demands seek discoverable and relevant information. *See Moroughan v. The Cty. of Suffolk*, 12 CV 512 (JFB) (AKT), 2015 WL 5475989, *4 (E.D.N.Y. Sept. 16, 2015) ("[T]he Court concludes, based on the arguments presented by Plaintiff's counsel, that the transcript from the second indemnification proceeding meets the relevance threshold under Fed. R. Civ. P. 26.") (Tomlinson, J.) (citation omitted). Particularly given the gravity of plaintiff's claims in this action and the amount in controversy, it is appropriate and proportional for the Village to disclose whether and to what extent the individual defendants will be indemnified, along with the underlying documents. By the same token, plaintiff is entitled to know whether the individual defendants, who are jointly represented by counsel for the Village, have executed conflict waivers. *See, e.g., Bernstein v. Vill. of Piermont*, 11 CV 3677 (ER), 2013 WL 5718450, *2 (S.D.N.Y. Oct. 21, 2013) ("The incentive for the three [individual defendants] to take adverse positions and to attempt to shift blame among one another is heightened by their potential exposure to punitive damages and the Village's uncertain position regarding indemnification.").

Thus, plaintiff respectfully requests that the Court 1) deem the Village's objections waived for their untimely response; 2) overrule the Village's Rule 33(a)(1) objection; or 3) allow plaintiff additional interrogatories and compel the Village to respond and provide the requested information and documents by a date certain.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc: All Counsel