**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

THE OMNI, SUITE 901
333 EARLE OVINGTON BLVD.
UNIONDALE, NY 11553
(516) 880-8484

**KEITH M. CORBETT, ESQ.**

DIRECT:  (516) 880-8492
FAX:     (516) 880-8483
KCORBETT@HARRISBEACH.COM

May 27, 2021

**VIA ECF**
Hon. A. Kathleen Tomlinson
United States District Court,
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:      **Joseph Jackson –**
                   **v.-**
              **Nassau County, et. al**
              **United States District Court**
              **Eastern District of New York**
              **18 CV 3007 (JS)(GRB)**

Dear Judge Tomlinson:

      Our office represents the Defendants, Incorporated Village of Freeport and individual police department employees of the Village named as defendants the above subject litigation (the "Village Defendants.") This correspondence is being submitted in response to Plaintiff's letter motion dated May 17, 2021.

      From the outset of this litigation, Plaintiff's counsel has refused to meet and confer in good faith. Instead, Plaintiff's counsel has chosen to engage in rudimentary meet and confers wherein he fails to demonstrate a willingness to compromise or find solutions. The Plaintiff's counsel simply demands compliance at an alleged meet and confer and fails to exchange ideas or opinions intended to resolve any perceived discovery dispute.  Then immediately thereafter, as if his meet and confer was nothing more than a technicality to check the proverbial box, he runs to this Court for some sort of relief.

      As this Court is well aware, F.R.C.P 37(a)(1) requires a movant in good faith to confer with a defendant concerning discovery in an effort to avoid judicial intervention. *See*: Alexander Interactive , Inc. v. Adorama, Inc., 2013 U.S. Dist. Lexis 170931. Courts have held that a party's failure to demonstrate a willingness to compromise or find solutions establishes the lack of good faith and requires the dismissal of a movants motion to compel, Alexander Interactive , Inc. v. Adorama, Inc., 2013 U.S. Dist. Lexis 170931. Under the F.R.C.P., a live exchange of ideas and opinions is necessary for a movant to engage good faith and, merely demanding compliance does not satisfy the conference requirements. during a meet and confer, AIU Insurance Co., 2008 U.S. Dist. Lexis 66370, Alexander Interactive , Inc. v. Adorama, Inc., 2013 U.S. Dist. Lexis 170931; Layne Christensen Co., v. Bro Tech Corp, 2011 U.S. Dist. Lexis 98001. Cotracom Commodity Trading Co., v. Seaboard Corp., 189 F.R.D. 456 (Kan. 1999).

      More specifically, in reference to the Plaintiff's instant motion, the parties did in fact meet and confer on May 3, 2021. Thereafter, in response to one of Plaintiff's counsels typical recitation emails



that incorrectly states the discussions from the meet and confer, our office submitted in writing a notice to Plaintiff's counsel of his failure to meet and confer in good faith thereby prohibiting an unwarranted motion from being interposed. Thereafter, at our office's suggestion, another meet and confer was held on May 13, 2021, wherein for the first time in this litigation Plaintiff's counsel appeared willing to, at least, find common ground in an attempt to resolve any perceived discovery disputes. The Village agreed to provide further responses to three of the five perceived discovery disputes raised by Plaintiff's counsel.

As of the timing of the writing of this letter, a third response to Plaintiff's First Demand to the Village of Freeport for Interrogatories, was served upon Plaintiff's counsel providing information relative to the Interrogatories labeled by Plaintiff's counsel as Interrogatory 3, 4 and 6 in the Plaintiff's First Demand to the Village of Freeport for Interrogatories, dated January 14, 2020. Annexed hereto as **Exhibit "A"** is a copy of the Plaintiff's First Demand to the Village for Interrogatories, dated January 14, 2020.  Additionally, after consulting with my client and, in the interest of continuing to demonstrate good faith, the Village also provided information responding to the interrogatory labeled 1, in the Plaintiff's First Demand to the Village of Freeport for Interrogatories, dated January 14, 2020, providing the name and telephone number for the Village's third party investigator.

Therefore, currently before this Court is the Plaintiff's utilization of 34 interrogatories when in fact the F.R.C.P. limits Plaintiff to 25 interrogatories from the Village Defendant.  First, it is important to note, that Plaintiff incorrectly distorts the record of discovery before this court. On May 5, 2020, during the closure of the Incorporated Village of Freeport, for the COVID-19 Health pandemic, our office, after contact with the Plaintiff's counsel advising of the difficulties connecting with our client, provided written response to the Plaintiff's First and Second Demands to the Village of Freeport for Interrogatories. For the Plaintiff, to allege that these responses were not provide until almost a year later and, therefore waived, is just refuted by the facts and pragmatic application of the F.R.C.P to this case. Thereafter, on April 28, 2021 the Village provided further responses to Plaintiffs First and Second Demand to the Village for Interrogatories.

As this Court is well aware, F.R.C.P. 33(a) limits the number of interrogatories a party can serve to 25 per party, including all discreet subparts. Under the F.R.C.P. a subpart is one not logically or factually subsumed within and necessarily related to the primary questions, Cramer v. Fedco Auto Components Co., Inc., 2004 U.S. Dist. Lexis 13817; Krawczyk v. City of Dallas, 2004 WL 614842. . Therefore, if a question listed as a subpart can be answered independently from that preceding it, that question must be counted separately, Bender v. GSA, 2006 U.S. Dist. Lexis 55806.

