UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

JOSEPH JACKSON,

                      Plaintiff,

    -against-


NASSAU COUNTY; THE INCORPORATED
VILLAGE OF FREEPORT; DETECTIVE ROBERT
DEMPSEY; DETECTIVE GARY
ABBONDANDELO; DETECTIVE JOHN M.
HOLLAND; DETECTIVE MICHAEL HERTS;
DETECTIVE MARTIN ALGER; POLICE OFFICER
ROBERT MELENDEZ; DETECTIVE WALTER
SWENSON; DETECTIVE ANTHONY KOSIER;
DETECTIVE SERGEANT DAN SEVERIN; DORA
MULLEN, AS THE ADMINISTRATOR OF THE
ESTATE OF JERL MULLEN; JANE DOE, AS THE
ADMINISTRATOR OF THE ESTATE OF ARTHUR
ZIMMER, and JOHN and JANE DOE 1 through 20,

                      Defendants.

**ORDER
ON MOTIONS**

CV 18-3007 (JS) (AKT)

----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

        On March 31, 2021, the Court GRANTED, in part, and DENIED, in part, the County Defendants' motion to compel [DE 280] and the Plaintiff's motion to compel [DE 281], and GRANTED the County Defendants' motion to withdraw one aspect of their motion [DE 282]. *See* DE 325. The Court advised that a substantive written decision on the motions would be entered separately. The following is the Court's decision on the motions.

**I.    County Defendants' Motion to Compel [DE 280, 282]**

        The County Defendants filed a motion to compel the Plaintiff and the Village Defendants to respond to certain interrogatories and document requests. DE 280. Subsequently, the County

Defendants filed a motion to withdraw an aspect of their motion to compel. *See* DE 282. Both the Village Defendants [DE 284] and Plaintiff [DE 297][1] opposed the County Defendants' motion to compel, but did not oppose the County Defendants' subsequent motion to withdraw. For the following reasons, the County Defendants' motion to compel [DE 280] is GRANTED, in part, and DENIED, in part, and motion to withdraw [DE 282] is GRANTED.

Having considered the parties' submissions and objections, the Court issues the following rulings with respect to the **County Defendants'** motion to compel [DE 280]:

- **Interrogatory Nos. 11-12:** Notwithstanding counsel for the County Defendants' failure to meet and confer regarding this dispute, Plaintiff's counsel maintains that the Plaintiff does not possess any additional identifying information for the witnesses disclosed in his responses but acknowledges his duty to update Plaintiff's disclosures if further information comes to light. The Court is satisfied with the representations of counsel for the Plaintiff and will not require a further response.

- **Interrogatory No. 13:** Plaintiff's counsel consents to providing a certification by the Plaintiff as to the accuracy and completeness of his supplemental responses to interrogatories. If the certification has not yet been provided, counsel is directed to confer with his client and provide the certification by **July 6, 2021**.

- **Document Demand Nos. 1-9 and 15:** Initially, the County Defendants requested that Plaintiff produce a privilege log for any documents withheld by the Plaintiff on the basis of an asserted privilege or, alternatively, a certification that Plaintiff did not possess any privileged documents responsive to the County Defendants' document demands 1-9 and 15. In a subsequent letter [DE 282], the County Defendants *withdrew* their request for the Plaintiff to produce a privilege log, explaining that the County Defendants' counsel inadvertently overlooked counsel for Plaintiff's representation in the email transmitting the supplemental responses providing: "I can also confirm that plaintiff is not withholding any documents on the basis of privilege." Notwithstanding this representation, the County Defendants request that Plaintiff himself an affidavit that he is not in possession of any privileged documents responsive to Demands 1-9 and 15.

    Since there is a fundamental distinction between counsel asserting that Plaintiff is not withholding any documents n the basis of privilege and Plaintiff Jackson's response which is asserted "upon information and belief," the Court finds it is not unreasonable

---

[1] The Court notes that Plaintiff's opposition to the motion was filed on May 13, 2021, more than a month late based on the April 6, 2020 filing by the Defendants.

to provide the County Defendants with the affidavit they have requested. The affidavit is to be served on counsel for the Defendants by **July 6, 2021**.

