

**eeplaw.com**
80 Pine Street, 38th Floor
New York, New York 10005
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

July 20, 2021

**BY ECF**
Honorable A. Kathleen Tomlinson
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    *Jackson v. Cty. of Nassau, et al.*, 18 CV 3007 (JS) (AKT)

Your Honor:

    I represent plaintiff in the above-referenced matter. I write pursuant to the Court's order dated June 20, 2021 (DE #333) to respectfully renew plaintiff's motion to compel production of material Nassau County has withheld as work product. We apologize to the Court for the lack of clarity in our prior submission. If it should please the Court, plaintiff respectfully challenges the work-product claim as to all of the documents listed in the privilege log, annexed hereto as Exhibit 1.[1]

    Initially, we respectfully note that the County's privilege log does not comply with Local Civil Rule 26.2(A)(2)(a)(iii) as it does not provide the date of any of the withheld documents. Without this information, and without having deposed Ms. Anania (the ADA who reinvestigated plaintiff's conviction) as to, *inter alia*, the purpose, timing and sequence of the Nassau County District Attorney's reinvestigation, we are at a disadvantage in engaging with Judge Seybert's decision in *Tankleff*, which was based on details in the record that are simply not available here. *See Tankleff v. Cty. of Suffolk*, 09 CV 1207 (JS) (WDW), 2011 WL 5884218, *4 (E.D.N.Y. Nov. 22, 2011) ("[T]he Withheld Documents were prepared while the OAG was still contemplating whether and how to prosecute Plaintiff and before a final decision was made not to press its case forward."). Given defendants' burden with respect to the privilege assertion, we respectfully submit that this lack of information should be held to weigh in favor of plaintiff.

    In any event, even from the information available this case is readily distinguishable from *Tankleff*. First, unlike *Tankleff*, the material here consists largely of facts. *See* Exhibit 1 (listing, *e.g.*, "e-mails re factual investigation," "phone interview with [alleged eyewitness] Skwanitra Witherspoon," "memo re meeting with [alleged eyewitness] Roy Isaacs, Jr;" "emails re factual investigation"); *Moroughan v. Cty. of Suffolk*, 12 CV 512 (JFB) (AKT), 2018 WL 11268801, at *4 (E.D.N.Y. Feb. 6,

---

[1] "When evaluating whether to order disclosure of work product, courts have consistently distinguished between primarily factual work product and 'core' work product, the latter of which includes the "mental impressions, conclusions, opinions, or legal theories of an attorney.'" *Crosby v. City of New York*, 269 F.R.D. 267, 277 (S.D.N.Y. 2010). Here, three entries on the privilege log appear to potentially contain "core" work product – County Bates 2843-2853, 3043 and 3207. The remainder appears to be primarily factual. *See* Exhibit 1.

Hon. A. Kathleen Tomlinson
July 20, 2021

2018) (Tomlinson, J.) ("facts are not protected by work product privilege"). In *Tankleff*, the situation was completely different. *Tankleff*, 2011 WL 5884218 at *5 ("the OAG has already produced its 'fact' work product"). Plaintiff respectfully submits that the Court thus should order Nassau County to produce the factual portion of the withheld material forthwith and by a date certain.

      Second, *Tankleff* involved very special circumstances that do not apply here. *Id.* at *4 ("Here, special circumstances led to the OAG's taking over the case; its documents were clearly not created in the ordinary course of its business."). This is the opposite situation, where the District Attorney's Conviction Integrity Unit was merely conducting its ordinary business in reviewing plaintiff's conviction, and plaintiff has a compelling need – and no other source – for the numerous witness interviews and other critical factual information potentially contained in the withheld documents. *Moroughan*, 2018 WL 11268801 at *4 ("These notes were prepared in the ordinary course of business pursuant to the Internal Affairs Unit's duty to investigate the plaintiff's Complaint. Consequently, they are not shielded from discovery as work product.") (citing *Mercy v. Suffolk County*, 93 F.R.D. 520, 522 (E.D.N.Y. 1982)); *id.* at *4 ("[C]ourts have regularly held that in cases of alleged police misconduct, plaintiffs have a substantial need to discover statements that the officers made to prosecutors.") (quoting *Abdell v. City of New York,* No. 05 CV 8453, 2006 WL 2664313, *7 (S.D.N.Y. Sept. 14, 2006)); *id.* ("Had defendants' motion argued that the investigative notes are not discoverable based on an assertion of work product privilege, the motion would be ineffective since the notes contain factual accounts only and plaintiff would be entitled to review the underlying notes from which those statements were drawn to see, among other things, if the information is consistent, objective and complete.").

