

Lalit K. Loomba, Esq.
Direct dial: (914) 872-7118
lalit.loomba@wilsonelser.com

August 18, 2021

**By ECF**

Hon. A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
 for the Eastern District of New York
Alfonse M. D'Amato Federal Building
100 Federal Plaza
Central Islip, NY 11722

Re: *Joseph Jackson v. Nassau County et al.,* Docket No. 18-cv-3007 (JS) (AKT)
Our File No.: 12473.00014

Dear Judge Tomlinson:

Wilson Elser represents the County Defendants in the referenced action. As directed, we are re-submitting this opposition (originally filed at D.E. 337) with Westlaw citations. We apologize for causing inconvenience to the Court. Wilson Elser does not currently maintain a subscription to Westlaw, but we were able to obtain Westlaw versions of the decisions from a third-party vendor.

This letter is submitted in opposition to plaintiff's motion to compel production of certain documents withheld by the County Defendants on work product grounds. To aid in the Court's analysis of plaintiff's motion, the County Defendants are prepared to submit the documents in question for *in camera* review by the Court, and will do so upon the Court's request.

Background

On June 20, 2019, the County Defendants provided plaintiff with a privilege log identifying certain documents withheld and identifying "work product" as the applicable privilege. Plaintiff moved to compel production of the withheld documents. In this Court's order dated June 19, 2021 (D.E. 333), the Court directed plaintiff "to renew his request clearly and specifically setting forth the documents listed in the privilege log for which he is challenging the application of privilege." D.E. 333, at p.9. On July 20, 2021, plaintiff filed a six-page single-spaced letter motion addressing the withheld documents. D.E. 335. Plaintiff did not set forth specific documents in his motion, from which the County Defendants conclude that plaintiff is seeking production of all of the documents listed on the log.

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Virginia • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

wilsonelser.com

257888233v.1

Hon. Kathleen Tomlinson
August 18, 2021
Page 2

With certain exceptions, which are listed below in Point I, plaintiff's motion should be denied. The withheld documents were prepared by attorneys employed by Nassau County working for the Conviction Integrity Unit of the Nassau County District Attorney's Office. The documents directly or indirectly reflect their legal analysis, and were prepared in anticipation of a possible re-trial of plaintiff on the underlying criminal charges. The documents should therefore be protected from disclosure as privileged attorney work product.

Discussion

I.      The County Defendants Withdraw Privilege as to Certain Documents

The County Defendants' privilege log details each of the documents withheld from production. Many of the documents in question are undated (although they date from approximately 2017, when the Conviction Integrity Unit first started analysis of the case), which is why the log does not contain dates for every document listed.

Upon inspection of the documents in light of plaintiff's motion, the County Defendants withdraw the assertion of privilege with respect to the following documents, and will produce them, marked confidential, and with redaction of certain personal information:

- Bate No. 3156.  This is an email exchange between Sheryl Anania, Esq. and Mike Walsh, Esq., attorneys in the District Attorney's Office, concerning the location of two of the named defendants: Gary Abbondandelo and Robert Dempsey.  This document contains no legal analysis.  The County Defendants will produce this document, although personal information concerning Messrs. Abbondandelo and Dempsey (where they reside; cell phone numbers) will be redacted.

- Bates Nos. 3395-3396.  These documents are an email exchange between Sheryl Anania, Esq. and certain staff in the District Attorney's Office about locating non-party witnesses, including Mr. Glenn Montes and Mr. Maurice Larrea.  These documents contain no legal analysis and will be produced.

- Bates Nos. 4112-4116, 4119.  These documents are an email exchange between Sheryl Anania and certain staff in the District Attorney's Office about locating a non-party witness, Ms. Skwanitra Witherspoon.  These documents contain no legal analysis and will be produced.

- Bates Nos. 4141-4142.  These documents are an email exchange between Sheryl Anania and Paul Devore regarding locating Roy Isaacs and Tyrone Isaacs, two persons who were interviewed by the police during the investigation into the Steven Jason murder.  These documents contain no legal analysis and will be produced.

- Bates Nos. 4102-4107, and 4161-4172.  These are NYS Criminal History print outs for Roy Isaacs and Tyrone Isaacs.  These documents will be produced but on a confidential

Hon. Kathleen Tomlinson
August 18, 2021
Page 3

basis, pursuant to the confidentiality stipulation and order entered in this case.

