

Lalit K. Loomba, Esq.
Direct dial: (914) 872-7118
lalit.loomba@wilsonelser.com

November 1, 2021

**By First Class Mail**

Hon. Joanna Seybert
United States District Judge
United States District Court
 for the Eastern District of New York
Alfonse M. D'Amato Federal Building
100 Federal Plaza
Central Islip, NY 11722

Re:   <u>*Joseph Jackson v. Nassau County et al.,* Docket No. 18-cv-3007</u>
      Our File No.: 12473.00014

Dear Judge Seybert:

Wilson Elser represents Nassau County Defendants in the referenced action.  We are writing pursuant to FRCP 30(d)(1), to request two additional hours to complete the deposition of plaintiff Joseph Jackson.

Plaintiff's deposition was commenced on Friday, October 29, 2021, at 10:00 a.m.  Not counting breaks, we reached the seven (7) hour mark at about 6:00 p.m., after the courthouse had closed.[1] With one minute to go (by his reckoning), the plaintiff's attorney announced that there was one minute left, and that he was going to end the deposition.  We attempted to confer with plaintiff's counsel, but he has refused to consent to any additional time, thus necessitating this application.

In refusing to allow additional time to depose the plaintiff, plaintiff's counsel relied on the seven-hour time limit set forth in Fed. R. Civ. P. 30(d)(1).  However, as many courts have observed, that seven-hour limit "merely serves as a presumptive baseline since Rule 26(b) authorizes a court to alter the limits in these rules . . . on the length of depositions under Rule 30." *Shad v. Northwell Health, Inc.,* 2018 U.S. Dist. LEXIS 171327, at *3-5 (E.D.N.Y. Sept. 28, 2018) (internal quotes omitted).  A "'district court has broad discretion to set the length of depositions appropriate to the circumstances of the case.'" *Id.,* quoting *Arista Records LLC v. Lime Group LLC,* 2008 U.S. Dist. LEXIS 31269, 2008 WL 1752254, at * 1 (S.D.N.Y. Apr. 16, 2008).

---

[1]  The court reporter lost power during the deposition, and the parties continued (unknowingly off the record) for several minutes before she was able to finally notify us, via email, of her problem.  This required us to backtrack and go over a series of questions and answers a second time.

1133 Westchester Avenue  •  White Plains, NY 10604  •  p 914.323.7000  •  f 914.323.7001

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Virginia • Washington DC • West Palm Beach • White Plains
Affiliates  Berlin • Cologne • Frankfurt • Munich • Paris

**wilsonelser.com**

261621100v.1

Hon. Joanne Seybert
November 1, 2021
Page 2

In the present case, plaintiff was incarcerated for murder for over 23 years, when his criminal conviction was vacated and plaintiff was released. His case involves a murder in March 1994, a subsequent criminal investigation and prosecution, plaintiff's conviction and then a lengthy period of incarceration which ended in February 2018. Plaintiff is seeking damages in excess of $20 million dollars. This is a significant case, which covers a significant period of time, and in which plaintiff is obviously seeking a major award of damages. Defendants submit that additional time to complete plaintiff's deposition is warranted.

In particular, Defendants request additional time to pursue, among other things, two major lines of additional questions which were not reached last Friday. First, in 2007, plaintiff submitted a FOIL request to the Nassau County Police Department. In response, he received numerous documents, including the written statements of two witnesses which had not been disclosed during plaintiff's underlying criminal trial. Defendants seek to question plaintiff about the circumstances surrounding his FOIL request, his receipt of the statements, and the circumstances and timing under which they were brought to the attention of the District Attorney's Office. If, as Defendants believe to be the case, plaintiff received the statements in 2007, there are questions that need to be explored under oath as to why plaintiff did not bring them to the attention of the DA's Office until ten years later.

Second, Defendants seek to depose plaintiff on damages. In 2019, in the their first demand for production of documents and authorizations, Defendants sought records pertaining to any treatment plaintiff might have received for psychological injuries; and separately requested authorizations for the release of all such records from any provider who treated plaintiff. Defendants did not receive any authorizations for mental health care providers. In his deposition last Friday, plaintiff disclosed for the first time that he had been receiving regular treatment for psychological issues following his release from custody in February 2018. Plaintiff will no doubt claim psychological injury as a result of his lengthy incarceration, and, once the relevant records are obtained, Defendants require additional time to cover that topic.

The topics discussed above are not duplicative or merely cumulative of areas already covered in plaintiff's deposition. They are new topics that we were unable to address in the allotted seven hours. Given the significant nature of plaintiff's claims, we submit there is good cause for the additional two hours sought to complete plaintiff's deposition. Also, we request that plaintiff be directed to provide authorizations sufficient to obtain records of psychological treatment that he has received following his release from incarceration.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Lalit K. Loomba