UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
      JOSEPH JACKSON

                           Plaintiff,              **ORDER**
      -against-                          CV 18-3007 (JS)(AYS)

      NASSAU COUNTY, ET AL.,

                         Defendants.
--------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

      Plaintiff Joseph Jackson served more than twenty years in prison for the 1994 murder of Steven Jason. His conviction was vacated in 2018 after the Nassau County District Attorney's Conviction Integrity Unit (the "CIU") investigated Jackson's claim of innocence and later moved to vacate his sentence. In May of 2018, shortly after his release from prison, Jackson commenced this lawsuit alleging violation of his civil rights in connection with his vacated murder conviction. The presently operative pleading is Plaintiff's third amended complaint (the "TAC"), appearing as Docket Entry ("DE") 339 herein. The TAC was filed after the District Court ruled on several motions to dismiss. See Jackson v. Nassau County, 2021 WL 3207168, *1 (E.D.N.Y. July 28, 2021). Briefly, the TAC alleges claims of malicious prosecution, fabrication and withholding of evidence, forcing an unconstitutional confession, failure to train and supervise,

1

conspiracy, suppression of evidence, and state law claims of malicious prosecution and false imprisonment. Named as Defendants in the various counts of the TAC are the County of Nassau and eight Nassau County police officers who were involved in Plaintiff's accusation and conviction of murder.

In an Order dated March 14, 2022, this Court ruled on Plaintiff's motion to compel production of documents as to which Defendants asserted work product privilege. Plaintiff's motion was granted in its entirety. Jackson v. County of Nassau, 2022 WL 768132 (E.D.N.Y. Mar. 14, 2022), DE [351]. Presently before the Court is Plaintiff's motion pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure for an award of reasonable expenses, including attorney's fees, incurred by Plaintiff in connection with his successful motion to compel. DE [353]. For the reasons set forth below, Plaintiff's motion granted in its entirety.

I.      Legal Standard

Rule 37 of the Federal Rules of Civil Procedure provides that where a court grants a motion to compel it must "after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). "Monetary sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled."

Cardwell v. Davis, Polk & Wardwell, LLP, 2021 WL 2650371, at *2 (S.D.N.Y. June 28, 2021),

quoting, Seena Int'l, Inc. v. One Step Up, Ltd., No. 15-cv-01095 (PKC) (BCM), 2016 WL

2865350, at *11 (S.D.N.Y. May 11, 2016). Despite the norm, if one of the exceptions to Rule 37

applies, the Court is not required to impose sanctions. Nonetheless, the mandatory nature of the

imposition of expenses reflects a "policy choice" aimed at reducing "the burden on the courts by

deterring parties from making unjustified motions for discovery and by deterring their opponents

from resisting discovery without justification." Id. (citation omitted). The burden of persuasion

as to whether an exception to mandatory expenses applies is on the party opposing the motion.

Id.

   While Rue 37 provides for three circumstances where a Court is not required to impose

expenses, the only exception to an award expenses claimed by Defendants here is that of

"substantial justification" for objecting to disclosure of evidence. Fed. R. Civ. P. 37(a)(5)(A) (ii).

Such justification may be demonstrated "where there is justification to a degree that could satisfy

a reasonable person that parties could differ as to whether the party was required to comply with

the disclosure request, or if there exists a genuine dispute concerning compliance." Ritchie Risk-

Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC, 280 F.R.D. 147, 159 (S.D.N.Y.

Feb. 15, 2012) (internal quotation and citations omitted). This standard requires only an inquiry

as to "an objective test of reasonableness" and not as to whether the party or counsel acted "in

good faith." Cardwell, at *2.

   Where Rule 37 expenses are awarded they must be reasonable. A reasonable award

reflects the result of the "lodestar" analysis, i.e., the product of a reasonable hourly rate (which

rate reflects the hourly rate in the District for similar cases) and the reasonable number of hours

spent on the tasks for which expenses are sought. See generally Cardwell, at *3-4. Additionally,

the party seeking expenses must support the award sought with the submission of contemporaneous time records reflecting the hours for each professional, the date and number of hours each spent, and a description of the work performed. Caldwell, at *3.

