UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
JOSEPH JACKSON, : Docket No.
: 18-CV-3007 (JS) (AYS)
        Plaintiff, :
:
  -against- :
:
NASSAU COUNTY; DETECTIVE ROBERT DEMPSEY; :
DETECTIVE GARY ABBONDANDELO; DETECTIVE :
JOHN M. HOLLAND; DETECTIVE MICHAEL HERTS; :
DETECTIVE MARTIN ALGER; DETECTIVE WALTER :
SWENSON; DETECTIVE ANTHONY KOSIER; :
DETECTIVE SERGEANT DAN SEVERIN; and JOHN :
and JANE DOE 1 through 20, :
:
        Defendants. :
:
---------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE POLYGRAPH EVIDENCE AND WITNESS TESTIMONY**

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Defendants
1133 Westchester Avenue
White Plains, NY 10604
(914) 323-7000

## **TABLE OF CONTENTS**

                                                          **Page**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .................................................................................................................................. 1

      I.      Polygraph Evidence Related to Individuals Other Than Plaintiff Is Inadmissible and Must Be Precluded. ........................................................................ 1

      II.     Plaintiff Should Be Precluded From Presenting Testimony or Evidence From Takita Dorsey. ................................................................................................. 3

CONCLUSION .................................................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bower v. Walsh*,
  703 F. Supp. 2d 204 (E.D.N.Y. 2010) .......................................................................... 2

*Coleman v. Town of Hempstead*,
  30 F. Supp. 2d 356 (E.D.N.Y. 1999) ............................................................................ 2

*Collins v. Bennett*,
  (W.D.N.Y. Apr. 13, 2004) ............................................................................................ 2

*Escalante v. Brown*,
  2009 U.S. Dist. LEXIS 87348 (E.D.N.Y. Sept. 21, 2009) ........................................... 1

*Garnett v. Undercover Officer C0039*,
  838 F.3d 265 (2d Cir. 2016) ......................................................................................... 4

*Haskins v. Jackson*,
  2020 U.S. Dist. LEXIS 216962 (E.D.N.Y. Nov. 10, 2020) .......................................... 4

*McDonough v. Smith*,
  2022 U.S. Dist. LEXIS 143055 (N.D.N.Y. Aug. 11, 2022) .......................................... 5

*Monsanto v. United States*,
  2000 U.S. Dist. LEXIS 12151 (S.D.N.Y. Aug. 23, 2000) ....................................... 2, 4

*Nnodimele v. Derienzo*,
  2016 U.S. Dist. LEXIS 83357 (E.D.N.Y. June 27, 2016) ............................................ 4

*Olivares v. Ercole*,
  975 F. Supp. 2d 345 (S.D.N.Y. 2013) .......................................................................... 4

*Petty v. City of Chicago*,
  754 F.3d 416 (7th Cir. 2014) ........................................................................................ 5

*Poventud v. City of New York*,
  750 F.3d 121 (2d Cir. 2014) ......................................................................................... 4

*United States v. Black*,
  831 F. Supp. 120 (E.D.N.Y. 1993) ............................................................................... 2

*United States v. Blake*,
  571 F.3d 331 (4th Cir. 2009) ........................................................................................ 1

*United States v. Fraser*,
  206 F. App'x 100 (2d Cir. 2006).................................................................................. 2

*United States v. Kwong*,
  69 F.3d 663 (2d Cir. 1995) ........................................................................................... 2

*United States v. Rea*,
  958 F.2d 1206 (2d Cir. 1989) ....................................................................................... 2

*United States v. Scheffer*,
  523 U.S. 303 (2008) ..................................................................................................... 2

**Rules**

FRE 401 ................................................................................................................................ 3, 6

FRE 402 ................................................................................................................................ 3, 7

FRE 403 ............................................................................................................................ 3, 5, 7

FRE 602 ..................................................................................................................................... 7

FRE 702 ..................................................................................................................................... 3

Military Rule of Evidence 707........................................................................................................ 2

## PRELIMINARY STATEMENT

Based on Plaintiff's pre-trial submissions, it is anticipated that Plaintiff will attempt to introduce evidence and testimony related to polygraph examinations administered to several other individuals. Courts have consistently held that polygraph examination evidence offered for the purpose to prove the results as to whether a witness passed or failed is inadmissible.[1] Such evidence and testimony – including the witness testimony of Takita Dorsey – is irrelevant to Plaintiff's remaining claims and whether his written confession was either fabricated or the product of coercion.

