UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

JOSEPH JACKSON,                  :    Docket No.

                                   :    18-CV-3007 (JS) (AYS)

                 Plaintiff,      :

                                  :

       -against-              :

                                  :

NASSAU COUNTY; DETECTIVE ROBERT DEMPSEY; :
DETECTIVE GARY ABBONDANDELO; DETECTIVE   :
JOHN M. HOLLAND; DETECTIVE MICHAEL HERTS; :
DETECTIVE MARTIN ALGER; DETECTIVE WALTER :
SWENSON; DETECTIVE ANTHONY KOSIER;      :
DETECTIVE SERGEANT DAN SEVERIN; and JOHN    :
and JANE DOE 1 through 20,                :

                                  :

                 Defendants.     :

                                  :

------------------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE RULE 404(B) AND RULE 608(B) EVIDENCE**

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Defendants
1133 Westchester Avenue
White Plains, NY  10604
(914) 323-7000

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................... 1

ARGUMENT ................................................................................................................... 1

    I.      Preclude Plaintiff From Eliciting Testimony or Introducing Evidence Related to Defendants' Disciplinary Records or Civilian Complaints. ................. 6

    II.     Preclude Plaintiff From Eliciting Testimony or Introducing Evidence Related to Other Lawsuits. ...................................................................................... 8

          A.      Robert Moore – E.D.N.Y. Docket No. 96-cv-05987 ................................. 8

          B.      Jose Anibal Martinez – E.D.N.Y. Docket No. 02-cv-04985 .................... 9

          C.      John Restivo, Dennis Halstead and John Kogut – E.D.N.Y. Docket Nos. 06-cv-06695 and 06-cv-06720 ....................................... 122

          D.      Shonnard Lee – E.D.N.Y. Docket No. 00-CV-00881 ............................ 14

    III.    Preclude Plaintiff From Eliciting Testimony or Introducing Evidence Related to Allegations Made By Other Criminal Defendants ............................ 17

    IV.    Witness Testimony of Darryl Grate, Charles Clink and Joseph Porto Must Be Precluded. ................................................................................................... 19

    V.     Preclude Introduction of Evidence or Testimony Related to Peddie Jenkins' Purported Convictions and Prior Arrest History. .................................. 19

CONCLUSION ............................................................................................................... 22

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aponte v. Kanbur*,
 2021 U.S. App. LEXIS 26053 (2d Cir. Aug. 30, 2021) ............................................................ 5

*Berkovich v. Hicks*,
 922 F.2d 1018 (2d Cir. 1991) .............................................................................................. 2, 17

*Blue Cross and Blue Shield of N.J., Inc. v. Philip Morris, Inc.*,
 141 F. Supp. 2d 320 (E.D.N.Y. 2001)..................................................................................... 16

*Bryant v. Serebrenik*,
 2017 U.S. Dist. LEXIS 25572 (E.D.N.Y. Feb. 23, 2017) ............................................ 2, 4, 5, 7

*Clink v. Khulmann*,
 1992 U.S. Dist. LEXIS 11284 (E.D.N.Y. July 10, 1992) ........................................................ 18

*Coleman Motor Co. v. Chrysler Corp.*,
 525 F.2d 1338 (3d Cir. 1975) ................................................................................................. 17

*Dunham v. Lobello*,
 2023 U.S. Dist. LEXIS 68555 (S.D.N.Y. Apr. 19, 2023) .................................................. 5, 11

*Fraser v. City of New York*,
 2023 U.S. Dist. LEXIS 4530 (S.D.N.Y. Jan. 10, 2023) .................................................... 2, 4, 9

*Gonzalez v. City of New York*,
 354 F. Supp. 2d 327 (S.D.N.Y. 2005) ....................................................................... 4, 10, 18, 21

*Grate v. Hunt*,
 2010 U.S. Dist. LEXIS 2473 (E.D.N.Y. Jan. 11, 2010) ......................................................... 18

*Grate v. Stinson*,
 224 F.Supp.2d 496 (E.D.N.Y. 2002) ...................................................................................... 18

*Griffin v. City of New York*,
 2003 U.S. Dist. LEXIS 18197 (S.D.N.Y. Oct. 14, 2003) .................................................. 5, 11

*Holley v. Spinner*,
 2025 U.S. Dist. LEXIS 161388 (N.D.N.Y. Aug. 20, 2025)..................................................... 20

*Honeywell Inc. v. Victor Co. of Japan, Ltd.*,
 2003 U.S. Dist. LEXIS 27873 (D. Minn. May 16, 2003) ....................................................... 17

*Huddleston v. United States*,
    485 U.S. 681 (1988) ............................................................................ 3, 18, 19

*Hynes v. Coughlin*,
    79 F.3d 285 (2d Cir. 1996) ........................................................................... 5

*In re Catanella*,
    1988 U.S. Dist. LEXIS 3179 (E.D. Pa. Apr. 8, 1988) ................................. 17

*Jean-Laurent v. Hennessy*,
    840 F. Supp. 2d 529 (E.D.N.Y. 2011) .......................................... 2, 5, 7, 11

*Kogut v. City of Nassau*,
    2013 U.S. Dist. LEXIS 102198 (E.D.N.Y. July 22, 2013) .............. 3, 12, 14, 15

*Kogut v. County of Nassau*,
    789 F.3d 36 (2d Cir. 2015) ................................................................... 12, 14

*Lewis v. Velez*,
    149 F.R.D. 474 (S.D.N.Y. 1993) ........................................................... 20, 21

*Locurto v. AT&T Mobility Servs. LLC*,
    2018 U.S. Dist. LEXIS 250699 (S.D.N.Y. Sept. 27, 2018) ........................ 16

*Lombardo v. Stone*,
    2002 U.S. Dist. LEXIS 1267 (S.D.N.Y. 2002) ............................................ 3

*McLeod v. Llano*,
    2021 U.S. Dist. LEXIS 81006 (E.D.N.Y. Apr. 28, 2021) ...................... 1, 4, 5

*Nipper v. Snipes*,
    7 F.3d 415 (4th Cir. 1993) ......................................................................... 16

*Othman v. Benson*,
    2019 U.S. Dist. LEXIS 38594 (E.D.N.Y. Mar. 8, 2019) ............................. 5

*Park W. Radiology v. CareCore Nat'l LLC*,
    675 F. Supp. 2d 314 (S.D.N.Y. 2009) ...................................................... 16

*People v. Clink*,
    533 N.Y.S.2d 136 (2d Dep't 1988),
    *mot. lv. app. den.*, 73 N.Y.2d 854 (1988) ............................................... 18

*People v. Golliver*,
    511 N.Y.S.2d 95 (2d Dep't 1987) .............................................................. 17

*People v. Grate*,
    547 N.Y.S.2d 584 (2d Dep't 1989) ........................................................... 18

*People v. Grate*,
   807 N.Y.S.2d 134 (2d Dep't 2005),
   *mot. lv. app. den.*, 6 N.Y.3d 848 (2006) .................................................. 18

*People v. Ross*,
   520 N.Y.S.2d 625 (2d Dep't 1987),
   *mot. lv. app. den.,* 70 N.Y.2d 937 (1987),
   *mot. lv. app. den.*, 72 N.Y.2d 866 (1988) ............................................... 17

