

January 26, 2026

**BY ECF**
Honorable Joanna Seybert
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re: *Jackson v. Nassau County, et al.*, 18 CV 3007 (JS) (AYS)

Your Honor:

    I represent plaintiff in the above-referenced action. I write to respectfully seek relief in connection with a late disclosure regarding defendant Dempsey.

    Today, just two weeks before trial, defense counsel produced a six-sentence letter dated January 23, 2026 from a hospital declaring defendant Dempsey unavailable for trial due to serious ongoing medical issues. No information was provided about the onset or progression of these conditions. This was the first time plaintiff was made aware of any concerns regarding Dempsey's availability or capacity. Indeed, Dempsey testified nearly four years ago at his deposition that he had a good memory.

    If it should please the Court, this untimely disclosure significantly prejudices Mr. Jackson. Had defendants duly disclosed that Dempsey's condition was deteriorating, plaintiff would have preserved his trial testimony and factored this issue into pre-trial submissions, *in limine* briefing and trial preparation. Moreover, the late notice will require plaintiff and the Court to assess Dempsey's claimed unavailability and its consequences for the trial on an expedited basis.

    Under these circumstances, plaintiff respectfully requests an order: (1) maintaining the existing trial date; (2) requiring prompt production of the medical records and sworn clinician declaration(s) supporting defendant Dempsey's claimed incapacity, including the date defendants first learned of the condition(s); (3) authorizing a Rule 104(a)/601 hearing to determine Dempsey's competence and, if necessary, a narrowly tailored, expedited Rule 35 neurologic examination; (4) precluding defendants from introducing self-serving hearsay statements by defendant Dempsey in lieu of testimony and precluding any reference to defendant Dempsey's diagnoses except by a neutral stipulation; and (5) awarding fees and other sanctions as the Court deems appropriate under Rules 26(e) and 37(c)(1), including a jury instruction regarding any failure to timely disclose the issue.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

cc:   Defense Counsel