

John A. Vitagliano, Esq.<br>
Direct dial: (914) 872-7367<br>
john.vitagliano@wilsonelser.com

February 3, 2026

Hon. Joanna Seybert<br>
United States District Judge<br>
Eastern District of New York<br>
Alfonse M. D'Amato Federal Building<br>
100 Federal Plaza<br>
Central Islip, NY 11722

**Re**: *Joseph Jackson v. Nassau County et al.*, Docket No. 18-cv-3007 (JS) (AYS)

Dear Judge Seybert:

Wilson Elser represents the defendants in the above-referenced federal civil rights action. This letter is filed in reply to plaintiff's opposition regarding defendants' designation of the prior testimony of defendant Robert Dempsey ("Dempsey") and deceased Nassau County Police Department detective Jerl Mullen ("Mullen")[1].

Contrary to plaintiff's position, Rule VI(A)(9) of the Court's Individual Rules and Practices state that, in the proposed Joint Pre-Trial Order ("JPTO"), the parties are to include "[a] designation by each party of <u>deposition testimony</u> to be offered in its case in chief, with any cross-designations and objections by any other party." *See* Rule VI(A)(9) (emphasis added). The Court's Individual Rules and Practices Rules ***do not*** require the parties to designate prior testimony to be introduced pursuant to Fed. R. Evid. 804(b)(1). As identified in defendants' February 1, 2026 letter, both Dempsey's and Mullen's pre-trial hearing and criminal trial testimony are included as part of the trial exhibits referenced in the JPTO. *See* ECF No. 405, p. 98 (exhibit AAAAA), p. 102 (exhibit GGGGG). Plaintiff's cited case law has no applicability as Dempsey's and Mullen's prior testimony was specifically included and referenced in the JPTO by virtue of listing the pre-trial hearing and criminal trial transcripts as exhibits.[2]

Moreover, contrary to plaintiff's position, defendants did not "strategically" choose to proceed with Dempsey as a live witness as opposed to using his prior testimony at the upcoming trial. The JPTO was completed and filed on March 3, 2025. *See* ECF No. 405. We first learned of Dempsey's current mental and physical condition on January 16, 2026 and advised counsel immediately with medical documentation. *See* ECF No. 458. Had Dempsey's condition and thus, his unavailability, been known at the time of the filing of the JPTO in March 3, 2025, defendants would have designated his deposition testimony.

---

[1] Plaintiff fails to note that Rule VI(A)(8) of the Court's Individual Rules and Practices implies that parties are to identify witness testimony (by designation on a witness list) only if the witness has been deposed in connection with the action. *See* Rule VI(A)(8) ("… This list must indicate whether such witnesses will testify in person <u>or by deposition</u> …") (emphasis added). Mullen was never deposed in connection with this lawsuit.

[2] In *Bailey v. New York City Department of Transportation*, the Second Circuit held that the district court did not abuse its discretion in "precluding the parties from submitting evidence not previously identified in the pretrial order." 1999 U.S. App. LEXIS 8131, at *2-3 (2d Cir. 1999) (summary order). Here, Dempsey's and Mullen's prior testimony is included within trial exhibits that are listed within the JPTO.

Hon. Joanna Seybert
February 3, 2026
Page 2

At the time that the JPTO was filed, defendants had anticipated calling Dempsey to provide live witness testimony. However, Dempsey's condition was only learned of **_after_** the JPTO was filed. Although not required – as defendants are permitted to introduce portions of a party's deposition testimony pursuant to Fed. R. Evid. 32³ – good cause has been established to permit defendants to utilize portions of Dempsey's deposition testimony at the upcoming trial. *Ahmed v. Astoria Bank*, 2015 U.S. Dist. LEXIS 92689, at *8 (E.D.N.Y. July 16, 2015) *quoting Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012);; *see also NIC Holding Corp. v. Lukoil, Pan Americas*, 2009 U.S. Dist. LEXIS 32580, at *14-15 (S.D.N.Y. Apr. 14, 2009) (as witness became unavailable **_after_** the parties filed the pre-trial order, court permitted party to "use additional portions of [witness's] deposition than it would have been permitted to use when the parties filed the [] pre-trial order."); *see also Jinxu Chen v. L & H Wine & Liquor, Inc.*, 2022 U.S. Dist. LEXIS 105326, at *1-2 (S.D.N.Y. June 13, 2022).

Moreover, plaintiff's argument regarding admissibility of extrinsic evidence pursuant to Fed. R. Evid. 608(b) is in complete contradiction with this Court's order. This Court specifically ruled that "[p]laintiff's Motion pursuant to Rule 608(b) is accordingly GRANTED to the extent he may inquire about the adverse credibility finding, but without using extrinsic evidence or [Shonnard] Lee's testimony." *See* ECF No. 457, p. 34 (emphasis added). Plaintiff's cited case law is inapplicable and his arguments are meritless. Here, ***Dempsey was specifically subjected to cross-examination by plaintiff's counsel on the adverse credibility finding in the Shonnard Lee matter at his March 10, 2022 deposition***. *See* ECF No. 461-1, pp. 87-97, 102, 115-122. Admission of extrinsic evidence, which Fed. R. Evid. 608(b) ordinarily does not permit introduction of, is unwarranted since Dempsey did testify and was cross-examined on the Lee adverse credibility finding. Plaintiff offers no basis to reverse this Court's *in limine* ruling.

Defendants consent to plaintiff is submitting counter-designations of Dempsey's and Mullen's prior testimony that defendants seek to admit pursuant to Fed R. Evid. 804(b)(1).

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

John A. Vitagliano

cc: Counsel of Record (via ECF)

---

³ Plaintiff offers no case law to demonstrate that portions of a named party's deposition are admissible pursuant to Fed. R. Evid. 32 although deposition designations were not included within the JPTO.