In the case at bar, the Plaintiff has served three (3) sets of Interrogatories upon the Village and to date, the Village has responded to the more than 25 interrogatories contained within the first two sets of Plaintiff's Demands for Interrogatories. It is important to note, instead of raising an objection to Plaintiff's overuse of interrogatories, the Village actually responded to the Plaintiff's Second Demand to the Village for Interrogatories, dated March 5, 2020, even though the Plaintiff's First Demand to the Village of Interrogatories exceeded the quota of 25 per party.  Annexed hereto as **Exhibit "B",** is Plaintiff's Second Demand to the Village for Interrogatories, dated March 5, 2020.



Just for clarity, the information requested by the Plaintiff in his Third Demand to the Village for Interrogatories, dated April 25, 2020, seeks narrative information that can be obtained through normal discovery and depositions without continuing to harass the Village Defendant. Attached hereto as **Exhibit "C"** is a copy of the Plaintiff's Third Demand to the Village for Interrogatories, dated April 25, 2020.

In the case at bar, the Plaintiff's First Demand to the Village for Interrogatories has seven (7) labeled demands containing 36 subparts. *See:* Exhibit "A". A review of said interrogatories clearly demonstrates 21 of the subparts, can be answered independently from that preceding it. For brevity, a few examples of subparts that can be answered independently are as follows: Plaintiff in nine (9) separate subparts asks for documents pursuant to Rule 34 that are stand-alone questions that can be answered independently. For example in request labeled 6(a)(v)(d) Plaintiff states "*Pursuant to Rule 34, produce or make available for inspection and copying the discovery and pleading*". Further, Plaintiff uses subparts as follows, as in request 1(c) "*Pursuant to Rule 34, produce the retainer agreement with the investigator*". Clearly, any reference to Rule 34 documents are stand-alone questions that can be answered independently.

Additionally, Plaintiff continually asks in subparts for information that is not logically or necessarily related to the interrogatory and can be answered independently of the interrogatory. For example the interrogatory labeled 6 asks for the following: "*Of the individual defendants listed in the caption of the first amended complaint which have been employed by the Village of Freeport?*" Now, irrespective of the fact that all of these defendants, except two (2), are no longer parties to this action, subparts (1)(3)(1)(a),(b) and (c) of the interrogatory labeled 6 requests information concerning civilian complaints. Clearly, questions concerning civilian complaints are independent from a question asking who was employed by the Village.

A review of the Plaintiff's interrogatories clearly evidences the First Demand for Interrogatories exceeds the 25 limit per party quota. There is no question that the narrative information requested by the Plaintiff in separate independent subparts that are not logically or relative to the initial interrogatory entitles the Village Defendants to the denial of the instant motion.

The case at bar is similar to <u>Kennedy v. Contract Pharmal Corp</u>., 2013 U.S. Dist. Lexis 67839. In said case, there were 16 interrogatories with 27 subparts which sought narrative information that could be more readily available through discovery and at depositions. The court denied the motion to compel finding the interrogatories exceeded the quota set by the F.R.C.P. Similarly, in the case at bar, it is clear the Plaintiff has exceeded its quota for interrogatories and the Plaintiff is requesting narrative information that is more readily available without the use of interrogatories.

For the Court's ease of reference a list of the 29 interrogatories responded to by the Village Defendant in Plaintiff's First and Second Demand for interrogatories is attached hereto. The Village Defendant respectfully requests that the Plaintiff's motion to compel be denied in its entirety.

HARRIS BEACH PLLC
S/_____
Keith M. Corbett, Esq.

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

**VIA ECF ALL PARTIES**

Plaintiff's First Demand to the Village of Freeport for Interrogatories

1. Interrogatory 1
2. Interrogatory 1(a)
3. Interrogatory 1(b)
4. Interrogatory 1(C)
5. Interrogatory 2
6. Interrogatory 2(a)\
7. Interrogatory 2(b)
8. Interrogatory 2(c)
9. Interrogatory 3
10. Interrogatory 3(a)
11. Interrogatory 4
12. Interrogatory 4(a)
13. Interrogatory 5
14. Interrogatory 6
15. Interrogatory 6(a)(iii)(1)(a)
16. Interrogatory 6(a)(iii)(1)(b)
17. Interrogatory 6(a)(iii)(1)(c)
18. Interrogatory 6(a)(iii)(1)(d)
19. Interrogatory 6(a)(iv)(1)(c)
20. Interrogatory 6(a)(iv)(1)(d)
21. Interrogatory 6(a)(v)(1)(a)
22. Interrogatory 6(a)(v)(1)(b)\
23. Interrogatory 6(a)(v)(d)
24. Interrogatory 6(a)(vi)(1)(a)
25. Interrogatory 6(a)(vi)(1)(b)
26. Interrogatory 6(a)(vi)(1)(d)
27. Interrogatory 6(a)(vii)
28. Interrogatory 7

Plaintiff's Second Demand to the Village of Freeport for Interrogatories

29. Interrogatory 10