The Court issues the following rulings with respect to the **Village Defendants**:

- **Document Demand Nos. 1-2:** With regard to the 911 radio transmission – and notwithstanding any confusion that may have arisen during counsel's meet and confer regarding the Village Defendants' intention to supplement their responses – counsel for the Village Defendants maintains that the Village Defendants are not in possession of any recording of any 911 tape and/or radio transmission concerning the underlying incident. With respect to the 911 call tape(s), the Court points out that the Village's assertion of privilege as an objection here is improper. Nevertheless, the Village has asserted that it is not in possession of the 911 tape(s). The parties are free to explore this issue at depositions. However, the Court will not require counsel for the Village to do anything further at this time.

- **Document Demand Nos. 3-4:** Putting aside the fact that the Village Defendants' responses to these demands are improper under the Federal Rules – including the fact that FOIL requests are not privileged – counsel for the Village Defendants maintains that the Village Defendants are not in possession of documents responsive to these demands. Therefore, counsel for the Village shall have his client amend these two responses and certify those answers by **July 6, 2021**.

## II.    Plaintiff's Motion to Compel and for Sanctions [DE 281]

Plaintiff filed a motion to compel the Village Defendants and County Defendants to respond to certain interrogatories and document requests and for sanctions for the Defendants' failure to comply with the Court's March 6, 2020 Order. DE 281. Both the Village Defendants [DE 283] and County Defendants [DE 298][2] oppose the motion. For the following reasons, the Plaintiff's motion is GRANTED, in part, and DENIED, in part.

With respect to the Plaintiff's request for sanctions, the Court notes that the Plaintiff cites Rule 37(b)(2) but does not request any specific sanction to be ordered against the Defendants.

---

[2]    The Court notes that the County Defendants' opposition to the motion was filed on May 13, 2021, more than a month late based on the April 6, 2020 filing by the Defendants and this Court's Individual Rules.

3

*Id*. at 2-3. Rather, Plaintiff raises the parties' various failures to comply with the Court's March 6, 2020 CCMO and requests that the Court order compliance with its prior directives. *Id*. Specifically, Plaintiff maintains that the Defendants have yet to produce disciplinary records, precinct photos, and precinct logbooks and the Village Defendants have yet to provide their discovery responses in violation of the Court's March 6, 2020 CCMO. Having considered the parties' submissions, the Court issues the following rulings:

- **Disciplinary Records:** Both the Village Defendants and the County Defendants maintain that their efforts to gather these documents were impeded by the impact of the COVID-19 pandemic but that they intend to produce the documents. If the disciplinary records have not yet been produced, the Defendants are directed to produce the substantive records by **July 13, 2021**. The Court hereby deems all objections *waived*. **Any failure to provide these records by July 13, 2021 will result in the automatic imposition of a monetary sanction in the sum of $250 per day for each day the production remains outstanding, beginning July 14, 2001.**

- **Precinct Photos:** Both the Village Defendants and County Defendants maintain that their efforts to gather these documents were impeded by the impact of the COVID-19 pandemic but that they intend to produce the documents. If the precinct photos have not yet been produced, the Defendants are directed to produce the substantive records by **July 13, 2021**. The Court hereby deems all objections *waived*. **Any failure to provide these records by July 13, 2021 will result in the automatic imposition of a monetary sanction in the sum of $250 per day for each day the production remains outstanding, beginning July 14, 2001.**

- **Precinct Logbooks:** The County Defendants maintain that their efforts to search for these documents are ongoing and they intend to produce the documents. If the logbooks have not yet been produced, the County Defendants are directed to produce the substantive records by **July 13, 2021**. The Court hereby deems all objections *waived*. **Any failure to provide these records by July 13, 2021 will result in the automatic imposition of a monetary sanction in the sum of $250 per day for each day the production remains outstanding, beginning July 14, 2001.**

   The Village Defendants maintain that they have "already responded that they are not in possession" of the "stationhouse logbooks." The Court notes that the production of the precinct logs were discussed at the March 6, 2020 conference at which time Defendants' counsel were directed to "to make available for inspection to Plaintiff's counsel the precinct logs discussed today." March 6, 2020 CCMO at 2. At no point did the Village Defendants' counsel advise the Court that the Village did not possess such logs. Based on the following colloquy counsel had with the Court, it appears that the logs exist:

4

| | | |
|---|---|---|
| THE COURT: | | As to this log, let me ask you this, Mr. Corbett, what about the prospect of the police department allowing you to take possession of the log, so that counsel could come to your office to look at it, as opposed to going to the police station? |
| MR. CORBETT: | | Yeah, I don't foresee an issue with that whatsoever. |
| THE COURT: | | Okay. |
| MR. CORBETT: | | I may just have to have the chief, or assistant chief with me – |
| THE COURT: | | That's fine. |
| MR. CORBETT: | | -- because of, you know, leaving the log behind. |

Transcript of March 6, 2020 Civil Conference [DE 276] at 44-45.

To the extent the Village Defendants are claiming that are not in possession of the stationhouse logbooks, counsel for the Village Defendants is required to provide the Court and Plaintiff's counsel with an affidavit from the records custodian of the Village of Freeport Police Department (or someone with first-hand knowledge of the subject matter) describing how the police department stored, maintained, and searched for the documents, the outcome of the search, and confirming that the documents are not in the possession, custody, or control of the Village Defendants or a third party within the Village Defendants' control **by July 13, 2021**.

*Turning to the second part of Plaintiff's motion, namely, the Local Rule 37.1 Request for Judicial Intervention, to compel responses to document demands, the Court issues the following rulings:*

- **Plaintiff's Request 1(a) for Index Sheet and Lead Sheets (as to Nassau County only):** The County Defendants maintain that index and lead sheets were not prepared for the homicide file referenced. Counsel for the County Defendants needs to confer with his clients and to provide the Court and Plaintiff's counsel with an affidavit from a person with first-hand knowledge of the underlying incident detailing what search was undertaken to locate these documents and what resulted from the search; if the County persists that no index or lead sheets were completed in the first instance, why was that decision made in this particular case, identifying the person whose decision it was not to prepare these sheets for the homicide file and any other information relevant to the circumstances surrounding this decision. The affidavit is to be provided by **July 20, 2021**.

- **Document Request 1(e) – the Peddie Jenkins Video Statement with Intelliglbe Audio (as to Nassau County only):** The County Defendants shall produce an audible copy of the Peddie Jenkins' recorded statement by **July 20, 2021**. **Any**

5

**failure to provide this recorded statement by July 20, 2021 will result in the automatic imposition of a monetary sanction in the sum of $250 per day for each day the production remains outstanding, beginning July 21, 2001.**

- **Document Request 1(f) – Polygraph Records for Tyrone Isaac, Roy Isaac, Peddie Jenkins and Takita Dorsey (as to Nassau County only):** The County Defendants maintain that they have produced the polygraph records for the identified witnesses. It is unclear whether counsel is referring to the full and complete polygraph records sought by the Plaintiff or the summary of the "polygraph identification card." The Court notes that the Bates-numbered references reflect 1-2 pages for each person administered a polygraph. If the County Defendants have not yet produced the *full and complete* polygraph records as to the identified witnesses, they are ordered to do so by **July 20, 2021**.

- **Document Request 1(i) – Spiral Notebooks:** The Court first points out that the standard for compliance stated by defendants under Rule 37 is outdated and was superseded by the changes to the Federal Rules which became effective in December 2015. The boilerplate responses are ineffective and, as noted above, the Court has deemed all objections (except as to privilege) waived. Police Office memo books/notebooks/logs are not privileged and there is abundant case law in the Second Circuit to that effect.

   The County Defendants are ordered to produce the remaining pages of the notebooks/logs at issue for Defendants Holland, Mullen, and Herts **by July 20, 2021**.

   The Village Defendants' are hereby ordered to produce the memo books, notebooks, and notes from Defendant Zimmer and Melendez by **July 20, 2021**. To the extent the Village Defendants claims these materials are not in Defendants' possession, counsel is required to provide the Court and Plaintiff's counsel with an affidavit detailing the search that was conducted to obtain these documents, who conducted the search, the outcome of the search, an explanation as to why these materials are not in the possession of the Village Defendants, when the memo books/notebooks/notes left the custody of the Village Defendants and to the extent Defendants claim these materials were destroyed, when that destruction took place, by whom and at whose direction.