      We respectfully submit that this case is, in reality, nothing like *Tankleff*, but nearly identical to *Kogut v. Cty. of Nassau*, which, like this case, involved the work product assertion of a non-party district attorney regarding notes made by Nassau County ADAs in connection with a successful state court 440 motion to overturn the criminal conviction.[2] In *Kogut*, the Hon. William D. Wall summarily overruled the work product assertion of the Nassau County District Attorney ("NCDA"):

> The DA memos are not protected by Rule 26 (b)(3) because they were neither created by a party, nor created in anticipation of litigation. First, the NCDA is not a party to this civil litigation and, at the time the memoranda were created, that office and its attorneys were representing the People of the State of New York, not Nassau County and its police officers. In addition, the DA memos were created in the context of the under[l]ying *criminal* proceeding, not in anticipation of this civil litigation, and were expressly created to assist the District Attorney in his determination whether to oppose a motion in that criminal case.

06 CV 6695 (JS) (WDW), 2011 WL 13284713, *2 (E.D.N.Y. Nov. 9, 2011) (quoting *Gonzalez v. City of New York*, 08 CV 2699 (JBW) (CLP), 2009 WL 2253118, *2 (E.D.N.Y. July 28, 2009) (Pollak, J.) for the proposition that "courts have consistently held that when a prosecutor's criminal

---

[2] As here, *Kogut* also involved plaintiffs who were allegedly coerced to falsely confess by Robert Dempsey.

file is subpoenaed for use in a subsequent civil proceeding, Rule 26(b)(3) provides no protection because the prosecutor is not a party to the civil action"). Critically, Nassau County never filed Rule 72 objections to Judge Seybert regarding Judge Walls' decision in *Kogut* granting plaintiffs' motion to compel. *See, e.g., Elkind v. Revlon Consumer Prod. Corp.*, 14 CV 2484 (JS) (AKT), 2017 WL 9480894, *20 (E.D.N.Y. Mar. 9, 2017), *report and recommendation adopted*, 2017 WL 1169552 (E.D.N.Y. Mar. 29, 2017) (Tomlinson, J.) ("Failure to file objections will result in a waiver of those objections for purposes of appeal.") (citations omitted) (collecting cases). Plaintiff respectfully submits that there is a simple reason for this: *Kogut* was rightly decided.

"[B]y its express terms [Rule 26(b)(3)] affords protection only to documents prepared 'by or for another party or its representative.'" *Jean v. City of N.Y.*, 09 CV 801(RJD)(VVP), 2010 WL 148420, *1 (E.D.N.Y Jan. 12, 2010) (quoting Fed. R. Civ. P. 26(b)(3)(A)). But neither the NCDA nor any of its employees is a party to the instant litigation. Nor, for the purposes of the work product analysis, was the NCDA representing the County or any individual defendant during the prosecution of Joseph Jackson. *See Curry v. Hosley*, 86 N.Y.2d 470, 473 (1995) ("[T]he District Attorney's client is the people of the State of New York."). Accordingly "Rule 26(b)(3) simply does not apply" to documents NCDA authored, including the withheld material. *Jean v. City of N.Y.*, 09 CV 801 (RJD)(VVP), 2010 WL 148420, *1 (E.D.N.Y Jan. 12, 2010); *see also Abdell*, 2006 WL 2664313 at *2-3 (citing *Cal. Pub. Util. Comm. v. Westinghouse Elec. Corp.*, 892 F.2d 778, 781 (9th Cir.1989)); *Ramsey v. NYP Holdings, Inc.*, 00 CV 3478, 2002 WL 1402055, *6 (S.D.N.Y. June 27, 2002) (collecting cases); *see also FTC v. Grolier Inc.*, 462 U.S. 19, 25 (1983) (citing 8 Wright & Miller, Federal Practice and Procedure 2024 at 201 (1970)); *Haus v. City of N.Y.*, 03 CV 4915, 2006 WL 3375395, *2 (S.D.N.Y. Nov. 17, 2006).