II.     The Remainder of the Documents Listed on the Privilege Log Should be Withheld

The remaining documents listed on the privilege log should be withheld from production as attorney work product. These documents were prepared by Sheryl Anania, Esq., and other attorneys in the Conviction Integrity Unit of the District Attorney's Office. They consist of legal analysis and notes of interviews of witnesses which reflect legal analysis.

A.      Documents Containing Express Legal Analysis Should be Withheld

Certain documents listed on the privilege log contain express legal analysis. *See* County Bates Nos. 2843-2853 (file memo containing legal analysis of investigation and prosecution of plaintiff); 2899 (same); 3191-3192 (notes re investigation); 3195-3206 (notes summarizing interviews); 3207 (legal strategy); 3436-3437 (memo re sentencing). As to these documents, the County Defendants submit that the analysis in *Tankleff v. County of Suffolk,* 2011 WL 5884218, (E.D.N.Y. Nov. 22, 2011) (Seybert, J.), is controlling.

In *Tankleff,* Judge Seybert held that documents created by an investigation into Tankleff's conviction by the Office of the Attorney General (OAG), which was serving as the prosecuting entity after the Suffolk County District Attorney's Office (SCDA) recused itself, were protected by attorney work product. Judge Seybert held that the documents were "created 'in anticipation of litigation,'" 2011 WL 5884218, at *3, because the OAG was charged, in part, with determining whether there were any indictable offenses committed in connection with the Tankleff murders. Further, the Court rejected the plaintiff's argument that the "Withheld Documents are not work product because they were made in the course of deciding <u>whether</u> to re-try Plaintiff, not <u>because</u> it was going to re-try the Plaintiff." *Id.* at *4 (emphasis original).

Plaintiff argues that *Tankleff* is inapplicable because "special circumstances" led the OAG to take over the prosecution. However, when the OAG stepped into the shoes of the SCDA, it was playing essentially the same role that Nassau County D.A.'s Conviction Integrity Unit played in the instant case – reviewing a file and preparing legal analysis to determine whether to pursue, continue and/or withdraw a criminal prosecution. In *Tankleff,* the OAG was considering, in part, whether to re-try Tankleff (2011 WL 5884218, at *4). Here, ADA Anania was charged with investigating similar issues, including "*whether or not to retry the defendant.*" Bates No. 2853 (emphasis added).

Plaintiff's attempt to compare this case to the November 9, 2011, decision in *Kogut v. County of Nassau,* 2011 WL 13284713 (E.D.N.Y. Nov. 9, 2011), fails. First, it should be noted that the 2011 decision by Magistrate Wall does not appear to have been cited by a single additional court. In fact, the only other decision by Magistrate Wall on the question of whether attorney-work product applies to post-conviction analysis and review was *Tankleff,* 2011 WL 5884218, in which Judge Seybert reversed Magistrate Wall. Second, in *Kogut,* Magistrate Wall held that the DA memos were not protected by work product because they were only prepared in connection with the then-existing criminal proceeding, and not in anticipation of Kogut's later civil

257888233v.1

Hon. Kathleen Tomlinson
August 18, 2021
Page 4

litigation, stating "I find that the DA Memos were not created in anticipation of this civil litigation and thus common law work product is also unavailable." *Id.* at *3. However, in *Tankleff,* Judge Seybert rejected this distinction and found that the "in anticipation of litigation" requirement for work-product protection had been satisfied where the OAG, acting in place of the SCDA, was considering a future prosecution, including a potential re-trial of Tankleff. So too here, where, as noted, ADA Anania's analysis considered "whether or not to retry the defendant." County Bates No. 2853.

Plaintiff also argues that Rule 26(b)(3) of the Federal Rules of Civil Procedure does not apply to documents authored by the Nassau County District Attorney's Office because that office is a non-party. First, Section 1102 of the Nassau County Charter, in relevant part, provides: "The County Attorney shall represent the county and all departments, officers, institutions and agencies thereof, in all litigation and proceedings, [and] shall act as legal adviser of the county and all departments, institutions, officers, agencies or offices thereof." Nassau County Charter, §1102. Hence, it is for the County Attorney, or special counsel therefor, to assert the privilege. *Id.* In any event, even if the NCDA's office were not considered party, the common-law work product doctrine can still apply, as Judge Seybert held with respect to memos prepared by the OAG in *Tankleff,* 2011 WL 5884218, at *3-4.