With these standards, and the facts and legal positions underlying motion for which expenses are sought in mind,  the Court turns to the merits of Plaintiff's Rule 37 motion for expenses.

II.      Disposition of the Motion

A.      Plaintiff is Entitled to Fees

As noted, Defendants argue that expenses should not be awarded because their positions in the course of the discovery dispute were substantially justified within the meaning of Rule 37. The Court disagrees.

To refresh the reader, the Court notes that the dispute underlying the present motion was Plaintiff's motion to compel the production of documents for which work product privilege was asserted. Prior to the final in camera consideration and disposition of the motion, Defendants presented two different iterations of their claims of privilege. After submission of the second privilege log Defendants submitted the documents to the Court for in camera inspection. To their credit, Defendants did confer with Plaintiff and pared down their initial claims of privilege. However, such conferences did not take place until the previously assigned Magistrate Judge directed the parties to confer. See e.g., DE [333]. Thus, prior to submission of the final claim of privilege Plaintiff confronted a moving target regarding claims of privilege - all during the time when depositions were being held. Ultimately, this Court held that the documents sought to be withheld were not prepared in anticipation of litigation and were not, in any event, covered by any privilege whatever. See generally Jackson, 2022 WL 768132.

4

Defendants resist the mandatory award of expenses on the ground of substantial justification regarding their legal positions. Specifically, Defendants seek harbor from the award of Rule 37 expenses because of their allegedly justifiable reliance on Tankleff v. County of Suffolk, 2011 WL 5584218 (E.D.N.Y. Nov. 22, 2011). Relying on that case, Defendants took the ultimately rejected position that the investigation by their Conviction Integrity Unit was in anticipation of some future litigation and aimed, like Tankleff, at deciding whether to re-try an exonerated defendant. As held by this Court, this categorization of the work of the Conviction Integrity Unit is completely belied by, at the very least, the name of the unit - which demonstrated the laudatory goal of investigating the integrity of a conviction, and the possible exoneration of the innocent. Defendants' reliance on Tankleff was, as discussed in the context of the motion to compel, far from justified with respect to Defendants' claim that the withheld documents were prepared in anticipation of litigation. See Jackson, 2022 WL 768132, at *6.

While the Court recognizes that a difference of legal opinion might, in appropriate cases, provide safe harbor from an award of Rule 37 expenses, this is not such a case. Here, reliance on Tankleff, or any other case for that matter, did not provide substantial justification for withholding the documents at issue as somehow privileged. Importantly, Tankleff was relied upon by Defendants only with respect to the first element of any claim of work product privilege, i.e., showing that the comments at issue were prepared in anticipation of litigation. Even if the Court accepted the Tankleff argument, which it did not, the withholding of documents lacked substantial justification because the documents were completely devoid of any legal analysis. There was therefore no substantial justification for arguing that they were privileged.

To be clear in its rejection of Defendants' substantial justification argument, the Court reiterates that its review of the withheld documents revealed the baseless nature of Defendants'

claims of privilege. Thus, the documents alleged by Defendants to "express" or "reflect" legal analyses were revealed to contain no legal analyses whatever. Instead, they were largely summaries of proceedings (as undoubtedly reflected on publicly available dockets and transcripts) and notes of interviews with fact witnesses. See, e.g., Jackson, 2022 WL 768132, at *2-3. Defendants' claimed distinction between categories of documents in the "express" category, as opposed to those in the "reflect" category, was never made clear - likely because such distinctions had no real basis. Indeed, the only way in which one could categorize the withheld documents as containing "express" or "reflected" legal analysis would be to adopt the argument that a document is privileged because it was written or read by someone with a law degree. This is not the law. Nor is it the law that documents containing notes of interviews with fact witnesses constitute protected work product. Indeed, this was recognized even by Defendants in their opposition to the motion to compel. See Moroughan v. Suffolk, 2018 WL 11268801, at *6-7 (E.D.N.Y. Feb. 6, 2018) (noting that witness statements are treated as "factual rather than opinion work product, even where those statements have been summarized by counsel").