Accordingly, defendants Dempsey, Abbondandelo, John Holland ("Holland"), Michael Herts ("Herts"), Martin Alger ("Alger"), Walter Swenson ("Swenson"), Anthony Kosior ("Kosior"), and Dan Severin ("Severin"), respectfully submit this memorandum of law in support of their motion *in limine* seeking to: (1) preclude evidence and witness testimony regarding polygraph examinations and the results of the examination of individuals other than the Plaintiff[2]; and (2) preclude witness testimony of Takita Dorsey.[3]

## ARGUMENT

**I.   Polygraph Evidence Related to Individuals Other Than Plaintiff Is Inadmissible and Must Be Precluded.**

Courts within the Second Circuit – including this Court[4] – have consistently held polygraph

---

[1] Defendants do not seek preclusion of evidence and testimony related to Plaintiff's polygraph examination since such evidence is "not offered to prove the truth of the polygraph result, but instead is offered for a limited purpose such as rebutting [plaintiff's] assertion that his confession was coerced." *United States v. Blake*, 571 F.3d 331, 346 (4th Cir. 2009) (collecting cases).

[2] Defendants seek preclusion of Plaintiff's proposed trial exhibits 56 (*see* **Exhibit A**), 67, p. 25 (*see* **Exhibit B**), 83 (*see* **Exhibit C**), 86 (*see* ECF No. 389-18, pp. 3-4), 92 (*see* ECF No. 389-18, pp. 1-2), 187 (*see* ECF No. 391-11), 192 (*see* **Exhibit D**), 271 (*see* **Exhibit E**), 272 (*see* **Exhibit F**), 273 (*see* **Exhibit G**) and 274 (*see* **Exhibit H**) as referenced in the joint pre-trial order ("JPTO"). *See* ECF No. 405.

[3] Although Takita Dorsey is included on defendants list of proposed witnesses in the JPTO, such inclusion was done in an abundance of caution, as the parties had yet to file their respective motions *in limine*.

[4] *See Escalante v. Brown*, 2009 U.S. Dist. LEXIS 87348, at *7-8 (E.D.N.Y. Sept. 21, 2009).

evidence is inadmissible due to both its unreliability and the substantial prejudicial impact of the results of a polygraph examination on the jury's role to determine the credibility of a witness. *See United States v. Scheffer*, 523 U.S. 303, 314 (2008) (Supreme Court noted "that the aura of infallibility attending polygraph evidence can lead jurors to abandon their duty to assess credibility" in upholding Military Rule of Evidence 707, which makes polygraph evidence inadmissible in court-martial proceedings given its unreliability and its potential for unfair prejudice); *United States v. Fraser*, 206 F. App'x 100, 101 (2d Cir. 2006) ("[b]oth the United States Supreme Court and [the Second Circuit] have repeatedly upheld the exclusion of polygraph evidence because of its unreliability, its potential to confuse the issues and mislead the jury, and the danger of unfair prejudice posed by its admission."); *United States v. Kwong*, 69 F.3d 663 (2d Cir. 1995); *Coleman v. Town of Hempstead*, 30 F. Supp. 2d 356, 365 (E.D.N.Y. 1999) (trial court noting that "polygraph evidence is not admissible"); *Bower v. Walsh*, 703 F. Supp. 2d 204, 228 (E.D.N.Y. 2010) (polygraph test results are unreliable); *Collins v. Bennett*, (W.D.N.Y. Apr. 13, 2004) ("the 'traditional rule' in the Second Circuit is that polygraph results are inadmissible.") *citing United States v. Rea*, 958 F.2d 1206, 1224 (2d Cir. 1989) (polygraph examination results "are not admissible in this Circuit."); *United States v. Black*, 831 F. Supp. 120, 123 (E.D.N.Y. 1993) (trial court held that, even after *Daubert*, "the polygraph test is simply not sufficiently reliable to be admissible"); *Monsanto v. United States*, 2000 U.S. Dist. LEXIS 12151, at *13 (S.D.N.Y. Aug. 23, 2000) ("polygraph examinations are considered unreliable and inadmissible in court."). The same was true at Plaintiff's criminal trial since no polygraph evidence was introduced as evidence for the jury to consider. Moreover, the fact that polygraph examinations were even conducted in connection with the murder of Steven Jason was never referenced in front of the jury. *See* ECF Nos. 385-7, 385-8, 385-9, 385-10, 385-11.