*People v. Wendel*,
   123 A.D.2d 410 (2d Dep't 1986) ................................................................ 17

*Perkowski v. Town of Brookhaven*,
   2023 U.S. Dist. LEXIS 22454 (E.D.N.Y. Feb. 9, 2023) ........................... 21

*Phillips v. City of New York*,
   871 F. Supp. 2d 200 (E.D.N.Y. 2012) ................................................... 2, 7

*R.A. v. City of New York*,
   206 F. Supp. 3d 799 (E.D.N.Y. 2016) ..................................... 4, 10, 18, 21

*Rahman v. Lee*,
   2024 U.S. Dist. LEXIS 158448 (S.D.N.Y. Sept. 4, 2024) ...................... 20

*Richmond v. General Nutrition Ctrs. Inc.*,
   2012 U.S. Dist. LEXIS 32070 (S.D.N.Y. Mar. 9, 2012) ....................... 4, 13

*Ricketts v. City of Hartford*,
   74 F.3d 1397 (2d Cir. 1996) ....................................................................... 3

*United States v. Brennan*,
   798 F.2d 581 (2d Cir. 1986) ....................................................................... 2

*United States v. Estrada*,
   430 F.3d 606 (2d Cir. 2005) ............................................................... 20, 21

*United States v. Hayes*,
   553 F.2d 824 (2d Cir. 1977) ..................................................................... 21

*United States v. Horsford*,
   422 F. App'x 29 (2d Cir. 2011) .................................................................. 5

*United States v. Perez*,
   325 F.3d 115 (2d Cir. 2003) ....................................................................... 3

*Williams v. Geraci*,
   2020 U.S. Dist. LEXIS 181705 (E.D.N.Y. Sept. 30, 2020) ....................... 4

*Woolfolk v. Baldofsky*,
  2022 U.S. Dist. LEXIS 120838 (E.D.N.Y. July 8, 2022) ........................................................ 7

**Rules**

Fed. R. Evid. 401 ............................................................................ 7, 11, 12, 13, 15, 18, 19

Fed. R. Evid. 402 ....................................................................... 7, 9, 11, 12, 13, 15, 18, 19

Fed. R. Evid. 403 .......................................... 2, 3, 5, 7, 9, 11, 12, 13, 14, 15, 17, 18, 19, 20

Fed. R. Evid. 404 .............................................................................................. 7, 13, 18

Fed. R. Evid. 404(b) ...................................................... 1, 2, 3, 4, 5, 7, 11, 16, 18, 19, 22

Fed. R. Evid. 404(b)(2) ..................................................................................... 2, 8, 13

Fed. R. Evid. 602 .................................................................................. 11, 12, 13, 15, 19

Fed. R. Evid. 608 .......................................................................................................... 22

Fed. R. Evid. 608(b) ........................................................................ 1, 5, 6, 11, 13, 15, 18

Fed. R. Evid. 609(a) ..................................................................................................... 20

Fed. R. Evid. 609(a)(1) ................................................................................................. 20

Fed. R. Evid. 609(a)(2) ............................................................................................ 20, 21

Fed. R. Evid. 609(b) ................................................................................................ 20, 21

Fed. R. Evid. 609(1)(a) ................................................................................................. 20

Fed. R. Evid. 801 ....................................................................... 7, 8, 9, 11, 13, 15, 18

Fed. R. Evid. 801(c) .................................................................................................. 4, 16

Fed. R. Evid. 802 ......................................................................... 4, 7, 8, 9, 11, 13, 18

Fed. R. Evid. 803 ........................................................................................................ 9, 15

Fed. R. Evid. 803(22) .................................................................................................... 16

Fed. R. Evid. 804 ........................................................................................................ 9, 15

Fed. R. Evid. 805 ........................................................................................................ 9, 15

Fed. R. Evid. 807 ........................................................................................................ 9, 15

Fed. R. Evid. 901 ............................................................................................... 4, 9, 13, 15

**Other Authorities**

5 Jack B. Weinstein & Margaret Berger, *Weinstein's Federal Evidence*, § 803.24[2], at p. 803-147 (Joseph M. McClaughlin, ed., Matther Bender 2d ed. 1997)...................................... 16

5 Wigmore, Evidence (Chadbourne Rev. 1974) §1671a ............................................................ 16

Advisory Committee Notes to Fed. R. Evid. 404(b)...................................................................... 3

## PRELIMINARY STATEMENT

Plaintiff's proposed trial exhibit list and witness list makes clear that he will attempt to introduce inadmissible character evidence and testimony in order to shift the focus away from the relevant conduct related to the limited remaining trial issues.  By listing witnesses who are irrelevant to any remaining claim and including proposed exhibits related to unsubstantiated, unfounded and unreliable allegations, Plaintiff intends to impermissibly inject inadmissible propensity evidence into this trial to the significant prejudice to the defendants.

Accordingly, the defendants, Robert Dempsey ("Dempsey"), Gary Abbondandelo ("Abbondandelo"), John Holland ("Holland"), Michael Herts ("Herts"), Martin Alger ("Alger"), Walter Swenson ("Swenson"), Anthony Kosior ("Kosior"), and Dan Severin ("Severin"), respectfully submit this memorandum of law in support of their motion *in limine* seeking to: (1) preclude Plaintiff from introducing inadmissible Rule 404(b) character evidence and testimony, and preclude inadmissible Rule 608(b) cross-examination evidence related to: (a) defendants' and non-party witnesses' disciplinary records or unsubstantiated civilian complaints; (b) other lawsuits filed against defendants and non-party witnesses, including preclusion of witness testimony of Robert Moore, (Jose) Anibal Martinez, John Restivo, Dennis Halstead, John Kogut and Shonnard Lee; (c) evidence from newspaper articles of allegations made by other criminal defendants (Brian Wendel, Joseph Ross, Robert Golliver, Joseph Porto, Darryl Grate and Charles Clink); (d) witness testimony of Darryl Grate, Charles Clink and Joseph Porto; and (e) Peddie Jenkins' criminal arrest history and purported criminal convictions.

## ARGUMENT

Pursuant to Rule 404(b)(1), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *McLeod v. Llano*, 2021 U.S. Dist. LEXIS 81006, at *5-6 (E.D.N.Y.

-1-

Apr. 28, 2021).  While "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident" pursuant to Rule 404(b)(2), "district courts in [the Second Circuit] have excluded evidence of unsubstantiated civilian complaints offered under Rule 404(b)." *Bryant v. Serebrenik*, 2017 U.S. Dist. LEXIS 25572, at *7 (E.D.N.Y. Feb. 23, 2017); *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 556 (E.D.N.Y. 2011); *Berkovich v. Hicks*, 922 F.2d 1018, 1023 (2d Cir. 1991) (where an officer was exonerated on six of seven prior complaints, "the slight probative value of this evidence – as to a theory of motive, pattern or other less plausible theories of relevance – was substantially outweighed by its potential for unfair prejudice."); *Phillips v. City of New York*, 871 F. Supp. 2d 200, 203 n.2 (E.D.N.Y. 2012) ("any probative value of the complaints would be substantially outweighed by the danger of unfair prejudice to the Defendant Officers because the lawsuits are mere allegations and none of the CCRB complaints have been substantiated.").