*Turning to the third part of Plaintiff's motion, namely, the continued Local Rule 37.1 Request for Judicial Intervention to compel responses to interrogatories, the Court issues the following rulings:*

- **Interrogatory Nos. 1-2:** These interrogatories request County Defendants Abbondandelo, Dempsey, Alger, Holland, Herts, and Severin to review over 1,500 pages of handwritten document and identify whether their handwriting appears

6

anywhere within the range of documents. Although Plaintiff's acknowledges the burden of the proposed discovery on the County Defendants, he nonetheless contends "that determining the authorship of these notes is vital to plaintiff's prosecution of this action and the information is well within the ambit of Rules 33 and 26(b)." Based on this conclusory assertion, Plaintiff has not demonstrated that the discovery request is proportional to the needs of the case. As such, the Court will not require the County Defendants to respond to Interrogatory Nos. 1 and 2 as currently constituted.

However, the Court holds that that an alternative method of obtaining this information must be found. Pursuing this inquiry at deposition for all of the documents at issue is just not practical or reasonable. Therefore, the Court is directing Plaintiff's counsel to conduct a further review of the Bates' stamped documents set forth in Interrogatory 1 (which are repeated in Interrogatory No. 2) and to cull from those documents the pages on which particular handwriting appears in a context that is material to a claim or defense the parties are raising in this case. The Court also believes that counsel should be able to reasonably separate some of the documents since defendants Abbondandelo, Dempsey, Alger, Holland, Herts, and Severin are all officers of the NCPD sued in their individual capacities. As such, the documents should be capable of separation based on the probability that certain documents do not contain handwriting likely to be one of these officers. Once Plaintiff's counsel has completed this review, should he decide to do so, he is free to serve two amended interrogatories with the list significantly narrowed down in accordance with this ruling. If Plaintiff's counsel wishes to proceed with amended interrogatories 1 and 2, he must serve them on Defendants no later than **July 23, 2021**. Defendants will thereafter be required to serve their substantive responses by **August 13, 2021. These dates will not be extended**.

*Miscellaneous Disputes in DE 281:*

- **Records Nassau County Claims it Cannot Locate:**

Plaintiff identifies three categories of documents which were either not produced by the County Defendants in response to this document demand or were produced but are illegible. The County Defendants maintain that "[a]fter a diligent search, *it appears* that a subpoena for payphone records was not prepared or issued; the photo-pack referenced in 2648 was not created; and the best copy of 2650 has already been produced." (emphasis added). Given the ambiguity in the County Defendants' response, the County Defendants are directed to provide a declaration or affidavit from the individual who was supposed to be responsible for preparing the subpoena, when and if the subpoena was served, what happened to the subpoena and what records, if any, were obtained as a result of serving the subpoena. The affidavit or declaration is to be served by **July 20, 2021**.

- **Dispute Regarding Confidential Designations:** A dispute has arisen regarding the County Defendants' confidentiality designations for approximately 4,180 documents. Plaintiff requests that the County Defendants be ordered to demonstrate good cause for the confidentiality designations before the Court or withdraw them. To the extent that the Stipulation and Order of Confidentiality [DE 267] sets forth the manner in which a party may contest a confidential designation, the parties must comply with the Stipulation. If judicial intervention is required, the party seeking to contest a confidentiality designation may file an appropriate motion with advance permission from the Court.

  The parties are reminded that a blanket confidentiality designation is generally found not to be made in good faith. *See United States v. Mount Sinai Hosp.,* 185 F. Supp. 3d 383, 396 (S.D.N.Y. 2016) (A party "may not simply designate its entire production ... as confidential. [It] may only designate documents within its production as confidential after making a good faith determination that there is a legitimate basis for a confidentiality designation."). The Court has no intention of reviewing the very large number of documents designation "confidential." Plaintiff's counsel notes that defendants agreed to de-designate certain Bates stamp rangers of documents but to date have not produced copies of the documents at issue without the confidentiality designation. The Court directs defendants' counsel to do so by July 20, 2021 and produce those documents to Plaintiff's counsel.