In this jurisdiction, "courts have consistently held that when a prosecutor's criminal file is subpoenaed for use in a subsequent civil proceeding, Rule 26(b)(3) provides no protection because the prosecutor is not a party to the civil action." *Gonzalez*, 2009 WL 2253118 at *2 (internal citations and quotations omitted); *see also Jean*, 2010 WL 148420 at *1 ("[R]elying on the fact that prosecutors whose files were subpoenaed were not parties in civil actions related to a prior criminal investigation, a substantial number of courts have held that Rule 26(b)(3) provides no protection whatsoever for a prosecutor's files."); *Abdell*, 2006 WL 2664313 at *3; *Haus*, 2006 WL 3375395 at *2. As such, the privilege claim should be rejected without further analysis.

The withheld material is also not privileged under the *Hickman* doctrine. While non-parties may at times invoke the *Hickman* doctrine, they may only do so where non-disclosure would advance the doctrine's purposes. *See Gonzalez*, 2009 WL 2253118 at *3; *Abdell*, 2006 WL 2664313 at *3-4; *see also In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d at 383-87. Here, there is no possibility of endangering the fairness or efficiency of any ongoing or potential litigation involving the NCDA: Joseph Jackson's indictment was dismissed (at NCDA's request). Moreover, NCDA's Executive ADA Sheryl Anania admitted in open court that nothing in the materials the NCDA accumulated in the twenty-four years of criminal proceedings culminating in the 2018 dismissal of the indictment would allow it to successfully prosecute Mr. Jackson. For the same reasons, there can be no claim anyone is attempting to "freeload" off the NCDA's opinions or strategies. Finally, plaintiff will eventually depose ADA Anania and will learn her assessment of the case evidence

Hon. A. Kathleen Tomlinson
July 20, 2021

and the details of NCDA's re-investigation. Thus defense counsel cannot credibly argue that disclosure of the material would reveal secret mental impressions of the NCDA.[3] All disclosure would do is allow plaintiff to use a much more accurate and complete version of NCDA's account—in the form of contemporaneous and presumably comprehensive memos prepared by that office and witness interviews—for use in depositions and at trial.

Apart from the flaws in defendants' assertions of privilege over the material, it is discoverable because: plaintiff has a substantial need for it. *See* Fed. R. Civ. P. 26(b)(3)(A)(ii) (explaining documents otherwise protected by attorney work product doctrine are discoverable if the requesting "party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."); *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 237 (E.D.N.Y. 2007) ("Even where the applicability of the work product doctrine had been established, factual material may be ordered produced 'upon a showing of substantial need and inability to obtain the equivalent without undue hardship.'") (quoting *In re Omeprazole Patent Litig.*, No. M-21-81, MDL 1291, 2005 WL 818821, *9 (S.D.N.Y. Feb.18, 2005) (quoting *Upjohn Co. v. U.S.*, 449 U.S. 383, 400 (1981)). One of the key issues in this case is whether the NCPD defendants suppressed exculpatory evidence from the prosecution. The extent to which the suppressed evidence allegations were corroborated by the NCDA's reinvestigation and the influence that missing evidence had on the NCDA's motion to dismiss plaintiff's indictment—along with leads the material may hold regarding the true perpetrator of the murder, among other open questions—will be compelling evidence in support of plaintiff's claims. As such the withheld materials "go to the heart of the claims in this litigation" and should be disclosed. *See Cohen v. City of New York*, 255 F.R.D. 110, 125-26 (S.D.N.Y. 2008); *see also Strauss*, 242 F.R.D. at 237 (substantial need exists where the information sought is "crucial to the determination of whether the defendant could be held liable for the acts alleged, or carries great probative value on contested issues") (alterations in original, internal quotation marks omitted).

It is, moreover, impossible to get the equivalent information from another source, because of the substantial passage of time. Unsurprisingly after 26 years, the two witnesses who have been deposed so far (whose statements were allegedly suppressed) had limited recollection of the events of 1994. Other discovery thus far has already established the difficulty in proving what was or was not known to the NCDA during the original prosecution in the 1990s. Courts have routinely found that the passage of time, with the concomitant and inevitable deterioration of witness memories, creates the requisite substantial need for materials otherwise protected as attorney work product. *See Cohen*, 255 F.R.D. at 125 ("because the notes are the product of contemporaneous observations, they cannot be replicated"); *Redvanly v. NYNEX Corp.*, 152 F.R.D. 460, 468-469 (S.D.N.Y. 1993); *Zoller v. Conoco, Inc.*, 137 F.R.D. 9, 10 (W.D. La. 1991) (substantial need for photographs of accident site taken by investigator where site's appearance had changed); *cf. Horn & Hardart Co. v. Pillsbury Co.*, 888 F.2d 8, 12 (2d Cir. 1989) ("[d]epositions of persons who were actually present at the meeting, taken shortly after the meeting, provide a satisfactory alternative to" requested notes recording that meeting). If witnesses' lack of recollection makes it impossible to use depositions to obtain the information contained in attorney work product, that work product must be produced. *Estavez v. Matos*, 125

---

[3] Indeed, central to plaintiff's claims is the question of what evidence NCDA had, what evidence police defendants withheld from it, and how it all influenced the prosecution.

F.R.D. 28, 32 (S.D.N.Y. 1989) (witness's "present lack of recollection makes it impossible . . . to obtain the substantial equivalent of her contemporaneous version of material facts by other means"); *Xerox Corp. v. International Business Machines Corp.*, 79 F.R.D. 7, 9 (S.D.N.Y. 1977).

Furthermore, the withheld material itself, as well as other evidence of the internal deliberations in the NCDA office, are highly relevant to plaintiff's theories of continuing malicious prosecution, conspiracy, and damages. A jury could find that, but for the NCPD defendants' continuing suppression of exculpatory evidence from, and misrepresentations to, the prosecution, the NCDA would have sought to vacate plaintiff's conviction when he filed post-conviction motions in the 1990s, sparing him decades of wrongful imprisonment. To establish this, however, plaintiff must be able to discover and use the withheld material, as well as question participants about the substance and tenor of these discussions. To any extent that defendants wish to argue that the withheld material is "opinion work product" deserving of a higher standard of protection, such heightened protection is unavailable here. "To be entitled to protection for opinion work product, the party asserting the privilege must show a real, rather than speculative, concern that the work product will reveal counsel's thought processes in relation to pending or anticipated litigation." *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d at 183-84 (emphasis added, internal quotation marks omitted). Any opinion or thought processes present in the requested materials would relate not to a pending or anticipated litigation, but to now-terminated criminal proceedings. Moreover, even opinion work product may be discovered when the mental impressions of the attorney are at issue in a case and the need for the material is compelling. *See Upjohn Co.*, 449 U.S. at 398-402; *In re John Doe Corp.*, 675 F.2d 482, 492-93 (2d Cir. 1982); *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992); *Tribune Co. v. Purcigliotti*, 93 CV 7222 (LAP) (THK), 1997 WL 10924, *4 (S.D.N.Y. Jan. 10, 1997); *Redvanly*, 152 F.R.D. at 464.

Documents containing opinion work product are also discoverable where the factual information contained therein is not discoverable through other means. *See Redvanly*, 152 F.R.D. at 468 ("[T]he right of privacy of an attorney's notes must be balanced against the critical need for the facts. Where the non-privileged facts are intertwined with information which conceivably is privileged, the critical factor becomes the availability of the non-privileged facts from other sources; and where no other sources exist, then a balance must be struck in favor of distilling, if possible, the nonprivileged facts from the attorney's documents. If such a distillation becomes impossible, however, then the entire contents of the documents must be produced."). Here, the mental impressions of the DAs—what they knew when, and whether they were misled or pressured by NCPD defendants, and how any NCPD misrepresentations impacted the DAs' decision to prosecute (and exonerate) plaintiff—are squarely at issue. In similar circumstances, another court compelled the production of core opinion work product from the DA's file because it found given the § 1983 plaintiff's allegations that police officers had pressured the DA to prosecute, the mental impressions of the DAs were at issue and the plaintiff had a substantial need for the DA files. *See Doubleday v. Ruh*, 149 F.R.D. 601, 608 (E.D. Cal. 1993); *see also Kogut*, 2011 WL 13284713 at *2.

Accordingly, plaintiff respectfully requests that the Court compel production of the withheld material.

Hon. A. Kathleen Tomlinson
July 20, 2021

    Thank you for your consideration of this request.

                                            Respectfully submitted,

                                            Gabriel P. Harvis

Encl.

cc:      All Counsel