*Gonzalez v. City of New York,* 2009 WL 2253118 (E.D.N.Y. July 28, 2009), also cited by plaintiff, is distinguishable because the DA memo at issue in that case was a closing memo, prepared to describe why the DA's office was dropping/dismissing a criminal case. *Id.* at *3. The court therefore determined that the document was not prepared in anticipation of litigation. *Id.* at *3-4. The documentation here was prepared, in part, to determine "whether or not to retry the defendant." County Bates No. 2853. *Moroughan v. County of Suffolk,* 2018 WL 11268801 (E.D.N.Y. Feb. 6, 2018), another case relied on by plaintiff, is inapplicable because the court's commentary regarding work product privilege was mere dicta. Also, the notes in question in that case were made by a police officer (a detective assigned to the Internal Affairs Unit), not by an attorney.

B.   Notes Regarding Witness Interviews Should be Withheld

The remaining documents listed on the privilege log are memos prepared of phone interviews of various witnesses: County Bates Nos. 3157 (Gary Abbondandelo); 3160-3162 (Glen Montes); 3394 (Maurice Larrea); 3861-3864 (Peddie Jenkins); 4108 (Roy Isaacs). Plaintiff argues that these are not protected work product because they only contain factual analysis.

However, as noted in *Securities Exchange Comm. v. Nadel,* 2012 WL 1268297, at *7-8 (E.D.N.Y. April 16, 2012), witness interview memos are not merely factual because the attorney preparing them "exercises judgment in determining which witnesses to interview, what subject areas to cover (and not cover), how to frame specific questions and in what order, and how much time to devote to particular topics." Moreover, the "party seeking to compel disclosure of interview notes must, at a minimum, show that the interviewees are not available for questioning." *Securities Exchange Comm. v. Nadel,* 2013 WL 1092144, at *2 (E.D.N.Y. March 15, 2013). Here, plaintiff has already deposed Messrs. Montes and Larrea, will be deposing Mr.

257888233v.1

Hon. Kathleen Tomlinson
August 18, 2021
Page 5

Abbondandelo, and has not made any showing that Mr. Jenkins or Mr. Roy Isaacs are unavailable.

C.      Plaintiff has Not Made a Showing of Substantial Need

Plaintiff's substantial need argument fails.  Plaintiff argues that a key issue is whether exculpatory evidence was suppressed.  The only evidence addressed in the Anania memo are the statements of Maurice Larrea and Glenn Montes.  But the existence of those statements were known to plaintiff during his pre-trial suppression hearing – well before his criminal trial -- when the District Attorney's office introduced into evidence a Freeport Police Department incident report.  That incident report expressly references the Montes and Larrea statements, provides a basic narrative of statements' content, and provides their contact information, including telephone numbers.  Evidence is not "suppressed" for purposes of a *Brady* claim if the criminal defendant either "knew, or should have known, of the essential facts permitting him to take advantage of any exculpatory evidence."  *United States v. LeRoy,* 687 F.2d 60, 61 (2d Cir. 1982); *United States v. Zackson,* 6 F.3d 911, 918 (2d Cir. 1993).  Jackson's attorneys had this information.

Plaintiff also speculates that the memos of Anania's interviews with Montes and Larrea will be more revealing than their depositions – taken in 2019.  However, the interviews of Montes and Larrea were conducted in 2017.  As the Court will see in an *in camera* review, the recollections of Montes and Larrea were not materially better when they spoke with Anania in 2017 than when they were deposed in 2019.

Finally, plaintiff argues that the withheld documents would be "highly relevant to plaintiff's theories of continuing malicious prosecution, conspiracy and damages."  Plaintiff suggests that if the County Police Department had not withheld the Montes and Larrea statements from the District Attorney's Office, the latter could have moved to dismiss plaintiff's conviction sooner, thus "sparing him decades of wrongful imprisonment."  This argument is unavailing because those statements were expressly referenced in the Freeport Incident Report.  Thus, both the plaintiff and the District Attorney's office were aware of their existence.  Moreover, according to plaintiff's criminal defense attorney, plaintiff obtained copies of the Montes and Larrea statements in 2007.  *See* D.E. 289-4, at p.9, ¶28.

In sum, except to the extent withdrawn herein, the County Defendants' assertion of the work product privilege should be sustained.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

/s/ *Lalit K. Loomba*

Lalit K. Loomba
Cc:  Counsel of Record (via ECF)


257888233v.1