For the foregoing reasons the Court holds that Defendants fail to show that their positions on the motion to compel were substantially justified. Therefore, and in light of the fact that Plaintiff prevailed on the motion to compel, an award of Rule 37 expenses to Plaintiff is mandatory. The Court turns to determine the amount of the award.

B.     The Amount of Fees Sought is Reasonable

When awarding Rule 37 expenses the Court must be careful to award only a reasonable fee determined by the appropriate lodestar.  Plaintiff has submitted detailed contemporaneous time records, along with a requested hourly fee of $500. DE [353-1]; [353-2]. While Defendants

do not challenge the hourly fee sought ($500) they challenge the amount of time spent on the motion to compel. Thus, Defendants characterize the 23.7 hours spent as "grossly excessive." They suggest, instead, that if fees are awarded they be limited to reflect only 10 hours of work.

Upon review of the hourly records, and based upon the Court's own knowledge of the background of the motion to compel, the Court finds no excessive billing, but on the contrary, finds that the amount of time spent on the motion was reasonable. As detailed in Plaintiff's submission, those hours detail Plaintiff's reasonable work in obtaining documents for which Defendants claimed privilege from 2019 through this Court's 2022 decision. They reflect the meet and confer process along with analysis of Defendants' shifting claims of privilege, and legal research as to different documents. The total hours expended is a reasonable 23.7 hours. Moreover, the Court finds no evidence to support Defendants' suggestion to bluntly halve the amount sought by finding 10 hours sufficient to litigate the battle over the withheld documents.

Finally, While Defendants do not appear to quarrel with the $500 hourly rate, the Court nonetheless holds expressly that the $500 hourly fee sought in this case is reasonable when considering the nature of the case and the experience of counsel litigating in the Eastern District of New York. This is a factually and legally complex case alleging a wrongful conviction of an individual who was exonerated after spending over twenty years in prison. Plaintiff's counsel has been in practice since 2006, with an emphasis on Federal practice. He received particular training in such litigation while serving as an attorney in the Special Federal Litigation Division of the office of the New York City Corporation Counsel. He has extensive litigation and trial experience in this area. Since 2010, counsel has continued to pursue federal litigation in private practice. In that capacity, he has conducted additional jury trials, litigated motions and argued before the Court of Appeals for the Second Circuit. Additionally, counsel has lectured to

members of the bar in the area of Federal Civil Rights litigation. He is currently a member of his law firm. He has settled wrongful conviction claims on behalf of his clients totaling over $9 million. In sum, counsel has extensive experience in civil rights litigation and has appeared as lead counsel in 371 federal civil rights cases in both the Southern and Eastern Districts of New York. See generally DE [353-1].

In light of counsel's experience and the nature of the case the Court holds that an hourly fee of $500 is reasonable. See Centro de la Communidad Hispana de Locust Valley v. Town of Oyster Bay, 2019 WL 2870721, at *6 (E.D.N.Y. June 18, 2019) (awarding $500 and $600 hourly fees to experienced lawyers handling complex civil rights matter in the Eastern District of New York). When this reasonable hourly fee is multiplied by the reasonable number of hours worked on the successful motion to compel the appropriate lodestar, for which no deduction is to be made, results in a reasonable compensation for expenses and attorneys fees in the amount of $11,700.

CONCLUSION

Plaintiff's motion for an award of expenses pursuant to Rule 37 of the Federal Rules of Civil Procedure, appearing as Docket Entry 353 herein, is granted in its entirety. Plaintiff is awarded expenses in the amount of $11,700.00.

Dated:  Central Islip, New York
        May 9, 2022

                                              /s/ Anne Y. Shields
                                                 ANNE Y. SHIELDS
                                              United States Magistrate Judge