Plaintiff cannot be permitted to introduce polygraph evidence – including results of polygraph examinations – or witness testimony related to polygraph examinations conducted of other individuals (a majority of whom did not testify at Plaintiff's criminal trial). *See* ECF Nos. 385-7, 385-8, 385-9, 385-10, 385-11.  This evidence is inadmissible even if Plaintiff had an expert opine on the reliability of either the procedures used or the results of the polygraph tests – which he does not.  Such evidence and testimony is not relevant to any of Plaintiff's remaining claims, and any arguable probative value would be substantially outweighed by the severe prejudicial impact to defendants, especially since the Second Circuit has routinely opined that polygraph evidence is unreliable and inadmissible. *See* FRE 401, 402, 403, 702.  Thus, all polygraph evidence and related witness testimony must be precluded.

**II. Plaintiff Should Be Precluded From Presenting Testimony or Evidence From Takita Dorsey.**

With respect to Takita Dorsey, not only should she be precluded from testifying regarding her polygraph examination, but her testimony must be precluded in its entirety.  Plaintiff proffers that "Takita Dorsey is described in the December 18, 1994 statement (*see* ECF No. 390-19, pp. 3-6) attributed to plaintiff as having served as a messenger between plaintiff and Tony Jackson, but Ms. Dorsey truthfully denied these allegations in a 1995 polygraph exam administered by NCPD.  Ms. Dorsey will testify about her recollection of the events." *See* ECF No. 405, p. 7.

Here, Plaintiff claims that essentially his entire 15-page signed written confession (*see* ECF No. 390-19) was fabricated.  Prior to Plaintiff's criminal trial, both Plaintiff and the prosecutor (Michael Walsh) were well aware that approximately two (2) weeks after Plaintiff signed his written confession, that members of the NCPD spoke with Takita Dorsey who denied that she served as a messenger between Plaintiff and Tony Jackson as this information was testified to at Plaintiff's pre-trial hearing. *See* ECF No. 385-14, pp. 132-137.  However, even with this

information, the prosecutor's decision to pursue charges was not influenced by this information, demonstrating that Ms. Dorsey testimony is neither material not relevant to Plaintiff's fabrication of evidence claim. *See Haskins v. Jackson*, 2020 U.S. Dist. LEXIS 216962, at *37-38 (E.D.N.Y. Nov. 10, 2020) *citing Garnett v. Undercover Officer C0039*, 838 F.3d 265, 277 (2d Cir. 2016) (holding that fabricated evidence is material when it may affect "the prosecutor's decision to pursue charges rather than to dismiss the complaint without further action" or could influence "the prosecutor's…assessments of the strength of the case.").

This Court significantly narrowed the scope of this trial to two (2) main issues: 1) claims related to the Glenn Montes and Maurice Larrea written statements; and 2) claims related to Plaintiff's written confession. *See* ECF No. 396. Takita Dorsey's testimony is undoubtedly irrelevant to Plaintiff's claims regarding the alleged suppression of the Glenn Montes and Maurice Larrea written statements, especially since she never testified at Plaintiff's criminal trial. *See* ECF Nos. 385-7, 385-8, 385-9, 385-10, 385-11; *Nnodimele v. Derienzo*, 2016 U.S. Dist. LEXIS 83357, at *20, 31-34 (E.D.N.Y. June 27, 2016). Her testimony is specifically related to whether or not plaintiff is innocent, which is inadmissible as it is extremely prejudicial to defendants and "irrelevant to [plaintiff's] fair trial claims." *Id.*, at *33 *citing Poventud v. City of New York*, 750 F.3d 121, 133 (2d Cir. 2014); *Olivares v. Ercole*, 975 F. Supp. 2d 345, (S.D.N.Y. 2013) (polygraph evidence not reliable evidence of innocence).

Plaintiff also cannot introduce Takita Dorsey's testimony – including the results or information received from her polygraph examination – to bolster Plaintiff's testimony as to whether or not his written confession was procured through coercion. *See Monsanto*, 2000 U.S. Dist. LEXIS 12151, at *13 (results of "polygraph examination cannot be used to bolster the credibility of such testimony since polygraph examinations are considered unreliable and

-4-

inadmissible in court."). Ms. Dorsey's testimony is irrelevant to Plaintiff's remaining claims, especially since she did not testify at Plaintiff's criminal trial, and any probative value fails the Rule 403 balancing test.

On defendants' summary judgment motion, this Court held that:

> Plaintiff's fabrication-of-evidence claim, as it relates to his confession, appears inextricably intertwined with his coercion claim in that Plaintiff essentially contends Dempsey wrote out Plaintiff's confession, which included false facts NCPD had learned from [Peddie Jenkins], which Dempsey and Abbondandelo coerced Plaintiff into adopting…. To be sure, the evidence of fabrication is slight.

*See* ECF No. 396, p. 81. Although Plaintiff specifically argued, in opposing the County's summary judgment motion, that Takita Dorsey was relevant to Plaintiff's claims (*see* ECF No. 389-3), this argument was "deemed to have been rendered moot, and/or was considered by the Court but found to be without merit." *See* ECF No. 396, p. 109, n. 32. Thus, any argument or evidence that defendants purportedly incorporated information that they received from Takita Dorsey into Plaintiff's written confession has already been found by this Court to be without merit and must be precluded.

Moreover, Plaintiff's coercion claim and fabrication of evidence claim related to his written confession are arguably at odds with one another, and introducing Ms. Dorsey's testimony would do nothing but confuse and mislead the jury. As this Court noted, "[c]oercion and fabrication are distinct." *See* ECF No. 396, p. 80. "Coerced testimony is testimony that a witness is forced by improper means to give; the testimony may be true or false. Fabricated testimony is testimony that is made up; it is invariably false. False testimony is the equivalent; it is testimony known to be untrue by the witness and by whoever cajoled or coerced the witness to give it." *McDonough v. Smith*, 2022 U.S. Dist. LEXIS 143055, at \*77 (N.D.N.Y. Aug. 11, 2022) *citing Petty v. City of Chicago*, 754 F.3d 416, 422 (7th Cir. 2014) (internal quotations and citations omitted). A

statement purportedly procured through coercion may in fact be true. Plaintiff arguably did not utilize Ms. Dorsey as a messenger, but whether or not this is true, it is irrelevant to Plaintiff's coercion claim. Plaintiff may very well have lied and told Dempsey that Ms. Dorsey was a messenger between him and Tony Jackson, and if that were the case, it contradicts any assertion that the inclusion of this information in the written confession was evidence that was fabricated. Plaintiff may also very well have been telling the truth and voluntarily provided this information to Dempsey which demonstrates that Ms. Dorsey is lying. To allow Ms. Dorsey to testify will be very confusing and misleading to the jury and significantly prejudice the defendants, especially when this is such a small part of Plaintiff's written confession which he alleges is fully fabricated and was procured through coercion.

With respect to his coercion claim, Plaintiff cannot utilize Ms. Dorsey's testimony to argue that his will was overborne or that defendants used coercive tactics to procure the written confession that he signed while in custody. As this Court correctly acknowledged, "[t]he test for whether a statement was improperly obtained by coercion is determined by the totality of the circumstances," with relevant factors including "whether <u>Miranda</u> warnings were properly administered or waived, whether counsel was present, whether the defendant knew the nature of the offense with which he was charged, … the time elapsing between arrest and the confession, … the characteristics of the accused[,] the conditions of interrogation and[,] the conduct of the law enforcement officials." *See* ECF No. 396, pp. 82-83 (citing cases). Ms. Dorsey's testimony bears no relevance to these factors. Ms. Dorsey was not present during Plaintiff's time in custody and did not observe what transpired during Plaintiff's time in custody. Thus, as Ms. Dorsey lacks the requisite personal knowledge to offer any relevant information, her testimony must be precluded as it will confuse the jury and will result in substantial prejudice towards defendants. *See* FRE 401,

402, 403, 602.

Lasty, any argument that Takita Dorsey's testimony is relevant to Plaintiff's fabrication of evidence claim is without merit. Defendants had no knowledge of Takita Dorsey's involvement acting as a messenger between Plaintiff and Tony Jackson until ***after*** the signed written confession was procured. This is evidenced by the fact that Takita's polygraph examination took place on January 3, 1995, approximately two (2) weeks ***after*** Plaintiff signed the written confession. Further, Dempsey's conversation with Takita Dorsey before Plaintiff's time in custody was in relation to the investigation into Tony Jackson's death, not in relation to Steven Jason's murder, further demonstrating Ms. Dorsey's lack of relevant testimony as to whether or not the information contained within Plaintiff's signed written confession was fabricated. *See* ECF No. 385-14, pp. 102, 132-133.

To allow Takita Dorsey's testimony at Plaintiff's upcoming trial would be extremely confusing and misleading to the jury, would be based on inadmissible evidence related to her polygraph examination, and any probative value would significantly outweighed by the undue prejudice towards the defendants. Thus, her testimony must be precluded.

## **CONCLUSION**

For the reasons set forth above, the defendants' motion should be granted in its entirety.

Dated:   White Plains, New York
         August 29, 2025

>                                WILSON, ELSER, MOSKOWITZ,
>                                EDELMAN & DICKER LLP
>
>                                _____
>                                John A. Vitagliano
>                                Janine A. Mastellone
>                                John M. Flannery