Evidence of prior bad acts are not automatically admissible simply because the proponent, who has the burden to establish its admissibility, has articulated some not-for-character purpose. *See Bryant*, 2017 U.S. Dist. LEXIS 25572, at *6; *Berkovich*, 922 F.2d at 1022; *Fraser v. City of New York*, 2023 U.S. Dist. LEXIS 4530, at *20 (S.D.N.Y. Jan. 10, 2023) ("[i]t is Plaintiff's burden to move prior to trial if Plaintiff wishes to introduce evidence of prior bad acts under Rule 404(b); to identify with specificity each and every prior bad act it wishes to introduce; and to explain why the evidence is more probative that any evidence it might cause.").  Even where evidence of past acts is arguably offered for a proper purpose, admission of Rule 404(b) evidence is only permitted if the acts share "unusual characteristics" with the acts alleged or represent a "unique scheme", (*see Berkovich*, 922 F.2d at 1018), are "relevant to some disputed issue in the trial and satisfies the probative-prejudice balancing test of Fed. R. Evid. 403." *United States v. Brennan*, 798 F.2d 581,

589 (2d Cir. 1986) (internal citations and quotation marks omitted); *United States v. Perez*, 325 F.3d 115, 129 (2d Cir. 2003) ("[s]imilarity, being a matter of relevancy, is judged by the degree in which the prior act approaches near identity with the elements of the offense charged."); *Ricketts v. City of Hartford*, 74 F.3d 1397, 1414 (2d Cir. 1996) (admission of similar act evidence at trial if the prior act was not sufficiently similar would be an abuse of discretion); FRE 403 ("[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

The Supreme Court has held that the decision to admit evidence Rule 404(b) evidence depends on "whether the danger of unfair prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403." *Huddleston v. United States*, 485 U.S. 681, 688 (1988). As such, Rule 404(b) requires a two-part analysis: first, whether the proposed evidence fits within one of the exceptions provided by Rule 404(b); and second, even if it does, a balancing test under Rule 403, of whether the evidence's probative value is substantially outweighed by the potential for jury confusion or prejudice, is required. *See Lombardo v. Stone*, 2002 U.S. Dist. LEXIS 1267, at *10-12 (S.D.N.Y. 2002) ("Rule 403 prohibits the introduction of similar act evidence, even when offered for a proper purpose, where its prejudicial effect, tendency to confuse the jury or to delay the trial outweighs its probative value."); *see also* Advisory Committee Notes to Fed. R. Evid. 404(b).  Courts in the Second Circuit routinely find that even where evidence of prior acts could be relevant under Rule 404(b), it should be precluded as unduly prejudicial. *See Lombardo*, 2002 U.S. Dist. LEXIS 1267, at *20-24 (finding that while prior act could be relevant, prejudice outweighed probative value); *Kogut v. City of Nassau*, 2013 U.S. Dist. LEXIS 102198, at *38-40

(E.D.N.Y. July 22, 2013); *Bryant*, 2017 U.S. Dist. LEXIS 25572, at *7 ("admitting this evidence would inevitably lead to a mini-trial on the provenance and veracity of the complaint.").

Moreover, Rule 404(b) evidence, such as disciplinary histories of defendants, newspaper articles, and other documentary evidence, constitutes inadmissible hearsay under Rule 802. *See* FRE 801(c); *McLeod*, 2021 U.S. Dist. LEXIS 81006, at *19-21; *Richmond v. General Nutrition Ctrs. Inc.*, 2012 U.S. Dist. LEXIS 32070, at *31 (S.D.N.Y. Mar. 9, 2012) (court precluded evidence of other lawsuits against defendant, including pleadings and court findings as prejudicial hearsay, because "the risk of unfair prejudice and confusion from introducing documents reflecting allegations in other cases clearly outweighs the probative value of such claims."); *Gonzalez v. City of New York*, 354 F. Supp. 2d 327, 347 n.29 (S.D.N.Y. 2005) ("newspaper articles are inadmissible hearsay"); *R.A. v. City of New York*, 206 F. Supp. 3d 799, 804 (E.D.N.Y. 2016) ("[n]ewspaper articles are hearsay … [and] establish only that other individuals have experienced similar violations of their constitutional rights as Plaintiffs allege here, not that the violations underlying those actions actually occurred.") (citing other cases).  That is because a prior lawsuit or civilian complaint contains allegations and is not evidence that the defendant officer did commit the alleged prior bad act. *See Fraser*, 2023 U.S. Dist. LEXIS 4530, at *17-18 ("the mere fact that a Defendant was named in a lawsuit, without more, does not make the lawsuit fair game for impeachment, since people are sued all the time without any basis whatsoever.  The mere fact that a lawsuit was commenced has "little to no probative value" with respect to an officer witness' credibility.").  The hearsay rule would not allow the contents of prior complaints to establish the truth of the matter asserted and any prior complaints or lawsuits would unduly prejudice the defendants and fail to satisfy the authentication requirement under Rule 901.  *See Williams v. Geraci*, 2020 U.S. Dist. LEXIS 181705, at *47-50 (E.D.N.Y. Sept. 30, 2020).

In addition, where a plaintiff's claim for municipal liability has been dismissed and is no longer a claim to be presented to the jury, courts routinely exclude evidence of other lawsuits or prior bad acts. *See Griffin v. City of New York*, 2003 U.S. Dist. LEXIS 18197, at *2 (S.D.N.Y. Oct. 14, 2003) ("[t]o the extent that plaintiffs seek to offer [evidence] in support of their *Monell* and supervisory liability theories, it is inadmissible in view of the dismissal of those claims."); *Dunham v. Lobello*, 2023 U.S. Dist. LEXIS 68555, at *28-29 (S.D.N.Y. Apr. 19, 2023) (plaintiff precluded from introducing evidence related to municipal customs, policies and practices as trial was bifurcated and *Monell* claim was not before the jury); *Jean-Laurent*, 840 F. Supp. 2d at 549.

Pursuant to Rule 608(b), "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Any extrinsic evidence "other than a criminal conviction is not typically admissible to attack a witness's character for truthfulness." *Othman v. Benson*, 2019 U.S. Dist. LEXIS 38594, at *7 (E.D.N.Y. Mar. 8, 2019). While Rule 608(b) "allows a party on cross-examination to inquire into specific instances of a witness's conduct … if they are probative of a law enforcement witness's truthfulness or untruthfulness, [c]omplaints against officers are not probative of a law enforcement witness's truthfulness or untruthfulness unless the underlying conduct involves dishonesty." *McLeod*, 2021 U.S. Dist. LEXIS 81006, at *29-30 (internal quotations omitted) *citing Bryant*, 2017 U.S. Dist. LEXIS 25572, at *5; *United States v. Horsford*, 422 F. App'x 29, 30 (2d Cir. 2011). "[L]ike evidence admissible under Rule 404(b), questioning that goes to a witness's character for truthfulness or untruthfulness is subject to Rule 403." *Aponte v. Kanbur*, 2021 U.S. App. LEXIS 26053, at *4-5 (2d Cir. Aug. 30, 2021) (trial court did not abuse discretion and properly precluded Rule 608(b) evidence); *Hynes v. Coughlin*, 79 F.3d 285, 294 (2d Cir. 1996).

## I.   Preclude Plaintiff From Eliciting Testimony or Introducing Evidence Related to Defendants' Disciplinary Records or Civilian Complaints.

Plaintiff should be precluded from introducing evidence and eliciting testimony related to any civil complaints made against, or disciplinary records of, any defendant or non-party witness in this matter.  Notably, only five (5) civilian complaints were made against four (4) of the eight (8) defendants (Alger, Dempsey, Holland, Kosior), all of which were investigated and unfounded. *See* **Exhibit A**.  Plaintiff's proposed trial exhibit list includes: i) a 2001 civilian complaint, made by someone other than the plaintiff, against Dempsey which, after investigation, was unfounded (*see* **Exhibit B** – proposed trial exhibit 246); ii) a 1995 complaint, made by someone other than the plaintiff, against non-party (deceased) witness Detective Jerl Mullen ("Mullen"), along with records of the investigation of this complaint (*see* **Exhibit C** – proposed trial exhibit 247); and iii) Dempsey's disciplinary history. *See* **Exhibit D** (proposed trial exhibits 260 and 356).

Plaintiff should be precluded from cross-examining all defendants about prior civilian complaints made against them. *See* **Exhibit A**.  First, all these civilian complaints were investigated, unfounded, unsubstantiated and thus are unreliable and not probative of any defendants' character for untruthfulness. *See* FRE 608(b); **Exhibit A**.  Second, cross-examination on the basis of all these unfounded complaints is irrelevant and not probative of defendants' character for untruthfulness as none of the unreliable allegations relate to defendants' honesty. *See* **Exhibit A**.  Third, these unfounded civilian complaints were not made by this Plaintiff, and thus, are irrelevant to Plaintiff's remaining claims.  Lastly, allowing cross-examination into these civilian complaints would unduly prejudice the defendants, would confuse the jury, and would be a waste of time as it would require defendants to defend themselves against mere allegations that were investigated, unfounded and lack any corroboration. The jury could choose to punish defendants for unproven allegations or could infer that defendants are inclined to violate plaintiff's

civil rights by the mere existence of prior complaints against them.

Plaintiff should also be precluded from introducing any documentary evidence related to these civilian complaints or Dempsey's disciplinary history. *See* Rule 404(b); *Bryant*, 2017 U.S. Dist. LEXIS 25572, at \*7 ("admitting this evidence would inevitably lead to a mini-trial on the provenance and veracity of the complaint."). The civilian complaint against Dempsey lacks any similarity to Plaintiff's remaining claims surrounding his written confession, as there is no evidence that a written confession was procured in connection with the 2001 civilian complaint. *See* **Exhibit B**. Further, this complaint, as referenced on Dempsey's disciplinary history (*see* **Exhibit D**) was unfounded, which, on its own, warrants preclusion as any probative value would be substantially outweighed by unfair prejudice. *See Bryant*, 2017 U.S. Dist. LEXIS 25572, at \*7; *Jean-Laurent*, 840 F. Supp. 2d at 556; *Phillips*, 871 F. Supp. 2d at 203 n.2. Moreover, evidence of this unfounded complaint would be offered solely for the purpose to improperly prove propensity to coerce confessions from suspects, which renders it inadmissible. *See* FRE 404. The statements within this unfounded civil complaint are also inadmissible as they are based on multiple layers of hearsay with no applicable hearsay exception. *See* FRE 801, 802. Lastly, the alleged violations referenced in Dempsey's disciplinary file – being present in a departmental vehicle without authorization and not for police necessity – have no bearing as to Dempsey's character for truthfulness, and are both irrelevant and not sufficiently similar to Plaintiff's remaining claims.

Plaintiff must also be precluded from introducing any documentary evidence related to a civilian complaint made against non-party witness Mullen. *See* **Exhibit C**; FRE 401, 402, 403, 404; *Woolfolk v. Baldofsky*, 2022 U.S. Dist. LEXIS 120838 at \*13 (E.D.N.Y. July 8, 2022) ("references to misconduct by other police officers who are not parties to this case are not

relevant.").  The introduction of this evidence would severely prejudice defendants as they would be unable to assert any defense to these claims made against Mullen as he is deceased.  This evidence is irrelevant to, and not sufficiently similar to, Plaintiff's remaining claims and would be introduced for the sole purpose to improperly prove propensity as the underlying allegations do not fall within any of the categories warranting admission under Rule 404(b)(2).  Lastly, Plaintiff has not identified any witnesses to testify to the allegations contained within this complaint and will be unable to authenticate the multiple layers or inadmissible hearsay contained within this complaint. *See* FRE 801, 802.

## II.   Preclude Plaintiff From Eliciting Testimony or Introducing Evidence Related to Other Lawsuits.

### A.   Robert Moore – E.D.N.Y. Docket No. 96-cv-05987

Plaintiff should be precluded from eliciting testimony, introducing evidence or referencing prior alleged acts in connection with the civil rights lawsuit filed by, or allegations made by, Robert Moore. *See* **Exhibit E** (proposed trial exhibit 340).  No defendant named in this matter were named as a party in the lawsuit filed by Robert Moore.  Out of all law enforcement officials who have been identified as being connected to Plaintiff's lawsuit, Mullen, who is now deceased, was the only individual named as a defendant in Robert Moore's lawsuit, which was ultimately dismissed with prejudice and no finding of liability against any party. *See* E.D.N.Y. Docket Sheet for 96-cv-05987.  However, plaintiff's proposed trial exhibit list includes: i) documents related to Robert Moore's lawsuit, including witness statements, court minutes, and an unsigned and unverified amended complaint, that were filed as documents in a case unrelated to Robert Moore's lawsuit (*see* **Exhibit E**); ii) an affidavit signed by Robert Moore in connection with a lawsuit filed by Shonnard Lee (*see* **Exhibit F** – proposed trial exhibit 350); and iii) Robert Moore's incomplete, unsigned, non-certified transcript from his deposition in connection with his lawsuit. *See* **Exhibit**

**G** (proposed trial exhibit 351).

Whether some other law enforcement officer at some other time allegedly violated the Constitutional rights of another person has no capacity to establish or refute the salient facts of this matter and is irrelevant to defendants' conduct in this lawsuit. Introduction of any evidence related to Robert Moore's lawsuit would result in significant prejudice. Defendants would be unable to defend or reject the conduct of other deceased officers which is irrelevant to the character of any of the defendants in lawsuit and has no bearing on Plaintiff's remaining claims. *See Fraser*, 2023 U.S. Dist. LEXIS 4530, at *16 (court precluded evidence about lawsuits filed against non-defendant police officer witnesses). Especially in light of the dismissal of Plaintiff's *Monell* claim, this evidence has no probative value to any remaining facts in this case, would mislead and confuse the jury and be a waste of time. *See* FRE 402, 403. Lastly, Plaintiff will not be able to authenticate or satisfy the multiple levels of hearsay contained within all proposed trial exhibits related to Robert Moore's lawsuit as he has not listed any proposed witness to authenticate any of the documents, warranting preclusion of all related evidence. *See* **Exhibit E**; **Exhibit F**; **Exhibit G**; FRE 801, 802, 803, 804, 805, 807, 901.

B.  <u>Jose Anibal Martinez – E.D.N.Y. Docket No. 02-cv-04985</u>

Plaintiff should be precluded from eliciting testimony, introducing evidence or referencing prior alleged acts in connection with the lawsuit filed by Jose Anibal Martinez ("Martinez"). Martinez filed a complaint alleging civil rights violations against several NCPD detectives, including defendants Severin and Holland. *See* ECF No. 392-12. However, in his complaint, Martinez fails to assert any specific allegations that either Severin or Holland violated his civil rights and focuses all his allegations on Detective Edwin Trujillo, a Spanish speaking detective who allegedly procured a coerced statement of admission to a homicide. *Id.* As demonstrated by

Plaintiff's failure to identify and proffer him as a witness to testify in this trial, Detective Edwin Trujillo has no connection to this lawsuit and had no involvement with the investigation into Steven Jason's death or Plaintiff's arrest and prosecution. *See* ECF No. 405, pp. 4-10.  Martinez's lawsuit was ultimately dismissed with prejudice, with no finding of liability against Holland, Severin, or any of the other named defendants. *See* ECF Nos. 394-4, 394-5, 393-3.  However, Plaintiff's proposed trial exhibit list includes 163 pages of documents related to NCPD's investigation into Martinez's complaint made against Detective Trujillo, with the investigation's findings being undetermined (*see* **Exhibit H** – proposed trial exhibit 266), and a newspaper article related to Martinez's allegations. *See* **Exhibit I**, pp. 1, 3 (proposed trial exhibit 116, pp. 1, 3).

Documentary evidence, including Martinez's prior lawsuit, newspaper articles[1], and testimony related to NCPD's undetermined investigation into Martinez's complaint, must be precluded. *See Gonzalez*, 354 F. Supp. 2d at 347 n.29; *R.A.*, 206 F. Supp. 3d at 804.  Only Holland, and not Severin, was interviewed in connection with NCPD's investigation who, when interviewed, established he was not present when Detective Trujillo procured Martinez's confession and never saw anyone use coercive tactics on Martinez. *See* **Exhibit H**, p. 146. Martinez's complaint and lawsuit is devoid of allegations that either Holland or Severin specifically conducted themselves in a manner that violated his civil rights, and at his 50-h examination, Martinez testified he did not remember who Holland or Severin were or what their involvement was. *See* ECF No. 392-12; **Exhibit H**, p. 128 (86:11-25).  The only remaining claim against Holland relates to the alleged suppression of the Glenn Montes and Maurice Larrea written statements, and Plaintiff has no viable claim against Holland as it relates to Plaintiff's signed

---

[1] Defendants request includes preclusion of exhibits annexed to plaintiff's opposition to the County's summary judgment motion, including plaintiff's exhibits 73 (*see* ECF No. 392-12), 74 (*see* ECF No. 392-13), 75 (*see* ECF No. 392-14), 76 (*see* ECF No. 392-15) and 99 (*see* ECF No. 393-3).

written confession. *See* ECF No. 396.  This irrelevant inadmissible hearsay evidence would be offered solely for the purpose to improperly prove propensity by a separate NCPD detective, who is not even proffered as a non-party witness to testify in this trial, and has absolutely no probative value as to either Holland or Severin's character or Plaintiff's remaining claims. *See* FRE 402, 403, 404(b), 801, 802.  Moreover, any purported Rule 608(b) cross-examination testimony regarding Martinez's allegations must be precluded as Martinez cannot even identify Holland and Severin as being involved with allegedly procuring his confession, and even if he could, would not be probative of either defendants' character for untruthfulness. *See* **Exhibit H**, p. 128 (86:11-25).

Lastly, Martinez's witness testimony at Plaintiff's trial must be precluded.  Plaintiff proffers that Martinez will testify "as to the fabrication of false evidence against him, including a false confession, by the Nassau County Police Department in the homicide prosecution of Jose Alberto Cruz and the events surrounding his criminal prosecution, dismissal of his charges and subsequent civil action and settlement." *See* ECF No. 405, p. 10.  Plaintiff's *Monell* claim has been dismissed requiring preclusion of Martinez's testimony. *See Griffin*, 2003 U.S. Dist. LEXIS 18197, at *2. *Dunham*, 2023 U.S. Dist. LEXIS 68555, at *28-29. Martinez's proffered testimony would relate to the alleged conduct of a separate NCPD detective who is neither a defendant nor a proposed witness in Plaintiff's upcoming trial.  As Martinez lacks "personal knowledge" of any of the issues related to Plaintiff's remaining claims, his testimony is irrelevant and would severely mislead the jury.  The jury would be required to consider evidence of an unrelated, unconfirmed, unsubstantiated and uncorroborated incident that does not involve any of the defendants in this lawsuit, sheds no light on the remaining issues to be tried, and would significantly prejudice the defendants. *See* FRE 401, 402, 403, 602; *Jean-Laurent*, 840 F. Supp. 2d at 547-48.

C.  John Restivo, Dennis Halstead and John Kogut – E.D.N.Y. Docket Nos. 06-cv-06695 and 06-cv-06720

Plaintiffs John Restivo ("Restivo"), Dennis Halstead ("Halstead") and John Kogut ("Kogut") civil rights lawsuits were consolidated for trial and held jointly before this Court, the jury returned a defense verdict and found that Dempsey did not violate any of the plaintiffs' civil rights. *See* ECF No. 394-1; *Kogut*, 2013 U.S. Dist. LEXIS 102198; *Kogut v. County of Nassau*, 789 F.3d 36 (2d Cir. 2015).  Subsequently, after a new trial was ordered for Restivo and Halstead, on consent of these plaintiffs, Dempsey was dismissed as a named defendant from this re-trial. *See* ECF No. 394-2. Clearly, there was no finding that Dempsey violated any of these three (3) plaintiffs' constitutional rights.  However, Plaintiff proffers Restivo and Kogut as witnesses to testify "about defendant Dempsey's abusive treatment of him during [their] interrogations" (*see* ECF No. 405, pp. 9-10) and lists a plethora of proposed trial exhibits related to these three (3) plaintiffs' allegations.[2]  The prejudicial impact of allowing witness testimony, admission of documentary evidence, or permitting cross-examination related to these unfounded allegations against Dempsey "cannot be understated" and must be precluded. *Kogut*, 2013 U.S. Dist. LEXIS 102198, at *40.

Here, since Plaintiff's *Monell* claim has been dismissed, and both Restivo and Kogut lack the requisite personal knowledge of any of the remaining trial issues, their testimony must be precluded. *See* FRE 401, 402, 403, 602.  The jury would be confused and misled by their testimony and be more likely to conclude that Dempsey used coercive tactics to obtain a written confession from Plaintiff in this case even though a prior jury found that Dempsey's conduct did not violate

---

[2] Plaintiff's proposed trial exhibits 116, p. 2 (*see* **Exhibit I**, p. 2), 120 (*see* **Exhibit K**), 163 (*see* **Exhibit L**), 164 (*see* **Exhibit M**), 337 (*see* **Exhibit N**), 338 (*see* **Exhibit O**), 339 (*see* ECF No. 392-11), 342 (*see* **Exhibit P**), 343 (*see* **Exhibit Q**), 344 (*see* **Exhibit R**), 345 (*see* ECF No. 392-10), 346 (*see* ECF No. 392-16) and 347 (*see* **Exhibit S**) as referenced in the JPTO. *See* ECF No. 405.

Restivo or Kogut's civil rights. Any purported probative value to their testimony is significantly outweighed by the clear and unavoidable prejudicial impact to the defendants.

Moreover, any documentary evidence that Plaintiff lists as a proposed trial exhibit, a majority of which was filed in connection with Restivo and Kogut's lawsuits, must be precluded. Pleadings and court decisions from these unrelated lawsuits – where Dempsey did not violate anyone's civil rights – contain inadmissible hearsay and would severely prejudice the defendants.[3] *See Richmond*, 2012 U.S. Dist. LEXIS 32070, at *31 (court states that plaintiff's cited cases "do not support the admission of *allegations* of discrimination contained in legal complaints and other documents, which by their very nature are not subject to cross-examination. The Court will therefore exclude court filings from other cases based on Fed. R. Evid. 801 and 802, and also based on Fed. R. Evid. 403, in that the risk of unfair prejudice and confusion from introducing documents reflecting allegations in other cases clearly outweighs the probative value of such claims.") (emphasis in original). Notes, statements, deposition transcripts, newspaper articles and documents related to Dempsey in connection with Restivo and Kogut's criminal prosecution would be introduced for the sole purpose to improperly prove propensity as the underlying allegations do not fall within any of the categories warranting admission under Rule 404(b)(2). Nor is cross-examination of Dempsey permitted pursuant to Rule 608(b) since these allegations are irrelevant to his character for untruthfulness. This is especially the case in light of a prior finding that Dempsey did not violate Restivo and Kogut's civil rights. The prejudicial impact of introducing these documents or permitting cross-examination on these unfounded allegations will undoubtedly taint the jury, are irrelevant to Plaintiff's claims, and must be precluded. *See* FRE 401, 402, 403, 404, 602, 608(b), 801, 802, 901.

---

[3] Plaintiff's proposed trial exhibits 120 (*see* **Exhibit K**), 163 (*see* **Exhibit L**), 164 (*see* **Exhibit M**) and 347 (*see* **Exhibit S**) as referenced in the JPTO. *See* ECF No. 405.

D. Shonnard Lee – E.D.N.Y. Docket No. 00-CV-00881

This Court correctly excluded Rule 404(b) character evidence connected with the criminal

prosecution of Shonnard Lee as it relates to Dempsey at the individual defendants' liability phase

of the consolidated civil rights trial in *Kogut*, holding:

> The evidence that the plaintiff seeks to introduce on 404(b) as to the
> Shonnard Lee and Robert Moore prosecutions as they deal with Detectives
> Volpe and Dempsey will not be admissible in the first phase. They will be
> admissible in the second phase (*Monell* liability trial). Under 404(b),
> evidence of crimes, wrongs, or acts are not admissible to show action in
> conformity with. The evidence that plaintiffs seek to admit, this particular
> evidence, is to show a modus operandi, and that is not one of the permitted
> purposes in this particular case. What you are really trying to show is that
> the defendants act in the same manner that they acted in later cases. So you
> may not do that."

2013 U.S. Dist. LEXIS 102198, at *39; **Exhibit J**, p. 5 (Kogut Transcript – September 6, 2012).

This Court then rendered a decision on plaintiffs' motion for re-trial, which was affirmed by the

Second Circuit, and further opined:

> With respect to limitations on the impeachment of Dempsey, the Court
> properly concluded that the prejudicial effect of such impeachment evidence
> outweighed any probative value. See Fed. R. Evid. 403 ("The court may
> exclude relevant evidence if its probative value is substantially outweighed
> by a danger of one or more of the following: unfair prejudice, confusing the
> issues, misleading the jury, undue delay, wasting time, or needlessly
> presenting cumulative evidence."). As the Court expressed in its September
> 6, 2012 ruling, the jury very likely would have been confused, by, and
> considered evidence regarding, Dempsey's prior conduct in other cases to
> conclude that Dempsey acted in conformity therewith and used coercive
> tactics to obtain false witness statements in this case. The prejudicial impact
> of such testimony cannot be understated.

2013 U.S. Dist. LEXIS 102198, at *40; *Kogut*, 789 F.3d 36. Even in light of this Court's prior

ruling, Plaintiff's proposed trial list includes a plethora of proposed exhibits related to Shonnard

Lee's criminal prosecution and civil lawsuit[4], and proffers Shonnard Lee as a witness who "will

---

[4] Plaintiff's proposed trial exhibits 340 (*see* **Exhibit E**), 341 (*see* **Exhibit T**), 348 (*see* **Exhibit U**), 349 (*see* **Exhibit V**), 350 (*see* **Exhibit F**), 351 (*see* **Exhibit G**), 353 (*see* **Exhibit W**), 354 (*see* ECF No. 393-1), 355 (*see* **Exhibit X**),

testify about defendant Dempsey's coercing and fabrication of evidence in his homicide case, his subsequent complaints, lawsuit, and civil verdict." *See* ECF No. 405, p. 9.  However, all documents and witness testimony, including Rule 608(b) cross-examination testimony of Dempsey related to Shonnard Lee's criminal prosecution or subsequent civil lawsuit, must be precluded.

As referenced above, since Plaintiff's *Monell* claim has been dismissed, and Shonnard Lee lacks the requisite personal knowledge of any of the remaining issues to be tried, his testimony must be precluded as it would severely prejudice the defendants. *See* FRE 401, 402, 403, 602; *Kogut*, 2013 U.S. Dist. LEXIS 102198, at *38-40.  With respect to several of plaintiff's proposed trial exhibits (353 [*see* **Exhibit W**], 354 [*see* ECF No. 393-1], 355 [*see* **Exhibit X**], and 359 [*see* ECF No. 393-1]), Plaintiff will not be able to authenticate or satisfy the multiple levels of hearsay as he has not listed any proposed witness (Ragan Martin, Jeffrey Bourne, Dorthy Lee) to authenticate any of the statements contained within these documents, warranting their preclusion. *See* FRE 801, 802, 803, 804, 805, 807, 901.  A newspaper article related to Shonnard Lee's civil verdict is inadmissible hearsay evidence. *See* ECF No. 393-2 (proposed trial exhibit 360)[5].  The County Court's decision dismissing Shonnard Lee's indictment (proposed trial exhibit 358) is irrelevant to Plaintiff's remaining trial claims as the decision states that the prosecutor, not Dempsey, failed to turn over Dempsey's notes and a video-taped interview. *See* ECF No. 393.

With respect to Shonnard Lee's statement – which was taken almost 3 years after Plaintiff's written confession – deposition testimony, and the verdict sheet from Shonnard Lee's civil trial, introduction of this evidence would significantly prejudice the defendants.  Plaintiff cannot use a

---

356 (*see* **Exhibit Y**), 357 (*see* ECF No. 391-18), 358 (*see* ECF No. 393), 359 (*see* ECF No. 393-1) and 360 (*see* ECF No. 393-2) as referenced in the JPTO. *See* ECF No. 405.

[5] As referenced in the newspaper article, Nassau County intended on appealing the jury verdict in Shonnard Lee's civil trial, but the matter was resolved and the action dismissed with prejudice before an appeal took place. *See* ECF No. 394-3.

judgment from Shonnard Lee's civil trial, as it is improper propensity evidence pursuant to Rule 404(b). A "judgment *in another case*, finding a fact now in issue, is ordinarily not receivable." 5 Wigmore, Evidence (Chadbourne Rev. 1974) §1671a (emphasis in original); *Locurto v. AT&T Mobility Servs. LLC*, 2018 U.S. Dist. LEXIS 250699, at *12-13 (S.D.N.Y. Sept. 27, 2018) ("[i]t is well settled in the Second Circuit that a judgment or judicial opinion in another case … is inadmissible hearsay."); *Park W. Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 329-30 (S.D.N.Y. 2009); *Blue Cross and Blue Shield of N.J., Inc. v. Philip Morris, Inc.*, 141 F. Supp. 2d 320, 323 (E.D.N.Y. 2001) ("[j]udicial findings in other cases proffered as evidence are generally characterized as inadmissible hearsay.").

The jury verdict sheet in the Shonnard Lee is inadmissible hearsay. *See* FRE 801(c); 5 Jack B. Weinstein & Margaret Berger, *Weinstein's Federal Evidence*, § 803.24[2], at p. 803-147 (Joseph M. McClaughlin, ed., Matther Bender 2d ed. 1997) (prior civil judgment does not come within Fed. R. Evid. 803(22)'s exception to hearsay rule for judgment of conviction). Cf. *Nipper v. Snipes*, 7 F.3d 415, 417 (4th Cir. 1993) (judicial findings in previous lawsuit not admissible in subsequent action).  Moreover, the verdict sheet is inadmissible because it represents nothing more than the opinion of the jurors who heard the evidence in Shonnard Lee's case, which will be significantly different from the evidence the jurors will hear in this trial.

There are also significant differences between what transpired with Plaintiff in comparison to Dempsey's interaction with Shonnard Lee.  Plaintiff claims he was physically struck by Dempsey during his interrogation. *See* ECF No. 396, p. 34-36.  However, Shonnard Lee testified that no officer, including Dempsey, struck him while he was in custody. *See* **Exhibit V**.  Another critical difference is that Shonnard Lee claims that he never gave police officers a statement, or signed any confession, that he committed murder (*see* **Exhibit V**), while Plaintiff in this case

-16-

signed a 15-page written confession to the murder of Steven Jason knowing it was a confession. Thus, any argument that Dempsey's prior conduct related to Shonnard Lee should be admitted must be rejected as the circumstances are not sufficiently similar to Plaintiff's time in custody in this matter. *See Berkovich*, 922 F.2d at 1018.

Lastly, the verdict sheet from Lee's civil trial must be excluded as unduly prejudicial under Rule 403. *See Coleman Motor Co. v. Chrysler Corp.*, 525 F.2d 1338 (3d Cir. 1975) ("[a] jury is likely to give a prior verdict against the same defendant more weight than it warrants. The admission of a prior verdict creates the possibility that the jury will defer to the earlier result and thus will, effectively, decide a case on evidence not before it."); *Honeywell Inc. v. Victor Co. of Japan, Ltd.* 2003 U.S. Dist. LEXIS 27873 (D. Minn. May 16, 2003) (court noted the prejudicial impact of telling a jury that plaintiff was awarded damages in a case with a similar device); *In re Catanella*, 1988 U.S. Dist. LEXIS 3179, at *5-6 (E.D. Pa. Apr. 8, 1988).

### III. Preclude Plaintiff From Eliciting Testimony or Introducing Evidence Related to Allegations Made By Other Criminal Defendants

Although not included in as proposed trial exhibits, Plaintiff annexed several newspaper articles as exhibits to his opposition to the County's summary judgment motion related to several criminal defendants including Brian Wendel[6] (*see* ECF No. 392-28), Joseph Ross[7] (*see* ECF No. 392-29), Robert Golliver[8] (*see* ECF No. 392-30, 392-31), Joseph Porto (*see* ECF No. 392-34),

---

[6] Brian Wendel was convicted of burglary in the second degree and two counts of homicide, and the Appellate Division Second Department affirmed the trial court's ruling. *See People v. Wendel*, 123 A.D.2d 410 (2d Dep't 1986) (although the police conceded they were aware Mr. Wendel was represented by an attorney on a prior charge, Mr. Wendel's confession was found to be trustworthy and voluntary and could be used for impeachment purposes).

[7] Joseph Ross was convicted of homicide, and the Appellate Division Second Department affirmed the trial court's ruling that Joseph Ross' confession was voluntary and that the statements made were not the product of an overborne will. *See People v. Ross*, 520 N.Y.S.2d 625 (2d Dep't 1987), *mot. lv. app. den.,* 70 N.Y.2d 937 (1987), *mot. lv. app. den.*, 72 N.Y.2d 866 (1988).

[8] Robert Golliver was convicted of homicide, and the Appellate Division Second Department affirmed the trial court's ruling denying Robert Golliver's pre-trial suppression motion and finding that Robert Golliver's statements were either spontaneous or that they were not elicited by an agent of the State. *See People v. Golliver*, 511 N.Y.S.2d 95 (2d Dep't 1987).

Darryl Grate[9] and Charles Clink[10] (*see* ECF No. 392-32, 392-33). This Court must preclude the introduction of these newspaper articles as evidence and preclude cross-examination testimony of Dempsey's connection with these criminal defendants as their allegations are not probative of any defendants' character for untruthfulness, is irrelevant to Plaintiff's remaining claims, constitutes inadmissible hearsay, and would significantly prejudice the defendants. *See* FRE 401, 402, 403, 404, 608(b), 801, 802.

"Newspaper articles are hearsay … [and] establish only that other individuals have experienced similar violations of their constitutional rights as Plaintiffs allege here, not that the violations underlying those actions actually occurred." *R.A.*, 206 F. Supp. 3d at 804 (citing other cases); *Gonzalez*, 354 F. Supp. 2d at 347 n.29 ("newspaper articles are inadmissible hearsay"). Almost all of these unreliable hearsay allegations referenced in these newspaper articles were previously made to, and rejected by, numerous state and federal courts. This is precisely the type of prejudicial evidence and cross-examination testimony that Rule 403, 404(b) and 608(b) prohibits from being presented to, or explored in front of, a jury. *See Huddleston*, 485 U.S. at 686 ("[t]he [offering party] may not parade before the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo."). Thus, Plaintiff must be precluded from eliciting cross-examination testimony or introducing evidence related to prior allegations made against Dempsey that lack any supporting corroboration.

---

[9] Darryl Grate was convicted of homicide, and after numerous appeals and Habeas Corpus petitions, Darryl Grate's requested relief was denied and no court found that Darryl Grate's confession was involuntary or that Robert Dempsey violated Darryl Grate's civil rights. *See People v. Grate*, 547 N.Y.S.2d 584 (2d Dep't 1989); *Grate v. Stinson*, 224 F.Supp.2d 496 (E.D.N.Y. 2002); *People v. Grate*, 807 N.Y.S.2d 134 (2d Dep't 2005), *mot. lv. app. den.*, 6 N.Y.3d 848 (2006); *Grate v. Hunt*, 2010 U.S. Dist. LEXIS 2473 (E.D.N.Y. Jan. 11, 2010).

[10] Charles Clink was convicted of homicide, the Appellate Division Second Department affirmed the trial court's ruling that Charles Clink's confession was voluntary, Charles Clink's Habeas Corpus petition under EDNY Docket Number 91-CV-03585 (SJ) was denied, and no court found that Robert Dempsey violated Charles Clink's civil rights. *See People v. Clink*, 533 N.Y.S.2d 136 (2d Dep't 1988), *mot. lv. app. den.*, 73 N.Y.2d 854 (1988); *see also Clink v. Khulmann*, 1992 U.S. Dist. LEXIS 11284 (E.D.N.Y. July 10, 1992).

### IV. **Witness Testimony of Darryl Grate, Charles Clink and Joseph Porto Must Be Precluded.**

Plaintiff proffers that Darryl Grate, Charles Clink and Joseph Porto will each "testify about defendant Dempsey's abusive treatment of [them] during [their respective] interrogation[s]." *See* ECF No. 405, p. 10.  However, since these three (3) proposed witnesses – who were specifically related to Plaintiff's dismissed *Monell* claim (*see* ECF No. 387-13) – all lack the requisite personal knowledge of any of the issues related to Plaintiff's remaining trial claims, their testimony must be precluded. *See* FRE 401, 402, 403, 602. In addition, as referenced above (*see* fn. 9, 10), both Darryl Grate and Charles Clink have made numerous allegations regarding Dempsey's conduct during their interrogations, which have all been rejected by numerous state and federal courts with no finding that Dempsey violated either of their civil rights.

The testimony of these three (3) witnesses, who have made unreliable and unfounded allegations of misconduct against Dempsey, is precisely the type of prejudicial evidence that Rule 403 and 404(b) prohibits from being presented to a jury. *See Huddleston*, 485 U.S. at 686 ("[t]he [offering party] may not parade before the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo.").  The prejudicial impact is significant as the jury could infer that Dempsey violated Plaintiff's civil rights by the mere existence of prior unsimilar complaints against him or choose to punish defendants for these unreliable allegations.  Thus, as the prejudicial impact would taint the jury, Plaintiff must be precluded from introducing the testimony of these three (3) witnesses at trial.

### V. **Preclude Introduction of Evidence or Testimony Related to Peddie Jenkins' Purported Convictions and Prior Arrest History.**

Other than Peddie Jenkins' arrest and criminal conviction related to his involvement in Steven Jason's murder, Plaintiff must be precluded from introducing evidence or cross-examining

-19-

Peddie Jenkins about his subsequent arrests and purported criminal convictions.

Pursuant to Rule 609(a)(1), there are two (2) situations where a witness's character for truthfulness can be attacked by evidence of a criminal conviction. First, where the conviction was "for a crime that … was punishable … by imprisonment for more than one year", the probative value of the conviction must substantially outweigh the danger of unfair prejudice. *See* FRE 609(a)(1); FRE 403.  Second, "for any crime regardless of the punishment," evidence of a criminal conviction will be admitted only if "the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement. *See* FRE 609(a)(2).  The applicability of Rule 609(a) is, however, limited by Rule 609(b), when "more than 10 years have passed since the witness's conviction or release from confinement for it, which is later", which requires demonstrating an even higher threshold then Rule 403's probative-prejudice balancing test to warrant its admissibility.  To introduce evidence of convictions where more than 10 years have passed, Plaintiff must demonstrate: "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." *See* FRE 609(b).

Both crimes of violence and crimes involving drugs are not, in general, particularly probative as to honesty or veracity. *See United States v. Estrada*, 430 F.3d 606, 617-18 (2d Cir. 2005); *Holley v. Spinner*, 2025 U.S. Dist. LEXIS 161388, at *9 (N.D.N.Y. Aug. 20, 2025) (criminal conviction for manslaughter not probative as to honesty and veracity); *Lewis v. Velez*, 149 F.R.D. 474, 481-82 (S.D.N.Y. 1993) ("[n]either drug crimes nor assault involve dishonesty or false statement").  Specifically, crimes of assault "do not require proving an element of a dishonest act or false statement and thus do not come within the ambit of Rule 609(a)(2)." *Rahman v. Lee*,

-20-

2024 U.S. Dist. LEXIS 158448, at *20-21 (S.D.N.Y. Sept. 4, 2024) (attempted assault conviction did not require proof of a dishonest act or false statement) *citing United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977).

Here, any evidence or testimony that Peddie Jenkins was convicted of attempted assault or crimes related to drug sales must be precluded. First, newspaper articles are inadmissible hearsay, and the newspaper article related to Peddie Jenkins' criminal attempted assault conviction – plaintiff's proposed trial exhibit 362 (*see* ECF No. 393-7) – must be precluded. *See Gonzalez*, 354 F. Supp. 2d at 347 n.29 ("newspaper articles are inadmissible hearsay"); *R.A.*, 206 F. Supp. 3d at 804. Second, upon information and belief and based on Peddie Jenkins' deposition testimony, his attempted assault conviction was overturned. *See* ECF No. 389-7, 38:6-23. Plaintiff offers no definitive evidence, such as a certificate of conviction or documents related to the arrests, to demonstrate the validity of Peddie Jenkins' attempted assault conviction or his purported 1994 and 1998 drug convictions. *See* ECF No. 393-7. Third, since any of Peddie Jenkins' purported convictions are well over ten (10) years old, Rule 609(1)(a) is inapplicable. Rule 609(a)(2) is also inapplicable since neither a purported attempted assault conviction or drug convictions involve a "dishonest act or false statement." *See Estrada*, 430 F.3d at 617-18; *Lewis*, 149 F.R.D. at 481-82. Moreover, as Peddie Jenkins' purported convictions do not involve dishonesty or making a false statement, there is little to no probative value. It is important to highlight that Rule 609(b) "reflects a[n] important legislative policy that old convictions, even those that involve acts of untruthfulness, cannot continue to serve as indelible impeachment of a person's character absent truly compelling circumstances" and Peddie Jenkins' purported decades-old convictions "simply has little to no bearing on his current character for truthfulness." *Perkowski v. Town of Brookhaven*, 2023 U.S. Dist. LEXIS 22454, at *5-6 (E.D.N.Y. Feb. 9, 2023). Furthermore, any evidence related

to Peddie Jenkins' criminal convictions or arrest history is not proper Rule 404(b) character evidence and would be introduced solely as an improper attack on his credibility.  Lastly, any Rule 608 cross-examination testimony related to Peddie Jenkins' arrests (2012 drug arrest and 2009 arrest for forcible touching and endangering the welfare of a child) which did not result in criminal convictions must be precluded. *See* ECF No. 389-7, 40:3-17 (case involving 2009 arrest was dismissed); ECF No. 393-24 (article related to 2012 arrest for drug charges, which result in Peddie Jenkins' acquittal).  Any cross-examination of these arrests would result in substantial prejudice and would severely mislead the jury.  The jury would be tainted and be required to consider unreliable, unrelated, and uncorroborated incidents when assessing Peddie Jenkins' credibility, when the incidents underlying his prior arrests were unsubstantiated and have no bearing on his current character for truthfulness.

There is no probative value to introducing evidence or eliciting testimony related to Peddie Jenkins' purported convictions and prior arrests.  Introduction of this evidence will only result in undue prejudice.  As a result, all evidence, including cross-examination testimony, related to Peddie Jenkins' criminal convictions and prior arrests must be precluded.

## **CONCLUSION**

For the reasons set forth above, the defendants' motion should be granted in its entirety.

Dated: White Plains, New York
   August 29, 2025

      WILSON, ELSER, MOSKOWITZ,
      EDELMAN & DICKER LLP

      John A. Vitagliano
      Janine A. Mastellone
      John M. Flannery

-22-