- **Redacted Documents:** Plaintiff requests that the County Defendants reproduce documents which have been redacted in their unredacted form. The County Defendants maintain that they have redacted certain "personal information" in documents contained in the referenced homicide file because the documents contain "sensitive information [which] has no relevance to plaintiff's claim." According to the County Defendants, the redacted information includes suspect photographs, rap sheets issued by the NYS Division of Criminal Justice Services, and witness and victim information concerning allegations of criminal activity concerning persons with no confirmed connection with the Steven Jason homicide.

  "The weight of authority in this Circuit goes against allowing a party to redact information from admittedly responsive and relevant documents 'based on that party's unilateral determinations of relevancy.'" *Christine Asia Co. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 54 (S.D.N.Y. 2018) (citing *Cyris Jewels v. Casner*, No. 12-CV-1895, 2016 WL 2962203 at *4 (E.D.N.Y. May 20, 2016) (collecting cases rejecting defendants' requests for redaction of irrelevant text within relevant documents)); *see also Durling v. Papa John's Int'l, Inc.*, No. 16-CV-03592, 2018 WL 557915, at *9 (S.D.N.Y. Jan. 24, 2018) ("Redactions on grounds of non-responsiveness or irrelevance are generally impermissible, especially where ... a confidentiality stipulation and order ... is in place."); *In re Restasis (Cyclosporins Opthalmic Emulsion) Antitrust Litig.*, No. 18-MD-2819, 2018 WL 3007926, at *1 (E.D.N.Y. June 4, 2018) (finding that a party should not be permitted to unilaterally decide to redact portions of a responsive document because it determines that they are

8

competitively sensitive and not relevant). Such is particularly the case where, as here, a protective order is in place. *In re Bystolic Antitrust Litig.,* No. 20-CV-5735, 2021 WL 878568, at *1 (S.D.N.Y. Mar. 9, 2021) (citing *Durling*, 2018 WL 557915, at *9).

The Court hereby directs counsel for the County Defendants to set up a meeting with Plaintiff's counsel in which the redacted documents will be presented to Plaintiff's counsel for inspection only at this time in unredacted form. That meeting is to take place no later than July 20, 2021. To the extent Plaintiff's counsel takes the position at the conclusion of the inspection that certain documents are material to Plaintiff's case, then the Court directs Plaintiff's counsel and the County Defendants' counsel to discuss those particular documents with the goal of reaching an agreement on which can be produced in unredacted form. To the extent there are documents left with which the parties cannot agree, counsel shall submit those documents to the Court for the Court's review and determination by **July 27, 2021** of what, if any, documents should be provided in unredacted form.

- **Documents Withheld on the Basis of Work-Product Privilege:** The County Defendants withheld documents on the basis of work-product privilege related to the reinvestigation of Plaintiff's conviction which resulted in his exoneration. Plaintiff contends that the factual portions of the documents are not protected by the work-product privilege and should be produced. Plaintiff has not adequately identified the specific documents listed in the County Defendants' privilege log which he asserts are not privileged. It is unclear to the Court whether the Plaintiff is challenging the application of the work-product privilege as to all of the documents listed in the privilege log or to a discrete portion of the documents listed.

  Plaintiff is directed to renew his request clearly and specifically setting forth the documents listed in the privilege log for which he is challenging the application of the privilege by **July 20, 2021**. Plaintiff's counsel will need to address the impact of Judge Seybert's previous ruling in this regard as well. Any renewed request must be supported by adequate legal authority and analysis. Opposition, if any, to the renewed request must be filed by **July 27, 2021**.

- **Service of the Seconded Amended Complaint on Dora Mullen:** According to the County Defendants, the sufficiency of the service of process on Dora Mullen is an issue which was raised in the County Defendants' motion to dismiss currently pending before Judge Seybert. As such, the Court will not address this issue.

- **Identification of the Administrator of the Estate of Zimmer:** The Village Defendants consent to producing the information requested by Plaintiff regarding the identity of the administrator of the Estate of Arthur Zimmer but request additional time to gather such information before permitting Plaintiff leave for alternative service on the administrator. If the Village Defendants have not yet provided the Plaintiff with the identity of the administrator, they are to do so by July 13, 2021.

9

The motions filed at DE 328 and 329 will be addressed at the June 21, 2021 Court Conference.

**SO ORDERED.**

Dated: Central Islip, New York
June 19, 2021

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge